| | |
|---|---|
| 1 | GRANT P. FONDO (SBN 181530) |
| | *GFondo@goodwinlaw.com* |
| 2 | **GOODWIN PROCTER LLP** |
| | 601 Marshall Street |
| 3 | Redwood City, CA  94063 |
| | Tel: +1 650 752 3100 |
| 4 | Fax: +1 650 853 1038 |
| 5 | Attorney for Defendant: |
| | CARLOS E. KEPKE |
| 6 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | Case No. 3:21-CR-00155-JD |
| | Plaintiff, | **UNOPPOSED EX PARTE MOTION TO SET CONFERENCE FOR ZOOM VIDEOCONFERENCE; DECLARATION IN SUPPORT OF MOTION; [PROPOSED] ORDER** |
| | v. | |
| CARLOS E. KEPKE, | | |
| | Defendant. | Date:       March 21, 2022 |
| | | Time:       10:30 a.m. |
| | | Courtroom: 11 |
| | | Judge:      Hon. James Donato |

## EX PARTE MOTION

Pursuant to Criminal Local Rules 47-1, 47-3, and 2-1, Civil Local Rule 7-11, and Federal Rule of Criminal Procedure 43, Defendant Carlos E. Kepke ("Kepke"), by and through his counsel, hereby respectfully moves the Court to issue an Order setting the March 21 status conference for a Zoom videoconference.

Good cause in support of this motion is set forth more fully in the attached declaration of Grant P. Fondo ("Fondo Decl."), counsel for Kepke, including a more detailed discussion of Kepke's current medical condition. Briefly, Kepke, who is an eighty-two-year-old long-term resident of Houston, Texas, has an extended history of heart disease and heart failure, having suffered two heart attacks and other heart-related medical procedures. Fondo Decl., ¶¶ 2, 6-9. The most recent heart attack, in late 2019, required triple-bypass open-heart surgery and involved complications that resulted in an extended stay in the intensive care unit. *Id.*

Although Kepke is vaccinated against COVID-19, travel between Houston and San Francisco to attend the March 21 conference presents a nontrivial risk of his being exposed to a COVID-19 carrier and the attendant risk of a serious breakthrough infection. Fondo Decl., ¶¶ 10-13. Such travel also carries the risk that, if exposed, Kepke will pass the infection to his spouse, who herself suffered a heart attack recently. *Id.*, ¶ 10. Not only does this request protect Kepke, it also ensures the protection of the court and its staff. Despite the lowering of confirmed cases in San Francisco County and Harris County, Texas, where Kepke resides, the daily average confirmed cases are still high. *Id.*, ¶ 11. Setting the March 21 status conference for a Zoom videoconference will assist in the prevention of the spread of the virus and of infection of the court and its staff.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1   Kepke understands—and waives—his rights to personally appear at a conference under
2   Rule 43 of the Federal Rules of Criminal Procedure and respectfully requests the Court set the
3   January 24 conference for a Zoom videoconference.  Fondo Decl., ¶ 14.
4   The Government does not object to the relief sought herein.  Fondo Decl., ¶ 15.

                                            Respectfully submitted,

Dated:  March 7, 2022            By: /s/     *Grant P. Fondo*
                                     GRANT P. FONDO
                                     GFondo@goodwinlaw.com
                                     **GOODWIN PROCTER LLP**

                                     Attorney for Defendant:
                                     CARLOS E. KEPKE

**DECLARATION OF GRANT P. FONDO**

I, Grant P. Fondo, declare as follows:

1. I am a partner with the law firm Goodwin Procter LLP and a member of good standing of the bar of this Court. I represent Defendant Carlos E. Kepke ("Kepke") in the above-captioned matter. I submit this Declaration in connection with the Unopposed Ex Parte Motion to Set Conference for Zoom Videoconference. Unless stated otherwise, this declaration is based on my personal knowledge; if called as a witness I could and would testify as follows:

2. Kepke, an eighty-two-year-old long-term resident of Houston, Texas, made his initial appearance in the above-captioned matter on April 22, 2021 by Zoom videoconference, before Magistrate Judge Jacqueline Scott Corley. Judge Corley then entered an order setting Kepke's conditions of release and setting a status conference hearing for June 30, 2021, before Judge James Donato.

3. On June 30, 2021, Kepke appeared before Judge Donato by Zoom videoconference. Judge Donato then entered an order setting a status conference for October 13, 2021.

4. On November 1, 2021, Kepke appeared before Judge Donato by Zoom videoconference. Judge Donato then entered an order setting a conference for January 24, 2022.

5. On January 24, 2022, Kepke appeared before Judge Donato by Zoom videoconference. Judge Donato then entered an order setting a status conference for March 21, 2022.

