STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:     (408) 535-5040
Facsimile:     (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:     (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | GOVERNMENT'S MOTION FOR PROTECTIVE ORDER REGARDING REVIEW OF EVIDENCE OBTAINED DURING EXECUTION OF SEARCH WARRANT AT 149 SAGE ROAD HOUSTON, TEXAS<br><br>HEARING:   JUNE 27, 2022<br>TIME:           10:30 AM.<br>PLACE:        COURTROOM 11 |

PLEASE TAKE NOTICE that on June 27, 2022, at 10:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable James Donato, United States District Court, San Francisco Courthouse, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, California, the United States of America ("United States"), will and hereby does move the Court to for a Protective Order permitting the government's Filter Team to review particular evidence obtained during the execution of a search warrant on August 15, 2018 at 149 Sage Road, Houston, Texas, and upon completion of its review, provide this evidence to the government's prosecution team.

# MOTION

The United States moves this Court for a Protective Order permitting the government's Filter Team to review specific evidence that Defendant voluntarily provided to the United States, finding that by consenting to the removal of this evidence Defendant voluntarily waived certain privileges and rights, including his right to seek suppression of this evidence under Fed. R. Crim. P. 41(h).

## I.      Procedural Posture

On August 15, 2018, Special Agents with the Internal Revenue Service Criminal Investigations Division ("IRS-CI") executed a search warrant at Defendant's home office at 149 Sage Road in Houston, Texas ("Sage Road Warrant"). A copy of the Sage Road Warrant and supporting affidavit are included as **Exhibit 1**. Approximately 24,000 documents were seized as part of this warrant. Attachment B of the Sage Road Warrant includes a list of materials to be seized. *Ex. 1 at 6-11*. In addition to those materials, Defendant consented in writing to the seizure of additional files (the "Consent Documents"). A copy of this authorization is included at **Exhibit 2.** Defendant consented to the seizure of the following: (1) "4 files related to 2017 Tax for Mr. Kepke;" (2) "1 file for Globix Investments LLC;" and (3) "1 file for Robert Esper" (hereinafter, the "Consent Documents"). *Id.* Globix Investments LLC was a client of Defendant. Robert Esper is the pseudonym of the undercover IRS-CI Special Agent who met with Defendant.

Due to the possible presence of confidential communications subject to the attorney-client or other privilege, the Department of Justice assigned a filter team to review the evidence seized from the Sage Road Warrant, including the Consent Documents.  This review was undertaken pursuant to a Protocol issued by the District Court for the Southern District of Texas.  A copy of this protocol is attached as **Exhibit 5** (sealed).   Currently, there is no protocol in place for the review of any materials seized that were not listed under Attachment B of the Sage Road Warrant, including the Consent Documents.  Over the last few months, the government has repeatedly asked Defendant's counsel

whether Defendant intends to assert any privileges over the Consent Documents, or if Defendant intends to contest the voluntary nature of his consent to the removal of the Consent Documents. Defendant has refused to take a position with regard to the Consent Documents.

To date, neither the government Filter Team nor the prosecution team have reviewed the Consent Documents. To begin the process of doing so, the United States is seeking a Protective Order affirming that Defendant's consent was proper and binding.

II.   **Argument**

An individual's consent for government agents to search a controlled premises is valid if the consent was voluntarily given. *United States v. Brown*, 563 F.3d 410, 415 (9th Cir. 2009). Whether consent is voluntary is determined by the totality of the circumstances, considering five factors: 1) whether the individual was in custody; 2) whether the arresting officers had weapons drawn; 3) whether *Miranda* warnings were given; 4) whether the individual was notified that they had a right not to consent; and 5) whether the individual was informed that a search warrant could be obtained if consent was not given. *Id., citing United States v. Jones, 286 F.3d 1146, 1152* (9th Cir. 2002) and *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1989). *See also United States v. Stanard*, 849 F. App'x 649, 651 (9th Cir. 2021) (consent to search valid considering totality of circumstances although consenting individual not read Miranda rights and not told she could refuse to consent); *United States v. Marquez*, 503 F.Supp 3d 1002, 1008 -10 (S.D. Cal. 2020) (consent to search cell phone valid considering totality of circumstances and lack of evidence of any "traditional indicia of coercion").

As an initial matter, it is unclear whether the *Brown* factors even need to be considered. The factors relate to a warrantless *search*. Here, IRS Special Agents did not request consent to search any area not already authorized by the Sage Road Warrant. Instead, agents asked for Defendant's consent to *seize* certain materials not specifically enumerated in the warrant.

In any event, the *Brown* factors favor consent. These factors "serve merely as guideposts, not as

a mechanized formula to resolve the voluntariness inquiry.'" *Brown* 563 F.3d at 415 (cleaned up). At the time Defendant gave his consent, he was not under arrest nor is there any indication that Defendant felt threatened or coerced in any way. A Memorandum of Activity, memorializing the exchange between Defendant and IRS-CI Special Agents, is attached as **Exhibit 3.** When agents arrived to execute the Sage Road Warrant, Defendant questioned the necessity of a search warrant and indicated that he would have turned over any documents requested. *Ex. 3 ¶ 2(a)*. At that point, a Special Agent explained the scope of the Sage Road Warrant and also "explained it may be helpful if Mr. Kepke was willing to voluntarily consent to the seizure of documents and records . . . such as other client files, asset protection files and tax planning files dealing with trusts or foreign countries and potentially others." *Id. at ¶ 2(b)*. Defendant agreed on the condition that the materials would be returned to him. *Id. at ¶ 2(c)*

The IRS-CI agents did not draw their weapons at any point. Defendant was not detained. At one point, Defendant left his home, unescorted, to walk his dog. *Id. at ¶ 2(d)*. IRS-CI Special Agents never suggested that they would return with a new search warrant should Defendant refuse to provide consent. *See* **Exhibit 4** – *Declaration of Special Agent Anderson*. While Defendant was not mirandized, this factor matters little given that Defendant was not in custody. *See United States v. Basher*, 529 F.3d 1161, 1169 (9th Cir. 2011) (holding that when a defendant is not in custody, "the fact that no *Miranda* warnings were given is inapposite."). Based on the totality of the circumstances, the five factors articulate in *Brown* and its predecessors favor a finding that Defendant voluntarily provided the Consent Documents to the United States.

### III.    Conclusion

Defendant provided IRS-CI with a voluntary, written, and unambiguous consent to seize the Consent Documents. As a result, Defendant has waived any privilege or right conditioned on a non-consensual seizure, including his right to seek suppression of the Consent Documents under Fed. R. Crim. P. 41(h).

**WHEREFORE,** the United States respectfully requests that the Court enter the proposed Protective Order regarding the Consent Files seized with Defendant's consent during the execution of the August 15, 2018 Sage Road search warrant.

Dated: June 3, 2022

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division

        s/ Corey J. Smith
        COREY J. SMITH
        Senior Litigation Counsel
        MICHAEL PITMAN
        Assistant United States Attorney
        BORIS BOURGET
        Trial Attorney
        Department of Justice
        Tax Division

        Attorneys for United States of America