1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney

2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  MICHAEL G. PITMAN (DCBN 484164)
   Assistant United States Attorney
5  150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
6  Telephone:     (408) 535-5040
   Facsimile:     (408) 535-5081
7  Email: michael.pitman@usdoj.gov

8  COREY J. SMITH (MABN 553615)
   Senior Litigation Counsel
9  United States Department of Justice

10 Attorneys for the United States of America

11           UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13             SAN FRANCISCO DIVISION

| | |
|---|---|
| 14  UNITED STATES OF AMERICA, | Case No. 3:21-CR-00155-JD |
| 15        Plaintiff, | UNITED STATES' NOTICE OF INTENT TO OFFER EXPERT TESTIMONY AND SUMMARIES OF VOLUMINOUS EVIDENCE |
| 16        v. | |
| 17  CARLOS E. KEPKE, | |
| 18        Defendant. | |

19

20        Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), the United States of America

21 ("United States") hereby provides a summary of the anticipated expert testimony of Bruce G. Dubinsky,

22 whom the government expects to call as an expert witness at the criminal trial in the above captioned

23 matter.  The government reserves the right for Mr. Dubinsky to review additional materials provided to

24 the grand jury, testimony from the grand jury, other information obtained by the government or provided

25 by the Defendant Carlos Kepke ("Kepke"), as well as consider testimony and other evidence that may be

26 offered at the criminal trial and to further supplement this disclosure and the scope of his anticipated

27 testimony up to the point of his appearance at trial.

28

                    1

Kepke is charged with one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371, and three counts of Aiding and Assisting in the Preparation of a Materially False Income Tax Return in violation of 26 U.S.C. § 7206(2).  The Indictment alleges, among other things, that Kepke engaged in a long-term conspiracy in which he and Robert F. Smith ("Smith") used a complex network of offshore entities, nominees, and secret foreign bank accounts to conceal from the U.S. government income Smith earned through investments in private equity funds managed by Vista Equity Partners. The use of expert witness testimony and summaries of voluminous evidence will assist the jury in understanding the evidence presented at trial.

## NOTICE OF EXPERT WITNESS TESTIMONY

The United States intends to introduce expert testimony at trial.  Specifically, during its case-in-chief, the government intends to call Mr. Dubinsky as an expert witness.  Mr. Dubinsky is a Senior Advisor in the Governance and Risk Advisory business unit at Kroll, LLC ("Kroll").  His practice at Kroll places special emphasis on providing forensic accounting, fraud investigations and dispute analysis services to clients litigating commercial cases, as well as to corporations, governmental agencies, and law enforcement bodies in a variety of situations. He earned a Bachelor of Science degree in Accounting from the University of Maryland, College Park, MD and a Master's in Taxation degree ("MST") from Georgetown University, Washington, D.C.  He is a Certified Public Accountant ("CPA"), Certified Fraud Examiner ("CFE"), Certified Valuation Analyst ("CVA"), is Certified in Financial Forensics ("CFF"), a Certified Anti-Money Laundering Specialist ("CAMS") and a Master Analyst in Financial Forensics ("MAFF"), all in good standing. He was formerly licensed as a Registered Investment Advisor Representative and was a Commercial Arbitrator on the American Arbitration Association's commercial panel.

Mr. Dubinsky has been qualified and testified as an expert witness in various federal and state courts and other legal tribunals in close to eighty cases in the areas of forensic accounting and fraud investigations; SEC matters; bankruptcy; solvency; commercial damages; business valuations; investment theory; investment advisory matters; federal and state income taxation; abusive tax shelters; accounting ethics and standards; accounting malpractice; and a variety of other accounting, financial, and tax matters.  Additionally, he has professional experience in computer forensics and related

UNITED STATES' NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY AND SUMMARIES OF
VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

2

1  computer investigations and has undergone training as a part of the fraud and forensic training as a CFE,

2  a CFF and a MAFF.  A complete copy of Mr. Dubinsky's Curriculum Vitae is attached as Exhibit A.

3      Mr. Dubinsky has been provided access to grand jury materials for this case, including grand

4  jury testimony, as well as other materials obtained by the government during its criminal investigation of

5  Kepke, and has reviewed (and will continue to review) these documents and materials.  Mr. Dubinsky's

6  testimony and conclusions will be based on this review and analyses of these documents, as well as his

7  training, education and over 37 years of practical experience in accounting, taxation, forensic

8  accounting, fraud investigations and related financial matters.

9      Mr. Dubinsky's testimony is expected to cover several topic areas, as described below:

10  **I.    EXPLANATION OF THE ACCOUNTING AND TAX MECHANICS OF THE OPERATION OF PRIVATE EQUITY FUNDS IN GENERAL AND MORE SPECIFICALLY THE ORGANIZATIONAL STRUCTURE OF VISTA EQUITY FUND II, LP AS WELL AS THE VARIOUS OTHER VISTA FUNDS RELEVANT TO THIS CASE, HOW THEY WERE FUNDED AND HOW THEY ACCOUNTED FOR AND DISTRIBUTED PROFITS DURING THE RELEVANT PERIOD[1]**

13  Mr. Dubinsky will explain to the jury the mechanics of how private equity funds are generally

14  established and organized, how they typically operate and how they earn and distribute returns for their

15  members/investors. Additionally, Mr. Dubinsky will explain how the various Vista Funds at issue in this

16  case were established, funded, and operated generally.

17  Mr. Dubinsky will explain to the jury that general partners (or managing members in LLCs) in

18  private equity funds like Vista typically receive profit distributions commonly referred to as "carried

19  interest."  He will opine that Flash Holdings, LLC ("Flash"), a purported member of various Vista Funds

20  inserted by Robert F. Smith ("Smith"),[2] received approximately two hundred million dollars in profit

21  distributions (*i.e.*, carried interest) over a ten-year period from 2004-2014 and failed to file federal tax

---

[1] Vista Equity Partners (or "Vista") is a private equity fund that was founded by Robert F. Smith. Vista Equity Partners established a series of funds, the first of which was Vista Equity Fund II, LP (formerly known as Emerging Technologies Investment Fund, LP). As used herein, "Vista Funds" refers to the various funds established by Vista Equity Partners to include Vista Equity Fund II, LP, Vista Equity Partners Fund III Equity, LLC, Vista Equity Partners Fund III GP, LLC, Vista Foundation I Equity, LLC, Vista Foundation I GP, LLC, Vista Equity Partners Fund IV Equity, LLC, Vista Equity Partners Fund IV GP, LLC, Vista Equity Partners Fund IV (Parallel) LP.

[2] Smith entered into a Non-Prosecution Agreement with the United States on October 9, 2020 ("NPA"). In the Statement of Facts accompanying the NPA, Smith admitted that he willfully evaded more than $43 million in U.S. federal income taxes from 2005-2014 related to the approximately $200 million in income from the offshore structure at issue in this case that was unreported to the IRS. *See* Exhibit A to the NPA dated October 9, 2020.

UNITED STATES' NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY AND SUMMARIES OF
VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

3

returns to report this income to the IRS until 2015.[3] Mr. Dubinsky will further opine that, for example, based upon his investigation and the evidence available, Flash, in its purported capacity as an "associated general partner" of Vista Equity Fund II, LP ("VEF II") (*i.e.* a non-managing general partner) performed no apparent services for VEF II or for that matter for any of the Vista funds.

Mr. Dubinsky will show that, based on evidence he reviewed, in reality, Flash had no economic substance: it had no employees, it had no actual operating office, it was not licensed as a Registered Investment Advisor, and it did not hold any other securities licenses. Flash was nothing more than the alter ego of Smith; a shell company, owned and controlled by Smith, and set up by Smith's attorney, Carlos Kepke ("Kepke"), the Defendant in this case.[4]

Mr. Dubinsky will explain that Kepke, at the behest of Smith, initiated the formation of Flash, selected the Managing Director, created the ownership structure and instructed the Trustees on the drafting of the organizational documents. Evidence, including billing records, will show that Smith (not the Trustee) paid Kepke for the services provided. Stated simply, Kepke created Flash and provided material assistance to Smith with the implementation of Flash as an integral part of the overall Smith offshore structure.

Mr. Dubinsky will also show, based on the evidence presented, that all the members of VEF II (as well as the various additional Vista Funds that followed) were employees and/or insiders/related parties of Vista Equity Partners, including Smith. Although neither an insider nor an employee, Flash, after its creation, was inserted by Smith as a member of the various Vista Funds at issue in this case as part of the offshore scheme. Mr. Dubinsky will also explain to the jury how Flash's interest in VEF II was supposedly paid for through the use of a purported loan from Point Investments, which was then

---

[3] Flash Holdings, LLC was a foreign limited liability company formed in the Island of Nevis on March 9, 2000. Flash Holdings was a member of various Vista Funds.

[4] Kepke is a Texas-licensed attorney who assisted Smith with the creation and implementation of the offshore trust structure at the heart of the offshore tax structure for which Smith entered into the NPA. In the Statement of Facts to the NPA, for example, Smith stated that Kepke told him that he could "form a foreign trust that could hold assets for Smith, and that Smith could use and benefit from these assets without paying United States income tax."

