STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:    (408) 535-5040
Facsimile:    (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Case No. 3:21-CR-00155-JD<br><br>UNITED STATES' NOTICE OF INTENT TO OFFER SUMMARY EXPERT TESTIMONY AND SUMMARIES OF VOLUMINOUS EVIDENCE |

    The United States of America ("United States") hereby provides notice that it intends to call Revenue Agent James Oertel to provide summary-expert testimony at trial.  The United States also hereby provides notice that it intends to introduce into evidence summaries of voluminous evidence pursuant to Federal Rule of Evidence 1006 through Revenue Agent Oertel.

    Defendant Carlos Kepke ("Defendant") is charged with one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371, and three counts of Aiding and Assisting in the Preparation of a Materially False Income Tax Return in violation of 26 U.S.C. § 7206(2).  The Indictment alleges, among other things, that Defendant engaged in a long-term conspiracy in which he and Robert F. Smith used a complex network of offshore entities, nominees, and secret foreign bank

UNITED STATES' NOTICE OF INTENT TO OFFER
SUMMARY EXPERT TESTIMONY AND SUMMARIES
OF VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

1

accounts to conceal from the U.S. government income Smith earned through investments in private equity funds managed by Vista Equity Partners. The use of a summary-expert witness testimony and summaries of voluminous evidence will assist the jury in understanding the evidence presented at trial.

## NOTICE OF SUMMARY-EXPERT WITNESS TESTIMONY

The United States intends to introduce summary-expert testimony at trial. Specifically, during its case-in-chief, the government intends to call Revenue Agent Oertel as a summary-expert witness. Revenue Agent Oertel is trained in taxation and accounting, and his education, training, and experience render him qualified to provide summary-expert testimony relating to the charges at issue in this case. Revenue Agent Oertel's education and training includes, but is not limited to, the following:

- Bachelor of Science Degree in Business Administration with an Emphasis in Accounting, California State University, Hayward, California;
- Licensed as a Certified Public Accountant by the State of California; and
- Various IRS training including: Revenue Agent training; Special Enforcement Program training; and Foreign and Domestic Trust training.

Revenue Agent Oertel's experience includes, but is not limited to:

- Examined and audited individual, corporate, partnership, trust, limited liability company, and payroll tax returns;
- Determined the validity of reported income and deductions on tax returns through analysis of financial records reflecting complex transactions;
- Applied appropriate tax law to calculate the correct tax liability based on examination findings — including in civil and criminal cases involving criminal activity and fraudulent tax schemes — through the use of different methods of proof;
- Acted as fraud coordinator for Central California to advise and instruct other examiners in detecting and proving tax fraud;
- Acted as a cooperating agent with IRS Criminal Investigation ("IRS-CI") to assist in the investigation of individuals and entities suspected of tax fraud;
- Assisted in illegal-source income cases;
- Reviewed voluminous bank records and records of regularly conducted activities to trace

UNITED STATES' NOTICE OF INTENT TO OFFER
SUMMARY EXPERT TESTIMONY AND SUMMARIES
OF VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

2

money and determine correct taxable income and corresponding tax liability tax; and

• Identified and developed trends of significant fraud, and referred cases to IRS-CI for potential criminal investigation and prosecution.

A complete copy of Revenue Agent Oertel's Curriculum Vitae is attached as Exhibit A.

The Federal Rules of Evidence authorize the use of a summary-expert witness if it "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. The use of expert witnesses in fraud prosecutions is an accepted practice. *See, e.g., United States v. Winkle*, 477 F.3d 407, 415-17 (6th Cir. 2007) (district court did not err in admitting former bank examiner's testimony that the transactions constituted check kiting under Fed. R. Evid. 702); *United States v. Majors*, 196 F.3d 1206, 1215-16 (11th Cir. 1999) (district court's did not err in admitting FBI financial analyst's testimony under Fed. R. Evid. 702); *United States v. Chappell*, 6 F.3d 1095, 1100 (5th Cir. 1993) (district court did not err in admitting bank security officer's testimony regarding detecting counterfeit checks under Fed. R. Evid. 702). Expert testimony by an IRS agent that expresses an opinion as to the proper tax consequence of a transaction is also admissible. *See United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1980); *see also United States v. Marchini*, 797 F.2d 759, 765-66 (9th Cir. 1986) (overruled on other grounds) (approving testimony of IRS summary expert based on evidence adduced at trial, which included exhibits and testimony of previous witnesses). Additionally, summary testimony is admissible if it will "make the interrogation and presentation effective for the ascertainment of the truth . . . ." Fed. R. Evid. 611(a); *see also United States v. Olano*, 62 F.3d 1180, 1203-04 (9th Cir. 1995) (permitting the testimony of a summary witness who used "a number of charts . . . [to summarize] the evidence presented by the government's preceding witnesses" in a fraud case).

