# EXHIBIT 2



Grant P. Fondo
+1 650 752 3236
GFondo@goodwinlaw.com

Goodwin Procter LLP
601 Marshall Street
Redwood City, CA  94063

goodwinlaw.com
+1 650 752 3100

July 22, 2022

**VIA E-MAIL (MICHAEL.PITMAN@USDOJ.GOV; COREY.SMITH@USDOJ.GOV; CHRISTOPHER.MAGNANI@USDOJ.GOV; LEE.F.LANGSTON@USDOJ.GOV; BORIS.BOURGET@USDOJ.GOV)**

Michael G. Pitman
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
150 Almaden Blvd., Suite 900
San Jose, CA 95113

Re:    *USA v. Kepke,* U.S. District Court - Northern District of California
          Case No. 3:21-CR-00155-JD - Supplemental Expert Disclosure

Dear Mr. Pitman:

We write in response to your e-mail dated June 10, 2022.  We disagree with the government's position that our expert disclosure does not satisfy the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C).  Our disclosure provides notice that Mr. Kepke may offer the expert testimony of Mr. Rodney Read ("Mr. Read") at trial and discloses Mr. Read's potential expert opinions and his qualifications.  Nevertheless, to accommodate the government's request, we hereby provide the following supplemental disclosure.  Both our initial disclosure and this supplemental disclosure contain information regarding Mr. Rodney's potential expert testimony at trial and are subject to modification.

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), Mr. Kepke hereby provides a written summary of the anticipated expert testimony of Rodney Read, whom the defense may call as an expert witness in the above-captioned matter.  Mr. Kepke reserves the right for Mr. Read to review additional materials provided by the government, as well as to consider testimony and other evidence that may be offered at trial and to further supplement this disclosure and the scope of Mr. Read's anticipated testimony up to the point of his appearance at trial.

The government has charged Mr. Kepke with the following offenses: (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and (2) aiding and abetting the filings of materially false income tax returns in violation of 26 U.S.C. § 7206(2).  Mr. Read's expert testimony will assist the jury in understanding the evidence presented at trial related to these charges.

Mr. Read is a partner in the Tax Practice Group of Baker & McKenzie LLP.  Mr. Read's practice focuses on wealth management, pre-immigration planning, international estate planning, and international tax. He regularly assists clients with the structuring and administration of trusts, the formation of tax efficient structures for investment in the United States, and United States tax issues related to beneficiaries.  He



Michael G. Pitman
July 22, 2022
Page 2

also guides clients through the United States Offshore Voluntary Disclosure Programs, assists with regularizing United States tax and reporting obligations, and advises financial institutions, trust companies, multi-national companies and insurance companies with compliance issues related to the Foreign Account Tax Compliance Act.  Mr. Read earned a Bachelor of Business Administration in Accounting from Lamar University, a Juris Doctor from the University of Houston Law Center, and a Master of Laws in Taxation from New York University's School of Law.  We previously provided a complete copy of Mr. Read's curriculum vitae to the government in Mr. Kepke's initial expert disclosure.

Mr. Read's expert testimony may be based on his education, his professional experience, and a review of the documents and information relating to this matter.  Those documents include, but are not limited to, the following: the indictment; the materials relied upon by Dr. Bruce Dubinsky and Revenue Agent James Oertel; and various rules, regulations, and statutes.

In addition to the rebuttal expert testimony specified in the disclosure served on the government, Mr. Read may offer expert opinions concerning foreign trust entities, including but not limited to, the following:

1. Foreign asset protection trusts and foreign non-grantor trusts are valid and legal trust entities.  Mr. Read's testimony may opine on the purposes of these trusts; the mechanics of these trusts including the establishment and operation of these legal entities; the role of attorneys in the establishment and maintenance of foreign trusts; and the role of settlors, trust protectors, trustees, and beneficiaries in relation to foreign trusts.  These opinions may include, but are not limited to, the following:

    a. It is not uncommon to establish a trust in a foreign jurisdiction that has a lower income tax rate than the United States in contemplation of potential United States income tax reduction or deferral.

    b. There are no legal prohibitions against appointing a beneficiary as the trust protector, which may include the power to remove and replace the trustee of a foreign trust.  This arrangement does not necessarily affect the non-grantor status of the foreign trust.

    c. Foreign and domestic trustees alike owe a fiduciary responsibility to beneficiaries to ensure trust assets are being used exclusively for the benefit of a trust's beneficiaries and acting within the restrictions and limitations set forth in the trust documents.

    d. It is not uncommon for the beneficiary of a foreign trust to request that a trustee take certain actions or execute certain transactions, including investments or purchases.  Generally, it is up to the trustee to review these requests and decide whether to accept or reject them.

    e. It is not uncommon that when an attorney identifies a trustee that is reliable and responsive, that the attorney continues to utilize the same trustee for other clients.

Case 3:21-cr-00155-JD   Document 61-2   Filed 08/05/22   Page 4 of 4



Michael G. Pitman
July 22, 2022
Page 3

    f.   When United States tax advantages and asset protection are the goals of the foreign trust, it is not uncommon for the foreign trust to own one or more offshore corporations whereby shares of stock in the offshore corporations are held as assets of the trust.

    g.   It is not uncommon for a foreign trust to purchase an asset from a beneficiary, which then becomes an asset of the trust. The sale does not necessarily cause the beneficiary to become a grantor of the foreign trust.

2. Mr. Read's testimony may explain the differences and similarities between domestic and foreign grantor and non-grantor trusts.

3. Mr. Read may opine on the rules, regulations, and statutes that governed foreign asset protection trusts and foreign non-grantor trusts during the time period noted in the indictment against Mr. Kepke, including at the time that Mr. Kepke assisted Mr. Robert Smith in establishing a foreign trust entity and the evolution of these applicable rules, regulations, and statutes over time.

4. Mr. Read may opine on materials published by Mr. Kepke regarding offshore structures and potential applicable reporting requirements.

Sincerely,

*/s/ Grant P. Fondo*


Grant P. Fondo

GPF

cc:    Richard M. Strassberg
       David Callaway
       Nicole Kim
       Roland Chang