1  GRANT P. FONDO (SBN 181530)
   *GFondo@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   601 Marshall Street
3  Redwood City, CA  94063
   Tel: +1 650 752 3100
4  Fax: +1 650 853 1038

5  Attorney for Defendant:
   CARLOS E. KEPKE
6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 | UNITED STATES OF AMERICA, | Case No. 3:21-CR-00155-JD |
   | Plaintiff, | **CARLOS KEPKE'S NOTICE OF MOTION AND MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, TO LIMIT CERTAIN OPINIONS AND TESTIMONY OF AGENT JAMES OERTEL** |
   | v. | |
   | CARLOS E. KEPKE, | |
   | Defendant. | Date:  August 29, 2022<br>Time:  10:30 a.m.<br>Courtroom: 11<br>Judge:  Hon. James Donato |

**NOTICE OF MOTION**

Please take notice that on August 29, 2022 at 10:30 am, or as soon thereafter as the matter may be heard, Defendant Carlos E. Kepke ("Mr. Kepke") will and does hereby move to exclude the opinions and testimony of the United States' summary-expert, Revenue Agent James Oertel ("Agent Oertel"), on the grounds that portions of Agent Oertel's opinion and testimony are irrelevant and unreliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

This motion is supported by the Memorandum of Points and Authorities included herein, all pleadings and papers which are of record and on file in this case, and such other oral and documentary evidence as may be presented at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On June 3, 2022, the government served and filed a "Notice of Intent to Offer Summary Expert Testimony And Summaries of Voluminous Evidence" of Agent Oertel ("Notice"). *See* ECF No. 46. The government also provided Mr. Kepke's counsel with additional documents including a draft spreadsheet that presumably summarizes these documents.

Agent Oertel is represented to be an accounting and taxation expert holding a Bachelor of Science degree in Business Administration with an emphasis in Accounting from California State University, Hayward, and a Certified Public Accountant license. ECF No. 46, Ex. A. Since 1986, he has worked as an Internal Revenue Agent at the Internal Revenue Service utilizing his accounting degree to examine and audit tax returns to evaluate individuals and entities suspected of tax fraud. *See id.* at 2-3 and Ex. A.

Out of the entire six-page Notice, however, only about a paragraph actually discusses what the government anticipates the content of Agent Oertel's testimony will be, namely, that he "will assist the jury in understanding the significance of this voluminous evidence, and the tax consequences of the relevant transactions" and "will summarize financial documents (including bank records), witness testimony, and other documents, including tax returns and other documents filed with the IRS (such as Forms 1040), and will provide an analysis of admitted evidence and

explain the resulting tax consequences." ECF No. 46, at 4. It is therefore difficult to discern exactly what the government plans to have this witness testify about, or what sources Agent Oertel would be relying on, so this motion is necessarily contingent. However, to the extent the government plans to use Agent Oertel as a conduit for hearsay witness testimony, or ask him to offer up legal conclusions, such testimony would be improper and should be excluded.[1]

## II.  LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence empowers district court judges to act as "gatekeepers" of expert testimony to ensure that it is both relevant and reliable. *Daubert v. Merrill Dow Pharm., Inc.,* 509 U.S. 579, 597 (1993). The trial judge "may exclude testimony that falls short of achieving either end." *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (internal quotes omitted). A court must first determine whether a witness is "qualified as an expert by [his] knowledge, skill, experience, training, or education." Fed. R. Evid. 702. If the expert is deemed qualified, that expert may only testify: (i) if his "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (ii) "the testimony is based on sufficient facts or data;" (iii) "the testimony is the product of reliable principles and methods;" and (iv) "the expert has reliably applied the principles and methods to the facts of the case." *Id.* "Maintaining *Daubert's* standards is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony." *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1063-64 (9th Cir. 2002).

As the party offering the expert opinions, the government bears the burden of establishing their admissibility. *Bldg. Indus. Ass'n of Washington v. Washington State Bldg. Code Council*, 683 F.3d 1144, 1154. (9th Cir. 2012). And it must establish the Rule 702 requirements by a preponderance of the evidence. *Daubert*, 509 U.S. at 601 n.10 (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)).

---

[1] The defense does not object (at least in theory) if all the government plans to do is ask Agent Oertel to summarize voluminous records that have been properly authenticated and admitted, so long as any records, summaries, or summary charts the government intends to introduce through him are provided well in advance of trial.

## III. ARGUMENT

### A. Agent Oertel May Not Be Used as a Conduit for Inadmissible Hearsay

While Federal Rule of Evidence 1006 permits the government to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court," the rule does not allow the proponent witness to serve as a conduit for testimonial hearsay. While scant with details, the Notice states that Agent Oertel's testimony "will be based on evidence admitted at trial" including "witness testimony" and that he will "summarize . . . witness testimony." ECF No. 46 at 4.

It is unclear why one witness should be permitted to summarize the testimony of other witnesses. That would be highly unusual, however, so the defense suspects that is not what the government means. Instead, the defense believes this might be the government's way of suggesting that Agent Oertel will be asked to "summarize" the statements of out-of-court declarants (*e.g.*, witnesses located outside the subpoena power of the Court). If *that* is what they mean, such testimony would be clearly improper.

