STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:     (408) 535-5040
Facsimile:      (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:     (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Criminal No. 3:21-CR-00155-JD<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE OR LIMITED OPINIONS AND TESTIMONY OF REVENUE AGENT JAMES OERTEL<br><br>Hearing.:   October 17, 2022<br>Time:       10:30 a.m.<br>Place:      Courtroom 11, 19th Floor |

The United States of America ("United States") hereby respectfully opposes Defendant's Motion to Exclude, or in the Alternative to Limit, Certain Opinions and Testimony of Revenue Agent James Oertel, filed on August 5, 2022 (ECF No. 64) (the "Motion").

The Motion raises four arguments.

First, the Motion suggest that Agent Oertel's testimony has not been properly disclosed. *See* Motion at 1-2. That is incorrect. On June 3, 2022, the government produced to Defendant an exhaustive, multifaceted disclosure of Agent Oertel's qualifications and opinions, and the basis for those opinions. This disclosure consisted of:

- An eight-page Notice, filed on June 3, 2022 (ECF No. 46), summarizing Agent Oertel's education, training, and experience and attaching his resume, and explaining that the evidence at trial will include financial transactions covering several years, including the source and/or disposition of the funds involved in those transactions, and that Agent Oertel would testify regarding the tax consequences of those transactions, including quantifying the amount of income Robert Smith assigned to a limited liability company called Flash Holdings, which was created in Nevis by Defendant for Smith in March of 2000, and calculating the tax Smith would have owed if he had reported that income as his own during the years at issue;

- A multi-page draft Revenue Agent Report for each of the tax years at issue (2005-2012) detailing Agent Oertel's conclusions regarding the amount of income that went unreported by Smith for each year, and the resulting tax consequences. A redacted report for a single year, 2006, is attached hereto as Exhibit 1 for illustrative purposes.

- A multi-page spreadsheet summarizing the tax consequences reflected in the draft Revenue Agent Reports for each year; and

- Two hundred and fifty-seven pages of backup material.

These materials describe the opinions Agent Oertel is prepared to render and the basis for those opinions. As disclosed, Agent Oertel will provide an analysis of admitted evidence and explain the resulting tax consequences, and those consequences are disclosed in great detail in the draft Revenue Agent Reports and accompanying materials. Thus, the Motion's complaint that it is "difficult to discern exactly what the government plans to have this witness testify about, or what sources Agent Oertel would be relying on" is simply inaccurate.

Second, the Motion argues that Agent Oertel's testimony will be based on hearsay. *See* Motion at 3. That is incorrect. The government's Disclosure clearly indicates that Agent Oertel's testimony will be based on evidence admitted at trial, including IRS records, financial records, witness testimony, and summaries of voluminous evidence as defined by Rule 1006. *See* ECF No. 46 at 4. The Motion suggest that such testimony "would be highly unusual." Not so. In fact (as discussed in the United States' Notice), the use of IRS agents as summary-expert witnesses in criminal tax prosecutions is an

accepted practice. *See, e.g., United States v. Marchini*, 797 F.2d 759, 765-66 (9th Cir. 1986) (approving the testimony of an IRS summary expert based on evidence adduced at trial, which included the testimony of the previous witnesses and the government's exhibits) (citing cases); *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981) ("[T]he fact of a tax due and owing may be also established by documentary evidence of tax liability, accompanied by a summary by an expert."); *see also United States v. Ratfield*, 342 F. App'x 510, 512-13 & n.4 (11th Cir. 2009) (unreported) ("The district court did not abuse its discretion in deciding to allow the two IRS agents to remain in the courtroom during trial. . . . Agent Lottman testified about his calculation of [defendant's] taxable income and also as a summary witness regarding the total tax loss to the Government."); *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1995) ("Pursuant to Fed. R. Evid. 615, the district court sequestered all trial witnesses except (1) the government's case agent . . . and (2) an IRS agent named Gary Soares, who testified at the end of the government's case to his calculation of the taxes due and owing by Lussier, based on 'the testimony and documents in evidence.' [Defendant] objects to Soares' presence, but there was no error in the district court's decision to allow him to remain."); *United States v. Ray*, 20-cr-110, 2022 WL 558146, at * 16 (S.D.N.Y. Feb. 24, 2022) (citing cases); *United States v. Baras*, No. 11-CR-00523-YGR, 2013 WL 6502846, at * 4 n.4 (N.D. Cal. Dec. 11, 2013) ("In tax evasion cases, courts permit IRS agents to testify as summary witnesses.") (citing cases); *cf United States v. Olano*, 62 F.3d 1180, 1203-04 (9th Cir. 1995) (permitting the testimony of a summary witness who used "a number of charts . . . [to summarize] the evidence presented by the government's preceding witnesses" in a fraud case). The Motion's hearsay arguments are directed at Defendant's misinterpretation of the government's disclosure and consequently require no further analysis.

