STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:    (408) 535-5040
Facsimile:    (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:    (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS E. KEPKE, <br><br> Defendant. | Criminal No. 3:21-CR-00155-JD <br><br> UNITED STATES' REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANT'S PROFFERED EXPERT WITNESS, RODNEY READ <br><br> Hearing.:   October 17, 2022 <br> Time:       10:30 a.m. <br> Place:      Courtroom 11, 19th Floor |

The United States of America hereby respectfully responds to Defendant's "Opposition to Motion to Exclude Defendant's Proffered Expert Witness, Rodney Read," filed on August 19, 2022 (ECF No. 71) ("Opposition"), as follows:

Under Fed. R. Crim. P. 16(b)(1)(C), Defendant is required to "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial . . . [and] [t]his summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The purpose of this rule is to allow the parties and the Court to evaluate the propriety of proposed expert testimony in advance of trial,

UNITED STATES' REPLY IN SUPPORT OF
MOTION TO EXCLUDE DEFENDANT'S PROFFERED
EXPERT WITNESS, RODNEY READ
Case No.: 3:21-CR-00155-JD

1

rather than during the witness's testimony. At the very least, Defendant's disclosure must give the government enough information "to allow counsel to frame a *Daubert* motion (or other motion in limine), to prepare for cross-examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony." *United States v. Cerna*, No. 08-CR-00730-WHA, 2010 WL 2347406, at *1 (N.D. Cal. June 8, 2010). The Court ordered that such disclosures be made no later than July 5, 2022. *See* ECF. No. 34.

In its Motion to Exclude Defendant's Proffered Expert Witness, Rodney Read, filed on August 5, 2022 (ECF. No. 61) ("Motion"), the government argued that Defendant has failed to meet this standard because, although he has disclosed a proposed expert witness and provided the witness's qualifications, Defendant has not described the witness's opinions, much less the bases and reasons for those opinions. The Opposition struggles to argue otherwise, but that effort is futile. Defendant's notice, for instance, that "Mr. Read may opine on materials published by Mr. Kepke regarding offshore structures and potential applicable reporting requirements,[1]" is simply not the disclosure of an opinion. Which materials is Mr. Read analyzing? What opinions does he draw from them? Why does he reach those conclusions? Defendant has provided none of this basic information, and without it the government and the Court are unable to assess the proposed testimony before trial.

Even more problematically, the Opposition makes clear that Defendant will seek to offer at trial opinions on topics that are not even arguably covered by the anemic disclosures he has made. According to the Opposition, Defendant intends to call Mr. Read "to testify that a reasonable practitioner in this highly complex area of law could have believed - emphasis on *could* - that the foreign non-grantor trust structure Mr. Kepke allegedly created for multi-billionaire Robert Smith . . . was legally compliant." *See* Opposition at 1. Defendant has never previously indicated that Mr. Read might opine on Defendant's state of mind. Such an opinion could raise significant concerns, *see* Fed. R. Evid. 704(b); *United States v. Ingredient Technology Corp.*, 698 F.2d 88, 96-98 (2d Cir 1983), but the government did not raise those concerns in the Motion – indeed, it could not have done so – because this topic was disclosed by Defendant for the first time in the Opposition! The government is now faced with the prospect of

---

[1] *See* letter dated July 22, 2022, a copy of which was attached to the Motion as Exhibit 2.

UNITED STATES' REPLY IN SUPPORT OF
MOTION TO EXCLUDE DEFENDANT'S PROFFERED
EXPERT WITNESS, RODNEY READ
Case No.: 3:21-CR-00155-JD

2

requesting permission to file a second *Daubert* motion to address this and other newly disclosed opinions. But even if it did, under Defendant's interpretation of Rule 16, there would be nothing prohibiting him from changing tack once again and disclosing other new opinions in response. This iterative approach, which would inevitably leave *Daubert* issues unresolved before trial, is exactly what Rule 16 is designed to avoid. In criminal tax cases the law surrounding acceptable topics for expert testimony is especially nuanced. By refusing to make a timely, complete disclosure, Defendant will ultimately inject confusion, delay, and potential error into the trial in violation of Rule 16 and this Court's scheduling orders.

Defendant has made disclosures that are obviously incomplete and inadequate. He has apparently decided not to voluntarily supplement those disclosure in a timely fashion. Instead, he plans to wait until the Court rules on the Motion before making any supplemental disclosure. In effect, Defendant seeks to hide his cards as long as possible, betting that the Court will not enforce its own orders for fear of creating an appellate issue. The Court should not reward Defendant's gamesmanship. Rather, it should take Defendant at his word and order that Mr. Read may only testify about opinions that were explicitly disclosed in one of the three disclosures Defendant made before the July 5th deadline (all of which are attached to the Motion as Exhibits 1 through 3). Specifically, the following opinions were arguably disclosed (although their bases and reasons were not):

- Foreign asset protection trusts and foreign non-grantor trusts are valid and legal trust entities.[2]

- It is not uncommon to establish a trust in a foreign jurisdiction that has a lower income tax rate than the United States in contemplation of potential United States income tax reduction or deferral.

- There are no legal prohibitions against appointing a beneficiary as the trust protector, which may include the power to remove and replace the trustee of a foreign trust. This arrangement does not necessarily affect the non-grantor status of the foreign trust.

