GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

Attorney for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>CARLOS E. KEPKE,<br><br>        Defendant. | Case No. 3:21-CR-00155-JD<br><br>**CARLOS KEPKE'S REPLY IN SUPPORT OF MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, TO LIMIT CERTAIN OPINIONS AND TESTIMONY OF BRUCE G. DUBINSKY**<br><br>Date:      October 17, 2022<br>Time:     10:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:    Hon. James Donato |

I. **INTRODUCTION**

Contrary to the government's Response, Mr. Kepke does not dispute that Mr. Dubinsky is an expert in "following the money." In other words, the defense is not arguing that Mr. Dubinsky cannot opine on forensic accounting, fraud investigations, and damages issues. If the government wants to call Mr. Dubinsky to walk the jury through Robert Smith's financial transactions, Mr. Kepke is not seeking to exclude that testimony.

Instead, this motion seeks to exclude or limit specific proffered expert testimony regarding estate planning and the role of individuals and entities for foreign grantor and/or non-grantor trusts under U.S. law—a narrow legal topic that Mr. Dubinsky is not qualified to testify about. Nor is it proper for Mr. Dubinsky to opine on the legal status of the Excelsior Trust and the intent of Robert Smith (and by extension, Mr. Kepke), including what these individuals *should* have been doing. Such testimony would improperly cross over into legal opinions and factual findings the law does not permit Mr. Dubinsky to offer at trial. Properly construed, this motion is narrowly tailored to address only those aspects of Mr. Dubinsky's proffered testimony that lie outside his area of expertise or that would constitute improper legal opinions, and should therefore be granted.

II. **ARGUMENT**
    A. **The Court Should Exclude Mr. Dubinsky's Specific Opinions Regarding the Legality of Foreign Trust Structures.**

The Response mischaracterizes the motion as a challenge to the entirety of Mr. Dubinsky's expert testimony under Rule 702, which is not true. Mr. Kepke only seeks to exclude or limit certain opinions and testimony that are beyond the scope of Mr. Dubinsky's expertise (*e.g.*, the legality of offshore structures). Instead of addressing those arguments, the government relies on the reputation and prior testifying experience of Mr. Dubinsky in other complex white-collar cases to claim that he is qualified to opine on estate planning and foreign trust structures. *See* Resp. at 1, ECF No. 69 ("Mr. Dubinsky . . . has testified in some of the largest and most complex white-collar cases in U.S. history.") and *id*. at 4 (noting Mr. Dubinsky was testifying expert for trustees of Bernie Madoff's estate and in $1.5 billion bankruptcy trial). Mr. Dubinsky's impressive credentials are not what this motion is about: Jerry Rice may have been the greatest receiver of all time, but those skills did not qualify him to pitch for the Giants. Mr. Dubinsky must have

1

"knowledge, skill, experience, training, or education" that is directly relevant to the subject matter of his proposed testimony. Fed. R. Evid. 702. In the specific areas in which this motion is challenging Mr. Dubinsky's testimony, he does not.

Indeed, a case cited by the government is instructive. In *Leeds LP v. United States,* No. 08CV100, 2010 WL 3911429, at *1-2 (S.D. Cal. Oct. 5, 2010), the court admitted expert testimony "on the formation, structure, and use of trusts and limited partnerships in business and family settings." Resp. at 7, ECF No. 69. However, unlike Mr. Dubinsky, the *Leeds* expert was a licensed California attorney who had practiced over 40 years in "family estate planning, published seven books pertaining to trust administration and fiduciary responsibilities, and [was] a regular lecturer on estate planning." *Leeds LP*, 2010 WL 3911429, at *2. Mr. Dubinsky has none of those qualifications. He has never practiced a single day in the highly specialized field of trust and estate law. He has never authored or published any writings related to trust administration and he has never taught trust and estate planning. Accordingly, the Court must exclude his proffered testimony on those topics.

None of the government's arguments to the contrary pass muster. **First,** the government's contention that "Mr. Dubinsky has not offered to testify on the legality of anything" is belied by his report. Resp. at 3, ECF No. 69. On multiple occasions, the Dubinsky Report provides expert opinions regarding: (i) the legal roles of trustees and trust protectors within a foreign non-grantor trust and (ii) the proper legal structure for a foreign non-grantor trust. *See* Mot. at 5-6, ECF No. 62-4. Both of these topics are governed by legal authority and supported by industry practices, and as explained herein, Mr. Dubinsky does not have the proper qualifications to offer opinions on either.

