# EXHIBIT B

 GOODWIN

Grant P. Fondo
+1 650 752 3236
GFondo@goodwinlaw.com

Goodwin Procter LLP
Three Embarcadero Center
San Francisco, CA 94111

goodwinlaw.com
+1 415 733 6000

June 30, 2021

<u>**VIA E-MAIL: Michael.Pitman@usdoj.gov**</u>

Michael G. Pitman
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE FOR
    THE NORTHERN DISTRICT OF CALIFORNIA
150 Almaden Blvd, Suite 900
San Jose, CA 95113

**Re**:    *USA v. Kepke*, **U.S. District Court - Northern District of California**
           **Case No. 3:21-CR-00155-JD**

Dear Mr. Pitman:

On behalf of our client, Carlos E. Kepke, we hereby request, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, United States District Court, Northern District of California, Local Criminal Rule 16 -1(c ), *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985) and *Kyles v. Whitley*, 514 U.S. 419 (1995), the Fifth and Sixth Amendments to the United States Constitution, *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and other applicable caselaw and statutes, that the list of materials and documents described below be produced to us as soon as practicable.  For purposes of this discovery request, please produce all of the following materials and information in the government's possession, custody, or control, or otherwise known to the government:

        1.    <u>Mr. Kepke's Statements</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(A) and (B), all oral, written, and recorded statements, confessions, or admissions or the substance of any oral statements relating, directly or indirectly, to the allegations in the indictment made by our client to investigating officers or to third parties, including all those referred to or identified in Agent Trista Merz's Affidavit in support of application for search warrant filed under seal, dated on or about February 20, 2018 (Agent Merz's Affidavit"), including to UCA 1 and UCA2, as well as all other UCAs.  This request includes, without limitation:

        (a)    any audio, video, and/or digital recordings of our client's statements and any written statement allegedly made by our client to any federal, state or local government agent;

        (b)    all copies of documents that refer or relate to any written or recorded statements made by our client, including any statement or admission by our client which may have been incorporated in any report, memorandum, transcript, or other document or recording prepared by federal, state or local government agents or attorneys, or by any person working in conjunction with such agents or attorneys;



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 2

       (c)     all copies of documents that refer or relate to any written or recorded statements  made by our client to third parties who then made a statement to the government in which our client's remarks were repeated or reported and included in the third party's statement;

       (d)     all electronically transmitted statements by our client;

       (e)     all handwritten notes of government agents which were taken contemporaneously to our client's statements and/or contemporaneously to any third party statements as described in parts (a) through (d) above.

      2.     <u>Mr. Kepke's Prior Record</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(D), all documents that refer or relate to our client's prior criminal and immigration records.

      3.     <u>Accomplice Statements</u>:  Any written or recorded statement, or the substance of any oral statement, made by any alleged accomplice that inculpates our client, the use at trial of which would raise issues under *Bruton v. United States*, 391 U.S. 123 (1968). This includes any and all statements by any cooperating witnesses, including Robert Smith and Evvat Tamine, including any plea, cooperation or other agreements containing such statements.

      4.     <u>Client Documents and Other Items</u>:  We request all books, papers, documents, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems or tangible objects, screenshots, webpages, or copies or portions thereof (hereinafter referred to in this letter as "documents"), which were obtained from or belong to our client.  This request includes any documents obtained from or which were the property of any agent of our client, in either his personal or business capacity.

      5.     <u>Documents and Objects</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(E), all documents, or copies or portions thereof not already produced, which are within the possession, custody or control of the government, that are material to the preparation of the defense or that the government intends to use at trial as evidence in its case in chief.  This includes all reports and transcripts reflecting Evvat Tamine and Robert Smith's statements to the grand jury and/or government, Robert Smith's Offshore Voluntary Disclosure Program ("OVDP") applications, and information provided to the government by Messers Tamine or Smith in exchange for a plea agreement, deferred prosecution agreement, non-prosecution, leniency in any manner, or other benefit from the government.  We request that any documents produced in response to this request that will be introduced into evidence by the government at trial be specifically identified among the numerous documents that should be produced pursuant to our client's Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford our client an opportunity to file appropriate motions.  This request includes not only those items that will be marked and offered into evidence, but all of those documents that will be relied on or referred to in any way by any witness called by the government during its case in chief and all documents that may be material to the preparation of the defense.  These documents include, but are not



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 3

limited to, all documents referred to directly or indirectly in the indictment and complaint in the above captioned matter, or in any related indictment.

