# EXHIBIT C



Grant P. Fondo
+1 650 752 3236
GFondo@goodwinlaw.com

Goodwin Procter LLP
601 Marshall Street
Redwood City, CA  94063

goodwinlaw.com
+1 650 752 3100

March 20, 2022

**VIA E-MAIL: MICHAEL.PITMAN@USDOJ.GOV**

Michael G. Pitman
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
150 Almaden Blvd., Suite 900
San Jose, CA 95113

Re:  *USA v. Kepke*, U.S. District Court - Northern District of California
      Case No. 3:21-CR-00155-JD

Dear Mr. Pitman:

I write to memorialize our understanding of our current positions as to the various outstanding requests relating to the government's productions, enumerated below, and hope that we will be able to resolve the issues without court intervention.

As an initial matter, on February 8, 2022, we received a hard drive from the government, which contains over 700,000 documents.  We are still in the process of reviewing these documents. However, one issue that has come to our attention is in regards to the bates-stamped documents MLATSW_023664 to MLATSW_028077.  They appear to be encrypted, and we would like to know whether the government received these documents encrypted or whether they were encrypted by the government prior to their production.  In any event, we ask that the government provide unencrypted versions of these documents.  Additionally, we received a production on March 15, 2022, and are still in the process of reviewing these document and will follow-up regarding any issues regarding this production, if there are any.

We received your March 10, 2022 letter relating to Evatt Tamine and discovery,  Specifically, you informed us that an unspecified number of documents were seized from Mr. Tamine's Bermuda residence which are being reviewed by an attorney in the United Kingdom for privilege and relevance. You further informed us that 1.4 TeraBytes of data had been extracted from an unspecified number of Mr. Tamine's electronic devices (mobile devices, laptops, external SSDs, and a memory card) and that this data has not been reviewed by the government or for privilege.  You further informed us one box of paper documents are being reviewed by his attorneys for privilege, and have not been reviewed by the government.  Please let us know when you know more about the production of data and documents from these sources.

///



Michael G. Pitman
March 20, 2022
Page 2


**FBI 302s and Other Agent Reports**

On our March 1, 2022 call ("March 1 Call"), you confirmed that the government had produced all 302s concerning Mr. Smith and all corresponding exhibits.  However, one outstanding matter we were not able to address was whether there were other 302s (or other government agent reports) that the government still had left to produce, which was discussed on our February 3, 2022 call ("February 3 Call").  You stated then that you would provide greater clarity about your anticipated productions based on the deadline agreed to in the joint stipulation.

Please let us know what 302s remain to be produced concerning the government's investigation of Messrs. Brockman, Smith, and Kepke.

**Materials Concerning Smith's Counsel's Meetings and Smith's NPA**

<u>Materials Concerning Presentations Made by Mr. Smith's Counsel to the DOJ</u>:

On our March 1 Call, we again requested the government produce materials concerning Mr. Smith's counsel's meetings with the government, including submissions, letters, PowerPoint decks, and anything related to their representations.  It is our position that these materials are discoverable and should be produced by the government.  You invited us to provide authority supporting our position.  As such, we direct you to *United States v. Sudikoff*, 36 F. Supp. 2d 1196 (C.D. Cal. 1999) in which the court granted defendant's motion to compel the disclosure of documents concerning the process by which an accomplice witness's immunity agreement was reached because it was evidence that was both favorable and likely to lead to favorable evidence which would be admissible at trial.  In light of this authority, please let us know whether the government will be producing these materials or whether motion practice will be necessary.

<u>Materials Concerning Mr. Smith's NPA</u>

As for materials related to Mr. Smith's non-prosecution agreement, you ultimately stated on the February 3 Call that you would not be producing such materials as you do not believe you are required to do so.

We first discussed this issue on a call on October 20, 2021.  During this call, Corey Smith stated that with regard to Mr. Smith's non-prosecution agreement, the government would provide all public and not public attachments to the agreement.  However, the other material, including, communications between Mr. Smith's attorney and the government, would not be produced.  On the February 3 Call, we inquired as to whether there was any classified information concerning Mr. Smith's non-prosecution agreement that the government was withholding.  Corey Smith replied that he is not commenting, and has never commented, on the existence or nonexistence of classified information concerning Mr. Smith.  When we responded that we understood from Corey Smith that Mr. Smith received a deal because he had some national security connection, Corey Smith stated that he never said that.

We note that Jennifer Gellie, Trial Attorney in Counterintelligence Department for the National Security Division and David Burns, Principle Deputy Assistant Attorney General (PDAAG) for the National



Michael G. Pitman
March 20, 2022
Page 3

Security Division were in attendance at the government's August 13, 2020, and August 14, 2020, meetings with Mr. Smith.  We further understand that from the filings in *U.S. v. Brockman* that Corey Smith stated that he was "aware of our Giglio obligations with regarding [sic] to Mr. Smith" and that the prosecution was "working with NSD to take the appropriate actions."  *United States v. Brockman*, No. 4:21-cr-00009, Dkt 52-7.   We would appreciate knowing the status of those actions and ask the government to confirm that it agrees a pretrial conference pursuant to the Classified Information Procedures Act would be appropriate in this case.  It is our position that both this information and the internal DOJ communications concerning Mr. Smith's dealings with the government are exculpatory material and independently required to be produced if Mr. Smith testifies.

**Under-Seal Proceedings**

Due to some confusion on the March 1 call, we wanted to clarify the government's position on this point.  It is our understanding that counsels for Mr. Smith, Mr. Brockman, and St. John's Trust Company (PVT), and the government submitted pleadings to a JAMS arbitrator, Judge Brazil, JAMS Arbitration Case Reference No. 1100105235, relating to the privilege review of documents seized from Mr. Kepke in the proceedings in *United States v. Sealed Search*, No. 18-mj-70204-VKD (N.D. Cal.)  We believe such pleadings were filed as they were referenced in Judge Brazil's reports and recommendations previously produced by the government.  As such, these pleadings should be in the government's possession.  However, based on our March 1 call, it seems the government's position is that these proceedings were handled by the Taint team, not the prosecution team, and even the Taint team did not have access to Smith's, Brockman's, or St. John's pleadings or to the underlying documents.

Please confirm our understanding that neither the prosecution team nor one of its taint teams has copies of any pleadings, including the submissions by the government and counsels for Mr. Smith, Mr. Brockman, and St. John's Trust Company (PVT), related to the Northern District of California matter, No. 18-mj-70204-VKD, the correlated JAMS Proceeding, Case No. 1100105235, or the Southern District of Texas matter, No. H18-1279M.

**Grand Jury Transcripts and Grand Jury Subpoenas**

During our prior call on October 20, 2021, we discussed Grand Jury materials, including the timing of the production of Grand Jury transcripts and subpoenas.  You previously stated that you would wait to produce the materials until a trial date is set.  We will expect these to be produced shortly as the Court has set a trial date.

We look forward to resolving the above-mentioned outstanding issues and confirming the government's position on others.  Please do not hesitate to call me in the meantime if necessary.  We reserve all rights.



Michael G. Pitman
March 20, 2022
Page 4

Sincerely,

/s/ *Grant P. Fondo*

Grant P. Fondo

GPF

cc:     Richard M. Strassberg
        Nicole J. Kim