GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DAVID R. CALLAWAY (SBN 121782)
*DCallaway@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA  94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

RICHARD M. STRASSBERG (*pro hac vice*)
*RStrassberg@goodwinlaw.com*
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

Attorneys for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Case No. 3:21-CR-00155-JD<br><br>**CARLOS KEPKE'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE RELATED TO ROBERT BROCKMAN'S ALLEGED TAX FRAUD**<br><br>Date:         October 17, 2022<br>Time:        10:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:       Hon. James Donato |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I. INTRODUCTION ............................................................................................................ 1

II. FACTUAL BACKGROUND ........................................................................................... 2

    A. The Government's 404(b) Notice Covers Wide-Ranging Evidence of an Entirely Separate Tax Fraud. ............................................................................... 2

    B. Mr. Brockman's Fraud Is the Subject of a Separate Indictment. ........................... 4

    C. The Government Has Not Produced Fulsome Discovery About Mr. Brockman's Alleged Tax Fraud. ........................................................................... 5

III. ARGUMENT .................................................................................................................... 6

    A. Evidence Related to Mr. Brockman's Alleged Tax Fraud Must Be Excluded. .................................................................................................................. 6

        1. Evidence of Robert Brockman's Alleged Tax Fraud is Not Inextricably Intertwined with the Charged Conduct. ................................. 6

        2. Evidence of Robert Brockman's Alleged Tax Fraud Fails to Comply with Rule 404(b). ................................................................................ 8

        3. Evidence of Robert Brockman's Alleged Tax Fraud Has Minimal Probative Value and Is Unfairly Prejudicial Under Rule 403. .................. 11

IV. CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Doggett v. United States*,
    505 U.S. 647 (1992) .................................................................................................... 13

*Holmes v. Miller*,
    768 F. App'x 781 (9th Cir. 2019) ................................................................................ 11

*Tennison v. Circus Circus Enters., Inc.*,
    244 F.3d 684 (9th Cir. 2001) ....................................................................................... 12

*United States v. Bailey*,
    696 F.3d 794 (9th Cir. 2012) ......................................................................................... 9

*United States v. Bradley*,
    5 F.3d 1317 (9th Cir. 1993) ......................................................................................... 12

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ......................................................................................... 4

*United States v. DeGeorge*,
    380 F.3d 1203 (9th Cir. 2004) ....................................................................................... 7

*United States v. Ekwebelem*,
    No. CR-12-01170-MWF, 2014 WL 12633528 (C.D. Cal. Sept. 8, 2014) ............... 8, 10

*United States v. Garcia*,
    291 F.3d 127 (2d Cir. 2002) ........................................................................................ 10

*United States v. Garcia*,
    730 F. Supp. 2d 1159 (C.D. Cal. 2010) ...................................................................... 10

*United States v. Henderson*,
    485 F. Supp. 2d 831 (S.D. Ohio 2007) .................................................................. 10, 13

*United States v. Hill*,
    953 F.2d 452 (9th Cir. 1991) .................................................................................. 7, 12

*United States v. Hitt*,
    981 F.2d 422 (9th Cir. 1992) ....................................................................................... 11

*United States v. Mehrmanesh*,
    689 F.2d 822 (9th Cir. 1982) .................................................................................. 9, 11

*United States v. Mota*,
    No. 13-CR-00093-JST-1, 2015 WL 580816 (N.D. Cal. Feb. 11, 2015) .................. 7, 8

*United States v. Pac. Gas & Elec. Co.*,
 178 F. Supp. 3d 927 (N.D. Cal. 2016) .............................................................................................. 8

*United States v. Rizk*,
 660 F.3d 1125 (9th Cir. 2011) ........................................................................................................... 7

*United States v. Sanchez*,
 No. CR-08-00836(A) ABC, 2011 WL 6090164 (C.D. Cal. Dec. 5, 2011) .............................. 9

*United States v. Simtob*,
 901 F.2d 799 (9th Cir. 1990) .......................................................................................................... 10

