# EXHIBIT 2



**U.S. Department of Justice**

Tax Division

*Western Criminal Enforcement Section*
*P.O. Box 972*
*Washington, D.C. 20044*
*202-514-5762 (v)*
*202-514-9623(f)*

REZ:LJW:CJSmith
DJ 5-11-24264
CMN 2019200585

October 9, 2020

Mark Filip
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004

Re:   Robert F. Smith – Non-Prosecution Agreement

Dear Mr. Filip,

As you know, the U.S. Department of Justice Tax Division, the United States Attorney's Office for the Northern District of California, and the Internal Revenue Service-Criminal Investigation ("IRS-CI") have been investigating your client, Robert F. Smith, in regard to suspected criminal violations of the Internal Revenue Code, Title 26, United States Code and related violations of Title 31, Report of Foreign Bank and Financial Accounts ("FBAR"). After careful consideration of Robert F. Smith's conduct and all of the surrounding circumstances, the Tax Division and the United States Attorney's Office for the Northern District of California hereby extends this Non-Prosecution Agreement (the "Agreement") to Robert F. Smith per the following terms and conditions:

1. **Term of the Agreement.** The term of this Agreement shall be five (5) years, beginning on the date of signing this agreement, unless there is a breach as set forth in paragraph 4 and 5. Obligations hereunder survive the term of this Agreement only where this Agreement expressly so provides.

2. **Acknowledgment of Facts.** Robert F. Smith acknowledges and agrees that the Statement of Facts as set forth in Attachment A, is truthful and accurate. He acknowledges and agrees that the Statement of Facts accurately describes the tax evasion scheme in which he participated, namely that he used the Excelsior Trust and Flash Holdings entities to willfully conceal taxable income paid to those entities, that he completely and unilaterally controlled said income which he knew was taxable to him, and further, that he affirmatively acted to conceal the income from the Internal Revenue Service ("IRS") (the "Scheme"). In addition, Robert F. Smith acknowledges that as a part of the Scheme, he willfully did not timely and accurately

*Robert F. Smith*
*Non-Prosecution Agreement*
*Page - 2 -*

report to the IRS and the United States his financial interest in, and signatory authority over, the foreign bank accounts described in the Statement of Facts.

    3.    **Cooperation**. It is understood that during and under the terms of this Agreement Robert F. Smith shall continue to cooperate by:

(a) truthfully and completely disclosing all information with respect to the activities of himself, and others, concerning all matters about which the United States including but not limited to the Department of Justice Tax Division, IRS-CI, and the United States Attorney's Office for the Northern District of California inquires of him, which information can be used for any purpose;

(b) truthfully and completely providing full and meaningful cooperation to the United States, including but not limited to the Department of Justice, IRS-CI, and the United States Attorney's Office for the Northern District of California regarding other individuals involved in the Scheme, and other similar schemes of which he has knowledge, and such other matters that the United States may inquire of him. Any assistance Robert F. Smith may provide to federal criminal investigators shall be pursuant to the specific instructions and control of the United States and its designated investigators. Robert F. Smith's cooperation under this Agreement shall continue for a period of five (5) years from the date this Agreement is fully executed, however, he shall cooperate fully with the United States in all matters the United States inquires of him during this Agreement until the conclusion of such matters, whether those matters are concluded within the five-year term of this Agreement;

(c) withdrawing from any and all joint defense agreements previously entered into with other individuals who were involved in the Scheme, or were involved in similar schemes;

(d) attending all meetings at which the United States requests his presence, at a mutually convenient location;

(e) providing to the United States, upon request, any document, record, or other tangible evidence, except for those subject to valid claims of attorney-client privilege, work product protections, or other privileges, if any, other than those expressly waived including those described in Paragraph 3(g), relating to matters about which the United States, or any designated law enforcement agencies, inquire of him;

(f) truthfully testifying before the grand jury, at any trial, and other court proceeding as requested by the United States, except for testimony subject to valid claims of attorney-client privilege, work product protections, or other privileges, if any, other than those expressly waived including those described in Paragraph 3(g);

(g) withdrawing, and otherwise waiving, any and all objections in proceedings involving the review of evidence, both electronic and documentary, seized by IRS-CI including signing and filing in the respective federal district courts at the time of execution of this Agreement, the attached pleadings entitled, "Robert Smith's Withdrawal of Objections and Waiver of Privilege" (Attachments B and C), said pleadings intended to constitute a full waiver of any and all attorney/ client and attorney work product privileges applicable to this evidence, and otherwise abandoning any litigation contesting the United States' requests for this evidence, and waiving attorney-client privilege, work product protection, and other applicable privileges, if any, as to the Scheme, including the creation, operation and concealment of the Excelsior / Flash structure and to any aspect of his  relationship or dealings with Individuals A and B, as defined in

