GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DAVID R. CALLAWAY (SBN 121782)
*DCallaway@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA  94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

RICHARD M. STRASSBERG (*pro hac vice*)
*RStrassberg@goodwinlaw.com*
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

Attorneys for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>CARLOS E. KEPKE,<br><br>              Defendant. | Case No. 3:21-CR-00155-JD<br><br>**UNOPPOSED EX PARTE MOTION TO EXCUSE PRESENCE OF CARLOS KEPKE AT OCTOBER 17TH HEARING; DECLARATION IN SUPPORT OF MOTION; [PROPOSED] ORDER**<br><br>Date:        October 17, 2022<br>Time:       10:30 a.m.<br>Courtroom: 11<br>Judge:     Hon. James Donato |

1

**EX PARTE MOTION**

2      Pursuant to Criminal Local Rules 47-1, 47-3, and 2-1, Civil Local Rule 7-11, and Federal

3 Rule of Criminal Procedure 43, Defendant Carlos E. Kepke ("Kepke"), by and through his

4 counsel, hereby respectfully moves the Court to issue an Order excusing the in-person presence of

5 Mr. Kepke at the motions hearing and status conference on October 17, 2022.

6      Good cause in support of this motion is set forth more fully in the attached declaration of

7 Grant P. Fondo ("Fondo Decl."), counsel for Mr. Kepke, including a more detailed discussion of

8 Mr. Kepke's current medical condition. Briefly, Mr. Kepke, who is an eighty-three-year-old long-

9 term resident of Houston, Texas, has an extended history of heart disease and heart failure, having

10 suffered two heart attacks and other heart-related medical procedures. Fondo Decl., ¶¶ 2, 6-9.

11 The most recent heart attack, in late 2019, required triple-bypass open-heart surgery and involved

12 complications that resulted in an extended stay in the intensive care unit. Fondo Decl., ¶¶ 6-9.

13 Given Mr. Kepke's age and health condition, Mr. Kepke understands—and waives—his rights to

14 personally appear under Rule 43 of the Federal Rules of Criminal Procedure. *Id.*, ¶ 11.  Mr.

15 Kepke fully intends to appear personally at the Pretrial Conference, which was recently continued

16 to November 21, 2022 at 1:30 p.m.

17      The Government does not object to Mr. Kepke appearing remotely. *Id.* ¶ 12.

18
19                                          Respectfully submitted,

20 Dated: October 7, 2022          By: _____
21                                          GRANT P. FONDO (SBN 181530)
                                            *GFondo@goodwinlaw.com*
22                                          RICHARD M. STRASSBERG (*pro hac vice*)
                                            *RStrassberg@goodwinlaw.com*
23                                          DAVID R. CALLAWAY (SBN 121782)
                                            *DCallaway@goodwinlaw.com*
24                                          **GOODWIN PROCTER** LLP

25                                          Attorneys for Defendant:
                                            CARLOS E. KEPKE
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF GRANT P. FONDO

I, Grant P. Fondo, declare as follows:

1.    I am a partner with the law firm Goodwin Procter LLP and a member of the bar of this Court, and I represent Defendant CARLOS E. KEPKE ("Kepke") in the above-captioned matter.  I submit this declaration in connection with the Unopposed Ex Parte Motion to Excuse the Presence of Carlos Kepke at the October 17, 2022 hearing.  Unless stated otherwise, this declaration is based on my personal knowledge; if called as a witness I could and would testify as follows:

2.    Kepke, an eighty-three-year-old long-term resident of Houston, Texas, made his initial appearance in the above-captioned matter on April 22, 2021 by Zoom videoconference, before Magistrate Judge Jacqueline Scott Corley.  Judge Corley then entered an order setting Kepke's conditions of release and setting a status conference hearing for June 30, 2021 before Judge James Donato.

3.    On June 30, 2021, Kepke appeared before Judge Donato by Zoom videoconference.  Judge Donato then entered an order setting a status conference for October 13, 2021.

