GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DAVID R. CALLAWAY (SBN 121782)
*DCallaway@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA  94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

RICHARD M. STRASSBERG (*pro hac vice*)
*RStrassberg@goodwinlaw.com*
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

Attorneys for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Case No. 3:21-CR-00155-JD<br><br>**CARLOS KEPKE'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE RELATED TO ROBERT BROCKMAN'S ALLEGED TAX FRAUD**<br><br>Date:   October 17, 2022<br>Time:   10:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:   Hon. James Donato |

## I. INTRODUCTION

In its opposition, the government concedes that it will not offer at trial any evidence regarding the legality of Mr. Robert Brockman's foreign trust structure. The remaining subjects about which the government seeks to put on evidence concern the structure of Mr. Brockman's trust as created in 1981, Mr. Kepke's relationship with Mr. Brockman and Mr. Tamine, and Mr. Brockman's referral of Mr. Smith to Mr. Kepke in 2000. Mr. Kepke does not dispute the discrete points that Mr. Brockman was his client, that Mr. Kepke creates foreign trust structures and did so for Mr. Brockman, or that Mr. Brockman referred Mr. Smith to Mr. Kepke. The other evidence the government seeks to admit, however, should be excluded. The government fails to explain why forty years of evidence about Mr. Kepke's work for and relationship with Mr. Brockman and Mr. Tamine is relevant, particularly because this evidence would only theoretically be relevant if the government established that Mr. Brockman's trust was illegal. The government's motion should consequently be denied.

## II. ARGUMENT

The government concedes in its opposition that it does not intend to put in any evidence that suggests that Mr. Brockman's foreign trust structure was illegal. The government asserts that "[t]he legality of Brockman's foreign trust/tax shelter will not be before the jury, and the government does not intend to raise those questions in this trial" and that the government will not put on any evidence that would "require consideration of the legality of Brockman's foreign trust" and will not "'put[] Brockman's trust on trial.'" (Opp'n at 8 (ECF No. 95).) The government later adds that it "does not intend to introduce Brockman's income tax returns into evidence or evidence that establishes that the returns are false," and that "[t]he Brockman Evidence will not accuse Defendant of being involved in uncharged criminal behavior or other 'bad acts.'" (*Id.* at 10.)

Based upon these broad and unequivocal representations, the defense understands that the government will not present any evidence that would tend to directly prove or implicitly suggest that Mr. Brockman's trust structure was improper. By way of example, Mr. Kepke understands that the government will not present any evidence regarding Mr. Brockman's alleged use of code

1

REPLY ISO MOTION *IN LIMINE* NO. 1                                        CASE NO. 3:21-CR-00155-JD

words, code names, encrypted email, backdating documents, avoiding the use of traceable phone lines, and evidence destruction. (*See also* Opening Br. at 4 (ECF No. 90).) Mr. Kepke further understands that the government will not present any evidence tending to suggest that Mr. Brockman's trust was a sham, or used to avoid paying taxes. Mr. Kepke also understands that the government will not present any evidence regarding the purported "securitization" of Mr. Brockman's files. Mr. Kepke accepts these representations.

This leaves a narrowed set of subjects about which the government does seek to put on evidence related to Mr. Brockman and Mr. Tamine. First, the government intends to admit evidence to establish that Mr. Kepke "participat[ed] in the creation of Brockman's trust, the AEBCT," contending this "constitutes circumstantial evidence of Defendant's knowledge and professional conduct regarding similar foreign trusts." (Opp'n at 10; *see also id.* at 7, 9.) Second, the government intends to offer evidence of Mr. Kepke's "working relationship" with Mr. Brockman and Mr. Tamine, asserting that it is probative of "Defendant's willfulness and lack of inadvertence or mistake." (*Id*. at 8, 10.) And third, the government plans to offer evidence that "in 2000 Brockman referred Smith to Defendant to create and manage a foreign trust/tax shelter." (*Id.* at *e.g.*, 7, 10.)

