UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Criminal Minutes

Date: October 20, 2022                                   Judge: Hon. James Donato

Court Reporter: Marla Knox

Time:           1 hour, 23 minutes
Case No.:       **21-cr-00155-JD-1**
Case Name:      **USA v. Carlos E. Kepke**

Attorneys for Government:   Michael G. Pitman and Boris Bourget
Attorneys for Defendant:    Grant P. Fondo, David Rossiter-Callaway, Richard Strassberg, and Sylvia R. Ewald

Deputy Clerk: Jean Davis

## PROCEEDINGS

Motion Hearings -- Held.

## NOTES AND ORDERS

For Dkt. No. 61, defendant's disclosures for expert witness Rodney Read did not adequately state the bases and reasons for his proposed opinion testimony under Fed. R. Crim. P. 16(b)(1)(C).  *See* Dkt. Nos. 61-1, 61-2, 61-3.  In lieu of excluding Read as a witness, and with the government's agreement, defendant will have an opportunity to disclose by October 28, 2022, the bases and reasons for each of the following opinions:

- Foreign asset protection trusts and foreign non-grantor trusts are valid and legal trust entities.

- It is not uncommon to establish a trust in a foreign jurisdiction that has a lower income tax rate than the United States in contemplation of potential United States income tax reduction or deferral.

- There are no legal prohibitions against appointing a beneficiary as the trust protector, which may include the power to remove and replace the trustee of a foreign trust. This arrangement does not necessarily affect the non-grantor status of the foreign trust.

- Foreign and domestic trustees alike owe a fiduciary responsibility to beneficiaries to ensure trust assets are being used exclusively for the benefit of a trust's beneficiaries and acting within the restrictions and limitations set forth in the trust documents.

- It is not uncommon for the beneficiary of a foreign trust to request that a trustee take certain actions or execute certain transactions, including investments or purchases. Generally, it is up to the trustee to review these requests and decide whether to accept or reject them.

- It is not uncommon that when an attorney identifies a trustee that is reliable and responsive, that the attorney continues to utilize the same trustee for other clients.

- When United States tax advantages and asset protection are the goals of the foreign trust, it is not uncommon for the foreign trust to own one or more offshore corporations whereby shares of stock in the offshore corporations are held as assets of the trust.

- It is not uncommon for a foreign trust to purchase an asset from a beneficiary, which then becomes an asset of the trust. The sale does not necessarily cause the beneficiary to become a grantor of the foreign trust.

Read's proposed testimony will be limited to these opinions, so long as their bases and reasons are adequately stated pursuant to this order. Any opinion that is not adequately supported will be excluded at trial.

For Dkt. No. 63, the motion is denied. The parties are advised that experts will not be permitted to give legal conclusions on an ultimate issue of law, or instruct the jury on the law.

For Dkt. No. 64, the motion is terminated as moot. The government will disclose all Fed. R. Evid. 1006 materials related to the testimony of IRS Agent James Oertel by October 24, 2022.

For Dkt. No. 90, the government may introduce evidence related to Robert Brockman solely for context and background. The government may not use evidence of Brockman's foreign trust structure or other circumstances to establish willfulness on defendant's part. Fed. R. Evid. 403.

For Dkt. No. 66, the government will provide defendant with a specific statement of the undercover evidence that it expects to introduce at trial by October 28, 2022. As a guiding principle, the Court will likely limit admission of the undercover evidence to statements and communications by defendant relevant to his knowledge or intent that offshore structures and trusts were designed to evade federal income taxes. Fed. R. Evid. 403, 404(b).

For Dkt. No. 81, the government is directed to produce by October 28, 2022, the documents summarized in the August 12, 2022, letter, Dkt. No. 80-3. For any redactions or withheld documents, the government is directed to provide by October 28, 2022, a log describing the reasons for withholding the information, in the manner of a privilege log.

The Court will address Dkt. No. 85 in a separate order.

The parties are directed to file proposed jury instructions by November 7, 2022.

The government is directed to produce by October 28, 2022, the IRS agent notes discussed at the hearing.

The parties are directed to meet and confer about coconspirator statements and an agreement on admissibility.