UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>CARLOS E. KEPKE,<br>　　　　Defendant. | Case No. 21-cr-00155-JD-1<br><br>**ORDER RE THE CLASSIFIED INFORMATION PROCEDURES ACT** |

　　　　Documents produced by the government to defendant Carlos Kepke indicated that attorneys from the National Security Division of the United States Department of Justice attended two meetings with Robert Smith, a witness for the prosecution, in August 2020. Dkt. No. 85-3 at 3.[1] Kepke says that before he was indicted, the government said it would submit certain information about Smith *ex parte* with the Court, and that it would not be required to disclose the information to the defense. *Id.* Kepke has put these circumstances together with a news article speculating about Smith and a "connection to a national security matter" to infer that the government may be withholding classified information that is relevant or helpful to his defense, which he asks to obtain. *Id.* at 3-4.

　　　　Rather than making a discovery request under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), Kepke relies primarily on the Classified Information Procedures Act (CIPA), and a pretrial conference provision with respect to use of "classified information" in a prosecution. 18 U.S.C. App. 3 § 2. Kepke says that, unless the government provides "unequivocal confirmation that it is not withholding exculpatory or material information

---

[1] Kepke and the government filed their briefs under seal. The proposed sealing is subject to further review by the Court.

related to Mr. Smith on the grounds that it is classified or on the basis of national security," he is entitled to a CIPA pretrial conference "to determine whether discoverable classified information exists." Dkt. No. 85-3 at 7.

The point is not well taken. To start, Kepke misconstrues the plain language of CIPA. CIPA is a procedural statute that does not enlarge or reduce the government's disclosure obligations to criminal defendants. *United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013). Congress enacted CIPA to establish safeguards for handling classified information before and during trial. *Id.* at 904; *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) ("Congress passed CIPA to prevent the problem of 'graymail,' where defendants pressed for the release of classified information to force the government to drop the prosecution.") The statute is not a basis for compelling discovery or disclosure, or forcing the government to make an "unequivocal confirmation" about classified information, as Kepke would have it. *See* Dkt. No. 85-3 at 7.

Kepke also misapprehends the record. The record indicates that none of the information disclosed to Kepke is "classified information" as defined in Section 1 of CIPA, and so the procedural safeguards in Sections 2 through 6 for handling such information have no application. *See* 18 U.S.C. App. 3 § 1(a). The government represents that it "has not provided and does not intend to provide [Kepke] with any alleged classified information related to this prosecution." Dkt. No. 89 at 1. Consequently, there is no statutory basis for the pretrial conference Kepke requests because Section 2 is available "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 § 2. No such matters have arisen here because no classified information is in play. So too for the hearing provided in Section 6, which is available at the request of the United States after it has provided the defendant "with notice of the classified information that is at issue." *Id.* §§ 6(a), (b)(1). The predicate of classified information for this provision is again missing.

Kepke responds to these facts with pure speculation. He suggests that the presence of national security personnel at a few meetings with a witness "is not an everyday occurrence," but that is a far cry from being the "explicit evidence" he believes it is that "exculpatory and material classified information exists" in the government's possession. Dkt. No. 85-3 at 7. The fact that a

2

journalist engaged in equally speculative musings about Smith does not bolster Kepke's position. *See id.* at 3-4. To the extent Kepke sees telltale signs in the government's mention of an *ex parte* proceeding, he again misreads CIPA. The statute expressly provides for *ex parte* submissions, with an eye towards ensuring that a defendant will obtain all "relevant and helpful" information. *Sedaghaty*, 728 F.3d at 904; *see also* 18 U.S.C. App. 3 § 4. Overall, Kepke has not offered a concrete fact that might make his inference something other than guesswork.

This resolves the CIPA request against Kepke. A rather passing mention in his brief of discovery under Rule 16 and *Brady*, which was not the thrust of his argument, also provides no grounds for relief. *See* Dkt. No. 85-3 at 1, 8.

The familiar due process rule of *Brady* is that "the government must disclose information favorable to the accused that is 'material either to guilt or to punishment.'" *United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016) (quoting *Brady*, 373 U.S. at 87). This obligation reflects "our overriding concern with the justice of the finding of guilt." *United States v. Agurs*, 427 U.S. 97, 112 (1976). To that end, the government's interest in a criminal case is not to win by depriving a defendant of potentially exculpatory evidence, but to be forthcoming with information to ensure "that justice shall be done." *Kyles v. Whitley*, 514 U.S. 419, 439 (1995) (internal quotation omitted). Evidence is material for *Brady* purposes "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Hooper v. Shinn*, 985 F.3d 594, 619 (9th Cir. 2021) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

"It is the government, not the defendant or the trial court, that decides *prospectively* what information, if any, is material and must be disclosed under *Brady*." *Lucas*, 841 F.3d at 807 (emphasis in original). While the Ninth Circuit has "encouraged the government to submit close questions regarding materiality to the court for *in camera* review, the government is not required to do so," and "*Brady* does not permit a defendant to sift through information held by the government to determine materiality." *Id.* (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60 (1987)). An order compelling disclosure or *in camera* review is warranted only if the defendant

3

carries the "initial burden of producing some evidence to support an inference that the government possessed or knew about material favorable to the defense and failed to disclose it." *United States v. Liew*, 856 F.3d 585, 604 (9th Cir. 2017) (quoting *United States v. Price*, 566 F.3d 900, 910 (9th Cir. 2009)).

Kepke has not demonstrated grounds for relief under *Brady* or Rule 16. At the motion hearing, the Court pressed Kepke's counsel for a good reason why evidence that Smith might be connected to national security matters would be material to Kepke's defense. *See United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) (when a defendant "requests specific evidence under *Brady*, he must show that it is material."). To be clear, the possibility of such evidence was raised solely for the purpose of discussion. Counsel did not offer a good reason, and instead forthrightly acknowledged that "we are speculating, Your Honor, because we don't know." Hrg. Tr. at 49:1-2. The same is true for Kepke's brief, which again offered nothing more than speculation to the effect that the government has withheld material and favorable evidence about Smith. *See* Dkt. No. 85-3 at 3-8. This is not a basis for relief under *Brady* or Rule 16. *See United States v. Stinson*, 647 F.3d 1196, 1208 (9th Cir. 2011) (court "need not make such documents available based on mere speculation about materials in the government's files") (internal quotation omitted); *United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) ("mere speculation about materials in the government's files" does not "require the district court to make those materials available, or mandate an *in camera* inspection"); *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (under Rule 16, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice") (internal quotation omitted).

Kepke's position is all the more doubtful in light of the fact that the government has produced Smith's non-prosecution agreement, grand jury transcript, income tax returns, and financial records, and numerous memoranda of interview of Smith's meetings with the government. Dkt. No. 89 at 4; Dkt. No. 92-3 at 1 (Kepke's reply brief acknowledging that the government has produced "significant" information about Smith). Kepke has an abundance of material with which to cross-examine Smith at trial, and to provide "a full and meaningful presentation of his claim to innocence." *Sedaghaty*, 728 F.3d at 903; *see also United States v.*

4

*Wilkes*, 662 F.3d 524, 535-36 (9th Cir. 2011) (defendant was not prejudiced by non-disclosure of proffer sessions of a cooperating witness because the jury had evidence of the witness's immunity agreement and involvement in the charged criminal scheme).

Overall, Kepke has not come close to demonstrating a need for further disclosures from the government under CIPA or *Brady* and Rule 16. The motion is denied in all respects.

**IT IS SO ORDERED.**

Dated: October 28, 2022

JAMES DONATO
United States District Judge