STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:    (408) 535-5040
Facsimile:    (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:    (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Criminal No. 3:21-CR-00155-JD<br><br>**UNITED STATES' MOTION IN LIMINE TO ADMIT CO-CONSPIRATOR STATEMENTS OF ROBERT BROCKMAN UNDER FED. R. EVID. 801(d)(2)(E)**<br><br>Hearing.:   November 21, 2022<br>Time:       1:30 a.m.<br>Place:      Courtroom 11, 19th Floor |

The United States of America ("United States"), pursuant to the Court's October 20, 2022, Minute Order, *ECF 104*, moves to admit out-of-court statements made by ROBERT BROCKMAN ("Brockman") in or about December 1999, through witness Robert Smith ("Smith"), as non-hearsay under Fed. R. Evid 801(d)(2)(E), or in the alternative as non-hearsay not offered for the truth of the matter asserted, but to establish the effect of the statement on the listener – Robert Smith, and his actions in conformity therewith.  Defendant was provided notice of the government's intent to offer evidence

GOVERNMENT'S MOTION IN LIMINE
FOR THE ADMISSION OF STATEMENTS
BY ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

1

during trial under Fed. R. Evid 801(d)(2)(E) on August 15, 2022, again on November 3, 2022, and more specifically, again on November 5, 2022.  (*See Exhibits 1, 2, and 3 filed herewith*).

It is expected that Smith will testify that in or about December 1999 Brockman verbally instructed him to retain Defendant to create the offshore trust ("Excelsior") and wholly owned Limited Liability Corporation ("Flash Holdings, LLC).  Pursuant to Brockman's direction, the Excelsior/Flash structure was created to receive and hold a portion of the carried interest and capital gain income distributed from the private equity company, Vista Equity Partners ("Vista"), which Smith and Brockman formed in or about January 2000.  To form Vista, Brockman, through his offshore LLC Point Investments ("Point"), invested approximately $800 million with Smith which included a guaranteed rate of return of 8%, compounded annually.  Smith personally guaranteed Brockman's investment and 8% rate of return.  To protect this investment, Brockman required Smith to deposit a portion of his (Smith's) Vista earnings into a Flash Holdings bank account in a foreign jurisdiction using a structure that would avoid United States income taxes.  Smith is expected to testify that Defendant created the Excelsior/Flash structure, which is the subject of the charges against Defendant, for this purpose.

## ARGUMENT

The statement(s) made by Brockman to Smith referenced herein are not hearsay and are admissible as statements of a co-conspirator, under Fed. R. Evid 801(d)(2)(E), or alternatively, as non-hearsay, not offered for the truth of the matter of asserted, but to show the effect of the statement on the listener – Smith. *See United States v. Cedeno-Cedeno*, 2016 WL 4376845 *8 (SDCA 2016)(*unpublished) citing United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) *and United States v. Connelly*, 395 Fed. Appx. 407, 408 (9th Cir. 2010)(*Unpublished*)(out-of-court statement by government of Columbia to United States Coast Guard admitted as non-hearsay to show effect on the listener and provide context to United States Coast Guard's actions).

A coconspirator's statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v.*

GOVERNMENT'S MOTION IN LIMINE
FOR THE ADMISSION OF STATEMENTS
BY ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

2

*Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000). Generally, statements are in furtherance if they are intended to promote the conspiratorial objectives, induce enlistment or further participation in the group's activities, prompt further action on the part of conspirators, explain events important to the conspiracy in order to facilitate its operation, provide reassurance and maintain trust and cohesiveness, inform participants of the current status of the conspiracy, identify a coconspirator, or are otherwise part of the information intended to help each conspirator perform his or her role. *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006); *United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988); *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007); *United States v. Doerr*, 886 F.2d 944, 951 (7th Cir. 1989). Mere conversations between coconspirators, or merely narrative declarations among them, are not made in furtherance of a conspiracy. *Yarbrough*, 852 F.2d at 1535. A statement can be in furtherance even though there may be different interpretations, so long as some reasonable basis exists for concluding that the statement furthered the conspiracy. *Doerr*, 866 F.2d at 952. Statements made by a coconspirator need not be made to a member of the conspiracy to be admissible under Rule 801(d)(2)(E). *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988). And the coconspirator's statement need only be intended to further the conspiracy, it need not actually do so. *Id.*

The coconspirator statements do not implicate *Crawford* because they are non-testimonial. *Crawford v. Washington*, 541 U.S. 36, 55 (2004) (stating that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial – for example, business records or statements in furtherance of a conspiracy."). *See also Giles v. California*, 554 U.S. 353, 375 n.6 (2008) (coconspirator hearsay does not violation the Confrontation Clause because "it [is] not (as an incriminating statement in furtherance of the conspiracy would probably never be) testimonial"); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005).

