1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  MICHAEL G. PITMAN (DCBN 484164)
   Assistant United States Attorney
5  150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
6  Telephone:     (408) 535-5040
   Facsimile:     (408) 535-5081
7  Email: michael.pitman@usdoj.gov

8  COREY J. SMITH (MABN 553615)
   Senior Litigation Counsel
9  United States Department of Justice
   Telephone:     (202)514-5230
10 Email: corey.smith@usdoj.gov

11 Attorneys for United States of America

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15 UNITED STATES OF AMERICA,              Criminal No. 3:21-CR-00155-JD

16            Plaintiff,                  UNITED STATES' NOTICE OF INTENT TO
                                          OFFER OUT-OF-COURT STATEMENTS INTO
17            v.                          EVIDENCE

18 CARLOS E. KEPKE,                       Hearing.:    November 21, 2022
                                          Time:        1:30 a.m.
19            Defendant.                  Place:       Courtroom 11, 19th Floor

20

21

22         The United States of America ("United States") provides notice to Defendant of its intent to offer

23 into evidence at trial certain out-of-court statements by the Defendant and his coconspirators, as

24 permitted under the Federal Rules of Evidence.  The purpose of this pleading is to facilitate the

25 presentation of evidence and make efficient use of the Court's time by providing pretrial notice of

26 particular statements (as well as the applicable hearsay exceptions) that may raise evidentiary objections

27 which can be addressed prior to trial.  This Notice does not purport to identify every out-of-court

28 statement by Defendant or his coconspirators which the United States intends to introduce at trial, and

1   the United States explicitly reserves the right to offer into evidence at trial statements not specifically

2   identified herein.

3         The statements the United States intends to offer into evidence at trial include: (1) emails and

4   correspondence between Defendant and Robert Smith; 2) emails and correspondence between

5   Defendant and individuals at Banque Bonhote and personnel at other banks; 3) emails and

6   correspondence between Defendant and Glen Godfrey; 4) emails and correspondence between

7   Defendant and Emil Arguelles and other individuals associated with the Excelsior Trust and Flash

8   Holdings, LLC;  5) business, banking, and financial records of Vista Equity Partners, Banque Bonhote,

9   Price Waterhouse Coopers, and other financial institutions as listed in the attached spreadsheet; and 6)

10  statements by Defendant to an IRS CI undercover special agent from December 2017 through February

11  2018.

12        The evidence the government intents to offer into evidence in accordance with this notice is

13  enumerated in the spreadsheet attached to this notice.

14

15                               **POINTS AND AUTHORITIES**

16        The email and correspondence between Defendant and the individuals listed in this notice,

17  including Defendant's statements to the IRS CI undercover special agent, are admissible and not hearsay

18  under Fed. R. Evid. 801(d)(2)(A) (admission of a party opponent).  "A statement is not hearsay if the

19  statement is offered against a party and is his own statement in either his individual or representative

20  capacity.  Rule 801(d)(2)(A).  Cases interpreting section 801(d)(2)(A) are in agreement that statements

21  need not be incriminating to be admissions.  For statements to constitute admissions they need only

22  relate to the offense." *People of Territory of Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985).  Here,

23  the government intends to introduce Defendants own statements to a number of individual such as,

24  Glenn Godfrey, Emil Arguelles, Evatt Tamine, and others as evidence of his criminal conduct, i.e., the

25  creation and management of the Excelsior Trust and Flash Holdings, LLC to assist Robert Smith in

26  concealing substantial capital gain income from taxation.

27        The statements, emails and correspondence by Robert Smith to Defendant are not hearsay and

28  admissible as statements of a co-conspirator under Fed. R. Evid 801(d)(2)(E).   A coconspirator's

statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000). Generally, statements are in furtherance if they are intended to promote the conspiratorial objectives, induce enlistment or further participation in the group's activities, prompt further action on the part of conspirators, explain events important to the conspiracy in order to facilitate its operation, provide reassurance and maintain trust and cohesiveness, inform participants of the current status of the conspiracy, identify a coconspirator, or are otherwise part of the information intended to help each conspirator perform his or her role. *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006); *United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988); *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007); and *United States v. Doerr*, 886 F.2d 944, 951 (7th Cir. 1989). Mere conversations between coconspirators, or merely narrative declarations among them, are not made in furtherance of a conspiracy. *Yarbrough*, 852 F.2d at 1535. A statement can be in furtherance even though there may be different interpretations, so long as some reasonable basis exists for concluding that the statement furthered the conspiracy. *Doerr*, 866 F.2d at 952. Statements made by a coconspirator need not be made to a member of the conspiracy to be admissible under Rule 801(d)(2)(E). *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988). And the coconspirator's statement need only be intended to further the conspiracy, it need not actually do so. *Id.*

The coconspirator statements do not implicate *Crawford* because they are non-testimonial. *Crawford v. Washington*, 541 U.S. 36, 55 (2004) (stating that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial – for example, business records or statements in furtherance of a conspiracy."); *see also Giles v. California*, 554 U.S. 353, 375 n.6 (2008) (coconspirator hearsay does not violation the Confrontation Clause because "it [is] not (as an incriminating statement in furtherance of the conspiracy would probably never be) testimonial"); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005).

Here, the statements, emails and correspondence between Robert Smith and Defendant clearly fall into the rubric of Rule 801(d)(2)(E). It is expected that Smith will testify that he was directed to go

1  to Defendant by Brockman to set up and create the Excelsior/Flash Holdings structure to sequester a

2  portion of taxable income earned from Smith's company, Vista Equity Partners, in a foreign jurisdiction

3  for the purpose of concealing that income from the IRS and federal taxes.  The statements, emails, and

4  correspondence in this notice represents efforts by Smith and Defendant to achieve this objective.

5         Finally, the "records of regular conducted business activity" of Banque Bonhote, Vista Equity

6  Partners and Price Waterhouse Coopers satisfy the exception to the hearsay rule found in Fed. R. Evid.

7  803(6).  A business record not created for the purpose of litigation which represents a recordation of

8  regular business activity, relied upon for its accuracy in the conducting of business activity, and which is

9  properly authenticated, is admissible into evidence.  *See United States v. Siders*, 712 Fed. Appx. 601,

10  602-03 (9th Cir. 2017)(bank records admissible under Rule 803(6)); *United States v. Morales*, 720 F.3d

11  1194, 1199 (9th Cir. 2013)("business records" not prepared for litigation are not testimonial and do not

12  implicate the confrontation clause).   Here the business records in question satisfy all of the requirement

13  of Rule 803(6).  These records were all created prior to the instigation of this case in the ordinary course

14  of business, and will be authenticated under an applicable Certificate of Authenticity in accordance with

15  Fed. R. Evid 902(11), 18 U.S.C. § 3505, or a "qualified witness" with personal knowledge of the record,

16  its purpose, and reliance thereon to conduct business.

17         Wherefore, the United States respectfully provides notice of its intent to offer the above out-of-

18  court statements against Defendant during trial.

19

20                                  STEPHANIE M. HINDS
                                 United States Attorney

21

22                                 *s/ Corey J. Smith*
                               COREY J. SMITH

23                                 Senior Litigation Counsel
                               Tax Division

24                                 MICHAEL G. PITMAN
                               Assistant United States Attorney

25                                 BORIS BOURGET

26                                 Trial Attorney
                               Tax Division

27                                 Attorneys for United States of America

28