STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:     (408) 535-5040
Facsimile:     (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:     (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 3:21-CR-00155-JD |
| Plaintiff, | UNITED STATES' NOTICE OF INTENT TO OFFER OUT-OF-COURT STATEMENT OF ROBERT BROCKMAN UNDER FED. R. EVID. 801(d)(2)(E) |
| v. | |
| CARLOS E. KEPKE, | Hearing.:  November 21, 2022 |
| Defendant. | Time:      1:30 a.m. |
| | Place:     Courtroom 11, 19th Floor |

  The United States of America ("United States") provides notice to Defendant that for purposes of Count One of the Indictment ROBERT SMITH, ROBERT BROCKMAN and EVATT TAMINE are considered by the government to be co-conspirators of Defendant.

  Further, consistent with the Court's October 20, 2022, Minute Order, *ECF 104*, the government provides notice to Defendant that it intends to offer through the testimony of Robert Smith, a statement made by Robert Brockman in or about December 1999. Namely, in or about December 1999 Brockman

GOVERNMENT'S NOTICE OF INTENT
TO OFFER STATEMENT OF
ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

1

instructed Smith to retain Defendant to create an offshore trust ("Excelsior") and wholly owned Limited Liability Corporation ("Flash Holdings, LLC) for the purpose of holding and receiving offshore carried interest and capital gain income from the private equity company, Vista Equity Partners, for the purpose of avoiding income taxes in the United States.  And, that the funds deposited into bank accounts held in the name of Flash Holdings, LLC were intended to satisfy any future obligations Vista Equity Partners, and/or Smith, may have to Brockman, or entities associated with him.

       The statement(s) made by Brockman to Smith mentioned herein are not hearsay and admissible as statements of a co-conspirator under Fed. R. Evid 801(d)(2)(E).  A coconspirator's statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000).  Generally, statements are in furtherance if they are intended to promote the conspiratorial objectives, induce enlistment or further participation in the group's activities, prompt further action on the part of conspirators, explain events important to the conspiracy in order to facilitate its operation, provide reassurance and maintain trust and cohesiveness, inform participants of the current status of the conspiracy, identify a coconspirator, or are otherwise part of the information intended to help each conspirator perform his or her role.  *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006); *United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988); *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007); *United States v. Doerr*, 886 F.2d 944, 951 (7th Cir. 1989).  Mere conversations between coconspirators, or merely narrative declarations among them, are not made in furtherance of a conspiracy.  *Yarbrough*, 852 F.2d at 1535.  A statement can be in furtherance even though there may be different interpretations, so long as some reasonable basis exists for concluding that the statement furthered the conspiracy.  *Doerr*, 866 F.2d at 952.  Statements made by a coconspirator need not be made to a member of the conspiracy to be admissible under Rule 801(d)(2)(E).  *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988).  And the coconspirator's statement need only be intended to further the conspiracy, it need not actually do so.  *Id.*

GOVERNMENT'S NOTICE OF INTENT
TO OFFER STATEMENT OF
ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

2

The coconspirator statements do not implicate *Crawford* because they are non-testimonial. *Crawford v. Washington*, 541 U.S. 36, 55 (2004) (stating that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial – for example, business records or statements in furtherance of a conspiracy."). *See also Giles v. California*, 554 U.S. 353, 375 n.6 (2008) (coconspirator hearsay does not violation the Confrontation Clause because "it [is] not (as an incriminating statement in furtherance of the conspiracy would probably never be) testimonial"); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005).

Here, Smith will testify that it was his understanding that Defendant had previously created an offshore trust for Brockman, which was managed for Brockman by Tamine. Then, in or about December 1999, when Smith and Brockman created Vista Equity Partners, Brockman instructed Smith to retain Defendant's services to create a similar offshore structure, and that Smith followed Brockman's instructions. The government maintains that based on Smith's testimony, corroborated by email and correspondence between Smith and Defendant, that the relationship between Defendant, Smith, Brockman, and Tamine constituted a criminal conspiracy, and consistent with Count One of the Indictment, the object of this conspiracy was to defraud the United States government, to wit: the Department of the Treasury, Internal Revenue Service in the assessment and collection of federal income taxes. Further, Brockman's statements to Smith to use Defendant to create an offshore structure similar to the one Defendant created for Brockman was a statement in furtherance of this conspiracy and is admissible as non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(E).

|  |  |
|---|---|
| | STEPHANIE M. HINDS<br>United States Attorney |
| Date: November 5, 2022 | *s/ Corey J. Smith*<br>COREY J. SMITH<br>Senior Litigation Counsel<br>Tax Division<br>MICHAEL G. PITMAN<br>Assistant United States Attorney<br>BORIS BOURGET<br>Trial Attorney<br>Tax Division<br>Attorneys for United States of America |

GOVERNMENT'S NOTICE OF INTENT
TO OFFER STATEMENT OF
ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

3