STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:    (408) 535-5040
Facsimile:    (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:    (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 3:21-CR-00155-JD |
| Plaintiff, | **GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR COMPROMISE NEGOTIATIONS BETWEEN THE UNITED STATES AND ROBERT SMITH** |
| v. | |
| CARLOS E. KEPKE, | Hearing.:      November 21, 2022 |
| Defendant. | Time:          1:30 a.m.<br>Place:         Courtroom 11, 19th Floor |

The government moves to exclude evidence derived from, and relating to, negotiations between the government and Robert F. Smith's attorneys.

## **BACKGROUND**

Beginning in 1999 and continuing until 2015, Defendant created and managed an offshore trust structure for Robert Smith, one of his clients. The offshore trust structure was designed to conceal a portion of Smith's taxable income and evade federal income taxes on approximately $225 million of carried interest and capital gain income Smith earned from his management of private equity funds at

1  Vista Equity Partners ("Vista").  On October 9, 2020, after nearly two years of negotiations between

2  Smith's attorneys ("Smith-attorneys") and the government, Smith and his attorneys signed a Non-

3  Prosecution Agreement ("NPA") with the United States. *See Exhibit 1*. The terms of Smith's NPA are

4  public and required Smith*, inter alia*, to cooperate with the government in the ongoing investigation of

5  Robert Brockman and Defendant.   In connection with the NPA, Smith also signed a Statement of Facts,

6  which is also publicly available, in which he admitted that the offshore trust structure Defendant

7  (referred to as "Individual B" in the Statement of Facts) created and maintained for Smith was designed

8  and used to hide Smith's assets and tax liabilities from the IRS. *See Exhibit 2*.  During ongoing

9  negotiations, the Smith-attorneys made three formal presentations to the government attorneys in this

10 case (two in-person and one via letter).  Smith did not attend any of these meetings.  Smith did not meet

11 with the government until August 13, 2020.  A Memorandum of Interview from that meeting was

12 prepared and disclosed to Defendant.

13        On October 20, 2022, this Court Ordered the government to provide Defendant with redacted

14 copies of the materials the Smith-attorneys provided to the government during their negotiation of

15 Smith's NPA agreement.  On October 28, 2022, this material was provided to Defendant.

16                                              **<u>ARGUMENT</u>**

17        The documents provided by the government to Defendant on October 28, 2022 related to the

18 Smith-attorneys' negotiation for Smith's NPA, and are inadmissible through Smith for three reasons: 1)

19 they are specifically excludable under Fed. R. Evid. 408; 2) Smith does not have any personal

20 knowledge about these meetings and documents and under Fed. R. Evid. 602 and cannot testify about

21 them; and 3) they constitute inadmissible hearsay under Fed. R. Evid. 801.

22         As a general matter, "conduct or a statement made during compromise negotiations" are

23 inadmissible in criminal[1] and civil cases. Fed. R. 408. *See also United States v. Roti*, 484 F.3d 934, 945-

24 37 (7th Cir. 2007).  The inadmissibility of statements made during plea negotiations is essential to

25 fostering effective investigation and prosecution of criminal cases.  *See United States v. Mezzanatto*, 998

26

27

28

---

[1] A limited exception exists for using such evidence in criminal cases where the evidence at issue relates to "a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." Fed. R. Evid. 408(a)(2). That exception does not apply here.

F.2d 1452, 1456 (9th Cir. 1993), *rev'd on other grounds* 513 U.S. 196 (1995) (discussing policy considerations of Rule 410).  The machinery of the criminal justice system requires candid discussions between attorneys representing cooperating witnesses/defendants and government attorneys.  *Id*.  These discussions are more effective if the negotiations between these attorneys, i.e. the terms of plea and cooperation agreements, are not be made public.  *Id*.  Of course, the final agreements between cooperating and immunized witnesses is subject to disclosure under *Giglio*, but disclosure of the details of the discussions the lead up to these final agreements serves no legitimate purpose.  Defendants' attorneys have no incentive to be candid with the government about their clients if they believe these attorney to attorney negotiations will be made public.  Circumvention of Rule 408 will have a chilling effect on open and candid plea negotiations, and the ability of the government to more efficiently move criminal investigations toward conclusion. *See United States v. Mezzanatto*, 998 F.2d 1452, 1456 (9th Cir. 1993).  While the *Mezzanatto* Court discussed the policy considerations behind Rule 410, these policy considerations apply equally to Rule 408.  *See, e.g.*, *Aspen Title & Escrow v. Jeld-Wen, Inc.*, 677 F. Supp. 1477, 1484-85 (D. Or. 1987) ("The same policy considerations which establish the need for Rule 408 to *cover all statements*, establish the need to have settlement conferences *in their entirety* covered.").

The materials provided to the government by Smith's attorneys are also not admissible for the purposes of impeaching witnesses. Fed. R. Evid. 408(a); Committee Notes on Rule—2006 Amendment ("Such broad impeachment would tend to swallow the exclusionary rule and would impair the public policy of promoting settlements.").  Since Smith was not present at these attorney conferences these discussions are not properly available to impeach him. Fed. R. Evid. 613 (limiting impeachment to the declarant-witness' prior statement).

In addition, Smith lacks personal knowledge concerning the materials his attorneys provided to the government during plea negotiations.  Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Smith cannot testify about statements made, or documents exchanged, at a meeting he did not attend.  *See United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) (admissible lay testimony requires personal knowledge of underlying facts).  *See also United States v. Cuti*, 720 F.3d 453, 458 (2d

Cir 2013) (general discussion of "personal knowledge" requirement under Fed. R. Evid. 602); *Kassim v. City of Schenectedy*, 415 F.3d 246, 251 (2d Cir. 2005) (exclusion from evidence of translated document offered through witness with no personal knowledge of document affirmed).

Finally, any testimony by Smith about the documents exchanged, and statements made, by his attorneys at these meetings are inadmissible hearsay. Fed. R. Evid. 801. Defendant would presumably be seeking to ask Smith for his testimony regarding the out-of-court statements of his attorneys.  While it is not immediate apparent how the Smith-attorneys' out-of-court statements would be relevant to these proceedings, presumably they would be offered for their truth and constitute classic hearsay.  None of the exceptions to the hearsay exclusionary rule appear to apply to these statements – making them inadmissible.

## **CONCLUSION**

For the reasons stated above, the Court should exclude any evidence regarding the discussions between the government and Robert Smith's attorneys under Rules 408, 602, and 801.


Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*s/ Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
MICHAEL G. PITMAN
Assistant United States Attorney
BORIS BOURGET
Trial Attorney
Tax Division
Attorneys for United States of America

1

2

## CERTIFICATE OF SERVICE

3      I the undersigned do hereby certify that on the 7th of November 2022, I electronically filed the

4  foregoing Government's Motion *In Limine* to Exclude Evidence Under Fed. R. Evid. 408 with the ECF

5  electronic filing system, which will send notice of electronic filing to counsel of record.

6

7                                                          */s/Corey J. Smith*

8                                                          Senior Litigation Counsel
                                                           Department of Justice

9                                                          Tax Division
                                                           Corey.Smith@usdoj.gov

10                                                         (202)514-5230

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28