STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:    (408) 535-5040
Facsimile:    (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:    (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Criminal No. 3:21-CR-00155-JD<br><br>UNITED STATES' MOTION IN LIMINE REGARDING DEFENDANT'S STATEMENTS<br><br>Pretrial Conf.:  November 21, 2022<br>Time:           1:30 p.m.<br>Place:          Courtroom 11, 19th Floor |

The United States of America ("United States") hereby respectfully moves the Court, pursuant to Fed. R. Evid. 801(d)(2)(A), for an Order admitting the oral and written statements of Defendant Carlos Kepke, and also statements and questions made and posed to Defendant, as well as an Order prohibiting the defense from introducing statements of Defendant through any means other than direct testimony, and states as follows in support:

I.   **Defendant's Statements Are Admissible If Offered By The United States Under Rule 801(d)(2)(A).**

The United States intends to offer written and oral statements made by Defendant during its case-in-chief pursuant to Fed. R. Evid. 801(d)(2)(A).  Such statements will include Defendant's oral statements to Email Arguelles, Glen Godfrey, Robert Smith, Robyn Neal, and an Undercover Agent.  They will also include Defendant's written statements, including emails, letters, faxes, legal documents, tax returns, and other writings, all of which have been produced and disclosed to Defendant.  As party admissions in a criminal case, such statements are not hearsay and are squarely admissible, if offered by the United States, pursuant to Rule 801(d)(2)(A).  *See United States v. Matlock*, 415 U.S. 164, 172 (1972); *People of Territory of Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985).  The United States also expects to offer statements made to Defendants, including questions, as part of the interactions described above, in its case-in-chief.  Hearsay is defined as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2).  Statements that are not offered for the truth of the matter asserted, such as verbal acts, statements offered for their effect on the listener/reader, or statements to explain subsequent actions are admissible.  *See, e.g., L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935-36, amended by 313 F.3d 1093 (9th Cir. 2002); *United States v. Lim*, 984 F.2d 331, 336 (9th Cir. 1993) (verbal acts to show conspiratorial agreement); *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (effect on listener); *United States v. Cawley*, 630 F.2d 1345, 1349-50 (9th Cir. 1980) (subsequent actions).  Because the United States intends to introduce statements made to Defendant, including questions, to provide context for Defendant's answers and other reactions to the statements and questions, they are admissible for the purpose of establishing the "effect on listener" and the Defendant's state of mind, and thus are not hearsay.  *See United States v. Herrera*, 600 F.2d 502, 504 (5th Cir. 1979) (district court's exclusion of the content of a threatening phone conversation as hearsay was improper because the conversation was "not offered to prove that [the caller] would actually carry through the threats, but rather to show [the defendant's] state of mind in consequence of the statements"); *United States v. Wright*, 783 F.2d 1091, 1098 (D.C. Cir. 1986).  The United States does not oppose a limiting instruction to the jury consistent with the purpose of its offering of these statements made to Defendant, including questions.

## II. Defendant's Statements Are Not Admissible If Offered By Defendant

The defense should be precluded from introducing written or oral statements of Defendant through any means other than direct testimony. Defendant's statements are inadmissible hearsay if offered by the defense – under Rule 801(d)(2)(A), prior statements made by a criminal defendant are non-hearsay only if offered against the defendant by the government. A defendant may not offer his own prior statements without testifying, even where the government introduces incriminating portions of them. *See, e.g., United States v. Nakai*, 413 F.3d 1019, 1022 (9th Cir. 2005) (defendant's exculpatory statements inadmissible hearsay when defense sought to introduce after FBI agent testified about defendant's inculpatory statements); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (non-self-inculpatory statements, even if made contemporaneously with other self-inculpatory statements, are inadmissible hearsay; rule of completeness does not allow for admission of inadmissible hearsay); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (district court properly sustained government's hearsay objection to defendant's attempt to solicit defendant's post-arrest statements during cross-examination of FBI agent). The Defendants cannot offer their own out-of-court statements at trial. Any attempt by a defendant to place his or her recorded statements "before the jury without subjecting [himself] to cross-examination [is] precisely what the hearsay rule forbids." *Id.*

Defendant should not be permitted to circumvent this rule by using other witnesses, including expert witnesses, as conduits. While experts may be permitted to rely on hearsay under Fed. R. Evid. 703, courts are properly reluctant to allow criminal defendants to put their own hearsay statements before the jury (without taking the stand themselves) through expert testimony. *See, e.g., United States v. Shafi*, 15-cr-00582-WHO, 2018 WL 3159769, at * 5 (N.D. Cal. June 28, 2018) ("My concern is that [expert] wants to tell the jury what [defendant] has told him about his motives and beliefs. An expert may not serve 'simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.' *Owens v. Republic of Sudan*, 864 F.3d 751, 789 (D.C. Cir. 2017) (internal quotations omitted); *see* Fed. R. Evid. 703. An expert is also specifically, by rule, excluded from testifying about the mental state of a defendant. Fed. R. Evid 704(b). Testimony about Defendant's statements, through an expert's "opinion" testimony, would be a transparent attempt to circumvent Rules 704(b) and 801(d)(2)(A). There would be no effective way to cross-examine [expert]

on these conversations and his resulting opinion, and no way to rebut it if [defendant] invokes his constitutional right not to testify.  For this reason, mental state testimony on [defendant's] actual opinions and conduct is inadmissible if it is based on conversations that [expert] had with [defendant].").

| | |
|---|---|
| Respectfully submitted, | STEPHANIE M. HINDS<br>United States Attorney<br><br>s/ Michael G. Pitman<br>COREY J. SMITH<br>Senior Litigation Counsel<br>MICHAEL G. PITMAN<br>Assistant United States Attorney<br>BORIS BOURGE<br>Trial Attorney<br>Tax Division<br><br>Attorneys for United States of America |

# CERTIFICATE OF SERVICE

I the undersigned do hereby certify that on the 7th of November 2022, I electronically filed the foregoing Government's Motion *In Limine* to Regarding Statements of Defendant under Fed. R. Evid. 801(d)(2)(A) with the ECF electronic filing system, which will send notice of electronic filing to counsel of record.

*/s/Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230

Attorney for United States of America