1   STEPHANIE M. HINDS (CABN 154284)
United States Attorney

2

THOMAS A. COLTHURST (CABN 99493)
3   Chief, Criminal Division

4   MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
5   150 Almaden Boulevard, Suite 900
San Jose, CA 95113
6   Telephone:     (408) 535-5040
Facsimile:      (408) 535-5081
7   Email: michael.pitman@usdoj.gov

8   COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
9   United States Department of Justice
Telephone:     (202)514-5230
10   Email: corey.smith@usdoj.gov

11   Attorneys for United States of America

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15   UNITED STATES OF AMERICA,          Criminal No. 3:21-CR-00155-JD

16            Plaintiff,                UNITED STATES' MOTION FOR COURT
                                        INQUIRY INTO POTENTIAL CONFLICT
17            v.                        OF INTEREST

18   CARLOS E. KEPKE,                   Pretrial Conf.:   November 21, 2022
                                        Time:             1:30 p.m.
19            Defendant.                Place:            Courtroom 11, 19th Floor

20

21        The United States of America ("United States") hereby respectfully moves the Court, pursuant to

22   the Sixth Amendment and Federal Rule of Criminal Procedure 44, to conduct a hearing to inquire into

23   and advise Defendant Carlos Kepke of his counsels' potential conflicts of interest, and to ensure that any

24   waiver by Defendant of any current or future conflict is knowing and intelligent, and states as follows in

25   support:

26        The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the

27   right . . . to have the Assistance of Counsel for his defense."  U.S. Const. Amend. VI.  This right

28   encompasses a "correlative right to representation that is free from conflicts of interest."  *Wood v.*

1    *Georgia*, 450 U.S. 261, 271 (1981) (citation omitted).  However, "[t]rial courts may allow an attorney to

2    proceed despite a conflict if the defendant makes a voluntary, knowing, and intelligent waiver." *United*

3    *States v. Martinez*, 143 F.3d 1266, 1269 (9th Cir. 1998) (internal quotation marks omitted).  "Attorney-

4    client conflicts are waivable unless they are so egregious that no rational defendant would knowingly

5    and voluntarily desire the attorney's representation."  *United States v. Dhaliwal*, 468 F. App'x 666, 668

6    (9th Cir. 2012) (unpublished) (citations and quotations omitted).  However, some Courts of Appeals do

7    "entertain ineffective-assistance claims from defendants who have specifically waived the right to

8    conflict-free counsel."  *Wheat v. United States*, 486 U.S. 153, 162 (1988) (citing cases); *see also*

9    *Martinez*, 143 F.3d at 1270 ("Although we have not yet specified when a district court must override a

10   defendant's waiver, the Second Circuit has held that an actual conflict that is so egregious that no

11   rational defendant would knowingly and voluntarily desire the attorney's representation cannot be

12   waived.").

13        Trial courts are given "substantial latitude" in determining whether to accept a waiver of

14   conflicts of interest.  *Wheat*, 486 U.S. at 163.  In *Dhaliwal*, the Ninth Circuit held that the potential

15   conflict of interest raised by a defendant paying his co-defendant's attorneys' fees was waivable, based

16   on facts not disclosed in the opinion.  *See Dhaliwal*, 468 F. App'x at 668 ("The potential conflict of

17   interest raised by the payment of Dhaliwal's attorney fees by his co-defendant was not so severe as to be

18   unwaivable."); *see also United States v. Wells*, 394 F.3d 725 (9th Cir. 2005) (co-defendant's payment of

19   attorney's fee for himself and defendant created theoretical division of loyalties but it did not "adversely

20   affect" attorney's representation of defendant); *cf United States v. Walter-Eze*, 869 F.3d 891, 902 (9th

21   Cir. 2017) (discussing potential conflicts between attorneys' financial interests and clients').

22        Consequently, the Court should conduct and inquiry, advise Defendant of the potential for

23   conflicts of interest, ascertain whether Defendant will knowingly and voluntarily waive such conflicts,

24   and, if so, determine whether to accept Defendant's waiver.  *See, e.g., Quintero v. United States*, 33 F.3d

25   1133, 1135 (9th Cir. 1994) ("Quintero claims that there was a conflict of interest because his attorney

26   was paid by an unknown third party.  The district court denied the motion without conducting an

27   evidentiary hearing.  We reverse and remand for a hearing.").  The United States respectfully requests

28   that the Court, on the record and in open court, conduct an inquiry of Defendant to determine whether he

1   is aware of counsel's potential conflict of interest and whether he wishes to waive that conflict or retain

2   separate counsel.  The United States respectfully submits a set of interrogatories for the Court's use as

3   Exhibit 1.

4

5   Respectfully submitted,                                    STEPHANIE M. HINDS
                                                               United States Attorney
6
                                                               s/ Michael G. Pitman
7                                                              COREY J. SMITH
                                                               Senior Litigation Counsel
8                                                              MICHAEL G. PITMAN
                                                               Assistant United States Attorney
9                                                              BORIS BOURGET
                                                               Trial Attorney
10                                                             Tax Division
11
                                                               Attorneys for United States of America
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

A. Determine if the defendant is competent.

    1. Ask the defendant:

        (a) How old are you?

        (b) How far did you go in school?

        (c) Are you able to speak and understand English?

        (d) Have you taken any drugs, medicine, or pills or drunk any alcoholic beverage in the past twenty-four hours? Do you understand what is happening today?

