STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5040
Facsimile: (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone: (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 3:21-CR-00155-JD |
| Plaintiff, | JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS |
| v. | |
| CARLOS E. KEPKE, | |
| Defendant. | |

The United States of America and Defendant Carlos E. Kepke, by and through undersigned counsel, hereby respectfully submit the following Joint Proposed Preliminary Jury Instructions, all of which the parties agree on.

\\

\\

\\

\\

\\

The parties respectfully reserve the right to supplement and or modify these Proposed Jury Instructions.

Dated: November 7, 2022

STEPHANIE M. HINDS
United States Attorney

s/ Michael G. Pitman
MICHAEL G. PITMAN
Assistant United States Attorney
COREY J. SMITH
Senior Litigation Counsel

Attorneys for United States of America

s/ Grant P. Fondo
GRANT P. FONDO

Attorney for Defendant Carlos E. Kepke

| \#\#\#\# | | | |
|---|---|---|---|
| **TABLE OF PRELIMINARY INSTRUCTIONS** ||||
| <u>No.</u> | <u>Title</u> | <u>Source</u> | <u>Page</u> |
| 1 | Duty of Jury | 9th Cir. 1.1 | 4 |
| 2 | The Charge – Presumption of Innocence | 9th Cir. 1.2 | 5 |
| 3 | What Is Evidence | 9th Cir. 1.3 | 6 |
| 4 | What Is Not Evidence | 9th Cir. 1.4 | 7 |
| 5 | Direct and Circumstantial Evidence | 9th Cir. 1.5 | 8 |
| 6 | Ruling on Objections | 9th Cir. 1.6 | 9 |
| 7 | Credibility of Witnesses | 9th Cir. 1.7 | 10 |
| 8 | Conduct of the Jury | 9th Cir. 1.8 | 11 |
| 9 | No Transcript Available to Jury | 9th Cir. 1.9 | 13 |
| 10 | Taking Notes | 9th Cir. 1.10 | 14 |
| 11 | Outline of Trial | 9th Cir. 1.11 | 15 |
| 12 | Questions to Witnesses by Jurors During Trial | 9th Cir. 1.14 | 16 |
| 13 | Cautionary Instruction – First Recess | 9th Cir. 2.1 | 17 |

AGREED INSTRUCTION NO. 1

**Duty of Jury**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.1 – Modified

AGREED INSTRUCTION NO. 2

**The Charge—Presumption of Innocence**

This is a criminal case brought by the United States government.  The government charges the defendant with one count of conspiracy to defraud the United States government in violation of 18 U.S.C. § 371, and three counts of aiding, assisting and counseling the preparation and presentation of materially false income tax returns in violation of 18 U.S.C. § 7206(2).  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.  The government always has the burden to prove all elements of the charges beyond a reasonable doubt.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No 1.2 – Modified

AGREED INSTRUCTION NO. 3

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.3 – Modified

AGREED INSTRUCTION NO. 4

**What is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.4

AGREED INSTRUCTION NO. 5

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.5

AGREED INSTRUCTION NO. 6

**Ruling on Objections**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.6

AGREED INSTRUCTION NO. 7

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.7

AGREED INSTRUCTION NO. 8

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or

JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS
Case No.: 3:21-CR-00155-JD                                    11

the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.8 – Modified

AGREED INSTRUCTION NO. 9

**No Transcript Available to Jury**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.9

AGREED INSTRUCTION NO. 10

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.10 – Modified

AGREED INSTRUCTION NO. 11

**Outline of Trial**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.11 – Modified

AGREED INSTRUCTION NO. 12

**Questions to Witnesses by Jurors During Trial**

Option 1

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [Specific reasons for not allowing jurors to ask questions may be explained.] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Option 2

When attorneys have finished their examination of a witness, you may ask questions of the witness. [Describe procedure to be used.] If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.14

AGREED INSTRUCTION NO. 13

**Cautionary Instruction—First Recess**

**At the End of Each Day of the Case**:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case**:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 2.1