1   STEPHANIE M. HINDS (CABN 154284)
United States Attorney

2

3   THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

4   MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney

5   150 Almaden Boulevard, Suite 900
San Jose, CA 95113

6   Telephone:     (408) 535-5040
Facsimile:      (408) 535-5081

7   Email: michael.pitman@usdoj.gov

8   COREY J. SMITH (MABN 553615)
Senior Litigation Counsel

9   United States Department of Justice
Telephone:     (202)514-5230

10   Email: corey.smith@usdoj.gov

11   Attorneys for United States of America

12                    UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15   UNITED STATES OF AMERICA,           Criminal No. 3:21-CR-00155-JD

16            Plaintiff,                 JOINT PROPOSED FINAL JURY
                                         INSTRUCTIONS
17            v.

18   CARLOS E. KEPKE,

19            Defendant.

20

21          The United States of America and Defendant Carlos E. Kepke, by and through undersigned

22   counsel, hereby respectfully submit the following Joint Proposed Final Jury Instructions.  The parties

23   have reached agreement as to a number of applicable jury instructions.  The parties have disagreements

24   as to some other proposed jury instructions, which will be addressed in separate filings.

25   \\

26   \\

27   \\

28   \\

1    The parties respectfully reserve the right to supplement and or modify these Proposed Jury

2   Instructions.

3

4   Dated: November 7, 2022                    STEPHANIE M. HINDS
                                               United States Attorney
5
                                               s/ Michael G. Pitman
6                                              MICHAEL G. PITMAN
                                               Assistant United States Attorney
7                                              COREY J. SMITH
                                               Senior Litigation Counsel
8
                                               Attorneys for United States of America
9

10
                                               s/ Grant P. Fondo
11                                             GRANT P. FONDO

12                                             Attorney for Defendant Carlos E. Kepke

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF FINAL INSTRUCTIONS**

| <u>No.</u> | <u>Title</u> | <u>Source</u> | <u>Page</u> |
|---|---|---|---|
| 1 | Duties of Jury to Find Facts and Follow Law | 9th Cir. 6.1 | 5 |
| 2 | Charges Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | 9th Cir. 6.2 | 6 |
| 3 | Defendant's Decision Not to Testify | 9th Cir. 6.3 | 7 |
| 4 | Defendant's Decision to Testify | 9th Cir. 6.4 | 8 |
| 5 | Reasonable Doubt—Defined | 9th Cir. 6.5 | 9 |
| 6 | What is Evidence | 9th Cir. 1.3 | 10 |
| 7 | What is Not Evidence | 9th Cir. 1.6 | 11 |
| 8 | Direct and Circumstantial Evidence | 9th Cir. 1.5 | 12 |
| 9 | Stipulations of Fact | 9th Cir. 2.3 | 13 |
| 10 | Transcript of Recording in English | 9th Cir. 2.6 | 14 |
| 11 | Credibility of Witnesses | 9th Cir. 6.9 | 15 |
| 12 | Activities Not Charged | 9th Cir. 6.10 | 16 |
| 13 | Separate Consideration of Multiple Counts—Single Defendant | 9th Cir. 6.11 | 17 |
| 14 | Other Crimes, Wrongs, or Acts of Defendant | 9th Cir. 3.3 | 18 |
| 15 | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea | 9th Cir. 3.9 | 19 |
| 16 | Government's Use of Undercover Agents and Informants | 9th Cir. 3.10 | 20 |
| 17 | Opinion Evidence, Expert Witnesses | 9th Cir. 3.14 | 21 |
| 18 | Charts and Summaries Not Admitted into Evidence | 9th Cir. 3.16 | 22 |
| 19 | Charts and Summaries Admitted into Evidence | 9th Cir. 3.17 | 23 |
| 20 | Aiding and Abetting (18 U.S.C. § 2(a)) | 9th Cir. 4.1 | 24 |