6. Kepke is retired, and a long-time resident of Houston, Texas. Kepke, whose family has a history of heart disease, has himself suffered two heart attacks, various heart-related medical procedures, and additional health issues, which are not detailed herein for the sake of brevity. Kepke's two heart attacks, in addition to his advanced age, mean he is at greater risk for complications from COVID-19, including, but not limited to, blood clotting that may result in Kepke suffering a third heart attack.

7. Kepke suffered his first heart attack in 1971 resulting from blockage in his coronary arteries. As a result, Kepke spent over a week in the intensive care unit (the "ICU") and has seen a cardiologist every year since 1971 to monitor his coronary arteries.

1      8.    Kepke suffered his second heart attack in November 2019. The second heart attack required invasive procedures and an extended stay in the ICU. While still recovering from his second heart attack in the ICU, Kepke experienced acute atrial fibrillation. Kepke's acute atrial fibrillation required repeated electrical shocks to his heart and immediate triple-bypass open-heart surgery. While medical professionals performed the triple-bypass open-heart surgery, they discovered a seventy-five percent (75%) blockage in Kepke's heart as a result of stenosis and calcium deposits. This significant blockage likely would have been fatal to Kepke had it not been discovered during the triple-bypass open-heart surgery. Following his triple-bypass open-heart surgery, Kepke again suffered complications including an irregular heartbeat that required additional electrical shocks to his heart.

    9.    I understand that Kepke's previous atrial-fibrillation episodes significantly increase his risk of future episodes of atrial fibrillation. In addition, the calcium deposits in Kepke's arteries make it impossible for Kepke to receive a stent—a common treatment for artery narrowing—forcing Kepke to take several medications and to receive regular monitoring for further blockage. As a result of Kepke's cardiac conditions, Kepke is regularly monitored for a weakened aortic valve that may require a replacement. At his advanced age, there is no guarantee Kepke would survive extensive, invasive surgeries, let alone a third cardiac event, which I understand a COVID-19 infection might precipitate.

    10.    Kepke is vaccinated against COVID-19. Still, the frequency of breakthrough infections and the surge of coronavirus infections caused by the omicron variant make Kepke worried about getting infected with COVID-19 or transmitting the virus at home to his wife, who herself suffered a heart attack in the last two years.

    11.    As of March 7, 2022, the New York Times reported that in Harris County the "[c]ases have decreased recently but are still high," (Tracking Coronavirus in Harris County, Texas: Latest Map and Case Count [Mar. 7, 2022], https://www.nytimes.com/interactive/2021/us/harris-texas-covid-cases.html), and that in San Francisco County, the "[c]ases have decreased recently but are still very high." (Tracking Coronavirus in San Francisco County, Calif.: Latest Map and Case Count [Mar. 7, 2022],

https://www.nytimes.com/interactive/2021/us/san-francisco-california-covid-cases.html.)

12. Appearing in person at the March 21 conference would require Kepke to travel between Houston and San Francisco, including:

    a. At least two days of travel including two flights, between San Francisco and Houston, Texas;

    b. One night of hotel lodging;

    c. Transportation to and from the San Francisco airport; and

    d. Transportation to and from the Court.

13. Kepke is concerned about his exposure to COVID-19 throughout such travel. His flights, hotel stay, and car rides, each would require Kepke enter a confined space with individuals who may be asymptomatic carriers and, thus, potentially less sensitive to the best practice each of us has had to adopt during this challenging time. Given Kepke's age and his cardiac conditions, my understanding is that Kepke's concern is nontrivial.

14. I have previously advised Kepke of his rights under Rule 43 of the Federal Rules of Criminal Procedure. Kepke has confirmed that he waives any right to attend the March 21 conference in person and respectfully requests the Court set the March 21 conference for a Zoom videoconference.

15. On March 4, 2022, I spoke with counsel for the United States, AUSA, Michael Pitman, to determine whether the Government had any objection to all parties appearing by Zoom instead of in person at the March 21 conference. AUSA Pitman then confirmed that the Government had no objection to all parties appearing by Zoom for the March 21 conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 7, 2022.

                                                  /s/   *Grant P. Fondo*
                                                      GRANT P. FONDO

# [PROPOSED] ORDER

Upon consideration of the Unopposed Ex Parte Motion of Defendant Carlos E. Kepke ("Kepke") and the Declaration of Grant P. Fondo, IT IS HEREBY ORDERED as follows:

    1.    Kepke's personal appearance is waived for the March 21, 2022, conference.

    2.    The March 21 conference shall proceed by Zoom videoconference.

**IT IS SO ORDERED**

Dated: _____

                                                                                            Hon. James Donato
                                                                               UNITED STATES DISTRICT COURT JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **March 7, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **March 7, 2022**.

/s/   *Grant P. Fondo*
GRANT FONDO