UNITED STATES' NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY AND SUMMARIES OF
VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

4

1  supposedly repaid from later cash distributions made by VEF II to Flash, based on the evidence

2  presented.[5]

3  ## II.  DEFINITION AND EXPLANATION OF AN IRREVOCABLE TRUST AND HOW IT OPERATES; CONTRAST A TYPICAL IRREVOCABLE TRUST WITH THE OPERATIONS OF THE EXCELSIOR TRUST

4

5  Mr. Dubinsky, as a CPA and tax professional with close to four decades of professional

6  experience, will provide background information on irrevocable trusts and the relevant parties of a trust,

7  *i.e.* the trustee, beneficiary, and settlor (grantor), *etc.* Mr. Dubinsky will also address the ways a trust can

8  be formed for income tax reporting purposes and the guidance under Internal Revenue Code ("IRC")

9  §674 and §679 on how to properly account for and report income earned from a trust. It is anticipated

10  that Mr. Dubinsky will contrast the proper workings of an irrevocable non-grantor trust with that of

11  Excelsior Trust, the purported owner of Flash, and describe how this structure was established by Kepke

12  for Smith.[6]

13  Mr. Dubinsky will explain how, based on the evidence presented, Kepke initiated the formation

14  of Excelsior Trust, instructed the Trustees on the drafting of the organizational documents, sent the

15  Trustee the bearer share certificates of Flash and instructed them on how to indicate the ownership

16  structure: that Excelsior Trust would be the sole member of Flash. In short, Mr. Dubinsky will explain

17  how the evidence shows that Kepke controlled and directed the actions of the Trustee and, therefore, the

18  Trustees were not independent actors as represented in the trust indenture.

19  ## III.  KEPKE, AT THE BEHEST OF ROBERT F. SMITH, PROVIDED MATERIAL ASSISTANCE IN THE FORMATION OF AN ELABORATELY COMPLEX NETWORK OF OFFSHORE ENTITIES IN KNOWN TAX HAVENS AROUND THE GLOBE

20

21  Mr. Dubinsky will explain to the jury, based on his forensic accounting examination of the

22  evidence on record, that Smith entered into a series of orchestrated transactions whereby he caused

23  millions of dollars in value of ownership interests in multiple private equity funds (*e.g.* VEF II, *etc.*),

24

25  ---
[5] Point Investments was the Limited Partner of Vista Equity Fund II, LP.

26  [6] Excelsior Trust was purportedly an irrevocable non-grantor trust established March 29, 2000, in Belize. Excelsior Trust was purportedly established for the benefit of Smith, Smith's ex-wife, Smith's

27  children, Smith's mother, Smith's brother, and charitable organizations in the U.S., Jamaica, and the United Kingdom. Excelsior Trust owned Flash Holdings, LLC and other various subsidiary entities

28  ultimately controlled by Smith. Kepke played a key role in setting up the structure of Excelsior Trust and Flash Holdings.

UNITED STATES' NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY AND SUMMARIES OF
VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

5

managed and/or owned by him, to be transferred to the offshore foreign entity, Flash, which was beneficially owned and controlled by Smith, through the structure set up by Kepke. Mr. Dubinsky will opine that, based on his review of the evidence, Kepke set up a complex network of entities for Smith to utilize under the guise of being controlled by a non-grantor trust, the Excelsior Trust (also set up by Kepke), purportedly managed by an independent Trustee, Cititrust International Inc. (and its successors).

Mr. Dubinsky will opine that, based on his review of the evidence, the Excelsior Trust, at the direction of Smith and with the material assistance of Kepke, was established in March 2000 naming Headley Waddington as the purported settlor and Smith as both a beneficiary and protector.[7] Mr. Dubinsky will explain to the jury that, based on his review of the evidence, Waddington was merely a pawn, installed by Smith as part of the plan devised by Kepke to accomplish an offshore tax scheme designed in a manner to keep profits from the Vista Funds from being subject to U.S. taxation.

Mr. Dubinsky will also explain to the jury how evidence in the record shows Smith used Kepke as his disguised alter ego, to further distance himself from Excelsior, and thus Flash, while still maintaining control of these entities. For example, in various emails Kepke can be seen communicating with the Trust's management company regarding Flash matters on behalf of Smith, requesting Smith's name not appear in communications or on invoices related to Flash.[8]

As a result of his forensic accounting examination of the evidence in this case, Mr. Dubinsky will opine that despite Cititrust International Inc. being named as the Trustee of Excelsior Trust, it was unaware of Flash's extensive financial activities, including its asset purchases, investments, and bank accounts.  For example, Mr. Dubinsky will show based on his review of the evidence that the management company purportedly hired to manage Flash's business questioned how Flash could make payments on an approximately $6 million note.  In actuality (and unbeknownst to the management company) Flash had approximately $17 million in its offshore bank accounts.

Mr. Dubinsky will also testify that based on his review of the evidence, the Trustee did not manage the trust, Flash, or any of its other subsidiary entities, and that Smith ultimately controlled and made all material financial decisions using Kepke as the intermediary when communicating with the

---

[7] Headley Waddington was the uncle of Suzanne McFayden-Smith, Smith's ex-wife.

[8] At the time of this example, the management company was Serco Management Ltd.

Trustee. Mr. Dubinsky will testify that Kepke set up the organizational structure of Flash, which Smith used for extensive personal financial activities, including its asset purchases, investments, and activities in its bank accounts.

Mr. Dubinsky will opine that the evidence shows that Kepke assisted Smith in establishing foreign bank accounts, of which Smith was either the sole signatory or beneficial owner, and therefore had full control over all account activity. Mr. Dubinsky will testify that Smith was in direct communication with bank representatives to approve transfers of funds in and out of the accounts for Flash, despite Excelsior Trust purportedly owning Flash (a structure which was put into place by Kepke) and despite Excelsior Trust purportedly being controlled by an independent Trustee. Therefore, despite on paper there being an "independent Trustee" of Excelsior Trust, in actuality, it was Smith controlling Flash, and not Excelsior Trust. Mr. Dubinsky will opine as to the results of his forensic accounting examination into the sources and disposition of funds, which passed through the bank accounts of Flash for the period 2004 – 2015, showing the extensive use of Flash assets, including cash, for the personal benefit and enjoyment of Smith.

### IV. KEPKE ASSISTED SMITH IN UTILIZING THIS ELABORATELY COMPLEX NETWORK OF OFFSHORE ENTITIES TO ENGAGE IN A SERIES OF FINANCIAL TRANSACTIONS DESIGNED TO OBFUSCATE THEIR EXISTENCE AND TO ASSIST SMITH IN EVADING PAYING HUNDREDS OF MILLIONS OF DOLLARS IN TAXES TO THE UNITED STATES GOVERNMENT

Mr. Dubinsky will opine that, based on his review of the evidence, Smith utilized the complex network of entities set up by Kepke to engage in financial transactions to benefit himself and his family personally. Based on his forensic examination and review of the evidence, Mr. Dubinsky will opine that various properties were purchased both in the U.S. and in Europe with funds from Flash's offshore accounts. One such property, for example, was in Sonoma, California, which was a personal residence to Smith and his family, ultimately purchased in the name of Flash. Flash contributed a total of $12.6 million to purchase and renovate the Sonoma property. Mr. Dubinsky will opine that evidence in the record shows that Smith and his ex-wife considered this their home, and that they personally made decisions regarding the renovations on the property.

Mr. Dubinsky will opine that there are numerous examples in the record illustrating how Smith, with the assistance of Kepke, utilized the complex network of offshore entities to access and use the

UNITED STATES' NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY AND SUMMARIES OF
VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

7

1  funds hidden offshore for his personal benefit, while at the same time evading paying U.S. income and

2  gift taxes on such funds.

3

### V. THE OFFSHORE STRUCTURE AND PLAN CREATED BY KEPKE FOR SMITH, WHICH INVOLVED TRANSFERS OF MONEY AND OTHER PROPERTY TO VARIOUS OFFSHORE-CONTROLLED ENTITIES LACKED TRUE ECONOMIC SUBSTANCE

4

5  It is anticipated that Mr. Dubinsky will opine, from a forensic accounting perspective, that the

6  true economic characteristics should establish the accounting for a transaction, not merely the legal or

7  technical form of a transaction. Mr. Dubinsky will testify to accounting principles that provide guidance

8  as to how to properly account for financial transactions based on economic substance rather than legal

9  form, *i.e.* the doctrine of substance over form. In addition to accounting principles, Mr. Dubinsky will

10  testify to certain hallmarks of fraud that are instructive in analyzing and assessing an offshore tax

11  scheme such as the one set up and managed by Kepke and employed by Smith and will opine that

12  certain of these indicia of fraud were identified during his forensic examination.

13  Mr. Dubinsky will opine that despite on paper as serving only as a trust protector of Excelsior

14  Trust, and not as the Trustee empowered with such duties, it was Smith who made all material

15  purchasing and investment decisions on behalf of Flash, without consultation with the Trustee of

16  Excelsior Trust, Flash's sole member. For example, Mr. Dubinsky will explain that evidence in the

17  record shows that when the Smiths were purchasing real estate in France, Smith personally (and not the

18  Trustee) acted on behalf of the purchasing entities, which were supposedly subsidiaries of Excelsior

19  Trust.

20  Mr. Dubinsky will opine that based on the evidence he reviewed, the legal form of Excelsior

21  Trust as a non-grantor trust, which was set up by Kepke, did not follow its true substance, *i.e.*, that it

22  functioned in reality as a grantor trust, with Smith exercising ultimate control and dominion over the

23  trust, its assets and the income it generated. Mr. Dubinsky will opine that based on the evidence he

24  reviewed, the formation of the offshore trust structure by Kepke was designed in a manner to avoid

25  detection by U.S. taxing authorities with an apparent end goal of avoiding paying U.S. income and gift

26  taxes by Smith.