The United States anticipates that the evidence in this case will establish that Defendant worked with Smith to conceal a portion of Smith's income from the IRS, thus evading the tax due on that income. This was accomplished using offshore entities which Defendant created and managed for the purpose of holding assets, including a portion of Smith's investments in various private equity funds, and to create the appearance that income generated by those investments, which was deposited into foreign bank accounts held in the name an offshore entity, but for the benefit of Smith, was not taxable to Smith. In fact, as Defendant knew, Smith actually earned this income, and retained full dominion and

UNITED STATES' NOTICE OF INTENT TO OFFER
SUMMARY EXPERT TESTIMONY AND SUMMARIES
OF VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

3

control over it. Nevertheless, Defendant advised Smith to hide the fact that this income existed, as well as Smith's true ownership and control over it, from Smith's income tax return preparers. In all, the offshore entities Defendant created and managed for received distributions totaling approximately $200,000,000 between 2005 and 2014.

Thus, the United States anticipates that the evidence in this case will include financial records covering several years and documenting numerous financial transactions, and the ultimate source and/or disposition of the funds involved in those transactions. Given the number of transactions at issue, and the number of records involved, it is anticipated that the evidence in this case will be voluminous. Revenue Agent Oertel's summary-expert testimony will assist the jury in understanding the significance of this voluminous evidence, and the tax consequences of the relevant transactions.

Revenue Agent Oertel's testimony will be based on evidence admitted at trial, including IRS records, financial records, witness testimony, and summaries of voluminous evidence as defined by Rule 1006. Among other things, Revenue Agent Oertel will summarize financial documents (including bank records), witness testimony, and other documents, including tax returns and other documents filed with the IRS (such as Forms 1040), and will provide an analysis of admitted evidence and explain the resulting tax consequences.

The government has provided Defendant with draft calculations of Smith's unreported income, and the resulting tax loss, for the years at issue. The government may seek to supplement or amend these calculations, and will notify Defendant of any such adjustments.

**NOTICE OF INTENT TO INTRODUCE SUMMARIES OF VOLUMINOUS EVIDENCE**

The United States intends to introduce summaries of voluminous evidence at trial pursuant to Rule 1006. Specifically, the government intends to introduce, through Revenue Agent Oertel, summaries of voluminous financial records and IRS records.

Rule 1006 governs the admissibility of charts, summaries, or calculations of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. *See United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991). Rule 1006 summaries must summarize information which is voluminous, available for inspection, and admissible (although not necessarily admitted), and are admissible themselves. *Id.*; *see also United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988); *City*

UNITED STATES' NOTICE OF INTENT TO OFFER
SUMMARY EXPERT TESTIMONY AND SUMMARIES
OF VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

4

of *Phoenix v. Com/Systems, Inc.*, 706 F.2d 1033, 1038 (9th Cir. 1983); *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979).[1]  The proponent of a summary under Rule 1006 must establish the admissibility of the underlying documents as a condition precedent to introduction of the summary. *Johnson*, 594 F.2d at 1257.  The proponent must also establish that that underlying documents were made available to the opposing party for inspection.  *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984).  The underlying materials need not be admitted into evidence, but in this case the government expects to offer the underlying documents into evidence because they have independent probative value.  The Ninth Circuit has recognized that the district court has discretion to admit both a Rule 1006 summary and the underlying records themselves.  *See United States v. Anekwu*, 695 F.3d 967, 981-82 (9th Cir. 2012).  Rule 1006 summaries must fairly represent the underlying documents, and their admission into evidence is left to the trial court's discretion.  The Ninth Circuit has repeatedly approved the use of Rule 1006 summaries, particularly where, as here, the summaries will aid the jury in organizing information contained in a large number of documents into understandable form. *See, e.g.*, *Goldberg v. United States*, 789 F.2d 1341, 1343 (9th Cir. 1986) (permitting testimony concerning summaries of voluminous tax records); *United States v. Shirley*, 884 F.2d 1130, 1133-34 (9th Cir. 1989) (permitting summary chart of telephone calls to help jury organize and evaluate evidence).