The Supreme Court has made clear that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). And a Confrontation Clause problem "arises when the expert is 'used as little more than a conduit or transmitter for testimonial hearsay, rather than a true expert whose considered opinion sheds light on some specialized factual situation.'" *United States v. Garcia*, No. 18-cr-00466-BLF, 2021 WL 4691310, at * 11 (N.D. Cal. Oct. 7, 2021) (excluding expert testimony regarding hierarchy, structure, and membership requirements of a gang as such testimony "also risks violating the Defendants' rights under the Confrontation Clause.").

### B. Agent Oertel Should Not be Permitted to Offer Legal Conclusions

The Court should exclude any portions of Agent Oertel's expert opinions that are legal conclusions. The Ninth Circuit has made it clear that experts cannot "give an opinion as to [their] *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (emphasis in original). "'When an expert

undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.'" *Navarro et al. v. Hamilton et al.*, No. 5:16-CV-1856, 2019 WL 351873, at *2 (C.D. Cal. Jan. 28, 2019) (citation omitted).

For instance, in *United States v. Boulware*, the Ninth Circuit excluded testimony from an expert testimony who sought to "testify that the corporate distributions were legally non-taxable, either because they were loans, monies placed in trust, or returns of capital." 558 F.3d 971, 975 (9th Cir. 2009). Similarly, in *Risto v. Screen Actors Guild-Am. Fed. of Television and Radio Artists, et al.*, the court excluded proffered expert testimony that the relevant agreement "was not an arms-length transaction" and that a certain fee assessment appeared to contravene "normative law on tax-exempt entities." No. 2:18-cv-07241, 2021 WL 4143242, at *8 (C.D. Cal. July 19, 2021). There, the court held that the expert's analysis improperly invaded "the province of the Court by drawing impermissible legal conclusions concerning the proper construction of laws and the appropriate application of the law to the facts of this case." *Id.*

Again, it is difficult to ascertain what Agent Oertel's intended expert testimony will be from the Notice. However, to the extent the government intends for him to offer testimony along the lines of what the United States "anticipates that the evidence in this case will establish," including:

(1) "that [Mr. Kepke] worked with Smith to conceal a portion of Smith's income from the IRS, thus evading the tax due on that income,"

(2) that this "was accomplished using offshore entities which [Mr. Kepke] created and managed," and

(3) that Mr. Kepke "knew [that] Smith actually earned this income, and retained full dominion and control over it, [but] [n]evertheless, advised Smith to hide the fact that this income existed, as well as Smith's true ownership and control over it, from Smith's income tax return preparers," (ECF No. 46, at 3-4)

such testimony should be excluded for drawing legal conclusions by applying the law to facts of the case. An expert should not be permitted to testify that, based on his training and experience, Mr. Kepke intended to assist Mr. Smith to evade income tax and that he is therefore guilty as charged—guilt or innocence is for the jury to decide. This type of testimony is merely instructing

the jury that the evidence demonstrates Mr. Kepke intended to assist Mr. Smith evade taxes due on income—which is exactly what the jurors in this trial are supposed to decide.

### C. The Defense Requests That the Government Promptly Produce Federal Rule of Evidence 1006 Materials

The defense raises to the Court's attention the portions of the government's Notice that indicates not all the materials Agent Oertel intends to rely on have been produced to the defense, and will not be produced until "shortly before the witnesses' testimony."  *See* ECF No. 46, at 6. Federal Rule of Evidence 1006 requires that the proponent who intends to use "a summary, chart, or calculation to prove the content of voluminous writings" "make the originals or duplicates available for examination or copying" "at a reasonable time and place."  This is because "Rule 1006 is concerned with the *opposing party's* opportunity for review." *United States v. Pacific Gas and Electric Company*, No. 14-cr-00175-TEH, 2016 WL 3856119, at *2 (N.D. Cal. July 15, 2016) (emphasis in original).

Given that the government has been investigating Mr. Smith since 2015 and that the charged crimes are related to Mr. Smith's tax filings for the years 2012-2014—almost 10 years ago—it is unclear why the defense cannot be provided with all materials and summary charts now, or at least well before trial. *See Pacific Gas and Electric Company*, 2016 WL 3856119, at *2 (excluding summary exhibit for failure to timely disclose).  Thus, the defense requests that the Court direct the government to produce such materials promptly, at the latest before October 24, 2022, which would provide the defense with the time to review the materials and raise any issues at the pretrial conference on October 31, 2022.

### IV. CONCLUSION

For the foregoing reasons, Mr. Kepke respectfully requests that the Court exclude Agent Oertel's testimony to the extent it attempts to introduce testimonial hearsay or impermissibly offer legal conclusions.  Additionally, Mr. Kepke requests that the government's provide any Rule 1006 materials on a timely basis—no later than October 24, 2022.

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: August 5, 2022 | By: */s/ Grant P. Fondo* |
| 3 | | GRANT P. FONDO (SBN 181530) |
| | | *GFondo@goodwinlaw.com* |
| 4 | | |
| 5 | | Attorney for Defendant |
| | | CARLOS E. KEPKE |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **August 5, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **August 5, 2022** in Los Altos, California.

                                      */s/ Grant P. Fondo*
                                      GRANT P. FONDO