Third, the Motion argues that Agent Oertel's proposed testimony consists of improper legal conclusions. *See* Motion at 3-5. Again, the Motion is mistaken. In fact, as illustrated by the authorities cited in the preceding paragraph, it is well-established that IRS agents may testify regarding the tax consequences of transactions in criminal tax cases. In this case, Agent Oertel will calculate for the jury the tax consequences of Smith's failure to report income allocated to Flash Holdings on his income tax returns. Such testimony consists of the unremarkable application of noncontroversial tax principles to an evidence-based, easily quantified amount of unreported income. Agent Oertel will not offer any

opinion about whether Smith should have reported the income in question on his tax returns (although it is the government's theory that he should have, and Smith himself has admitted as much), or any opinions about Defendant's state of mind.  Rather, he will explain to the jury the difference between the tax liabilities Smith actually reported on his income tax returns, and the tax he would have owed if he had reported the income allocated to Flash Holdings as his own income – a difference of more than $35,000,000.  This evidence will certainly help the jury understand why Defendant and Smith engaged in their conspiracy and does not constitute an improper legal conclusion.  *See, e.g., United States v. Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008) (rejecting defendant's argument that trial court should have excluded IRS agent's summary witness testimony about defendant's tax liabilities on the grounds that it embodied impermissible legal conclusions); *United States v. Wade*, 203 F. App'x 920, 930 (10th Cir. 2006) (unreported) ("The court [in *United States v. Windfelder*, 790 F.2d 576, 581-82 (7th Cir. 1986)] held, and we agree, that a properly qualified IRS agent may analyze a transaction and give expert testimony about its tax consequences but may not express an opinion about the defendant's state of mind at the time of the transaction."); *United States v. Monus*, 128 F.3d 376, 386 (6th Cir. 1997) ("[IRS Revenue Agent] Kurzweil did not give his opinion about whether or not defendant was guilty; he merely gave his opinion that the events assumed in the question would trigger tax liability.  Such testimony is permissible as an expert opinion to help the jury determine a fact in issue.").  The authorities cited by the Motion on this point, including *United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009), are completely inapposite.  In *Boulware*, the court properly excluded expert testimony on the ultimate issue in the case – whether the corporate distributions in dispute were legally non-taxable.  *See id*. at 975.  In essence, the expert at issue in *Boulware* sought to tell the jury that, in his opinion, the defendant should prevail in the case.  Agent Oertel's testimony, consisting of the mere application of tax and accounting principles to a set of facts, is several steps removed from such an impermissible opinion.  The Motion's arguments do not address the government's actual anticipated evidence or the applicable Ninth Circuit law.

Fourth, the Motion requests a Court-imposed deadline for the production of Rule 1006 materials.  *See* Motion at 5.  The government has no opposition to providing drafts of the summaries before October 24, 2022.  The summaries will not be finalized until shortly before they are offered because they will incorporate evidence admitted at trial, and the government will produce copies of these

1 | materials to the Court and Defendant as they are finalized.

3 | Respectfully submitted: August 19, 2022

STEPHANIE M. HINDS
United States Attorney

s/ Michael G. Pitman
COREY J. SMITH
Senior Litigation Counsel, Tax Division
MICHAEL G. PITMAN
Assistant United States Attorney
BORIS BOURGET
Trial Attorney, Tax Division

Attorneys for United States of America