- Foreign and domestic trustees alike owe a fiduciary responsibility to beneficiaries to ensure trust assets are being used exclusively for the benefit of a trust's beneficiaries and acting within the restrictions and limitations set forth in the trust documents.

- It is not uncommon for the beneficiary of a foreign trust to request that a trustee take certain actions or execute certain transactions, including investments or purchases. Generally, it is up to the trustee to review these requests and decide whether to accept or reject them.

---

[2] *See* letter dated July 22, 2022, a copy of which was attached to the Motion as Exhibit 2.

UNITED STATES' REPLY IN SUPPORT OF
MOTION TO EXCLUDE DEFENDANT'S PROFFERED
EXPERT WITNESS, RODNEY READ
Case No.: 3:21-CR-00155-JD

3

- It is not uncommon that when an attorney identifies a trustee that is reliable and responsive, that the attorney continues to utilize the same trustee for other clients.
- When United States tax advantages and asset protection are the goals of the foreign trust, it is not uncommon for the foreign trust to own one or more offshore corporations whereby shares of stock in the offshore corporations are held as assets of the trust.
- It is not uncommon for a foreign trust to purchase an asset from a beneficiary, which then becomes an asset of the trust. The sale does not necessarily cause the beneficiary to become a grantor of the foreign trust.

The remaining verbiage from the disclosures, specifically:

- Mr. Read will offer expert testimony concerning foreign asset protection trusts and foreign non-grantor trusts, including but not limited to the following areas: 1) The validity and legality of foreign asset protection trusts and foreign non-grantor trusts, and 2) The rules, regulations, and statutes applicable to foreign asset protection trusts and foreign nongrantor trusts during the time period noted in the indictment.[3]
- Mr. Read's testimony may opine on the purposes of [foreign non-grantor] trusts; the mechanics of these trusts including the establishment and operation of these legal entities; the role of attorneys in the establishment and maintenance of foreign trusts; and the role of settlors, trust protectors, trustees, and beneficiaries in relation to foreign trusts.[4]
- Mr. Read's testimony may explain the differences and similarities between domestic and foreign grantor and non-grantor trusts.
- Mr. Read may opine on the rules, regulations, and statutes that governed foreign asset protection trusts and foreign non-grantor trusts during the time period noted in the indictment against Mr. Kepke, including at the time that Mr. Kepke assisted Mr. Robert Smith in establishing a foreign trust entity and the evolution of these applicable rules, regulations, and statutes over time.
- Mr. Read may opine on materials published by Mr. Kepke regarding offshore structures and potential applicable reporting requirements.
- Mr. Read may rebut Bruce G. Dubinsky's testimony regarding offshore trust entities, opining on how they are created; for what purpose they are created, including for the legal purposes of avoiding taxes and protecting assets; and the various actors involved in the creation and operation of the entities.[5]
- Mr. Read may opine on the validity of the foreign non-grantor trust structure established with the Excelsior Trust.
- Mr. Read may opine on the level of control over the beneficial enjoyment of trust assets by trust protectors, trustees, and/or beneficiaries that may result in a non-grantor trust being treated as a grantor trust for tax purposes.

---

[3] *See* letter dated June 3, 2022, a copy of which was attached to the Motion as Exhibit 1.

[4] *See* letter dated July 22, 2022, a copy of which was attached to the Motion as Exhibit 2.

[5] *See* letter dated July 22, 2022, a copy of which was attached to the Motion as Exhibit 3.

UNITED STATES' REPLY IN SUPPORT OF
MOTION TO EXCLUDE DEFENDANT'S PROFFERED
EXPERT WITNESS, RODNEY READ
Case No.: 3:21-CR-00155-JD

4

- Mr. Read may opine on the acceptable roles that attorneys may take in the establishment and operation of foreign trust structures.
- Mr. Read may rebut Mr. Dubinsky's opinions regarding offshore trust entities lacking "true economic substance."

should be rejected because they have not been properly disclosed in compliance with Rule 16 and this Court's scheduling orders, and the Court is clearly authorized to exclude them on those grounds. *See United States v. Ornelas*, 906 F.3d 1138, 1150-51 & n.14 & 15 (9th Cir. 2018) (affirming exclusion of expert testimony in the absence of a "willful and blatant" discovery violation where the exclusion was not a sanction, but rather simply an enforcement of the court's pretrial order setting disclosure deadlines) (citing *United States v. W.R. Grace*, 526 F.3d 499, 514-15 (9th Cir. 2008) and distinguishing *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002)); *see, e.g., United States v. Baras*, No. 11-CR-00523-YGR, 2014 WL 129606, at *3 (N.D. Cal. Jan.14, 2014) ("Because Dr. Victor did not timely provide the Government a proper summary of his expert opinion, including all the bases and reasons for his opinion, the Court finds that exclusion of this portion of his testimony is appropriate.").

An Order curtailing Mr. Read's testimony in this way will allow Defendant to call the expert he claims he needs, and also allow this matter to proceed to trial in an orderly fashion in compliance with Rule 16 and the Court's orders.

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

s/ Michael G. Pitman
COREY J. SMITH
Senior Litigation Counsel
MICHAEL G. PITMAN
Assistant United States Attorney

Attorneys for United States of America

UNITED STATES' REPLY IN SUPPORT OF
MOTION TO EXCLUDE DEFENDANT'S PROFFERED
EXPERT WITNESS, RODNEY READ
Case No.: 3:21-CR-00155-JD

5