**Second,** the government asserts that expert testimony by Mr. Dubinsky regarding: (i) Mr. Smith's purported "unfettered control" over the Excelsior Trust, and (ii) the economic substance of Mr. Smith's transactions is proper. Resp. at 2-3, ECF No. 69. These arguments are irrelevant, as the motion does not challenge proper testimony concerning those topics from Mr. Dubinsky. Instead, Mr. Kepke asks the Court to specifically exclude paragraphs in which Mr. Dubinsky opines

on legal topics (*i.e.*, estate planning, offshore trusts, and roles of entities and individuals within the foreign non-grantor trust structure) that are well outside the scope of his experience and expertise. *See* Mot. at 4-7, ECF No. 62-4.

**Third**, the government contends that the Rule 702 standard is broad. Resp. at 3, ECF No. 69. While true, it is not without limits. As explained by *Daubert*, the government must establish that Mr. Dubinsky's expert testimony has "a reliable basis in the knowledge and experience of [the relevant discipline]." *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). Here, Mr. Dubinsky is plainly offering testimony that goes beyond the scope of his relevant discipline and experience.[1]

**Fourth,** the government discusses the cases cited in the motion and argues there is "no authority suggesting that a forensic accounting and fraud expert cannot testify about the purported roles and responsibilities of the individuals operating the entity." Resp. at 5, ECF No. 69. This argument misses the point, which is that courts routinely exclude testimony from individuals who may be qualified to provide expert opinions on specific topics, but are not qualified to opine on areas outside of their expertise. *See* Mot. at 5, ECF No. 62-4. Simply put, these cases stand for the common sense principle that even experts must stay in their lanes of expertise. While the specific facts for these cases may be different from this lawsuit, the government cannot identify any contrary authority to this well-established principle—because it does not exist.

  **B.** **The Court Should Exclude Legal Conclusions or Factual Findings Offered by Mr. Dubinsky as Expert Testimony.**

    **1.** **Mr. Dubinsky Offers Improper Legal Conclusions as Expert Opinions.**

As the government concedes, it is undisputed that experts cannot "give opinions in the form of legal conclusions." *See* Resp. at 6, ECF No. 69. However, the Response argues that the Dubinsky Report "only offers factual opinions." *Id.* Yet even a cursory review of the Dubinsky

---

[1] Relying on cherry-picked quotes from *United States v. Laurienti*, 611 F.3d 530, 548 (9th Cir. 2010), the government also states that the Ninth Circuit permits testimony "from even those experts who have general knowledge of the subjects at issue in a case." Resp. at 2-3, ECF No. 69. *Laurienti* is not applicable here. That expert had over 26 years of work experience in the securities industry that he specifically relied on for his testimony. Mr. Dubinsky, by contrast, is seeking to go beyond his expertise and opine on legal issues for which his otherwise impressive credentials do not qualify him to testify.

Report shows that this is not accurate. Expert Opinion #3 specifically states that Mr. Dubinsky will opine that even though the "legal form of Excelsior Trust [was] as a non-grantor trust . . . it functioned in reality as a grantor trust." ECF No. 45 at 8; *see* Mot. at 7-8, ECF 62-4. In other words, the government intends for Mr. Dubinsky to offer expert testimony that the Excelsior Trust operated as a grantor trust, which is a legal conclusion and term of art that has a specialized meaning in the law – in an area of law, trusts, he is not even qualified to opine on, as noted above. This legal opinion "attempts to substitute the expert's judgment for the jury's." *Navarro et al. v. Hamilton et al.*, No. 5:16-CV-1856, 2019 WL 351873, at *2 (C.D. Cal. Jan. 28, 2019) (citation omitted).