6. <u>Reports of Examinations and Tests</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), all documents that refer or relate to any physical or mental examination or any scientific test or experiment, which are material to the preparation of the defense or intended for use by the government at trial, including, but not limited to, all results or reports of physical or mental examination, scientific tests or experiments, or copies thereof, and all documents referring or relating to such reports, that were conducted in connection with any investigation of the charges contained in this or related indictments.

7. Discovery required pursuant to United States District Court, Northern District of California, Local Criminal Rule 16 -1(c).

(1) **Electronic Surveillance**. A statement of the existence or non-existence of any evidence obtained as a result of electronic surveillance;

(2) **Informers**. A statement of the government's intent to use as a witness an informant, i.e., a person who has or will receive some benefit from assisting the government;

(3) **Evidence of Other Crimes, Wrongs or Acts**. A summary of any evidence of other crimes, wrongs or acts which the government intends to offer under F. R. Evid. 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence; and

(4) **Co-conspirator's Statements**. A summary of any statement the government intends to offer under F. R. Evid. 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement.

8. <u>Process for Gathering Evidence</u>:  As a predicate to motions pursuant to Rule 12, Federal Rules of Criminal Procedure, we request that defense counsel be informed:

(a) whether any evidence or other information in the government's possession, custody, or control was obtained by a search and seizure, and a description of such evidence.  If so, set forth the date, time, place and a description of each search and seizure, and provide any and all documents related to or reflecting any information derived therefrom.  If said search was warrantless, set forth the nature of the information upon which the search was based and the date said information was received by the government;

(b) whether any evidence or other information in the government's possession, custody, or control was obtained through the use of an electronic, video or audio surveillance of any kind, and a description of such evidence.  If so, set forth the date, time, place



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 4

and a description of each interception and provide any and all documents related to or reflecting any information derived therefrom;

(c)     whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporters, and Assistant United States Attorneys; and

(d)     whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than the grand jurors, court reporters, and Assistant United States Attorneys.

If any evidence was obtained through any means set forth in subparagraphs (a) through (b), we also request all relevant applications or other supporting documents for court orders, all such court orders, all reports by the government to the court, and all tapes, logs and transcripts resulting from such interception or surveillance.  In connection with the request set forth in subparagraph (d) above, if disclosure of any information or material before the grand jury was made, we also request a copy of any notifications made by the government's attorneys to the district court, pursuant to Rule 6(e)(3)(B) of the Federal Rules of Criminal Procedure.  We also request a copy of any and all petitions requesting, or court order permitting, the disclosure of any grand jury matter, information or material pursuant to Rules 6(e) of the Federal Rules of Criminal Procedure.

9.     <u>Photos and Recordings</u>:  Any and all photographs, audio tapes, and videotape recordings which were made in conjunction with this case or which relate in any manner to this case which are in the possession, custody or control of the government.  This request includes not only such materials that were made by the government, but also any such preexisting material that came into the possession of the government by any means.

10.     <u>Summary Charts</u>:  Pursuant to Fed. R. Crim. P. 12(b) and Rule 1006, Federal Rules of Evidence, we request that we be advised whether the government will seek to offer any chart, summary, or calculation in evidence and that any said chart, summary, or calculation, as well as all writings, recordings, photographs, videotape recordings, or other information on which such charts, summaries, or calculations are based, be made available for inspection and copying.

11.     <u>FRE 801</u>:  Pursuant to the provisions of Rule 104, Federal Rules of Evidence, Federal Rule of Criminal Procedure 12(b), and defendant's right to effective representation by counsel and a fair trial, we request that the government disclose whether it intends to offer in its case in chief as a statement by our client any of the following:

(a)     any written or recorded statement or the substance of any oral statement as to which our client manifests his adoption or belief in its truth, Fed. R. Evid. 801(d)(2)(B);



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 5

(b)      any written or recorded statement or the substance of any oral statement made by another individual or entity which was purportedly authorized by our client, or which the government asserts is an admission by our client, Fed. R. Evid. 801(d)(2)(C);

(c)      any written or recorded statement, or the substance of any oral statement, by a co-conspirator, named or unnamed, made during the course of or in furtherance of the conspiracy alleged in this indictment. Fed. R. Evid. 801(d)(2)(E).

12.      <u>Other Similar Acts</u>:  Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, Rules 403 and 404(b) of the Federal Rules of Evidence, we request that the government disclose all evidence of other or similar crimes, wrongs, or acts, allegedly committed by our client, upon which the government intends to rely.  If so, set forth the date, place and nature of each "similar" crime, wrong, or act so that our client can properly ask for a determination concerning admission pursuant to Fed. R. Evid. 403 and 404.