*United States v. Vizcarra-Martinez*,
 66 F.3d 1006 (9th Cir. 1995) ...................................................................................................... 7, 8

*United States v. Wiggan*,
 700 F.3d 1204 (9th Cir. 2012) ....................................................................................................... 11

**Other Authorities**

Federal Rule of Evidence 402 ............................................................................................................. 3

Federal Rule of Evidence 403 ..................................................................................................... *passim*

Federal Rule of Evidence 404(b) ............................................................................................... *passim*

Local Rule 8-1(b) ............................................................................................................................. 5, 7

**NOTICE OF MOTION**

Please take notice that on October 17, 2022, at 10:30 a.m., or as soon thereafter as the matter may be heard, Defendant Carlos E. Kepke ("Mr. Kepke") will and does hereby move *in limine* to exclude from trial evidence relating to Robert Brockman's alleged tax fraud. Mr. Kepke makes this motion pursuant to Federal Rules of Evidence 403 and 404. This motion is supported by the Memorandum of Points and Authorities included herein, all pleadings and papers which are of record and on file in this case, and such other oral and documentary evidence as may be presented at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The government's Rule 404(b) Notice suggests that it may seek to admit extensive and wide-ranging evidence of a completely separate, unproved, alleged tax fraud committed by Mr. Brockman, either as claimed inextricably intertwined evidence or pursuant to Rule 404(b). Evidence of Mr. Brockman's alleged fraud is not inextricably intertwined with the charged conduct. It involves a completely distinct alleged crime, concerning a different client, with different circumstances. The government charged Mr. Brockman in a separate 41-page indictment that makes no mention of Mr. Kepke, which the Court has already found to be unrelated to Mr. Kepke's case, covers conduct beginning in 1981, and includes 39 separate counts for conspiracy, tax evasion, FBAR violations, money laundering, evidence tampering, and evidence destruction.

Nor is the evidence admissible under Rule 404(b). In its Rule 404(b) Notice, the government lists a dozen different subjects, cites 80 documents spanning more than 700 pages, and lists each and every "other purpose" laid out in Rule 404(b), but it is not apparent how each of these subjects is relevant, and the government fails to explain how this evidence helps to prove each of the nine purposes it lists. The government has utterly failed to explain how the evidence, which on its face is remote and dissimilar to the charged conduct, establishes each listed "other purpose."

The evidence must also be excluded under Rule 403. If evidence of Mr. Brockman's alleged fraud were admitted, it would result in a full-fledged second trial within Mr. Kepke's trial.

It would require the admission of dozens of exhibits and hours upon hours of additional testimony. Indeed, the estimated length of Mr. Brockman's trial alone was five to six weeks. This evidence is also unfairly prejudicial on many grounds. It creates the risk that the jury would convict on the basis of propensity rather than guilt on the charged crimes. It also would introduce the risk that the jury find Mr. Kepke guilty because he was associated with Mr. Brockman, who has been the subject of extensive unfavorable press and who the jury likely knows has died, cannot be held accountable, and cannot defend against the allegations. And the age of the evidence related to Mr. Brockman's alleged fraud makes the evidence unreliable and difficult to counter, given fading memories, the death of Mr. Brockman, and unavailable access to exculpatory evidence.

To the extent the government seeks to admit evidence related to Mr. Brockman's alleged fraud, any such evidence should be wholly excluded under Federal Rules of Evidence 403 and 404.