*Robert F. Smith*
*Non-Prosecution Agreement*
*Page - 3 -*

Attachment A – Statement of Facts. For avoidance of doubt, nothing herein shall be construed as a waiver of attorney-client privilege, work product protection, or other applicable privileges, if any, during the representation of Robert F. Smith by any of the counsel or law firms that have advised him in this criminal investigation;

(h) paying all federal income tax, penalties, and interest owed to the IRS, as determined by the IRS, pursuant to his participation in the Scheme, in the amount of $56,278,125 for calendar years 2000 through 2014, and waiving any objection to the imposition of the civil fraud penalty, under Title 26 U.S.C. § 6663, on the tax due as determined by the IRS. A partial payment to the United States totaling one-half of this amount owed to the IRS shall be made at or before the execution of this Agreement with equal quarterly payments made thereafter to the United States, and payment in full no later than eighteen (18) months after the execution of this Agreement. The amount of tax, penalty, and interest due pursuant to this sub-paragraph shall not be reduced by a carryback, deduction, loss, credit, or other tax benefit of any kind which is, or may become available. A separate payment of tax associated with the 2015 calendar year will be made by Robert F. Smith to the IRS, together with an Amended Income Tax Return for the 2015 calendar year, reflecting previously unreported income from the Scheme. Robert F. Smith shall also waive any objection to the imposition of the civil fraud penalty, under Title 26, U.S.C. § 6663, on the additional tax due and paid for the 2015 calendar year as reflected on the Amended Income Tax Return that Robert F. Smith will file.

(i) paying all penalties and interest computed by the IRS, pursuant to Title 31 U.S.C. §§5314 and 5322, in the amount of $82,930,165, related to Robert F. Smith's failure to timely file truthful and accurate Foreign Bank Account Reporting Forms TD F 90-22.1 ("FBARs"), reporting his financial interest in the foreign bank accounts referenced in the Statement of Facts for the calendar years 2012, 2013, and 2014. A partial payment to the United States totaling one-half of this amount of the FBAR penalties and interest shall be made at or before the execution of this Agreement with equal quarterly payments made thereafter to the United States, and payment in full no later than eighteen (18) months after the execution of this Agreement. The amount of tax, penalty, and interest due pursuant to this sub-paragraph shall not be reduced by a carryback, deduction, loss, credit, or other tax benefit of any kind which is, or may become available.

(j) beginning in 2019, fully and accurately reporting to the IRS and United States all of his offshore financial interests, transactions, and income, as required by United States statutes and regulations;

(k) abandoning his protective, or tentative, claims for refund totaling $182,138,000 filed with the IRS consisting of a (i) a protective refund claim submitted to the IRS on May 12, 2017 for amounts paid in connection with the submission pursuant to the Streamlined Domestic Offshore Procedures, and (ii) protective refund claims filed with the IRS for charitable contribution deductions on September 21, 2018, and October 11, 2019, in connection with the contributions to Fund II Foundation, and any other claims related to the disposition of unreported income that was part of the Scheme, and take no further direct or indirect tax benefit from such claims;

(l) cooperating with the IRS, including signing at the time of execution of this Agreement the attached closing agreements with the IRS relating to his tax liabilities and FBAR liabilities (Attachments D and E), and cooperating with the IRS in all audits of Robert F. Smith's federal income tax returns, to ensure Robert F. Smith is in full compliance with all applicable federal income tax statutes;

(m) bringing to the Department of Justice Tax Division's or the United States' attention

*Robert F. Smith*
*Non-Prosecution Agreement*
*Page - 4 -*

all other crimes, in addition to those committed as part of the Scheme, which Robert F. Smith has committed, and all other criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and

(n) committing no crimes whatsoever.

4. **Violation of Agreement.** It is understood that should the Department of Justice Tax Division or the United States Attorney's Office for the Northern District of California determine in its sole discretion that Robert F. Smith has knowingly given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, then:

(a) Robert F. Smith shall thereafter be subject to prosecution for any federal criminal violation of which the United States has knowledge, including crimes relating to the Scheme set forth in the Statement of Facts (Attachment A), perjury, and obstruction of justice; and any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement for Robert F. Smith to waive all defenses based on the statute of limitations and the Speedy Trial Act (18 U.S.C. § 3161) with respect to any prosecution that is not time-barred on the date that this Agreement is signed. Robert F. Smith further agrees to the tolling of any applicable statute of limitations from August 13, 2020 until all the terms of this Agreement are fulfilled.

(b) All statements made by Robert F. Smith to the United States, or other designated law enforcement agents, and any testimony given by Robert F. Smith before a grand jury or other tribunal, whether prior or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against Robert F. Smith.

(c) Robert F. Smith shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule or regulation that such statements or any leads derived therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

(d) Robert F. Smith agrees to be subject to the jurisdiction of, and venue in, the United States District Court for the Northern District of California for any perjury, obstruction of justice, or false statement prosecutions related to any testimony or oral or written statements given in accordance with this Agreement. Robert F. Smith appoints his attorney, Mark Filip, as his agent to accept service of legal process, including subpoenas and summonses, in any proceeding instituted by the United States or IRS, or to which the United States or IRS is a party with respect to the crimes described above.