4.    On November 1, 2021, Kepke appeared before Judge Donato by Zoom videoconference. Judge Donato entered an order setting a conference for January 24, 2022.

5.    On January 24, 2022, Kepke appeared before Judge Donato by Zoom videoconference.  Judge Donato then entered an order setting a status conference for March 21, 2022.

6.    Kepke is retired, and a long-time resident of Houston, Texas.  Kepke, whose family has a history of heart disease, has himself suffered two heart attacks, various heart-related medical procedures, and additional health issues, which are not detailed herein for the sake of brevity.

7.    Kepke suffered his first heart attack in 1971 resulting from blockage in his coronary arteries.  As a result, Kepke spent over a week in the intensive care unit (the "ICU") and has seen a cardiologist every year since 1971 to monitor his coronary arteries.

8.      Kepke suffered his second heart attack in November 2019.  The second heart attack required invasive procedures and an extended stay in the ICU.  While still recovering from his second heart attack in the ICU, Kepke experienced acute atrial fibrillation.  Kepke's acute atrial fibrillation required repeated electrical shocks to his heart and immediate triple-bypass open-heart surgery.  While medical professionals performed the triple-bypass open-heart surgery, they discovered a seventy-five percent (75%) blockage in Kepke's heart as a result of stenosis and calcium deposits.  This significant blockage likely would have been fatal to Kepke had it not been discovered during the triple-bypass open-heart surgery.  Following his triple-bypass open-heart surgery, Kepke again suffered complications including an irregular heartbeat that required additional electrical shocks to his heart.

9.      I understand that Kepke's previous atrial-fibrillation episodes significantly increase his risk of future episodes of atrial fibrillation.  In addition, the calcium deposits in Kepke's arteries make it impossible for Kepke to receive a stent—a common treatment for artery narrowing—forcing Kepke to take several medications and to receive regular monitoring for further blockage.  As a result of Kepke's cardiac conditions, Kepke is regularly monitored for a weakened aortic valve that may require a replacement.  At his advanced age, there is no guarantee Kepke would survive extensive, invasive surgeries, let alone a third cardiac arrest.

10.     Appearing in person at the October 17, 2022 conference would require Kepke to travel between Houston and San Francisco, including:

    a.   At least two days of travel including two flights, between San Francisco and
         Houston, Texas;

    b.   At least one night of hotel lodging;

    c.   Transportation to and from the San Francisco Airport; and

    d.   Transportation to and from the Court.

11.     I have previously advised Kepke of his rights under Rule 43 of the Federal Rules of Criminal Procedure.  Kepke has confirmed that he waives any right to attend the October 17, 2022 conference in person.

12.     On October 3, 2022, I spoke with counsel for the United States, AUSA, Michael

3

1    Pitman and Corey Smith, to determine whether the Government had any objection to Kepke's in-

2    person absence at the October 17, 2022 conference.  On October 7, 2022, AUSA Pitman

3    confirmed that the government had no objection to Kepke appearing remotely for the hearing on

4    October 17, 2022.

5

6        I declare under penalty of perjury under the laws of the United States of America that the

7    foregoing is true and correct.

8        Executed on October 7, 2022.

9                                                              _____

10                                                             GRANT P. FONDO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2        Upon consideration of the Unopposed Ex Parte Motion of Defendant Carlos E. Kepke

3  ("Kepke") and the Declaration of Grant P. Fondo, IT IS HEREBY ORDERED as follows:

4        1.      Kepke's personal appearance is waived for the October 17, 2022 motions hearing

5  and status conference.

6        2.      Kepke is not required to attend in-person the October 17, 2022 motions hearing

7  and status conference.

8

9        **IT IS SO ORDERED**

10

11  Dated: _____, 2022    _____

12                              HON. JAMES DONATO
                                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 7, 2022**. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 7, 2022**.

_____
GRANT P. FONDO
RICHARD M. STRASSBERG
DAVID R. CALLAWAY

6