Mr. Kepke does not dispute that Mr. Brockman was his client, that Mr. Kepke created foreign trust structures for clients, including Mr. Brockman, or that Mr. Brockman referred Mr. Smith to Mr. Kepke to help set up a foreign trust structure. (*See also* Opening Br. at 6 (stating that "Mr. Kepke does not generally contest the admission of evidence related to Mr. Brockman that provides necessary context for evidence that is directly relevant to the charges").) Mr. Kepke remains concerned that a witness may be asked about these limited subjects and begin discussing Mr. Brockman's alleged tax fraud or efforts at avoiding government detection. In order to avoid this risk that a witness would open the door to reversible error, and in the interest of reaching agreement where possible, Mr. Kepke is open to the possibility of stipulations on these limited issues, along the lines articulated above.

Evidence beyond these three limited points has no relevance. The government argues that the evidence it seeks to admit is relevant to willfulness, knowledge, and lack of inadvertence and

mistake. (Opp'n at 5–6, 8, 9–10.) But the government never explains how the evidence proves these points, nor could it given its unequivocal representations that it does not seek to suggest that the Brockman trust was part of an illegal tax fraud. It is the government's burden to demonstrate that the proposed evidence tends to prove a material point, *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012), which in turn requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). The government has failed to carry its burden.

As to willfulness, evidence of Mr. Brockman's trust cannot illuminate whether Mr. Kepke violated a known legal duty unless the government establishes that Mr. Brockman's trust was illegal. *See Cheek v. United States*, 498 U.S. 192, 201–02 (1991) ("Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."). Again, the government has unequivocally said that it will not seek to establish the illegality of Mr. Brockman's trust structure. As a result, this evidence has no relevance to willfulness, knowledge, or lack of inadvertence and mistake. In any event, this is not a case involving a taxpayer's failure to file taxes or a tax preparer's filing of false returns, where inadvertence or mistake or lack of knowledge might be defenses. (Opp'n at 6, 9 (citing only cases involving failure to file taxes or filing of false tax returns).)

The government places a lot of emphasis on the undercover materials it has separately moved to admit, suggesting that the proposed evidence should be admitted because it would help provide context and corroboration for the undercover recordings. (Opp'n at 3–4, 7, 10.) But the recordings are not admissible, so the proposed evidence is unnecessary for this purpose. (*See* Carlos Kepke's Opp'n to Mot. to Admit Evidence of Undercover Contacts (ECF No. 72).) In fact, the government's opposition brief emphasizes why its motion to admit the undercover recordings should be denied. First, undercover statements regarding Mr. Brockman and Mr. Tamine have no relevance given the fact that the government concedes it will not establish the illegality of Mr. Brockman's trust. And second, the government's position that a second set of extrinsic evidence

is necessary to provide context for the first set of extrinsic evidence shows the undercover recordings would add even more unnecessary time to the trial.

In sum, because the government concedes that it will not put on any evidence that directly proves or indirectly suggests that Mr. Brockman's trust was illegal or improper, and because Mr. Kepke accepts that three discrete points are relevant, the remaining dispute is rather narrow. This disputed evidence should be excluded because the government seeks to admit 40 years of remote extrinsic evidence even though the evidence does not establish any material points, especially in light of the government's clear commitment that it will not put on any evidence that Mr. Brockman's trust was illegal or Mr. Kepke engaged in other "bad acts."

### III.   CONCLUSION

For the foregoing reasons, the government should be precluded from introducing evidence related to Mr. Brockman's foreign trust other than the fact that Mr. Brockman was Mr. Kepke's client, that Mr. Kepke created foreign trust structures for clients, including Mr. Brockman, and that Mr. Brockman referred Mr. Smith to Mr. Kepke to help set up a foreign trust structure.

Respectfully submitted,

Dated: October 11, 2022

By: /s/ *Grant P. Fondo*
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DAVID R. CALLAWAY (SBN 121782)
*DCallaway@goodwinlaw.com*
RICHARD M. STRASSBERG (*pro hac vice*)
*RStrassberg@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
CARLOS E. KEPKE

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 11, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 11, 2022** in Los Altos, California.

                                          /s/ *Grant P. Fondo*
                                            GRANT P. FONDO