Here, Smith will testify that it was his understanding that Defendant had previously created an offshore trust for Brockman, which was managed for Brockman by Tamine.[1] Then, in or about December 1999, when Smith and Brockman created Vista, Brockman instructed Smith to retain

---

[1] Per the Court's October 20, 2022 Order, *ECF 104*, the government has no intention to introduce any evidence about the "legality" of the Brockman trust structure created for him by Defendant.

GOVERNMENT'S MOTION IN LIMINE
FOR THE ADMISSION OF STATEMENTS
BY ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

3

Defendant's services to create a similar offshore structure. According to Smith, Brockman not only wanted Smith and Defendant to create the Excelsior/Flash offshore structure, Brockman wanted the Excelsior/Flash structure created in a jurisdiction that would avoid scrutiny by the Internal Revenue Service.

Smith's testimony, corroborated by emails and correspondence between Smith and Defendant, establishes that the relationship between Defendant, Smith, Brockman, and Tamine constituted a criminal conspiracy as charged in Count One of the Indictment. The Indictment specifically states in Count One that Defendant was a member a conspiracy to defraud the United States with Smith, and others. Further, in its August 15, 2022 Notice to Defendant the United States informed Defendant of several individuals it deemed a member of this conspiracy. *See Exhibit 1*. On November 3, 2022, the United States added Brockman to this list. *See Exhibit 2*. The object of this conspiracy was to defraud the United States government, to wit: the Department of the Treasury, Internal Revenue Service, in the assessment and collection of federal income taxes owed by Smith on the income he deposited, under Brockman's direction, into the Excelsior/Flash structure created by Defendant. Brockman's directions to Smith, including the instruction to retain Defendant to create an offshore structure similar to the one Defendant created for Brockman, were statements in furtherance of this conspiracy and are admissible as non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(E).

In the alternative, Brockman's instructions to Smith constituted non-hearsay offered not for the truth of the matter asserted, but for the purpose of providing context to Smith's actions. These actions include: 1) retaining Defendant to create Excelsior and Flash; 2) depositing a portion of Vista profits in foreign bank accounts in Flash's name; and 3) engaging in these actions in a manner to evade paying United States income taxes. As in *Cedeno-Cedeno*, wherein out-of-court statements by the government of Columbia were admitted as non-hearsay to provide to show the "effect on the listener," i.e. the reason the U.S. Coast Guard boarded the ship Panga, here Brockman's instructions to Smith can be construed in the same manner. *Cedeno-Cedeno*, 2016 WL 4376845 *8 (SDCA 2016). Brockman's instructions to Smith in December 1999 will not be offered for the "truth of the matter asserted," but to provide context to Smith's actions, and that Smith acted in accordance with Brockman's instructions.

GOVERNMENT'S MOTION IN LIMINE
FOR THE ADMISSION OF STATEMENTS
BY ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

4

## CONCLUSION

Accordingly, the United States respectfully moves this Court for admission, through Smith's testimony, of Brockman's instruction and direction to Smith to retain Defendant to create the Excelsior/Flash foreign structure permitting Smith to deposit a portion of his Vista income offshore without incurring any United States income tax, and to guarantee his obligations to Brockman.

Respectfully submitted:  November 7, 2022

STEPHANIE M. HINDS
United States Attorney

*s/ Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
Tax Division
MICHAEL G. PITMAN
Assistant United States Attorney
BORIS BOURGET
Trial Attorney
Tax Division

GOVERNMENT'S MOTION IN LIMINE
FOR THE ADMISSION OF STATEMENTS
BY ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

5

# CERTIFICATE OF SERVICE

I the undersigned do hereby certify that on the 7th of November 2022, I electronically filed the foregoing Government's Motion *In Limine* to Admit Statements of Robert Brockman Under Fed. R. Evid. 801(d)(2)(E) with the ECF electronic filing system, which will send notice of electronic filing to counsel of record.

/s/Corey J. Smith
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230

Attorneys for United States of America

GOVERNMENT'S MOTION IN LIMINE
FOR THE ADMISSION OF STATEMENTS
BY ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

6