    2. Then ask defense counsel and prosecutor:

        Do either of you have any doubt as to the defendant's competence at this time?

    3. State the Court's finding on the record of the defendant's competence.

B. Emphasize the seriousness of the charges. Tell the defendant the maximum punishment for each count.

C. Tell the defendant:

    1. If at any time you do not understand something or have a question, consult your lawyer or ask me any questions.

    2. This proceeding can be continued to another day if you wish to consult another lawyer.

D. Advise the defendant about the apparent conflict of interest in his or her lawyer's representation.

    1.  The United States Constitution gives every defendant the right to effective assistance of counsel. When a lawyer's fees are paid by someone other than the defendant, the lawyer may have trouble representing the defendant with the same fairness.  This could create a conflict of interest that denies the defendant the right to effective assistance of counsel.  Each defendant has the right to a lawyer who represents the defendant effectively.

E. Point out the various ways in which the representation might work to the defendant's disadvantage.

    1.  When a lawyer's fees are paid by someone other than the defendant, especially when those fees are guaranteed, the lawyer may have a financial interest in continuing the case in order to collect fees, rather than recommending that the defendant plead guilty, which might end the case sooner.

2.  When a lawyer's fees are paid by someone other than the defendant, especially when the fees are paid by someone who may be called as witness against the defendant at trial, the lawyer may have an incentive to not cross-examine that person as vigorously as they might otherwise.

3.  The best defense for a defendant often is the argument that while the others may be guilty, he or she is not.  When a lawyer's fees are paid by someone other than the defendant, especially when the fees are paid by someone who was involved in the alleged criminal conduct, the lawyer may have an incentive to not suggest to the jury that person is culpable, while the defendant is not.

4.  When a lawyer's fees are paid by someone other than the defendant, the terms of the agreement under which those fees are paid could create a conflict of interest.  For instance, if the agreement requires that the lawyer's fees be paid through trial, but not through sentencing, the lawyer may not have an incentive to not advocate as vigorously after trial.

5. As the case proceeds, there may be any number of developments which occur that drastically alter your interests and no one at this point in time can predict how the potential conflicts of interest will affect your defense or interests in the case.  It may be that having entered a waiver of conflicts of interest as to your current lawyers' representation, your chances to obtain new counsel in the future will be greatly diminished, particularly after trial begins.

6. You have the right to effective counsel and the Court may appoint new counsel if you cannot afford to retain new counsel.

7. You also have the right to obtain independent counsel to advise you of the potential consequences of a conflict of interest and the Court may appoint this independent counsel if you cannot afford such counsel.

H. If the defendant wants to waive the potential conflict, get a clear, on-the-record oral waiver by him or her of the right to separate counsel. In addition, you may want the defendant to sign a written waiver.

1. Being advised of the above, you have the right to:

(a) obtain a new and different attorney as your attorney of record, or

(b) waive the potential conflict of interest and continue to retain your current lawyers;

2.  Have you sought the advice of separate counsel with respect to whether you wish to waive the potential conflict of interest?  If so, with whom did you consult?  If not, would you like additional time to do so?

3. Having been advised of the potential conflicts of interest which exist now, and the potential conflicts which may arise as the case proceeds, and that these conflicts and potential conflicts could do significant harm to your defense in this case and at your sentencing, do you wish to waive these conflicts and have your current lawyers represent you?

F. An attorney proposing to represent defendant should be required to assure the court that there will be no conflict that could result in a lack of effective assistance of counsel or other prejudice to any defendant.

G. If the defendant wants to waive the potential conflict, ask the defendant and defense counsel to review this colloquy and sign the written waiver below.

CERTIFICATION BY DEFENDANT AND COUNSEL

I have read this advisement and waiver completely.  I understand it and agree to it.  I have listened carefully as District Judge James Donato has explained to me the conflict of interest that could exist and the potential conflicts that may arise from my choice to have Grant P. Fondo, David Rossiter Callaway, Richard M. Strassberg, and Sylvia R. Ewald represent me.

I understand my right to consult with separate counsel with respect to this matter.  I have not been threatened or coerced in any way to waive my right to counsel different from Grant P. Fondo, David Rossiter Callaway, Richard M. Strassberg, and Sylvia R. Ewald. By signing below, I acknowledge that I have been advised of my right to have separate counsel free from any conflict of interest and that I waive that right and affirm that I wish to have Grant P. Fondo, David Rossiter Callaway, Richard M. Strassberg, and Sylvia R. Ewald represent me.

Date: _____

_____
CARLOS E. KEPKE

I, Grant P. Fondo, have reviewed and discussed this advisement and waiver with Carlos Kepke. To my knowledge, the decision to sign this waiver form signifying a waiver of any conflict of interest that exists or that may arise during my representation of him is knowing and voluntary.

Date: _____

_____
GRANT P. FONDO

1

2

**CERTIFICATE OF SERVICE**

3
    I the undersigned do hereby certify that on the 7th of November 2022, I electronically filed the

4
foregoing United States' Motion for Court Inquiry into Potential Conflict of Interest with the ECF

5
electronic filing system, which will send notice of electronic filing to counsel of record.

6

7
                                                    */s/Corey J. Smith*

8
                                                    Senior Litigation Counsel
                                                    Department of Justice

9
                                                    Tax Division
                                                    Corey.Smith@usdoj.gov

10
                                                    (202)514-5230

11

12
                                                    Attorney for United States of America

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28