| 21 | Aiding and Abetting (18 U.S.C. § 2(b)) | 9th Cir. 4.2 | 25 |
| 22 | Conspiracy to Defraud the United States (18 U.S.C. § 371) | 9th Cir. 11.2 | 26 |
| 23 | Conspiracy—Knowledge of an Association With Other Conspirators | 9th Cir. 11.4 | 27 |
| 24 | Acts and Declarations of Co-Conspirators | O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:06 (6th ed.) | 28 |
| 25 | Conspiracy—Liability for Substantive Offenses Committed by Co-Conspirators (*Pinkerton* Charge) | 9th Cir. 11.6 | 29 |
| 26 | Aiding or Advising False Tax Returns | 9th Cir. 22.4 | 30 |
| 27 | Willfully—Defined | 9th Cir. 22.6 | 31 |
| 28 | Aiding and Advising—Defined | [No Model Instruction] | 32 |
| 29 | Economic Substance Doctrine—Defined | [No Model Instruction] | 33 |
| 30 | The Good Faith Defense | O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 67:25 (6th ed.) | 34 |
| 31 | Tax Avoidance is Legal | [No Model Instruction] | 35 |
| 32 | Foreign Transactions | [No Model Instruction] | 36 |
| 33 | On or About—Defined | 9th Cir. 6.18 | 37 |
| 34 | Duty to Deliberate | 9th Cir. 6.19 | 38 |
| 35 | Consideration of the Evidence—Conduct of the Jury | 9th Cir. 6.20 | 39 |
| 36 | Use of Notes | 9th Cir. 6.21 | 40 |
| 37 | Readback or Playback | 9th Cir. 6.28 | 41 |
| 38 | Jury Consideration of Punishment | 9th Cir. 6.22 | 42 |
| 39 | Verdict Form | 9th Cir. 6.23 | 43 |
| 40 | Communication with Court | 9th Cir. 6.24 | 44 |

1  AGREED INSTRUCTION NO. 1

2  **Duties of Jury to Find Facts and Follow Law**

3      Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on

4  the law that applies to this case.  A copy of these instructions will be available in the jury room for you

5  to consult.

6      It is your duty to weigh and to evaluate all the evidence received in the case and, in that process,

7  to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them,

8  whether you agree with the law or not.  You must decide the case solely on the evidence and the law.

9  You will recall that you took an oath promising to do so at the beginning of the case.  You should also

10  not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation,

11  gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by

12  personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious

13  biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject

14  but may be expressed without conscious awareness, control, or intention.

15      You must follow all these instructions and not single out some and ignore others; they are all

16  important.  Please do not read into these instructions or into anything I may have said or done as any

17  suggestion as to what verdict you should return—that is a matter entirely up to you.

18  Authority

19  Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.1

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 2

**Charges Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The parties do not agree on the language of this instruction and will submit separate proposals.

AGREED INSTRUCTION NO. 3

**Defendant's Decision Not to Testify**

**[If Applicable]**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that [the defendant / Mr. Kepke][1] did not testify.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.3

---

[1] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."

AGREED INSTRUCTION NO. 4

**Defendant's Decision to Testify**

**[If Applicable]**

[The defendant / Mr. Kepke][2] has testified.  You should treat this testimony just as you would the testimony of any other witness.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.4

---

[2] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."

AGREED INSTRUCTION NO. 5

**Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced [the defendant / Mr. Kepke][3] is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that [the defendant / Mr. Kepke] is guilty, it is your duty to find [the defendant / Mr. Kepke] not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that [the defendant / Mr. Kepke] is guilty, it is your duty to find [the defendant / Mr. Kepke] guilty.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.5

---

[3] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."

AGREED INSTRUCTION NO. 6

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.3 – Modified

AGREED INSTRUCTION NO. 7

**What is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.4

AGREED INSTRUCTION NO. 8

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.5

AGREED INSTRUCTION NO. 9

**Stipulations of Fact**

**[If Applicable]**

The parties have agreed to the following facts.  These facts are now conclusively established.