27

28

### VI.   ROBERT F. SMITH'S ORIGINAL U.S. FEDERAL INCOME TAX FILINGS FOR 2010 – 2014 WERE FALSE AND MISLEADING AND CONCEALED THE TRUE NATURE AND SUBSTANCE OF INCOME FROM HIS VARIOUS PRIVATE EQUITY INVESTMENTS

Mr. Dubinsky will testify that IRC 26 U.S.C. § 61 as well as Internal Revenue Service Form 1040 ("Form 1040") instructions advise that individuals must report all income, including interest, dividends, wages, tips and pensions, *etc*.[9] Mr. Dubinsky will opine that based on his forensic accounting examination, the distributions from the various Vista funds to Flash, which was set up by Kepke, were in fact distributions of carried interest and should have been taxed to Smith personally since Flash lacked economic substance and was, in reality, Smith hiding behind a shell entity. Mr. Dubinsky will opine that the shifting of Smith's income to his offshore entities designed by Kepke caused Smith to grossly under-report and as a result did not properly report his income to the IRS on his originally filed income tax returns. Further, based on review of the evidence, Mr. Dubinsky will opine that no federal tax returns were filed for Flash until 2015, thereby failing to adequately report income to the IRS in a timely manner.

Smith subsequently filed Amended Form 1040s for the period 2010 through 2013 after being denied entry in the IRS's Offshore Voluntary Disclosure Program (the "OVDP").[10] Mr. Dubinsky will opine, based on the evidence reviewed, that notwithstanding the filing of the amended returns, Smith once again failed to report all income paid to Flash. Mr. Dubinsky will opine that Smith failed to report approximately $184.8 million in reportable income and gains distributed and/or credited to Flash.

### NOTICE OF INTENT TO INTRODUCE SUMMARIES OF VOLUMINOUS EVIDENCE

The United States intends to introduce summaries of voluminous evidence at trial pursuant to Rule 1006.  Specifically, the government intends to introduce, through Mr. Dubinsky, summaries of

---

[9] IRC 61(a) General definition: Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, fringe benefits, and similar items; (2) Gross income derived from business; (3) Gains derived from dealings in property; (4) Interest; (5) Rents; (6) Royalties; (7) Dividends; (8) Annuities; (9) Income from life insurance and endowment contracts; (10) Pensions; (11) Income from discharge of indebtedness; (12) Distributive share of partnership gross income; (13) Income in respect of a decedent; and (14) *Income from an interest in an estate or trust (emphasis added).*

[10] The OVDP was instituted by the IRS in 2009 to provide taxpayers who had <u>willfully</u> not reported foreign accounts and assets the opportunity to avoid prosecution and limit their exposure to civil penalties.

UNITED STATES' NOTICE OF INTENT TO OFFER EXPERT TESTIMONY AND SUMMARIES OF VOLUMINOUS EVIDENCE CASE NO. 3:21-CR-00155-JD

9

voluminous financial records and IRS records.

Rule 1006 governs the admissibility of charts, summaries, or calculations of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. *See United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991). Rule 1006 summaries must summarize information which is voluminous, available for inspection, and admissible (although not necessarily admitted), and are admissible themselves. *Id.*; *see also United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988); *City of Phoenix v. Com/Systems, Inc.*, 706 F.2d 1033, 1038 (9th Cir. 1983); *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979).[11] The proponent of a summary under Rule 1006 must establish the admissibility of the underlying documents as a condition precedent to introduction of the summary. *Johnson*, 594 F.2d at 1257. The proponent must also establish that the underlying documents were made available to the opposing party for inspection. *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984). The underlying materials need not be admitted into evidence, but in this case the government expects to offer the underlying documents into evidence because they have independent probative value. The Ninth Circuit has recognized that the district court has discretion to admit both a Rule 1006 summary and the underlying records themselves. *See United States v. Anekwu*, 695 F.3d 967, 981-82 (9th Cir. 2012). Rule 1006 summaries must fairly represent the underlying documents, and their admission into evidence is left to the trial court's discretion. The Ninth Circuit has repeatedly approved the use of Rule 1006 summaries, particularly where, as here, the summaries will aid the jury in organizing information contained in a large number of documents into understandable form. *See, e.g.*, *Goldberg v. United States*, 789 F.2d 1341, 1343 (9th Cir. 1986) (permitting testimony concerning summaries of voluminous tax records); *United States v. Shirley*, 884 F.2d 1130, 1133-34 (9th Cir. 1989) (permitting summary chart of telephone calls to help jury organize and evaluate evidence).

Here, the government intends to offer into evidence summaries of financial records reflecting

---

[11] In contrast, Rule 611 pedagogical charts "analyzing testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves." *Wood*, 943 F.2d at 1053; *see also United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984) (approving the use of summary charts as testimonial aids for government); *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980) (government witness' use of Rule 611 chart summarizing facts and calculations in evidence as a testimonial aid "contributed to the clarity of the presentation to the jury, avoided needless consumption of time and was a reasonable method of presenting the evidence," and admitting the charts into evidence was not reversible error).

UNITED STATES' NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY AND SUMMARIES OF
VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

10

numerous, complex financial transactions.  The government intends to offer these summaries into evidence to illuminate numerous financial transactions, and the ultimate source and/or disposition of the funds involved in those transactions.  All of the financial records upon which the summaries will be based have already been provided to Kepke, or will be provided before trial.  The government also intends to offer into evidence summaries of tax records, including tax returns Smith filed or caused to be filed, and other related IRS records.  All of the records upon which the summaries will be based have already been provided to Kepke, or will be provided before trial.  The Rule 1006 summaries and summary charts will not be finalized until shortly before the witnesses' testimony.  Copies of these materials will be provided to the Court and Kepke prior to the witness's testimony.

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

s/ Corey J. Smith
COREY J. SMITH
Senior Litigation Counsel
MICHAEL G. PITMAN
Assistant United States Attorney

Attorneys for United States of America

UNITED STATES' NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY AND SUMMARIES OF
VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

11





## Bruce Dubinsky

Senior Advisor, Expert Services Practice

T +1 305 428 3381
M +1 240 413 3145
E bruce.dubinsky@duffandphelps.com

**Bruce G. Dubinsky**, CPA, MsT, CFF, CFE, CVA, CAMS, MAFF is a senior advisor in the Expert Services practice of Kroll LLC. His practice is focused on providing dispute consulting services to a variety of clients, including law firms, corporations, governmental agencies, law enforcement bodies and self-regulatory organizations. Bruce frequently works on complex litigation cases where the claims in many instances are in the billions of dollars.

Based in Miami, Florida, Bruce is a forensic accountant with more than 36 years of financial investigative and dispute consulting experience having worked on hundreds of complex and high-profile engagements throughout his career. He has provided testimony as an expert witness over 100 times and has testified in over 70 trials, many of which were jury trials.

Bruce has been qualified and testified as an expert witness in cases involving criminal and civil financial fraud, Ponzi schemes, SEC and FINRA enforcement actions, commercial business damages, business valuations, federal income, estate and gift taxation, GAAP, GAAS and related accounting issues as well as and bankruptcy matters. He has been employed on numerous occasions as a testifying expert for federal income tax matters by the United States Department of Justice (DOJ), Tax Division, as well as the Office of Chief Counsel for the Internal Revenue Service.

Prior to joining Duff & Phelps, Bruce was the managing director of Dubinsky & Company, P.C, a dispute consulting firm specializing in forensic accounting, fraud investigations and commercial dispute consulting which, in 2008, was acquired by Duff and Phelps. Earlier in his career, he held leadership positions for various real estate development and public accounting firms.

Bruce earned his Master of Science in Taxation (with high honors) from Georgetown University, and his Bachelor of Science in Accounting from the University of Maryland. He is a Certified Public Accountant, Certified Fraud Examiner, Certified Anti-Money Laundering Specialist, Certified Valuation Analyst, Certified in Financial Forensics, and earned a certificate as a Master Analyst in Financial Forensics. Bruce previously served as the Chairman of the Association of the Certified Fraud Examiners Board of Regents.

### Areas of Expertise

- Fraud Investigations
- Forensic Accounting
- White Collar Criminal Fraud
- Complex Tax Controversy Cases
- Commercial Damage/Lost Profits Analysis
- Bankruptcy Investigations
- Investment/Securities Damages/Suitability
- Campaign Finance Compliance/ Investigations
- Post-Acquisition Disputes
- Accounting/GAAP Disputes



**Bruce Dubinsky**

## Representative Engagements

**Expert Testimony**

- Hired as a testifying expert on an insider trading case by the defense for a lawyer charged with conspiracy and insider trading crimes. Testimony surrounded SEC investment matters including information that was publicly available information related to a proposed merger of two publicly traded pharmaceutical companies.