Here, the government intends to offer into evidence summaries of financial records reflecting numerous, complex financial transactions.  The government intends to offer these summaries into evidence to illuminate numerous financial transactions, and the ultimate source and/or disposition of the funds involved in those transactions.  All of the financial records upon which the summaries will be based have already been provided to Defendant, or will be provided before trial.  The government also intends to offer into evidence summaries of tax records, including tax returns Smith filed or caused to be filed, and other related IRS records.  All of the records upon which the summaries will be based have

---

[1] In contrast, Rule 611 pedagogical charts "analyzing testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves." *Wood*, 943 F.2d at 1053; *see also United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984) (approving the use of summary charts as testimonial aids for government); *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980) (government witness' use of Rule 611 chart summarizing facts and calculations in evidence as a testimonial aid "contributed to the clarity of the presentation to the jury, avoided needless consumption of time and was a reasonable method of presenting the evidence," and admitting the charts into evidence was not reversible error).

UNITED STATES' NOTICE OF INTENT TO OFFER
SUMMARY EXPERT TESTIMONY AND SUMMARIES
OF VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

5

already been provided to Defendant, or will be provided before trial. The Rule 1006 summaries and summary charts will not be finalized until shortly before the witnesses' testimony. Copies of these materials will be provided to the Court and Defendant prior to the witness's testimony.

Respectfully submitted,

        STEPHANIE M. HINDS
        United States Attorney

        s/ Michael G. Pitman
        COREY J. SMITH
        Senior Litigation Counsel
        MICHAEL G. PITMAN
        Assistant United States Attorney

        Attorneys for United States of America

UNITED STATES' NOTICE OF INTENT TO OFFER
SUMMARY EXPERT TESTIMONY AND SUMMARIES
OF VOLUMINOUS EVIDENCE
CASE NO. 3:21-CR-00155-JD

6

# EXHIBIT A

# James F. Oertel, CPA
## Internal Revenue Agent – Special Enforcement Program
### Curriculum Vitae

**Education:**
Bachelor of Science Degree in Business Administration with an Emphasis in Accounting; 1985; California State University, Hayward; Summa Cum Laude

**License:**
Certified Public Accountant, California State Board of Accountancy

**Government Training:**
All five phases of Revenue Agent training
Special Enforcement Program training
Criminal Trial Summary Witness training
Foreign and Domestic Trust training
Yearly Continuing Professional Education

**Experience:**
**Accountant**; The Gap, Inc.; 1985 to 1986
   Reconciled various general ledger and cash accounts; prepared and proofread various financial statements, such as monthly profit and loss statements and the annual report to stockholders

**Internal Revenue Agent**, Internal Revenue Service; 1986 to present; Special Enforcement Program since 1989
   Examination and audit of multiple individual, corporate, s-corporate, partnership, trust, and limited liability company, and payroll tax returns on behalf of the Internal Revenue Service;

   Determined the validity of income and deductions on tax returns through extensive analysis of financial records containing complex transactions involving numerous individuals and entities;

   Applied appropriate tax law to calculate the correct tax liability based upon examination findings, in civil and criminal cases involving criminal activity and fraudulent tax schemes through various methods of proof;

   Worked as the fraud coordinator for Central California to advise and instruct other examiners in detecting and proving tax fraud; taught classes within IRS on various tax issues;

   Worked as a cooperating agent with IRS Criminal Investigation to assist in the investigation of individuals and entities suspected of tax fraud;

   Perform the duties of a Special Enforcement Program subject matters expert;

   Worked numerous projects to detect and prove tax fraud involving legal and illegal activity;

   Gathered and evaluated information from law enforcement agencies to seek out tax fraud and identified and developed issues having significant fraud potential and referred cases to IRS Criminal Investigation Division for potential criminal investigation and prosecution.

   Qualified as a summary expert witness in the United States District Court and Tax Court; testified in civil tax trials, criminal tax trials, and summons enforcement;

   Certified as an instructor for IRS formal training sessions;

   Taught Criminal Trial Summary Witness Training and edited IRS instruction material for employee court witness training; and

   Reviewed voluminous bank and business records tracing money flow to determine a correct taxable income and corresponding tax liability in numerous tax cases.