The government's arguments to the contrary are unpersuasive. Its assertion that *United States v. Boulware* is inapplicable rests on the erroneous assumption that the Dubinsky Report does not include any legal conclusions, *i.e.*, an opinion on an ultimate issue of law, which, as demonstrated, is simply not true. *See* Resp. at 6, ECF 69 ("Mr. Dubinsky's report is not seeking to answer whether Excelsior Trust is a proper non-grantor trust under U.S. or Belizean law"). The government also cites two cases to contend that "[e]xpert testimony on the control of a nominee entity is proper." *Id.* (citing *United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir. 2007) and *Leeds LP*, 2010 WL 3911429, at *1-2). However, as noted above, Mr. Kepke in this motion is not seeking to exclude any expert testimony regarding Robert Smith's purported control of the Excelsior Trust.

### 2. Mr. Dubinsky Improperly Proffers Specific Factual Findings as Expert Opinions.

Likewise, instead of addressing Mr. Dubinsky's factual characterizations couched as expert opinions, the government summarily concludes that the Dubinsky Report "does what it should . . . explain a series of complex transactions in a way that a jury can understand." As noted in our motion, in several instances, Mr. Dubinsky's opinions go far beyond that role and invade the province of the jury. Specifically, Mr. Dubinsky proffers a number of factual inferences or findings as purported expert opinions, including: That Mr. Kepke acted as a "shill to do [Mr. Smith's] bidding" and as Mr. Smith's "alter ego."

- That the intent of Mr. Smith's actions was to avoid detection by U.S. authorities and

4
REPLY ISO MOTION TO EXCLUDE (BRUCE DUBINSKY)   CASE No. 3:21-CR-00155-JD

that the only purpose of Mr. Smith's offshore trust was to avoid taxes.

- That Mr. Kepke's papering of the Excelsior Trust was for the purpose of concealing Mr. Smith's actions.

- That Excelsior Trust was a vehicle for Mr. Smith to exercise "control" and "dominion."

Mot. at 8-10, ECF 62-4.

The government's attempt to distinguish *Banga v. Kanios*, No. 16-cv-04270, 2020 WL 9037179, at *3 (N.D. Cal. Dec. 9, 2020) also fails. Repeating Ninth Circuit authority, the *Banga* court specifically noted that "[e]xperts may not 'tell the jury what result to reach' and substitute their judgment for that of the jury." *Id.* (citation omitted). Again, this is not a controversial or disputed legal principle. In *Banga*, the court excluded "inappropriate factual inferences presented as [expert] conclusions" from defendant's medical expert, including findings related to the plaintiff's accommodation requests because the expert "may not serve as a narrator and is prohibited from relaying Defendants' factual position as if it were his expert one." *Id.* That is precisely what the government is attempting to do through certain of Mr. Dubinsky's opinions.

The other cases cited by the government do not apply at all. *United States v. Saini*, 23 F.4th 1155, 1166 (9th Cir. 2022), analyzed whether expert testimony concerning "matters outside the common knowledge of the average layperson" is admissible under Rule 702. Both *FTC v. BurnLounge*, 753 F. 3d 878, 888 (9th Cir. 2014) and *United States v. Sepulveda-Barraza*, 645 F.3d 1066 (9th Cir. 2011), analyzed the admissibility of expert testimony under Rule 702 based on the relevance and probative value of the evidence, as well as the expert's qualifications—which is not part of the Court's inquiry here.[2]

---

[2] It is unclear why the government cited *Maguire Partners-Master Invs., LLC v. United States*, No. CV 06-07371, 2009 WL 4907033, at *13 (C.D. Cal. Dec. 11, 2009). In that case, the district court concluded that certain transactions were economic shams based, in part, on expert testimony. That is not at all the same thing as allowing the expert himself to opine on that ultimate issue of fact. *Moran* is likewise inapposite, it discussed whether an expert's testimony constituted an impermissible legal conclusion but did not analyze factual inferences couched as expert opinions. *See Moran*, 493 F. 3d at 1008-09.

### III. CONCLUSION

For the foregoing reasons, Mr. Kepke respectfully requests that the Court exclude or limit Mr. Dubinsky's expert testimony to the extent that it: (a) exceeds his professional training and expertise, or (b) purports to offer legal conclusions or usurp the jury's province as the ultimate finders of fact.

Respectfully submitted,

Dated: August 26, 2022

By: */s/ Grant P. Fondo*
GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorney for Defendant:
CARLOS E. KEPKE

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **August 26, 2022.** I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **August 26, 2022.**

*/s/ Grant P. Fondo*
GRANT P. FONDO