13.      <u>Grand Jury Testimony and Materials</u>:  The empanelment and adjournment dates of each grand jury that heard evidence concerning this case, the legal instructions provided to the grand jury before this or related indictments were returned, copies of all exhibits or other evidence presented before each grand jury, and any transcript of any grand jury hearing, including any transcripts of Robert Smith.

14.      <u>Witness List and Expert Witnesses</u>:  A list of the names and addresses of all witnesses that the government intends to call in its case in chief, indicating which, if any, will testify as an expert witness, and in the case of such expert witnesses, a written summary of testimony the government intends to use.  The summary should describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Evid. 702, 703, 705.

15.      <u>Jencks Act Material</u>:  All material pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  We specifically request pretrial production of all prior statements of witnesses whom the government intends to call at trial so that the court may avoid unnecessary recesses and delays for counsel to properly use such statements and to prepare for cross-examination. This includes all prior information provided by and statements of Evvat Tamine and Robert Smith, including all statements and information provided to the government by Messers Tamine or Smith in exchange for a plea agreement, deferred prosecution agreement, non-prosecution, leniency in any manner, or other benefit from the government.

16.      <u>*Brady* Material</u>:  Pursuant to *Brady v. Maryland*. 373 U.S. 83 (1963), and its progeny, including *United States v. Bagley*, 473 U.S. 667 (1985), *United States v. Agurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Giglio v. United States*. 405 U.S. 150



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 6

(1972), all exculpatory or impeaching material in the government's possession, custody or control or otherwise known to the government, including, but not limited to:

       (a)     any exculpatory information regarding our client given before the grand jury;

       (b)     any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including, but not limited to, relevant "rap sheets" of each witness the government intends to call at trial;

       (c)     any and all records and information revealing misconduct, criminal acts or bad acts of any witness the government intends to call at trial;

       (d)     any and all considerations or promises of consideration given during the course of the investigation or prosecution of this matter by any law enforcement officials, including prosecutors or agents, police, or informers, to or on behalf of any witness the government intends to call at trial or any such consideration or promises expected or hoped for by any such witness at any future time.  Such "consideration" refers to anything that arguably could be of value or use to a witness, including, but not limited to, formal or informal, direct or indirect, leniency, favorable treatment, or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, immigration benefits, S-1 visas, civil, administrative, or other matter involving the state or federal government, or any other matter involving the state or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; payments of money, rewards or fees, witness fees, and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; letters to anyone informing the recipient of the witness's cooperation; recommendations concerning federal aid or benefits; registration; promises to take affirmative action to help the status of the witness in a profession, business, immigration, or employment, or promises not to jeopardize such status; aid in efforts in securing or maintaining the business or employment of a witness; and anything else that arguably could reveal an interest, motive or bias in the witness in favor of the prosecution or against our client or act as an inducement to testify or to color his testimony;

       (e)     any and all statements — formal and informal, oral or written — by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action — state or federal, civil or criminal — or immigration matters against the witness, or anyone related by blood or marriage to the witness;

       (f)     any and all threats, express or implied, direct or indirect, or other coercion directed against any witness whom the government intends to call at trial, or anyone related by blood or marriage to the witness, to induce testimony favorable to the government; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 7

against any such witness or anyone related by blood or marriage to the witness; any probationary, parole or deferred prosecution status of any such witness or anyone related by blood or marriage to the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such witness, or anyone related by blood or marriage to the witness, and the state or federal government, or over which the state or federal government has real, apparent or perceived influence;

(g)     a list of any and all requests, demands or complaints made to the government by any witness whom the government intends to call at trial that arguably could demonstrate any hope or expectation on the part of the witness for favorable governmental action on his behalf (regardless of whether or not the government has agreed to provide any favorable action), including immigration assistance;

(h)     all documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the government intends to use as a witness at trial including, but not limited to, records relating to treatment of such individual in any federal, state, territorial, city or military drug or detoxification program;

(i)     all documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the government intends to use as a witness at trial, or any member of the immediate family of any such witness, including, but not limited to, records of hospitalization or other treatments for such physical or mental disease, disability, or disorder;

(j)     any material not otherwise listed that reflects or evidences the motivation of any witness to cooperate with the government or reflects or evidences the competency or credibility of the government's witness, or the witness' bias or hostility against our client;

(k)     a list of all other judicial proceedings involving a criminal matter in which any person who is a potential prosecution witness in this action, participated as a witness or was charged as an unindicted co-conspirator, aider or abettor, or defendant.