## II.   FACTUAL BACKGROUND

### A.   The Government's 404(b) Notice Covers Wide-Ranging Evidence of an Entirely Separate Tax Fraud.

The government recently provided a notice pursuant to Federal Rule of Evidence 404(b) in which it says it will seek to admit wide-ranging evidence concerning the separate alleged tax fraud of Robert T. Brockman. (Grant P. Fondo Declaration ("Fondo Decl."), ¶ 2, Ex. A ("404(b) Notice").) As relevant here, the 404(b) Notice provides that the government intends to introduce evidence of the following subjects:

> Defendant's relationship with Robert Brockman and associated individuals, including the fact that Brockman introduced Defendant to Robert F. Smith, and
>
> 1. Defendant had a pre-existing professional relationship with Evatt Tamine and Tamine's employer Robert Brockman;
>
> 2. Defendant assisted Brockman in creating the A. Eugene Brockman Children's Trust in or about 1982;

2

MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE                                   CASE NO. 3:21-CR-00155-JD

>  3. Brockman and Tamine paid Defendant an annual retainer related to the A. Eugene Brockman Children's Trust;
>  4. On occasion Kepke acted as a conduit between Tamine/Brockman and Robert F. Smith;
>  5. In or about 2007 Defendant's primary point of contact with regard to his association with Brockman was Tamine;
>  6. In or about 2007 Tamine was named as the trustee of the A. Eugene Brockman Children's Trust;
>  7. As trustee of the A. Eugene Brockman Children's Trust Tamine took direction from Brockman;
>  8. Brockman made all substantive decisions regarding the A. Eugene Brockman Children's Trust;
>  9. Tamine was Brockman's employee. Brockman paid Tamine an annual salary, gave him an annual evaluation on his work performance; adjusted his salary based on his performance; and gave him "To Do" lists for the coming calendar year;
>  10. On occasion Tamine visited Defendant's offices to "purge" or "securitize" Defendant's files regarding both Smith and Brockman; and
>  11. In or about 2017 Defendant used Tamine as a personal reference for a potential new client (later revealed to be an IRS undercover Special Agent).

(404(b) Notice at 1–2.) The government then identifies 80 separate documents in which this evidence is detailed, including one document that is nearly 700 pages long. (*Id.* at 2–4.)

The government concludes the notice by stating that it believes all of the subjects it has identified are inextricably intertwined with the charged conduct, and thus admissible under Federal Rule of Evidence 402. (404(b) Notice at 4.) The government adds that, if the Court concludes these

3

subjects are not inextricably intertwined with the charged conduct, "the government maintains alternatively that the above-identified evidence is admissible under Rule 404(b) to establish Defendant's knowledge, intent, absence of mistake or accident, preparation, plan, motive, opportunity, and identity with respect to the charged conduct." (*Id.*)

### B. Mr. Brockman's Fraud Is the Subject of a Separate Indictment.

The government charged Mr. Brockman, the CEO of a holding company for a group of companies involved in the software business, for an alleged $2 billion tax fraud in a separate indictment. *United States v. Brockman*, No. 21-cr-9, ECF No. 2 (S.D. Tex. Oct. 1, 2020) ("Brockman Indictment").[1] The 41-page Brockman Indictment includes 39 separate counts for conspiracy, tax evasion, FBAR violations, money laundering, evidence tampering, and evidence destruction, and covers conduct beginning in 1981. *Id.* The estimated length of the Brockman trial was five to six weeks. *Brockman*, No. 21-cr-9, ECF No. 11.

The Brockman Indictment includes many unique allegations. For example, the government alleges that Mr. Brockman used an encrypted email system, code names, and code words—including referring to the Internal Revenue Services as "the house"—to communicate with people who managed his offshore trust structure. *Id.* at *e.g.*, ¶¶ 34, 126. The government also alleges that Mr. Brockman made recommendations about how to use printer paper to backdate documents, and to avoid direct calls using landline or cell phones and instead use multiple Vonage accounts. *Id.* at 48–49. And the government alleges that, after learning of a grand jury investigation relating to the tax status of his offshore trust structure, Mr. Brockman directed an employee to travel internationally to shred documents and smash electronic media. *Id.* at ¶ 196.