5. **No Repudiation or Contradiction of Statement of Facts**. Robert F. Smith agrees that he shall not, himself or through any agent or representative, make any statement, in litigation or otherwise, repudiating or contradicting the Statement of Facts associated with this Agreement (Attachment A). Any contradictory statement by Robert F. Smith or his agent shall constitute a violation of this Agreement. If such a contradictory statement is determined to constitute a violation of this Agreement, then Robert F. Smith thereafter shall be subject to

*Robert F. Smith*
*Non-Prosecution Agreement*
*Page - 5 -*

prosecution for his participation in the Scheme, as described in the Statement of Facts (Attachment A), and waives his right to contest or object to these facts set forth therein. The decision as to whether any contradictory statement will be imputed to Robert F. Smith for the purpose of determining whether Robert F. Smith has committed a violation of this Agreement shall be at the sole discretion of the United States. Upon the United States reaching a determination that a contradictory statement has been made by Robert F. Smith, the United States shall promptly notify Robert F. Smith in writing, and Robert F. Smith may avoid a violation of this Agreement by repudiating the statement in question both to the recipient of the statement and to the United States within seven (7) days after Robert F. Smith's receipt of notice. Robert F. Smith consents to the public release by the United States, in its sole discretion, of any repudiation.

6. **Public Record.** Robert F. Smith and the United States agree that upon execution of this Agreement, the Agreement and the associated Statement of Facts (Attachment A) and Closing Agreements with the IRS (Attachments D and E) shall be a matter of public record. Moreover, Robert F. Smith agrees to waive any and all statutory rights afforded to him under Title 26 U.S.C. § 6103 regarding the public disclosure of information contained in the Statement of Facts.

7. **Agreement Not to Prosecute.** If the Department of Justice Tax Division and the United States Attorney's Office for the Northern District of California determine that Robert F. Smith has fully complied with the terms of this Agreement, then the Department of Justice Tax Division and the United States Attorney's Office for the Northern District of California agree not to criminally prosecute Robert F. Smith for any federal crimes arising from the Scheme, as generally described in the Statement of Facts (Attachment A) to include (i) any attempt to defraud the United States, evade or defeat tax, or any fraud or false statements on any documents subscribed to the Internal Revenue Service ("IRS") for the tax years 2000 through 2015; and (ii) Robert F. Smith's failure to timely file truthful and accurate Foreign Bank Account Reporting Forms TD F 90-22.1 ("FBARs"), reporting his financial interest in the foreign bank accounts for the calendar years 2012 through 2019. This Agreement does not provide any protection against prosecution for any future conduct by Robert F. Smith, or for any misconduct not disclosed by Robert F. Smith during this investigation.

8. **Limits on this Agreement.** Other than the Department of Justice Tax Division, the United States Attorney's Office for the Northern District of California, and IRS-CI, this Agreement does not bind any other component of the Department of Justice or any other federal, state, or local law enforcement or regulatory authority.

9. **Totality of this Agreement.** This Agreement sets forth all of the terms of the Non-Prosecution Agreement between Robert F. Smith and the United States. It constitutes the complete and final agreement between the United States and Robert F. Smith in this matter. There are no other agreements, written or otherwise, modifying the terms, conditions, or obligations of this Agreement. No future modifications or additions of this Agreement, in whole or in part, shall be valid unless they are set forth in writing and signed by the United States, Robert F. Smith, and Robert F. Smith's counsel.

*Robert F. Smith*
*Non-Prosecution Agreement*
*Page - 6 -*

_____  Date  10/10/2020
RICHARD E. ZUCKERMAN
Principal Deputy Assistant
Attorney General
Tax Division

_____  Date  10/13/2020
DAVID L. ANDERSON
United States Attorney
Northern District of
California

AGREED AND CONSENTED TO:

_____  OCT 9, 2020
Robert F. Smith                  Date

APPROVED:

_____  Date signed  Oct 9, 2020
Mark Filip
Kirkland & Ellis LLP
Attorney for Robert F. Smith

_____  Date signed  Oct 9, 2020
W. Neil Eggleston
Kirkland & Ellis LLP
Attorney for Robert F. Smith

_____  Date signed  October 9, 2020
Emily P. Hughes
Kirkland & Ellis LLP
Attorney for Robert F. Smith

*Robert F. Smith*
*Non-Prosecution Agreement*
*Page - 7 -*

_____
**Mark E. Matthews**
**Caplin & Drysdale, Chartered**
**Attorney for Robert F. Smith**

Date signed    Oct 9, 2020

_____
**Scott D. Michel**
**Caplin & Drysdale, Chartered**
**Attorney for Robert F. Smith**

Date signed    OCTOBER 9, 2020