[insert any facts that the parties agree upon]

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 2.3 – Modified

AGREED INSTRUCTION NO. 10

**Transcript of Recording in English**

**[If Applicable]**

You [are about to [hear][watch] [have heard] [watched]] a recording that has been received in evidence.  [Please listen to it very carefully.]  Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling.  [[After] [Now that] the recording has been played, the transcript will be taken from you.]

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 2.3

AGREED INSTRUCTION NO. 11

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.9

1

2

AGREED INSTRUCTION NO. 12

**Activities Not Charged**

You are here only to determine whether [the defendant / Mr. Kepke][4] is guilty or not guilty of the charges in the indictment.  [The defendant / Mr. Kepke] is not on trial for any conduct or offense not charged in the indictment.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.10 – Modified

[4] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."

1

AGREED INSTRUCTION NO. 13

2

**Separate Consideration of Multiple Counts—Single Defendant**

3

A separate crime is charged against [the defendant / Mr. Kepke][5] in each count.  You must

4

decide each count separately.  Your verdict on one count should not control your verdict on any other

5

count.

6

Authority

7

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."

1

2

3

4

5

6

7

8

9

10

AGREED INSTRUCTION NO. 14

**Other Crimes, Wrongs or Acts of Defendant**

**[If Applicable; To Be Tailored To Final Order]**

You have heard evidence that [the defendant / Mr. Kepke][6] committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of [the defendant's / Mr. Kepke's] [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which [the defendant / Mr. Kepke] is now on trial.]

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 3.3

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[6] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."

DISPUTED INSTRUCTION NO. 15

**Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits,**

**Accomplice, Plea**

The parties do not agree on the language of this instruction and will submit separate proposals.

AGREED INSTRUCTION NO. 16

**Government's Use of Undercover Agents and Informants**

**[If Applicable]**

You have heard testimony from an undercover agent who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 3.10 – Modified

AGREED INSTRUCTION NO. 17

**Opinion Evidence, Expert Witness**

You have heard testimony from [insert names of expert witnesses] who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of such witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 3.14 – Modified

AGREED INSTRUCTION NO. 18

**Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 3.16

AGREED INSTRUCTION NO. 19

**Charts and Summaries Admitted into Evidence**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 3.17

DISPUTED INSTRUCTION NO. 20

**Aiding and Abetting (18 U.S.C. § 2(a))**

The parties do not agree whether this instruction should be given and will submit separate proposals.

DISPUTED INSTRUCTION NO. 21

**Aiding and Abetting (18 U.S.C. § 2(b))**

The parties do not agree whether this instruction should be given and will submit separate proposals.

DISPUTED INSTRUCTION NO. 22

**Conspiracy to Defraud the United States (18 U.S.C. § 371)**

The parties do not agree on the language of this instruction and will submit separate proposals.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 23

**Conspiracy—Knowledge of and Association With Other Conspirators**

The parties do not agree whether this instruction should be given and will submit separate proposals.

DISPUTED INSTRUCTION NO. 24

**Acts and Declarations of Co-Conspirators**

The parties do not agree whether this instruction should be given and will submit separate proposals.

1

DISPUTED INSTRUCTION NO. 25

2

**Conspiracy—Liability for Substantive Offenses Committed by Co-Conspirators**

3

The parties do not agree whether this instruction should be given and will submit separate

4

proposals.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DISPUTED INSTRUCTION NO. 26

**Aiding or Advising False Tax Returns (26 U.S.C. § 7206(2))**

The parties do not agree on the language of this instruction and will submit separate proposals.

1

DISPUTED INSTRUCTION NO. 27

**Willfully—Defined**

The parties do not agree on the language of this instruction and will submit separate proposals.

DISPUTED INSTRUCTION NO. 28

**Aiding and Advising—Defined**

The parties do not agree whether this instruction should be given and will submit separate proposals.

DISPUTED INSTRUCTION NO. 29

**Economic Substance Doctrine—Defined**

The parties do not agree on the language of this instruction and will submit separate proposals..