*"I find his experience and expertise impressive and that he's qualified to testify as an expert on this issue."*

**The Honorable Joan M. Azrack**
**United States District Court for the Eastern District of New York**

- Hired by the United States Department of Justice as the testifying forensic accounting expert in the Madoff 5 criminal trial in the U.S.D.C. - S.D.N.Y. in 2013 to testify as to the nature of the Madoff Ponzi and the extent of the fraud in the organization.

*"My antennas were up," says Sheila Amato, a schoolteacher who served on the jury, who remembers feeling that **some of the defendants were guilty after Dubinsky's presentation.***
*"But at that point, I wasn't sure if they all were."*
**Sheila Amato, Juror- Criminal Trial USDC-SDNY– "The Madoff 5"** [1]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
23|Q. You plainly conducted a very extensive investigation of
24|Madoff Securities.
25|A. Thank you.
64:1|Q. I meant it as a question, not a complaint.  If you take
 2|it as a complaint, that's fine.   I think it is unanimous that
 3|you were thorough, I think.  Either you or people working for
 4|you looked at millions and millions of documents, correct?
 5|A. That is correct, yes.
```

*Cross Examination - Criminal Trial U.S.D.C. – S.D.N.Y*

- Hired as the testifying expert witness by the law firm of Baker & Hostetler LLP ("Baker"), counsel for Irving H. Picard, Trustee ("Trustee") for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff"), to provide forensic accounting analysis and render certain expert opinions related to the Madoff Ponzi.

---

[1] THE MADOFF FIVE: History's Greatest Fraud Yields One Of The Greatest Legal Slugfests Of Our Time, Behar, Richard, Forbes December 31, 2014, http://tinyurl.com/j6m6h9c



**Bruce Dubinsky**

- Hired by the United States Department of Justice as the testifying forensic accounting expert in the Samuel E. Wyly and Caroline D. Wyly bankruptcy cases in the U.S. Bankruptcy Court- N.D. Texas to testify regarding alleged tax fraud involving an elaborate off-shore trust and corporate structure utilized by the Wyly's for over twenty years to avoid paying federal income and gift taxes in the United States.

- Hired by the court appointed Election Monitor as the forensic investigator on campaign finance fraud for the United States Department of Justice through appointment by the U.S. District Court for the Southern District of New York for the 2015-2016 International Brotherhood of Teamsters (IBT) Union Delegate and Officer Election.

- Hired as a testifying damages expert in a case involving lost profits and damages arising from alleged trespassing and unauthorized utilization of an internet service provider network.

- Hired as a testifying expert in a case involving allegations related to a prominent real estate developer of public corruption and tax fraud in the District of Columbia.

- Hired by the United States Department of Justice as the testifying forensic accounting expert in a criminal case involving alleged tax fraud utilizing off-shore captive insurance schemes.

> "*GVI (Government of the Virgin Islands) did not demonstrate in the arbitration that the audit Recapitulation performed by Dubinsky was inappropriate or unreliable. To the contrary, the GVI's random testing of Dubinsky's audit reconciliations in cross-examination* **demonstrated the reliability of Dubinsky's work product and opinions.**"[2]

**The Honorable James T. Giles (Ret.)**
**Former Chief Judge, U.S. District Court for the Eastern District of Pennsylvania**

- Hired as a testifying expert witness in a case involving alleged international public corruption in connection with the purchase of a state owned industrial manufacturing plant.

- Hired as a testifying expert witness by AMTRAK regarding damages from Superstorm Sandy and damage sustained by the railroad.

- Hired as a testifying expert on a case arising out of the financial crisis involving alleged fraud in connection with the merger of Merrill Lynch and Bank of America, two of the largest financial institutions in the United States.

- Hired as one of the lead forensic accounting investigators who worked on the Lehman Brothers bankruptcy investigation conducted by the Special Examiner appointed by the bankruptcy trustee for the Lehman Brothers bankruptcy estate, the largest bankruptcy filing in United States history.

- Hired as a testifying forensic accounting expert for the defense in the Parmalat SpA fraud case, one of the world's largest accounting fraud cases to date. Provided expert testimony in a multi-day deposition regarding various matters including the nature of the frauds perpetrated, methods utilized by various alleged fraudsters and the underlying transactions at issue.

---

[2] John K. Dema, P.C. v. Government of the U.S. Virgin Islands, Arbitration Order, November 2016.



**Bruce Dubinsky**

*"Dee has three years of college, no business or legal experience, and was faced with a set of transactions much more complicated than the ones at issue in Reser—transactions which the IRS' expert—**a highly experienced forensic accountant**—called 'if not the most complicated, one of the most complicated cases" that he had ever investigated.' "[3]*

**The Honorable Barbara J. Houser**
**Chief Judge - In the United States Bankruptcy Court for The Northern District of Texas -Dallas Division**

- Hired by FINRA Department of Enforcement as a testifying forensic accounting expert in a case involving alleged fraud by an investment advisor.

- Hired as a testifying damages expert for the defense in a case with nearly $1 billion dollars of alleged damages for an alleged patent licensing breach of contract case involving hard disk drive spindle motors and related hard disk drive component products.

- Hired as a testifying damages expert in a case involving allegations of theft of trade secrets related to a military defense business in the United States.

- Hired as a testifying forensic accountant and damages expert in a case involving hundreds of millions of dollars of consumer credit card and debt accounts in several asset-backed securitization vehicles.

- Hired by FINRA Department of Enforcement as a testifying forensic accounting expert in a case involving alleged fraud by a broker/dealer and a related investment vehicle.

- Hired on behalf of Siemens Energy Inc. as a testifying expert on issues related to alleged damages from a contract termination in South America related to a power plant.

- Hired as a testifying forensic accountant expert in over twenty cases surrounding alleged fraudulent tax shelters involving hundreds of millions of dollars in unpaid federal income taxes.

- Hired as a testifying forensic accountant for the defense of a prominent banking lawyer in a white-collar criminal case involving allegation of bankruptcy and tax fraud.

- Hired as a testifying forensic accountant for the defense of the former Governor of Puerto Rico in a white-collar criminal case involving allegations of campaign finance fraud and tax fraud.

- Hired as a testifying damages expert in a health care insurance case involving breach of contract and other claims.

- Hired as a testifying damages expert by DuPont in a case involving lost profits arising from intentional disruption of distributorship channels.

- Hired as a testifying damages expert in a case against a mutual fund related to allegations of overcharging management fees to its retail customers.

- Hired as a testifying damages expert by a subsidiary of DuPont in a case involving the alleged sale of tainted food stabilization products to a food processing plant.

- Hired as the forensic accountant to investigate fraud allegations on behalf of the Washington Teachers' Union where the presiding officers were alleged to have embezzled millions of dollars from union coffers.

---

[3] IN RE: SAMUEL EVANS WYLY, et al. US Bankrupcty Court- Northern District Dallas Case No.  14-35043-BJH.



**Bruce Dubinsky**

## Certifications

- Certified Public Accountant, State of Maryland, 1985

- Certified Fraud Examiner, 1998

- Certified Valuation Analyst, 1998