(l)     any statements or documents, including, but not limited to, grand jury testimony and federal, state and local tax returns made or executed by any potential prosecution witness at the trial in this action which the prosecution knows, or through reasonable diligence, should have reason to know is false;

(m)     the existence and identification of each occasion on which any witness, including any witness who is or was an informer, accomplice, co-conspirator, or expert, has testified before any court, or other tribunal or body, or otherwise has given an official narration, in relation to our client, the investigation, or the facts of this case;



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 8

(n)     any written or oral statements, whether or not reduced to writing, made by any potential prosecution witness, which in any way contradicts or is inconsistent with or different from other oral or written statements he or she has made;

(o)     any written or oral statements, whether or not reduced to writing, made to the prosecution, its agents, or representatives by any individual, whether or not that individual is a witness, which in any way contradicts, or is inconsistent with or different from any statements made by a prosecution witness;

(p)     any requests prepared by the prosecution for permission to grant immunity or leniency for any witness, whether or not such request was granted;

(q)     any statements read or given by the government to the departments of pretrial services or probation in connection with the prosecution or conviction of any prosecution witness or potential prosecution witness;

(r)     a copy of all letters and/or sentencing memoranda written to the sentencing court in connection with the sentencing of any prosecution witness;

(s)     any and all other records and/or information that arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecutor's evidence;

(t)     the same records and information requested in items (a) through (s) with respect to each non-witness declarant whose statements are or may be offered in evidence;

(u)     the names and addresses of all persons whom the prosecution, its agents and representatives believe to have relevant exculpatory knowledge or information with reference to the charges contained in this or related indictments;

(v)     copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the government or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, which are exculpatory in nature or favorable to our client or which may lead to material which is exculpatory in nature or favorable to our client, or which tends to negate or mitigate the guilt of our client, as to charges in the indictment, or which would tend to reduce the punishment therefor.  Include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material which may be favorable or exculpatory; also include all written or recorded statements or the substance of oral statements by any person which are in any way conceivably inconsistent with the testimony or expected testimony any witness will give at trial and any other



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 9

evidence which otherwise reflects upon the credibility, competency, bias or motive of the government's witnesses;

(w)    copies of any and all records of law enforcement or other governmental agencies reflecting intra departmental disciplinary action taken against any law enforcement or agency official who will testify in this proceeding, including all such records from any governmental agency for which the witness previously worked;

(x)    copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action or conduct undertaken in connection with the investigation and prosecution of this case; and

(y)    any agreements reached between the government and any witness.

(z)    As to (a) – (y), Mr. Kekpe specifically demands all such responsive documents, information, and agreements relating to or pertaining to Evvat Tamine and Robert Smith, as well as transcripts of their  testimony before the Grand Jury.

17.    _Henthorn_ Material:  All reports, documents, and tangible objects contained with the personnel files of any federal law enforcement officer whom the government intends to call as a witness at trial, which tend, in any way, to impeach the officer.  *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991).

18.    Other Regulatory Agencies:  Any documents in the possession of the government that are the product of any trial or any related state or federal investigation or hearing, including any state or federal law enforcement agency investigation or hearing.  These documents should include, but not be limited to, any audit reports, exit interviews, transcripts, or other evidence or exhibits produced in the course of any prior trial or any state or federal investigation relating to the allegations in the indictment or the related indictment against Robert Brockman.  This includes such documents relating to or pertaining to Robert Smith or Evatt Tamine.

19.    All Filings by any party relating to the proceedings in the Northern District of California, *U.S. v. Brockman,* No. CR 20-00371 WHA; and the Southern District of Texas, *U.S. v. Brockman*, No. 4:21-cr-00009, relating to the privilege review of the documents seized from Mr. Kepke.

*        *        *



Michael G. Pitman
Assistant United States Attorney
June 30, 2021
Page 10


Each of these requests is of a continuing nature and calls for supplementation as soon as the government discovers additional responsive evidence, documents, information or material.  Likewise, we note that the above list is non-exhaustive and we may need to make additional requests for documents or material in the future.  We also request that the government preserve and maintain all relevant notes, reports and recordings prepared by or for government agents or prosecutors, as well as any document, paper, tangible object, tape recording or other potential item of evidence which is now or may hereafter come within the government's possession, the production of which is requested in this letter.

Please notify us specifically and promptly of any documents, materials or information requested herein that you do not intend to make available, so that, if necessary, we are able to file timely and appropriate discovery motions. This includes the withholding of any such documents, materials or information pertaining to or relating to Robert Smith, his cooperation agreement with the government, his obligations to the government, and all information he shared with or disclosed to the government.


Sincerely,

Grant P. Fondo

GPF: scr

cc: Richard M. Strassberg
      Hayes P. Hyde