None of the above allegations involve Mr. Kepke, and in fact, Mr. Brockman's indictment does not mention Mr. Kepke. Mr. Kepke's indictment likewise does not mention Mr. Brockman. The government filed a notice of related case for the Brockman and Kepke matters in this case, in which the government conceded that "the current Indictment of Kepke does not include any allegations regarding Brockman" and that "the conspiracies alleged in both Indictments used

---

[1] Mr. Kepke hereby requests judicial notice of the referenced filings in *United States v. Brockman* and news reports. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

similar methods to avoid tax on income flowing to two **separate investors** (Brockman and Smith)." (ECF No. 4) (emphasis added). Notably, the Court concluded the cases are not related under Local Rule 8-1(b). (ECF No. 7.)

The government announced Mr. Brockman's indictment in both a news conference and a press release. *CEO of Multibillion-dollar Software Company Indicted for Decades-long Tax Evasion and Wire Fraud Scheme*, Department of Justice (Oct. 15, 2020), https://www.justice.gov/opa/pr/ceo-multibillion-dollar-software-company-indicted-decades-long-tax-evasion-and-wire-fraud. This announcement was followed by a flurry of press. *See, e.g.*, *Software CEO Robert Brockman charged in $2 billion tax evasion case*, CNN (Oct. 17, 2020), https://www.cnn.com/2020/10/17/business/robert-brockman-tax-evasion-charges/index.html; *DOJ Pursues Historic $2B Tax Evasion Case Against Software Tycoon Robert Brockman*, CBS Bay Area (Oct. 15, 2020), https://www.cbsnews.com/sanfrancisco/news/doj-pursues-historic-2b-tax-evasion-case-against-software-tycoon/. In one article published in the East Bay Times, IRS Chief Jim Lee is quoted as saying he was "incredibly irritated" and "disgusted" with the nature of the charges, and that "[t]hese allegations should disgust every American taxpayer as well, because the law applies to all of us when it comes to tax and paying our fair share." *Texas billionaire Bob Brockman charged with biggest tax evasion case in US history; feds say losses total $2 billion*, East Bay Times (Oct. 16, 2020), Texas billionaire Bob Brockman charged with biggest tax evasion case in US history; feds say losses total $2 billion. Mr. Brockman passed away on August 5, 2022. *Brockman*, No. 21-cr-9, ECF No. 289. The indictment was dismissed on September 7, 2022. *Id.* at ECF No. 290. There has been extensive publicity about Mr. Brockman's death. *E.g.*, *Robert Brockman, billionaire charged in $2 billion tax evasion case, dies at 81*, NBC News (Aug. 6, 2022), https://www.nbcnews.com/news/us-news/robert-brockman-billionaire-charged-2-billion-tax-evasion-case-dies-81-rcna41882.

### C.     The Government Has Not Produced Fulsome Discovery About Mr. Brockman's Alleged Tax Fraud.

The government has not produced fulsome discovery about Mr. Brockman's alleged tax fraud. Most notably, the government has not provided various categories of documents related to

5

Mr. Tamine. In a letter dated March 10, 2022, the government explained that it had produced the first tranche of materials seized from Mr. Tamine's home, but that it continued to review additional materials from Mr. Tamine's home for relevance and privilege. (Fondo Decl., ¶ 3, Ex. B.) The government added that a box of paper documents from Mr. Tamine were being reviewed for privilege and that the government had not reviewed 1.4 Terabytes (which equates to several million pages of documents) of data from Mr. Tamine's electronic devices. (*Id.*) The materials discussed in this letter still have not been produced. Any attempt by the government to prove the alleged Brockman fraud charges would require the production of all relevant material to Mr. Kepke in time realistically to review and analyze it prior to trial.

### III.  ARGUMENT

#### A.  Evidence Related to Mr. Brockman's Alleged Tax Fraud Must Be Excluded.

Mr. Kepke does not generally contest the admission of evidence related to Mr. Brockman that provides necessary context for evidence that is directly relevant to the charges (though he reserves the right to object to specific pieces of evidence the government attempts to introduce). To the extent the government seeks to admit evidence directed to establishing that Mr. Brockman committed tax fraud, however, such evidence must be excluded. This evidence is not inextricably intertwined with the charged conduct, does not satisfy the requirements of Rule 404(b), and is unfairly prejudicial under Rule 403.