DISPUTED INSTRUCTION NO. 30

**The Good Faith Defense**

The parties do not agree whether this instruction should be given and will submit separate proposals.

1

AGREED INSTRUCTION NO. 31

2

**Tax Avoidance Is Legal**

3

It is not illegal for United States taxpayers to arrange their affairs to pay as little tax as possible.

4

There is no duty to pay more taxes than the law requires.

5

Authority

6

*United States v. Thompson/Ctr. Arms Co*., 504 U.S. 505, 511 n.4 (1992); *Frank Lyon Co. v. United*

7

*States*, 435 U.S. 561, 580 (1978); *Gregory v. Helvering*, 293 U.S. 465, 469 (1935).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DISPUTED INSTRUCTION NO. 32

2

**Foreign Transactions**

3

The parties do not agree whether this instruction should be given and will submit separate

4

proposals.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

AGREED INSTRUCTION NO. 33

2

**On or About—Defined**

3

The indictment charges that the offenses were committed "on or about" a certain date.

4

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses

5

were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the

6

government to prove that the offenses were committed precisely on the dates charged.

7

Authority

8

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.18 – Modified

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

AGREED INSTRUCTION NO. 34

2

**Duty to Deliberate**

3      When you begin your deliberations, elect one member of the jury as your foreperson who will

4  preside over the deliberations and speak for you here in court.

5      You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your

6  verdict, whether guilty or not guilty, must be unanimous.

7      Each of you must decide the case for yourself, but you should do so only after you have

8  considered all the evidence, discussed it fully with the other jurors, and listened to the views of your

9  fellow jurors.

10     Do not be afraid to change your opinion if the discussion persuades you that you should. But do

11  not come to a decision simply because other jurors think it is right.

12     It is important that you attempt to reach a unanimous verdict but, of course, only if each of you

13  can do so after having made your own conscientious decision.  Do not change an honest belief about the

14  weight and effect of the evidence simply to reach a verdict.

15     Perform these duties fairly and impartially.  You should also not be influenced by any person's

16  race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic

17  circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy,

18  prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are

19  stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without

20  conscious awareness, control, or intention.

21     It is your duty as jurors to consult with one another and to deliberate with one another with a

22  view towards reaching an agreement if you can do so.  During your deliberations, you should not

23  hesitate to reexamine your own views and change your opinion if you become persuaded that it is

24  wrong.

25                                         Authority

26  Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.19 – Modified

27

28

AGREED INSTRUCTION NO. 35

**Consideration of the Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations: Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.20

1

AGREED INSTRUCTION NO. 36

2

**Use of Notes**

3      Some of you have taken notes during the trial.  Whether or not you took notes, you should rely

4  on your own memory of what was said.  Notes are only to assist your memory.  You should not be

5  overly influenced by your notes or those of your fellow jurors.

6

Authority

7  Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.21

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED INSTRUCTION NO. 37

**Readback or Playback**

**[If Applicable]**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED INSTRUCTION NO. 38

**Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against [the defendant / Mr. Kepke][7] beyond a reasonable doubt.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.22

---

[7] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."

AGREED INSTRUCTION NO. 39

**Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.23

1

AGREED INSTRUCTION NO. 40

2

**Communication with Court**

3        If it becomes necessary during your deliberations to communicate with me, you may send a note

4   through Ms. Clark, signed by any one or more of you.  No member of the jury should ever attempt to

5   communicate with me except by a signed writing, and I will respond to the jury concerning the case only

6   in writing or here in open court.  If you send out a question, I will consult with the lawyers before

7   answering it, which may take some time.  You may continue your deliberations while waiting for the

8   answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands,

9   numerically or otherwise, on any question submitted to you, including the question of the guilt of [the

10  defendant / Mr. Kepke],[8] until after you have reached a unanimous verdict or have been discharged.

11

Authority

12  Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.23

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[8] It is the United States' position that Defendant should be referred to herein as "the defendant."  It is Defendant's position that Defendant should be referred to herein as "Mr. Kepke."