- Master Analyst in Financial Forensics, 2008

- Certified in Financial Forensics, 2010

- Commercial Arbitrator, 2002-2004

- Registered Investment Advisor Representative (former), 1999-2008

- Certified Anti-Money Laundering Specialist, 2017

## Education

- Master of Science in Taxation, (high honors), Georgetown University, Washington, D.C., 1986

- Bachelor of Science in Accounting, University of Maryland, 1983

- Various Continuing Education Courses



**Bruce Dubinsky**

## Other

- Advisory Council for the Center for the Study of Business Ethics, Regulation and Crime (C-BERC) at the Smith School of Business, University of Maryland.

- Advisory Board - LexisNexis Fraud Defense Network

- Chairman Emeritus of the Board of Regents for the Association of Certified Fraud Examiners

- Association of Certified Fraud Examiners Board of Regents

- Instructor of Exceptional Distinction Award- NACVA

- Named one of the "Top 100 Most Influential People in the Accounting Profession" by Accounting Today

- Fraud Examiner of the Year - Washington Metropolitan Chapter of Certified Fraud

- Former member of the Editorial Board of The Value Examiner

- Former contributing editor for the CPA Digest

- Frequent media appearances in numerous print media as well as appearing on local and national television and radio newscasts, to discuss various tax, accounting and fraud issues.

- Bruce frequently lectures at the college level on issues relating to forensic accounting and accounting ethics. He has presented seminars to law firms, professional groups and law enforcement bodies, including the Federal Bureau of Investigation.



**Bruce G. Dubinsky**

**Federal Rule of Civil Procedure Rule 26**

**Testimony at Trial/Deposition**
(<u>Underline</u> denotes retaining party)

| | *In Re: Customs And Tax Administration <u>Of The Kingdom Of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation</u>*<br>U.S. District Court- Southern District of New York<br>No. 18-MD-2865-LAK<br>March 29, 2022 (Deposition) |
|---|---|
| *In re Bernard L. Madoff*, <u>*Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernie L. Madoff*</u> *v. Rar Entrepreneurial Fund, Ltd.*<br>U.S. District Court- Southern District of New York<br>No. 1:20-cv-01029-JMF<br>March 3, 4, 2022 (Trial) | *In re Bernard L. Madoff*, <u>*Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernie L. Madoff*</u> *v. Sage Associates et al and Sage Realty et al.*<br>U.S. District Court- Southern District of New York<br>Lead Case 20-CV-10057 (JFK)<br>January 24, 25, 2022 (Trial) |
| *Hogan, et al. v. <u>Credit Suisse Securities (USA) LLC</u>*<br>FINRA Arbitration – Houston, Texas<br>Case No. 16-03296<br>January 13, 2022 (Trial) | *Prezzano, et al. v. <u>Credit Suisse Securities (USA) LLC</u>*<br>FINRA Arbitration – Chicago, IL<br>Case No. 19-02974<br>September 21-22, 2021 (Trial) |
| *Hutchinson, et al. v. <u>Credit Suisse Securities (USA) LLC</u>*<br>FINRA Arbitration – Chicago, IL<br>Case No. 16-02825<br>February 22-23, 2021 (Trial) | *James Tarpey v. <u>United States of America</u>*<br>United States District Court for the District Montana – Butte Division<br>Case No. CV-17-94-BU-BMM<br>May 4, 2021 (Trial)<br>January 13, 2021 (Deposition) |
| *In re Bernard L. Madoff*, <u>*Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernie L. Madoff*</u> *v. BAM L.P., Michael Mann and Meryl Mann*<br>U.S. Bankruptcy Court Securities Investor Protection Corporation – Southern District of New York<br>Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION (Substantively Consolidated)<br>Adv. Pro. No. 10-04390  (SMB)<br>September 14, 2020 (Trial) | *Jefferies LLC v. <u>Jonathan Moneypenny</u>*<br>FINRA Arbitration – New York, NY<br>Case No. 17-01229<br>February 25-26, 2020 (Trial) |



**Bruce G. Dubinsky**

### Federal Rule of Civil Procedure Rule 26

### Testimony at Trial/Deposition
#### (<u>Underline</u> denotes retaining party)

| | |
|---|---|
| ***Galli, et al. v. <u>Credit Suisse Securities (USA) LLC</u>***<br>FINRA Arbitration – Boston, MA<br>Case No. 17-01489<br>January 22, 2020 (Trial) | ***Jefferies LLC v. <u>Jerald E. Slowik</u>***<br>FINRA Arbitration – New York, NY<br>Case No. 18-00548<br>January 15-16, 2020 (Trial) |
| ***<u>City of Almaty, Kazakhstan and BTA Bank JSC</u> v. Mukhtar Ablyazov, Viktor Khrapunov, Ilyas Khrapunov, and Triadou SPV S.A.***<br>U.S. Disctrict Court – Southern District of New York<br>Case No. 15-cv-05345-AJN<br>August 21, 2019 (Deposition) | ***Firstman, et al. v. <u>Credit Suisse Securities (USA) LLC</u>***<br>FINRA Arbitration – Atlanta, GA<br>Case No. 17-01632<br>July 18, 2019 (Trial) |
| ***Dertouzos v. <u>Credit Suisse Securities (USA) LLC</u>***<br>FINRA Arbitration – New York, NY<br>Case No. 16-02848<br>July 3, 2019 (Trial) | ***<u>Credit Suisse Securities (USA) LLC</u> v. Zinman***<br>FINRA Arbitration – New York, NY<br>Case No. 16-03093<br>June 20-21, 2019 (Trial) |
| ***<u>In re Bernard L. Madoff, Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidationof Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff</u> v. Carol Nelson & Stanley Nelson***<br>U.S. Bankruptcy Court – Southern District of New York<br>Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION (Substantively Consolidated)<br>Adv. Pro. No. 10-04658  (SMB)<br>Adv. Pro. No. 10-04377 (SMB)<br>May 8, 2019 (Trial) | ***DellaRusso and Sullivan v. <u>Credit Suisse Securities (USA) LLC</u>***<br>FINRA Arbitration – New York, NY<br>Case No. 17-01406<br>April 15-16, 2019 (Trial) |
| | ***Lerner& Winderbaum v. <u>Credit Suisse Securities (USA) LLC</u>***<br>FINRA Arbitration – New York, NY<br>Case No. 17-00057<br>March 19, 2019 (Trial) |
| ***David Greene v. <u>Credit Suisse Securities (USA) LLC</u>***<br>FINRA Arbitration – Atlanta, GA<br>Case No. 17-00112<br>February 20, 2019 (Trial) | ***Jefferies LLC v. <u>Jon A. Gegenheimer</u>***<br>FINRA Arbitration – San Francisco, CA<br>Case No. 16-02461<br>January 31, 2019 (Trial) |
| ***Nicholas Finn v. <u>Credit Suisse Securities (USA) LLC</u>***<br>FINRA Arbitration – New York, NY<br>Case No. 17-01277<br>October 18, 2018 (Trial) | ***Micro Focus (US), Inc. v. <u>Express Scripts, Inc</u>.***<br>United States District Court for the Northern District of Maryland – Greenbelt Division<br>Civil Action No. 8:16-cv-00971<br>August 29, 2018 (Deposition) |



**Bruce G. Dubinsky**

## Federal Rule of Civil Procedure Rule 26

### Testimony at Trial/Deposition
(<u>Underline</u> denotes retaining party)

| | |
|---|---|
| ***Concordia Pharmaceuticals Inc., S.A.R.L. v. <u>Winder Laboratories, LLC</u> and Steven Pressman*** <br> United States District Court for the Northern District of Georgia – Gainesville Division <br> C.A. No. 2:16-cv-00004-RWS <br> April 5, 2018 (Deposition) | ***Harold W. Nix et. al v <u>United States of America</u>*** <br> United States District Court, Eastern District of Texas <br> Case No. 2:17-cv-434 (Lead); 2:17-cv-435; 2:17-cv-436 <br> March 1, 2018 (Deposition) |
| ***Brian M. Chilton v. <u>Credit Suisse Securities (USA) LLC</u>*** <br> FINRA Arbitration – Boston, MA <br> Case No. 16-03065 <br> August 6, 2018 (Trial) | ***Certain Underwriters at Lloyd's, London, et al. v. <u>National Railroad Passenger Corporation, et. al.</u>*** <br> United State District Court - Eastern District of New York <br> ECF Case 14 Viv. 4717 <br> September 20, 2017 (Trial) <br> May 16, 2017 (Deposition) |
| ***<u>In re Samuel E. Wyly, et al.,</u>*** <br> ***Evan A. Wyly and Lisa L. Wyly v. Samuel E. Wyly and the <u>Internal Revenue Service</u> v. Evan A. Wyly, Lisa L. Wyly, and Samuel E. Wyly*** <br> U.S. Bankruptcy Court – Northern District of Texas – Dallas Division <br> Case No. 14-35043-BJH <br> Adversary No. 17-03013 <br> March 14, 2018 (Deposition) | ***<u>John K. Dema, P.C.</u> v. Government of the US Virgin Islands***, <br> Matter in Arbitration – St. Croix, US Virgin Islands <br> September 14, 2016 (Trial) |
| ***Mark Hale, Todd Shadle and Carly Vickers Morse v. <u>State Farm Mutual Automobile Insurance Company</u>, Ed Murnane and William G. Shepherd*** <br> United States District Court – Southern District of Illinois <br> Case No. 3:12-CV-00660-DRH-SCW <br> November 22, 2017 (Deposition) | ***Wyle Inc. and Wyle Services Corp., v. <u>ITT Corp., Exelis Inc., and Xylem Inc.</u>*** <br> Supreme Court of the State of New York- County of New York <br> Case No. 653465/2011 <br> March 24, 2016 (Deposition) |