##### 1.  Evidence of Robert Brockman's Alleged Tax Fraud is Not Inextricably Intertwined with the Charged Conduct.

Without explanation, the government seems to assert that wide-ranging evidence concerning Mr. Brockman's alleged tax fraud is somehow inextricably intertwined with the charges against Mr. Kepke. This is so even though the government saw fit to bring separate indictments, neither of which mentions the other defendant, and the Court found the two cases to be unrelated. The government is improperly attempting to avoid the proper application of Rule 404(b).

Evidence of other acts is admissible as inextricably intertwined only where the other acts and charged conduct "clear[ly]" constitute a single criminal transaction, or the other acts evidence

is "necessary" to provide a "coherent and comprehensible" narrative about the commission of the charged conduct. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). Though Rule 404(b) does not apply where evidence is inextricably intertwined with the charged crimes, *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011), the Ninth Circuit has cautioned that this doctrine "should be applied narrowly" to avoid abuse, *United States v. Hill*, 953 F.2d 452, 457 n.1 (9th Cir. 1991), as amended (Dec. 16, 1991). This is because the doctrine "invites sloppy, non-analytical decisionmaking," and if not carefully circumscribed, "eviscerates the protections of Rule 404(b)." *United States v. Mota*, No. 13-CR-00093-JST-1, 2015 WL 580816, at *3 (N.D. Cal. Feb. 11, 2015) (Tigar, J.) (internal citations and quotations omitted).

The government satisfies neither requirement for inextricably intertwined evidence. First, the Brockman fraud does not concern the same criminal transaction as the charged conduct. The charges against Mr. Kepke concern a single client, Mr. Smith. They do not concern or even mention Mr. Brockman, as the government has admitted. (ECF No. 4.) Furthermore, while there is some overlap in time between Mr. Brockman's fraud and the charged conduct, that is immaterial here. There is bound to be temporal overlap when the government has charged two conspiracies that both span decades. Additionally, the government seeks to admit evidence of Mr. Brockman's alleged fraud going back to 1981 (Brockman Indict. ¶ 6), nearly twenty years before Mr. Kepke even met Mr. Smith (Kepke Indict. ¶ 2). The government also chose to indict Mr. Kepke and Mr. Brockman in independent indictments. The Court found these indictments to be unrelated under Local Rule 8-1(b) (ECF No. 7), which provides that cases are related when they "concern one or more of the same defendants and the same alleged events, occurrences, *transactions* or property." (emphasis added). All of these circumstances demonstrate that Mr. Brockman's alleged tax fraud is not part of the same transaction as the charges against Mr. Kepke.

Under Ninth Circuit caselaw, evidence related to Mr. Brockman's alleged tax fraud is "too far removed in both time and circumstance to be linked with the alleged fraud in this case as part of a 'single criminal episode.'" *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (holding that evidence that defendant had sunk three other ships was not part of the same

transaction as the charged fraud for insurance fraud related to a sunk yacht); *Vizcarra-Martinez*, 66 F.3d at 1013 (holding that evidence of the defendant's personal use of methamphetamine was not part of the charged drug conspiracy where there was no evidence the methamphetamine was obtained from a member of the conspiracy); *see also, e.g., United States v. Ekwebelem*, No. CR-12-01170-MWF, 2014 WL 12633528, at *3 (C.D. Cal. Sept. 8, 2014) ("Although this evidence shows that Ekwebelem engaged in acts similar to the charged acts at various other times with various other parties, the other acts are certainly not part of the same transaction as the charged acts."); *Mota*, 2015 WL 580816 at *3 (concluding that evidence of a separate robbery was not part of the transaction with the charged bank robbery).