| ***United States of America v. <u>Robert Schulman</u>*** <br> United States District Court - Eastern District of New York <br> Case No. 16-CR-442 (JMA) <br> March 10 & 13, 2017 (Trial) | ***<u>In re: Samuel E. Wyly, et al.</u>*** <br> U.S. Bankruptcy Court-Northern District of Texas <br> Case No. 14-35043-(BJH) <br> January 20-21, 2016 (Trial) <br> January 5, 2016 (Hearing-Daubert Motion) <br> November 19, 2015(Deposition) |



**Bruce G. Dubinsky**

**Federal Rule of Civil Procedure Rule 26**

**Testimony at Trial/Deposition**
(<u>Underline</u> denotes retaining party)

| | |
|---|---|
| ***<u>United States of America</u> v. Duane Crithfield and Stephen Donaldson, Sr.***<br>United States District Court – Middle District of Florida – Tampa Division<br>Case No. 8:13-CR-237-T-23TBM<br>June 16-17, 20, 2016 (Trial) | ***In re Bernard L. Madoff Investment Securities LLC***<br>***<u>Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC</u> v. J. Ezra Merkin, et al.***<br>U.S. Bankruptcy Court - Southern District of New York<br>Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION (Substantively Consolidated)<br>Adv. Pro. No. 09-01182 (SMB)<br>April 27, 2015 (Deposition) |
| ***<u>Al Kellerman, et al.</u> v. Marion Bass Securities Corporation et al.***<br>Circuit Court for Madison County, Illinois<br>Cause No. 01-L 000457<br>February 18, 2016 (Deposition) | ***Walpart Trust Reg, Trustee of the Acconci Trust, on behalf of Lincolnshire Equity Partners, L.P. and American National Insurance Company on behalf of Lincolnshire Equity Fund, L.P. v. <u>Thomas J. Maloney, Lincolnshire Management, Inc. and Lincolnshire Equity, Inc.</u>***<br>Supreme Court of the State of New York-County of New York<br>Case No. 651096/2011<br>October 9, 2014 (Deposition) |
| ***<u>Department of Enforcement</u> v. Paul E. Taboada***<br>Financial Industry Regulatory Authority Office of Hearing Office<br>Disciplinary Proceeding No.  2012034719701<br>October 5, 2015 (Trial) | ***<u>United States of America</u> v. Daniel Bonventre, Annette Bongiorno, Joann Crupi a/k/a "Jodi," Jerome O'Hara, and George Perez (Madoff criminal case)***<br>United States District Court – Southern District of New York<br>Case No. S10 10 Cr. 228 (LTS)<br>October 24, 28-30, 2013 (Trial) |



**Bruce G. Dubinsky**

### Federal Rule of Civil Procedure Rule 26

### Testimony at Trial/Deposition
#### (Underline denotes retaining party)

| | |
|---|---|
| *In re Bernard L. Madoff Investment Securities LLC* <u>*Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Andrew H. Cohen*</u><br>U.S. Bankruptcy Court - Southern District of New York<br>Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION (Substantively Consolidated)<br>Adv. Pro. No. 10-04311(SMB)<br>October 14, 2015 (Trial) | <u>*Christopher Cohan, individually and as sole Trustee of the Christopher Cohan Separate Property Trust, and Angelina Cohan v. KPMG LLP*</u><br>State Court of Fulton County – State of Georgia<br>Civil Action No. 12EV0114325G<br>July 3, 2013 (Deposition) |
| <u>*Spentex Netherlands, B.V. v. Republic of Uzbekistan*</u><br>International Centre for Settlement of Investment Disputes<br>ICSID Case No.: ARB/13/26<br>September 24, 2015 (Trial) | *Eagle Materials, Inc. v.* <u>*United States of America*</u><br>United States District Court for the Northern District of Texas<br>Civil Action No. 3:11-CV-00936-F<br>January 29, 2013 (Deposition) |
| <u>*National Railroad Passenger Corporation*</u> *v. Ace Bermuda Insurance Ltd., et al.*<br>United States District Court –<br>Southern District of New York<br>Civil Action No.: 14-cv-7510 (JSR)<br>February 25, 2015 (Deposition) | *In re Bernard L. Madoff Investment Securities LLC* <u>*Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Saul B. Katz, et al.*</u><br>U.S. District Court for the Southern District of New York<br>Adv. Pro. No. 08-01789 (BRL)<br>SIPA LIQUIDATION (Substantively Consolidated)<br>Adv. Pro. No. 10-5287 (BRL)<br>11-CV-03605 (JSR) (HBP)<br>January 11, 2012 (Deposition) |
| *The People of the State of New York by Andrew M. Cuomo, Attorney General of the State of New York, against Bank of America Corporation, Kenneth D. Lewis and* <u>*Joseph L. Price*</u><br>Supreme Court of the State of New York – County of New York<br>Case No.  450115/2010<br>January 29, 2014 (Deposition) | *Estate of Elizabeth S. Snow, Deceased, Philip F. Brown, Executor v.* <u>*United States of America*</u><br>U.S. District Court of Washington at Tacoma<br>Case No. 3:10-cv-05793-RBL<br>October 27, 2011 (Deposition) |



**Bruce G. Dubinsky**

### Federal Rule of Civil Procedure Rule 26

### Testimony at Trial/Deposition
#### (<u>Underline</u> denotes retaining party)

| | |
|---|---|
| ***First Technology, Inc., v. <u>Siemens Energy, Inc</u>.*** <br> American Arbitration Association – Orlando Division <br> Case No. 50-198-T-00200-12 <br> August 20, 2013 (Trial) | ***Glynn v. <u>EDO Corporation</u>*** <br> U.S. District Court for the District of Maryland <br> Case No. 1:07-cv-01660-JFM <br> February 25, 2011 (Deposition) |
| ***Thomas & Kidd Oil Production, Ltd. v. <u>United States of America</u>*** <br> United States District Court for the Northern District of Texas – Lubbock Division <br> Case No.: 5:10-CV-00108-C (consolidated with 5:10-CV-110-C, 5L10-CV-111-C, and 5:10-CV-161-C) <br> March 27 & 28, 2013 (Trial) <br> December 6, 2012 (Deposition) | ***Perot Systems Government Services, Inc. v. <u>21st Century Systems, Inc. et al</u>.*** <br> Circuit Court for Fairfax County, Virginia <br> Case No. 2009-08867 <br> June 22, 2010 (Trial) <br> May 28, 2010 (Deposition) |
| ***<u>Department of Enforcement</u> v. William B. Fretz, Jr. (CRD 1545760), John P. Freeman (CRD 1651569), and the Keystone Equities Group (CRD 127529)*** <br> Financial Industry Regulatory Authority - Office of Hearing Officers <br> Disciplinary Proceeding No. 2010024889501 <br> July 11 and 12, 2012 (Live Hearing) | ***Sands Capital Management, LLC v. <u>Scott E. O'Gorman</u>*** <br> American Arbitration Association <br> Case No. 16 148 Y 00459 09 <br> April 28, 2010 (Trial) |
| ***South Florida Physician's Network, LLC and <u>United Health Networks, Inc. and United Health Network of Florida, Inc</u>.*** <br> American Arbitration Association <br> Case No. 32 193 Y 00567 10 <br> December 14, 2011 (Trial) <br> August 11, 2011 (Deposition) | ***<u>HCP Laguna Creek CA et al</u> v. Sunrise Senior Living Management, Inc.*** <br> U.S. District Court for the District of Eastern Virginia <br> Case No: 1:09 CV 824-GBL/JFA <br> February 26, 2010 (Deposition) |
| ***Clay Vance Richardson et al v. <u>Frontier Spinning Mills Inc</u>. et al.*** <br> General Court of Justice <br> Superior Court, North Carolina <br> Case No:  10 CVS 1040 <br> June 3, 2011 (Deposition) | ***In re <u>UnitedHealth Group, et al</u>. v. American Multispecialty Group d/b/a/ Esse Health*** <br> American Arbitration Association <br> Case No. 57 193 Y 00004 08 <br> June 9 & 10, 2009 (Trial) <br> April 24, 2009 (Deposition) |


## KROLL

**Bruce G. Dubinsky**

**Federal Rule of Civil Procedure Rule 26**

**Testimony at Trial/Deposition**
(<u>Underline</u> denotes retaining party)

| | |
|---|---|
| <u>*HCP et al* **v.** *Sunrise Senior Living Management, Inc. et al.*</u><br>Court of Chancery of the State of Delaware<br>Case Nos. 4691-VCS; 4692-VCS; 4693-VCS; 4694-VCS; 4696-VCS; 4697-VCS; 4698-VCS; 4699-VCS<br>July 21, 2010 (Deposition) | *Southgate Master Fund* **v.** <u>*United States*</u><br>U.S. District Court for the Northern District of Texas – Dallas Division<br>Case No: 3:06-CV-2335-K<br>January 14-15, 2009 (Trial)<br>September 17, 2008 (Deposition) |
| *ClassicStar Mare Lease Litigation*<br>*James D. Lyon, Chapter 7 Trustee of ClassicStar, LLC* **v.** <u>*Tony P. Ferguson et al.*</u><br>U.S. District Court Eastern District of Kentucky, Lexington<br>MDL No. 1877; Civil Action No. 5:07-cv0353-JMH and 5:09-215-JMH<br>May 13, 2010 (Deposition) | <u>*Hoehn Family, LLC*</u> **v.** *Price Waterhouse Coopers, LLC*<br>Circuit Court of Jackson County Missouri at Independence<br>Case No: 0516-CV36227<br>September 3, 2008 (Deposition) |