Second, the alleged Brockman fraud is not "necessary" to provide a "coherent and comprehensible" narrative about the charged conduct. The Kepke Indictment alleges crimes related only to Mr. Kepke's work for Mr. Smith. The Indictment does not mention Mr. Brockman. Nor does Mr. Brockman's indictment mention Mr. Kepke. The two sets of conduct are separate and independent, involving different taxpayers and different circumstances. The fact that Mr. Kepke's indictment does not mention any information about the alleged Brockman fraud illustrates that the government is perfectly capable of telling a coherent story without reference to the Brockman fraud. *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 940–41, 965 (N.D. Cal. 2016) (Henderson, J.) (concluding that "the Government will not be hampered in telling a coherent story," because the "[indictment] does not even mention" the uncharged conduct); *Ekwebelem*, 2014 WL 12633528, at *3 ("The charged acts can be described in full without reference to these alleged unrelated kickbacks.").

Evidence of Mr. Brockman's alleged fraud is not inextricably intertwined with the charges against Mr. Kepke. Such evidence is thus subject to Rule 404(b), under which it must be excluded.

### 2. Evidence of Robert Brockman's Alleged Tax Fraud Fails to Comply with Rule 404(b).

Other acts evidence may be admitted for another purpose under Rule 404(b) only if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the

evidence is sufficient to support a finding that defendant committed the other act; and (4) the act is similar to the charged conduct. *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). The government bears the burden of proving all four of these requirements. *Id.* The government does not carry this significant burden.

"The Government . . . must carry the burden of showing how the proffered evidence is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). Here, the 404(b) Notice provides that wide-ranging evidence related to Mr. Brockman's alleged fraud is relevant "to establish Defendant's knowledge, intent, absence of mistake or accident, preparation, plan, motive, opportunity, and identity with respect to the charged conduct." (404(b) Notice at 4.) The government's 404(b) Notice lists every enumerated "other purpose" set out in Rule 404(b), making the notice meaningless.

Furthermore, the notice provides no explanation of the reasoning that ties each category of evidence to each purpose, violating Rule 404(b)'s requirement that "the prosecutor must . . . articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." The government's "shotgun approach" fails to satisfy its burden. *See United States v. Sanchez*, No. CR-08-00836(A) ABC, 2011 WL 6090164, at *8 (C.D. Cal. Dec. 5, 2011). A review of the subjects themselves provides no hint of how they are relevant to a permissible purpose. The government has failed to articulate precisely the basis on which each of the nine listed purposes may be inferred from each of the dozen listed categories of evidence. The evidence must be excluded for this reason alone. To the extent the government attempts to remedy its failure to set out any rationale in its 404(b) Notice in its response to this motion, Mr. Kepke reserves the right to respond to that rationale in his reply brief.

The other acts are also too remote in time. The government seeks to admit evidence from as far back as 1981 or 1982. (Brockman Indict. at ¶ 6; 404(b) Notice at 1.) But Mr. Kepke is alleged to have represented Mr. Smith from 1999 to 2014, and the government alleges that the

conspiracy did not begin until December 1, 1999. (Kepke Indict. at ¶¶ 2, 14.) The government thus seeks to admit evidence that is separated from the charged conduct by at least 18 years, and up to 33 years. This is far too remote to be relevant. *See, e.g., United States v. Simtob*, 901 F.2d 799, 808 & n.6 (9th Cir. 1990) (characterizing the admission of other acts that were 11 and 12 years old as a "close" question and approving the district court's exclusion of other acts that were 16 years old); *Ekwebelem*, 2014 WL 12633528 at *3 (excluding evidence of other act that was removed from the charges by less than nine years). The evidence, which is up to 40 years old, is also particularly unreliable because such an extreme passage of time is likely to have caused exculpatory material to have been lost as well as key memories to have faded. *See United States v. Henderson*, 485 F. Supp. 2d 831, 839–40 (S.D. Ohio 2007) (analogizing to pre-indictment delay and concluding that other acts occurring 25 years before trial must be excluded as too remote because of the unreliability of the evidence).