| *Bemont Investments LLC* **v.** <u>*United States*</u><br>United States District Court for the Eastern District of Texas-Sherman Division<br>Case No:  4:07cv9 & 4:07cv10<br>March 25, 2010 (Trial)<br>August 28, 2009 (Deposition)<br>June 24, 2008 (Deposition) | <u>*Calomiris* **v.** *Tompros, et al.*</u><br>Superior Court for the District of Columbia<br>Case No: ADM 2000-2175-00<br>January 17, 2008 (Trial) |
| <u>*Global Express Money Orders, Inc.*</u> **v.** *Farmers & Merchants Bank et al*<br>Circuit Court for Baltimore City<br>Case No: 24-C-08-004896 OT<br>January 13, 19 & 25, 2010 (Deposition) | <u>*Rosenbach et al.* **v.** *KPMG, LLP et al.*</u><br>American Arbitration Association<br>Case No: 13 181 Y 00437 06<br>October 22, 2007 (Trial) |
| <u>*Wills Family Trust*</u> **v.** *Martin K. Alloy et al.*<br>Circuit Court for Montgomery County, Maryland<br>Case Nos: 252430-V &  2722511-V<br>June 1 & 2, 2009 (Trial)<br>Judge Ronald B. Rubin<br>April 10, 2009 (Deposition) | <u>*Autoscribe Corp.*</u> **v.** *9801Washingtonian Office, Inc. et al.*<br>Circuit Court for Montgomery County, Maryland<br>Civil Action: Case No. 274847<br>September 11, 2007 (Deposition) |
| <u>*Elize T. Meijer and Marcel Windt, Trustees in the Bankruptcy for KPNOwest, N.V. and Global Telesystems*</u> **v.** *H. Brian Thompson*<br>U.S. District Court for the Eastern District of Virginia – Alexandria Division<br>Case No: 1:08CV673<br>December 2, 2008 (Deposition) | <u>*Jerald M. Spilsbury et al.*</u> **v.** *KPMG, LLP et al.*<br>District Court, Clark County, Nevada<br>Civil Action: Case No: A479003<br>July 12, 2007 (Deposition) |



**Bruce G. Dubinsky**

### Federal Rule of Civil Procedure Rule 26

### Testimony at Trial/Deposition
(<u>Underline</u> denotes retaining party)

| | |
|---|---|
| ***World-Wide Network Services, LLC, et al. v. <u>Dyncorp, Inc. and EDO Corp.</u>*** <br> United States District Court for the Eastern District of Virginia <br> Case No:1:07-cv-00627-GBL-BRP <br> January 24, 2008 (Deposition) | ***<u>Michael J. Sullivan and Jill P. Sullivan</u> v. KPMG LLP and QA Investments LLC*** <br> Superior Court of New Jersey Law Division, Monmouth County <br> Civil Action, Docket No.:  MON-L-4279-04 <br> November 30, 2006 & December 12, 2006 (Deposition) |
| ***<u>Harslem et al</u>. v. Ernst & Young, LLP*** <br> American Arbitration Association <br> Case No: 30 107 Y 00303 06 <br> November 6 & 7, 2007 (Trial) | ***<u>Robert K. Cohen, et al</u>. v. KPMG, L.L.P., et al.*** <br> State Court of Fulton County, Georgia <br> Case No. 2003VS060471 <br> May 23, 2006 (Deposition) |
| ***United States v. <u>Timothy D. Naegele, Defendant</u>*** <br> U.S. District Court for the District of Columbia <br> Criminal Action: Case No. 05-0151 (PLF) <br> September 24 & 25, 2007 (Trial); <br> January 9, 2007 and January 10, 2007 <br> (Daubert Testimony) | ***<u>Estate of Keith R. Fetridge</u> v. Aronson & Company, A Professional Corporation*** <br> Circuit Court for Montgomery County, Maryland <br> Case No. 256856 <br> Judge Eric Johnson <br> March 9, 2006 (Trial) |
| ***<u>In re Parmalat Securities Litigation</u>*** <br> U.S. District Court for the Southern District of New York <br> Civil Action: Case No. 04 MD 1653 (LAK) <br> August 22-24, 2007 (Deposition) | ***<u>William C. Eacho III & Donna Eacho</u> v. KPMG, LLP et al.*** <br> Superior Court for the District of Columbia <br> Case No. 04-005746 <br> November 29 & December 1, 2005 (Deposition) |
| ***<u>John E. Gallus et al</u>. v. Ameriprise Financial, Inc.*** <br> United States District Court, District of Minnesota <br> Civil Action, Docket No.: 0:04-cv-4498 <br> January 23, 2007 (Deposition) | ***<u>Lawrence L. Gaslow</u> v. KPMG et al.*** <br> Supreme Court of The State of New York <br> County of New York <br> Case No. 600771/04 <br> August 8, July 1, and June 30, 2005 (Deposition) |
| ***<u>In Re: Estate of First Pay, Inc.; Bankruptcy No. 03-30102-PM</u>*** <br> United States Bankruptcy Court – District of Maryland (Greenbelt Division) <br> Michael G. Wolff v. United States of America: <br> Adversary No 05-1700-PM <br> Judge Mannes <br> August 9, 2006 (Trial) | ***<u>Joseph J. Jacoboni</u> v. KPMG LLP*** <br> United States District Court for the Middle District of Florida – Orlando Division <br> Case No. 6:02-CV-510-Orl-22DAB(M.D.Fla.) <br> May 4, 2005 (Deposition) |



**Bruce G. Dubinsky**

### Federal Rule of Civil Procedure Rule 26

### Testimony at Trial/Deposition
#### (<u>Underline</u> denotes retaining party)

| | |
|---|---|
| ***<u>Riddle Farm Financial Limited Partnership</u> v. Route 50 Partners, LP and Worcester Partners, LP and Riddle Farm Associates, LP and Goodwin H. Taylor, Jr.*** <br> Circuit Court for Worcester County, Maryland <br> Case No. 23-C-03-0913 <br> April 4 & 5, 2006 (Trial) <br> February 3, 2006 (Deposition) <br> May 16, 2005 (Hearing) | ***<u>James, LTD.</u> v. Saks Fifth Avenue, et al.*** <br> Circuit Court for Arlington County, Virginia <br> Chancery No. 03-802 <br> January 12 and 25, 2005 (Trial) <br> December 10, 2004 (Deposition) |
| ***<u>Tolt Ventures, L.L.C., et al.</u> v. KPMG, LLP et al.*** <br> District Court of Harris County, Texas, 333rd Judicial District <br> Cause No.  2003-69957 <br> January 27, 2006 (Deposition) | ***Todd Roy Earl Bentley III v. <u>Deutsche Post Global Mail, LTD</u>*** <br> Superior Court of The State of California <br> For The County of Los Angeles <br> Case No: BC 293389 <br> September 23, 2004 & September 14, 2004 (Deposition) |
| ***<u>Richard W. Coleman, Jr.</u> v. KPMG et al.*** <br> Matter in Arbitration by Agreement of the Parties <br> October 31-November 2, 2005 (Trial) <br> October 17-19, 2005 (Trial) <br> August 22, 2005 (Deposition) | ***<u>Ruben A. Perez, et al</u> v. KPMG LLP, et al*** <br> 92nd Judicial District Court <br> Hidalgo County, Texas <br> Cause No: C-2593-02-A <br> November 7, 2003 (Deposition) |
| ***Minebea Co., Ltd, Precision Motors Deutsche Minebea GmbH, and Nippon Miniature Bearing Corp. v. <u>George Papst, Papst Licensing GmbH, and Verwaltungsgesellachaft MIT Beschrankter Haftung</u>*** <br> U.S.  District Court for the District of Columbia <br> Case No. 97-05-90 (SSH) (DAR) <br> August 4 & 5, 2005 (Trial); <br> June 2, 2005 (Hearing) <br> May 11, 2005 (Deposition) | ***<u>Semtek International, Inc.</u> v. Lockheed Martin Corporation*** <br> Circuit Court for Baltimore City, Maryland <br> Case No. 97183023/CC 3762 <br> September 30 – October 1, 2003 (Trial) <br> June 17, 2003 & May 27, 2003 (Deposition) |
| ***<u>Hemanth Rao, et al.</u> v. H-QUOTIENT, Inc., Douglas A. Cohn, and Laurence Burden*** <br> United States District Court for the District of Virginia- *Eastern District* <br> February 10 and 11, 2005 (Trial) | ***Midland Credit v. <u>MBNA America Bank</u>*** <br> Superior Court State Of Arizona, County Of Maricopa <br> Case No. CV2001-002497 <br> February 27, 2003 & November 26, 2002 (Deposition) |



**Bruce G. Dubinsky**

**Federal Rule of Civil Procedure Rule 26**

**Testimony at Trial/Deposition**
**(<u>Underline</u> denotes retaining party)**

| | |
|---|---|
| <u>***Sensormatic Security Corp**. v. **Sensormatic Electronics Corporation, ADT Security Services, Inc., & Wallace Computer Services, Inc***</u>. United States District Court for the District of Maryland *Southern Division* Case No. 02-Civ-1565 (DKC) September 28, 2004, February 19, 2004 & October 24, 2003 (Deposition) | ***Surface Joint Venture v.*** <u>***E.I. Dupont De Nemours & Company, Inc***</u>. United States District Court For The Western District Of Texas, Austin Division Civil Action No. A 02CA 04 3SS January 3, 2003 (Deposition) |
| <u>***Alex Alikhani*** *v.* ***System Engineering International, Inc***</u>. American Arbitration Association No. 16 168 00611 03 August 31, 2004 (Trial) | <u>***Phil Adams Company Profit Sharing Plan*** *v.* ***Trautman Wasserman, Inc***</u>. & CIBC Oppenheimer, Inc. NASD Arbitration, Washington, D.C. May 22, 2002 (Trial) |