Additionally, the alleged Brockman fraud is dissimilar to the charged conduct. The government seems to think that all alleged tax fraud that concerns foreign trusts is similar. But the government is required to prove much closer parallels under Rule 404(b). *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002) ("The Government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime."). Indeed, when the government offers 404(b) evidence to prove intent, as it does here, the similarity must be "substantial." *United States v. Garcia*, 730 F. Supp. 2d 1159, 1172 (C.D. Cal. 2010) ("When the evidentiary hypothesis is intent, the Ninth Circuit requires substantial similarity between the bad acts evidence and the crime charged."). There is no substantial similarity between Mr. Brockman's alleged crimes and the allegations against Mr. Kepke. As discussed, Mr. Brockman allegedly engaged in a wide range of unique conduct, including money laundering, using encrypted emails and code names, and destruction of evidence related to a grand jury proceeding, all of which have no corollary in the charges against Mr. Kepke.

The government has failed to satisfy its burden to demonstrate all of the Rule 404(b) criteria are satisfied. Evidence of Mr. Brockman's alleged fraud must thus be excluded.

> **3.    Evidence of Robert Brockman's Alleged Tax Fraud Has Minimal Probative Value and Is Unfairly Prejudicial Under Rule 403.**

Other acts evidence must also be excluded under Rule 403 unless the Government shows that its probative value is not substantially outweighed by its prejudicial impact, *Mehrmanesh*, 689 F.2d at 830, such as "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403. "'Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.'" *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) (quoting *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).

Admission of the alleged Brockman fraud would require a hotly contested second trial, which would quickly overwhelm the conduct that has actually been charged. The alleged Brockman fraud was the subject of an entirely separate indictment. The indictment as a whole is 41 pages long and covers 39 counts. The eight tax fraud counts alone run to 148 paragraphs spread over 24 pages. Brockman Indict. ¶¶ 1–148. The large scope of Mr. Brockman's alleged fraud is reflected in the government's broad 404(b) Notice, which covers about a dozen subjects and cites 80 documents comprising more than 700 pages. (404(b) Notice at 1–4.) It's not entirely clear how the government would seek to admit this information at trial—through witnesses, coconspirator statements, documentary exhibits, or some combination thereof. But it would seem to require the admission of dozens of exhibits, and additional testimony that would undoubtedly require many extra days of court room time. This is consistent with the five-to-six-week estimate for Mr. Brockman's trial. *Brockman*, No. 21-cr-9, ECF No. 11. Mr. Kepke would also have no choice but to vigorously defend against this extrinsic evidence. Admission of evidence related to the alleged Brockman fraud would thus significantly lengthen what the government already estimates will be a four-week trial for the presentation of its evidence.

When 404(b) evidence is not straightforward and would require a mini-trial, the Ninth Circuit upholds decisions to exclude such evidence. *E.g., Holmes v. Miller*, 768 F. App'x 781, 784 (9th Cir. 2019) (in habeas corpus petition concerning ineffective assistance of counsel,

upholding district court's exclusion of evidence of counsel's disciplinary history and lack of candor in statements made to other courts because "[s]uch evidence likely would have resulted in mini-trials"); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (upholding district court's exclusion of prior incidents of harassment because they "might have resulted in a 'mini-trial,' considering that much of [the] testimony was disputed by Defendants"). Such is the case here. Trial on the charged conduct will be time consuming and complicated enough. The government seeks to essentially try a second and even more complicated case in this matter. This will distract from the charges and waste the time of the Court and the jury. On its own, this is a sufficient basis to exclude the evidence related to Mr. Brockman's alleged tax fraud.

The proposed 404(b) evidence should also be excluded because it would be unfairly prejudicial in at least three different and overlapping ways. Admission of Mr. Brockman's alleged fraud would create an unacceptably high risk that the jury render a verdict based upon propensity or character instead of guilt of the charged crimes. The Ninth Circuit approves of the exclusion of other acts evidence in circumstances like this. *See Tennison*, 244 F.3d at 690 (upholding exclusion of evidence of prior acts of discrimination in a hostile work environment case because admitting those incidents "would create a significant danger that the jury would base its assessment of liability on remote events involving other employees, instead of recent events concerning Plaintiffs"); *Hill*, 953 F.2d at 457–58 (reversing where other acts evidence created a danger the jury would believe the defendant more likely to participate in a drug transaction).