| <u>***Joseph J. Jacoboni*** *v.* ***KPMG LLP***</u> United States District Court for the Middle District Of Florida *Orlando Division* Case No. 6:02-CV-510-Orl-22DAB (M.D.Fla.) October 15, 2003 (Deposition) | <u>***Frank A. Pietranton, Jr. et al***</u>. *v.* ***Kenneth J. Mahon & Mahon, Inc***. Circuit Court of Arlington County, Virginia Chancery No. 00-617 Judge Benjamin NA Kendrick February 13, 2002 (Trial) |
| ***Jordan v.*** <u>***Washington Mutual Bank, F.A***</u>. United States District Court, District of Maryland Case No. H02CV1465 March 12, 2003 (Deposition) | ***Amtote International, Inc., v.*** <u>***Bally's of Maryland, Inc***</u>. Circuit Court for Baltimore County, Maryland Civ. No. 03-C-01-001715 October 19, 2001 (Deposition) |
| <u>***Epstein*** *v.* ***Epstein***</u> Circuit Court for Montgomery County, Maryland Family law No: 21608 January 8, 2003 (Trial) | <u>***In Re: Robert S. Beale, Jr***</u>. <u>***In Re: Robert S. Beale, Jr., M.D., P.A***</u>. United States Bankruptcy Court – District of Maryland (Baltimore Division) Case Nos: 99-65815-ESD; 00-55731-ESD Judge E. Stephen Derby August 2, 2001 (Trial) |
| <u>***Cates*** *v.* ***Cates***</u> Circuit Court of Fairfax County, Virginia Chancery No 176170 June 17, 2002 (Deposition*)* | <u>***Diamond*** *v.* ***Diamond***</u> Circuit Court of Fairfax County, Virginia Chancery No. 165804 Judge M. Langhorne Keith February 6, 2001 (Trial) |



**Bruce G. Dubinsky**

### Federal Rule of Civil Procedure Rule 26

### Testimony at Trial/Deposition
(<u>Underline</u> denotes retaining party)

| | |
|---|---|
| *Boryczka, et al. v. <u>Phil Collyer</u> v. Apex Data Services, Inc.* <br> Circuit Court of Fairfax County, Virginia <br> Chancery No 171437 <br> March 12, 2002 (Deposition) | *Bell Atlantic-Maryland, Inc. v. <u>Furguson Trenching Company, Inc. et al.</u>* <br> Circuit Court for Anne Arundel County, Maryland <br> Case No. C-98-498130C <br> Judge Michael Looney <br> November 1, 2000 (Trial) |
| *<u>Rinearson</u> v. <u>Rinearson</u>* <br> Circuit Court of Fairfax County, Virginia <br> Chancery No. 170354 <br> Judge Robert Wooldridge, Jr. <br> January 24, 2002 (Trial) | *United States of America v. <u>Lawrence Edwin Crumbliss</u>* <br> United States District Court, Eastern District of North Carolina, Western Division <br> Criminal Case No: 5:99-CR-24-BR <br> Judge Britt <br> July 21, 2000 (Trial) |
| *America Online, Inc., v. <u>Netvision Audiotext, Inc. et al.</u>* <br> United States District Court- Eastern District of Virginia <br> Case No 99-1186-A <br> October 16, 2001 (Deposition) | *<u>Kontzias</u> v. CVS, Inc.* <br> Circuit Court of Fairfax County, Virginia <br> Civil Action No. 178049 <br> Judge Thatcher <br> March 21, 2000 (Trial) |
| *<u>Marvin BenBassett</u> v. Ritz Camera Centers, Inc.* <br> Circuit Court for Montgomery County, Maryland <br> Case No. 207934 <br> February 23, 2001 (Deposition) | *Brown v. <u>Brown</u>* <br> Circuit Court for Baltimore County, Maryland <br> Case No. 03-C-98-003633 <br> Judge Daniels <br> September 30, 1999 (Trial) |
| *Giesting & Associates, Inc. v. <u>Harris Corp. Inc.</u>* <br> United States District Court, Middle District of Florida, Orlando Division <br> No. 6:98-cv-1363-Orl-3ABF (M.D. Fla.) <br> Judge David A. Baker <br> November, 2000 (Trial) | *Rees, Broome & Diaz, P.C. v. <u>Bella Vista Condominium Association</u>* <br> Circuit Court for Arlington County, Virginia <br> Chancery No. 98-260 <br> Judge Joann Alper <br> June 2, 1999 (Trial) |
| *<u>First Guaranty Mortgage Corporation</u> v. Greater Atlantic Federal Savings Bank, et al.* <br> Circuit Court for Arlington County, Virginia <br> Chancery No. 99-488 <br> Judge Joann Alper <br> September 29, 2000 (Trial) | *Robert S. Joselow v. <u>Robert J. Katz, et. al.</u>* <br> Superior Court of the District of Columbia <br> Civil No.96-00871 <br> May 4, 1998 (Deposition) |



**Bruce G. Dubinsky**

**Federal Rule of Civil Procedure Rule 26**

**Testimony at Trial/Deposition**
**(Underline denotes retaining party)**

| | |
|---|---|
| ***Sportsolution, Inc. v. <u>National Football League Players Association</u>***<br>United States District Court, Middle District of<br>Florida, Orlando Division<br>Case No. 98-1154-Civ-Orl-22C<br>Judge Duffy<br>March 22-23, 2000 (Trial) | ***<u>International Fidelity Company</u> v. Williams Overman Pierce & Company LLP***<br>In the United States District Court<br>For the Eastern District of North Carolina<br>Raleigh Division<br>Case No. 5:96-CV-1001-BO(1)<br>October 1997 (Deposition) |
| ***<u>York Distributors, A Division Of Home Paramount Pest Control Companies, Inc</u>. v. FMC Corporation/Agricultural Products Group***<br>In The United States District Court For The District<br>Of Maryland<br>Civil Action No. L-98-2533<br>January 27, 2000 (Deposition) | ***<u>Roddy</u> v. O'Brien***<br>Circuit Court for Montgomery County, Maryland<br>Master of the Court Mahayfee<br>October 1996 (Trial) |
| ***<u>Laura I. Merriex, et al</u>. v. Robert S. Beale, Jr., M.D., PC***<br>Superior Court For The District of Columbia<br>Case No. 96-CA05313<br>Judge Diaz<br>August 1999 (Trial) | ***<u>Kasten</u> v. Kasten***<br>District of Columbia Superior Court<br>Judge Duncan-Peters<br>March 1997 (Trial) |
| ***Charnis v. <u>Kats et. al</u>.***<br>Circuit Court for Montgomery County, Maryland<br>Civil No.174341-V<br>Judge Donohue<br>March 1999 (Trial) | ***Regina L. Amann v. <u>Washington Romance Writers (Board of Directors), et. al</u>.***<br>Circuit Court for Montgomery County, Maryland<br>Civil No.166949<br>February 1998 (Deposition) |
| ***<u>Commercial Recovery Systems, Inc</u>. v. MCI Telecommunications Company, Inc.***<br>Arbitration Case-Washington, D.C.<br>January 1995 (Trial) | ***<u>Zittelman</u> v. The Sun Box Company***<br>Arbitration Case- Rockville, Maryland<br>Judge Miller<br>December 1995 (Trial) |



**Bruce Dubinsky**

## PUBLICATIONS

Bruce G. Dubinsky and Tiffany Gdowik, *The Art of Illusion:  Look for What's Not on the Page,* Fraud Magazine (A Publication of the Association of Certified Fraud Examiners), September 2013.

Bruce G. Dubinsky and W. Christopher Bakewell et al., *Valuation of Patents: Legislative and Judicial Developments on Damages in Infringement Cases,* The Value Examiner, May/June 2009.

Steve Pomerantz and Bruce G. Dubinsky, *Monte Carlo Simulation Analysis:  A Tool for Projecting the Unknown,* CPA Expert, AICPA Newsletter for Providers of Business Valuation, Forensic & Litigation Services, Winter 2007.

Steve Pomerantz and Bruce G. Dubinsky, *Monte Carlo Simulation Analysis:  Part II: Beyond the Theory,* CPA Expert, AICPA Newsletter for Providers of Business Valuation, Forensic & Litigation Services, Spring 2007.

Steve Pomerantz and Bruce G. Dubinsky, *Monte Carlo Simulation Analysis: Part III: A Case Story,* CPA Expert, AICPA Newsletter for Providers of Business Valuation, Forensic & Litigation Services, Summer 2007.

Bruce G. Dubinsky and Christine L. Warner, Uncovering Accounts Payable Fraud Using "*Fuzzy Matching Logic*," Fraud Magazine (Journal of the Association of Certified Fraud Examiners), July/August 2006.

Bruce G. Dubinsky and Christine L. Warner, Uncovering Accounts Payable Fraud Using "*Fuzzy Matching Logic*: Part 1," Business Credit Magazine, March 2008.

Bruce G. Dubinsky and Christine L. Warner, Uncovering Accounts Payable Fraud Using "*Fuzzy Matching Logic*: Part 2," Business Credit Magazine, April 2008.

Bruce G. Dubinsky, *The Quagmire of Business Valuation,* The Legal Times, Washington, D.C., October 21, 2002.

Bruce G. Dubinsky, *Cooking the Books,* Maryland State Bar Association Newsletter, Baltimore, April 2002.

Bruce G. Dubinsky, *Math Formula Fights Fraud,* The Legal Times, Washington, D.C., February 2001.

Bruce G. Dubinsky, *Fraud Specialists*, The Legal Times, Washington, D.C., March 2000.

Bruce G. Dubinsky, *Protect Your Firm Against Fraud,* The Legal Times, Washington, D.C., February 2000.



**Bruce Dubinsky**

## PUBLICATIONS

The CPA Digest, Harcourt Brace Publishing Company, 116 articles published on various subjects from April 1993 to September 1994.