The publicity surrounding Mr. Brockman adds another layer to the risk of prejudice should evidence related to the alleged Brockman fraud be admitted. There has been a great deal of coverage of Mr. Brockman's indictment as the largest ever tax evasion case against an American, including the IRS Chief's "disgust" at Mr. Brockman's conduct. There has also been a great deal of coverage of Mr. Brockman's death. If the 404(b) evidence is admitted, publicity surrounding Mr. Brockman creates a large risk the jury will find Mr. Kepke guilty by association and that they will punish Mr. Kepke because Mr. Brockman cannot be punished. *See United States v. Bradley*, 5 F.3d 1317, 1321–22 (9th Cir. 1993) (reversing after finding that other acts evidence was unfairly prejudicial because it would adversely affect the jury's attitude toward the defendant,

12
MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE                    CASE NO. 3:21-CR-00155-JD

noting this danger was especially great because "the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged").

Evidence of Mr. Brockman's alleged fraud would also be unfairly prejudicial because Mr. Kepke's ability to mount a defense will be compromised by the age of the underlying events. As discussed, the government seeks to admit evidence of uncharged conduct going back to 1981. If this evidence is admitted, Mr. Kepke's " defense will be impaired by dimming memories and loss of exculpatory evidence." *Henderson*, 485 F. Supp. 2d at 840 (quoting *Doggett v. United States*, 505 U.S. 647, 654 (1992)). Evidence of this age is guarded against by multiple legal doctrines, including statutes of limitations and prohibitions on pre-indictment delay. The same policy considerations apply here. If evidence this aged is admitted, Mr. Kepke's ability to defend himself will be seriously and unfairly compromised.

Furthermore, there may be additional prejudicial impact depending on the form of the evidence the government intends to admit. The government does not specify how it plans to present the evidence laid out in its 404(b) Notice. The form of the evidence could have additional implications under Rule 403. For instance, the government could attempt to admit the information in a format that is more time consuming, which would further weigh in favor of excluding the evidence. Or the government could attempt to admit the evidence through a witness whose memory is incomplete, which would also counsel that the evidence should be excluded. Or the government could attempt to admit an exhibit that it has not yet produced in discovery and that Mr. Kepke would receive only shortly before trial. Mr. Kepke reserves the right to more fully address the analysis under Rule 403 once the government has provided additional information about how it seeks to admit the information described in its 404(b) Notice.

Last, although the 404(b) Notice is not clear, it seems that the government may seek to admit some of the categories of evidence in the notice in an effort to provide context for the admission of undercover communications, which the government has separately moved to admit as purported direct evidence or under Rule 404(b). (ECF No. 66.) But, as Mr. Kepke argues, the undercover communications are inadmissible because they are not direct evidence of the charged

crimes, do not satisfy the requirement of Rule 404(b), and are unfairly prejudicial under Rule 403. (ECF No. 72.) No such background evidence is accordingly necessary. Additionally, the admission of other acts evidence to provide context for other Rule 404(b) evidence would compound and amplify the prejudicial impact of both categories of evidence.

Evidence related to Mr. Brockman's tax fraud must be excluded under Rule 403 because its admission would require an extensive mini trial and cause Mr. Kepke unfair prejudice on multiple grounds.

**IV.　CONCLUSION**

For the foregoing reasons, the government should be precluded from offering prejudicial character evidence in the form of Mr. Brockman's alleged tax fraud.

Respectfully submitted,

Dated: September 30, 2022

By: /s/ *Grant P. Fondo*
GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
DAVID R. CALLAWAY (SBN 121782)
DCallaway@goodwinlaw.com
RICHARD M. STRASSBERG (*pro hac vice*)
RStrassberg@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
CARLOS E. KEPKE

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **September 30, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **September 30, 2022** in Los Altos, California.

                                            /s/ *Grant P. Fondo*
                                               GRANT P. FONDO