GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DAVID R. CALLAWAY (SBN 121782)
*DCallaway@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA  94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

RICHARD M. STRASSBERG (*pro hac vice*)
*RStrassberg@goodwinlaw.com*
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

SYLVIA R. EWALD (SBN 300267)
*SEwald@goodwinlaw.com*
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA  90401
Tel: +1 424 436 3051
Fax: +1 213 947 1746
Attorneys for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Case No. 3:21-CR-00155-JD<br><br>**DEFENDANT CARLOS KEPKE'S SEPARATE PROPOSED JURY INSTRUCTIONS AND OBJECTIONS**<br><br>Date:          November 21, 2022<br>Time:          1:30 p.m.<br>Courtroom: 11, 19th Floor<br>Judge:         Hon. James Donato<br><br>Trial Date:  November 28, 2022 |

1    Defendant Carlos Kepke hereby respectfully submits the following separate proposed jury

2   instructions and objections. The parties have reached agreement as to a number of jury

3   instructions, which are the subject of a joint filing made under separate cover. The parties have

4   some disagreements as to other jury instructions. Mr. Kepke's positions regarding these

5   disagreements are the subject of this filing. Mr. Kepke respectfully reserves the right to

6   supplement and/or modify these proposed jury instructions and objections.

7

8   Dated: November 7, 2022                    Respectfully submitted,

9                                              By: */s/ Grant P. Fondo*
                                                   GRANT P. FONDO (SBN 181530)
10                                                 *GFondo@goodwinlaw.com*
                                                   RICHARD M. STRASSBERG (*pro hac vice*)
11                                                 *RStrassberg@goodwinlaw.com*
                                                   DAVID R. CALLAWAY (SBN 121782)
12                                                 *DCallaway@goodwinlaw.com*
                                                   SYLVIA R. EWALD (SBN 300267)
13                                                 *SEwald@goodwinlaw.com*
                                                   **GOODWIN PROCTER LLP**
14
                                                   Attorneys for Defendant:
15                                                 CARLOS E. KEPKE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                   MR. KEPKE'S PROPOSED JURY
                                                   INSTRUCTIONS AND OBJECTIONS
                                                   CASE NO. 3:21-CR-00155-JD

| No. | Instruction | Source(s) | Page |
|---|---|---|---|
| 2 | Presumption of Innocence | Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:10 (6th ed.) [Presumption of innocence, burden of proof, and reasonable doubt] | 1 |
| 15 | Credibility of Witnesses—Immunized Witness | Adapted from 9th Cir. Crim. Jury Instr. No. 3.9 (2022) [Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea] | 3 |
| 20 | Objection to Government's Proposed Instruction Regarding Aiding and Abetting (18 U.S.C. § 2(a)) | n/a | 4 |
| 21 | Objection to Government's Proposed Instruction Regarding Aiding and Abetting (18 U.S.C. § 2(b)) | n/a | 6 |
| 22 | Conspiracy to Defraud the United States | Adapted from 9th Cir. Crim. Jury Instr. No. 11.2 (2022) [Conspiracy to Defraud the United States (18 U.S.C. § 371 "Defraud Clause")]; adapted from instructions given in *United States v. Lewis*, Case No. 05-cr-638-SI (N.D. Cal.); *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993); *United States v. Murphy*, 809 F.2d 1427, 1431–32 (9th Cir. 1987) | 7 |
| 23 | Objection to Government's Proposed Instruction Regarding Conspiracy—Knowledge of and Association with Other Conspirators | n/a | 11 |
| 24 | Acts and Declarations of Co-Conspirators | O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:06 (6th ed.) [Acts and Declarations of Co-Conspirators] | 12 |
| 25 | Objection to Government's Proposed Instruction Regarding Conspiracy—Liability for Substantive Offenses Committed by Co-Conspirators (*Pinkerton* Instruction) | n/a | 13 |

| 26 | Aiding or Advising False Income Tax Return (26 U.S.C. § 7206(2)) | Adapted from 9th Cir. Crim. Jury Instr. No. 22.4 (2022) [Aiding or Advising False Income Tax Return (26 U.S.C. § 7206(2))] | 15 |
|----|----|----|----|
| 27 | Willfully—Defined | Adapted from 9th Cir. Crim. Jury Instr. No. 22.6 (2022) [Willfully—Defined]; *see also Cheek v. United States*, 498 U.S. 192, 202 (1991); *United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir. 1992). | 16 |
| 28 | Objection to Government's Proposed Instruction Regarding Aiding and Advising—Defined | n/a | 17 |
| 29 | Economic Substance Doctrine—Defined | *United States v. Moran*, 482 F.3d 1101, 1105–06 (9th Cir. 2007); adapted from instruction given in *United States v. Moran*, Case No. 02-cr-423-CJC (W.D. Wash.) | 18 |
| 30 | The Good Faith Defense | Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 67:25 (6th ed.) [The Good Faith Defense]; *see also* instructions given in *United States v. Lewis*, Case No. 05-cr-638 (N.D. Cal.); *Cheek v. United States*, 498 U.S. 192, 202 (1991); *United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir. 1992). | 21 |
| 32 | Foreign Transactions | | 23 |

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

## MR. KEPKE'S PROPOSED INSTRUCTION NO. 2: PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I instruct you that you must presume Mr. Kepke to be innocent of the crimes charged. Thus Mr. Kepke, although accused of crimes in the Indictment, begins the trial with a "clean slate"—with no evidence against him. The Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit Mr. Kepke.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Kepke for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Kepke is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Mr. Kepke has committed each and every element of the offenses charged in the Indictment, you must find Mr. Kepke not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Authority:** Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:10 (6th ed.) [Presumption of innocence, burden of proof, and reasonable doubt].

**Comment**: The government proposes Ninth Circuit Model Instruction number 6.2 regarding the presumption of innocence. Mr. Kepke believes the O'Malley instruction on the presumption of

1  innocence more clearly and thoroughly explains this concept.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

1
2

## MR. KEPKE'S PROPOSED INSTRUCTION NO. 15: CREDIBILITY OF WITNESSES—
## IMMUNIZED WITNESS

3        You have heard testimony from Robert F. Smith, a witness who received immunity. That

4   testimony was given in exchange for a promise by the government that Robert F. Smith will not

5   be prosecuted. For this reason, in evaluating the testimony of Robert F. Smith, you should

6   consider the extent to which or whether his testimony may have been influenced by this factor. In

7   addition, you should examine the testimony of Robert F. Smith with greater caution than that of

8   other witnesses.

9

10

11   **Authority:** Adapted from 9th Cir. Crim. Jury Instr. No. 3.9 (2022) [Testimony of Witnesses

12   Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea].

13

14   **Comment:** Both parties' proposed instructions regarding the credibility of an immunized witness

15   are based upon Ninth Circuit Model Instruction number 3.9, but the government has made two

16   modifications to which Mr. Kepke objects. First, the government substitutes the model language

17   "received immunity" with "was party to a Non-Prosecution Agreement with the United States

18   government." Mr. Kepke believes this revision makes the instruction harder to understand and

19   unnecessarily wordy. Second, the government seeks to include optional bracketed language from

20   the model instruction regarding a witness who is an accomplice. This language is unnecessary and

21   unduly prejudicial.

22
23
24
25
26
27
28

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

**MR. KEPKE'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO. 20: AIDING AND ABETTING (18 U.S.C. § 2(a))**

Mr. Kepke objects to the government's proposal that the Court give Ninth Circuit Model Instruction number 4.1:

A defendant may be found guilty of [specify crime charged], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of [specify crime charged] by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed [specify crime charged];

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of [specify crime charged];

Third, the defendant acted with the intent to facilitate [specify crime charged]; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [specify crime charged].

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

1       The Indictment cites 18 U.S.C. § 2 only as to the 26 U.S.C. § 7206(2) charges and not the

2   18 U.S.C. § 371 charge (Indict. (ECF No. 1) at ¶ 52), so Mr. Kepke understands the government's

3   position to be that this instruction would concern only the § 7206(2) charges. This instruction is

4   not appropriate as to the 26 U.S.C. § 7206(2) charges.

5       Section 7206(2) is already a statute regarding the aiding and assisting of tax fraud. It is

6   illogical and duplicative for there to be aiding and abetting under 18 U.S.C. § 2 of an aiding and

7   assisting violation under 26 U.S.C. § 7206(2). This combination of instructions would also be

8   greatly confusing to the jury.

9       Additionally, section 7206(2) concerns one who aids or assists the preparation or

10  presentation of tax returns. Taxpayers are not subject to § 7206(2), but are instead subject to

11  § 7206(1). *Compare* 26 U.S.C. § 7206(2) (applies to any person who "[w]illfully aids or assists

12  in, or procures, counsels, or advises the preparation or presentation under, or in connection with

13  any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other

14  document, which is fraudulent or is false as to any material matter") *with* § 7206(1) (applies to

15  any person who "[w]illfully makes and subscribes any return, statement, or other documents,

16  which contains or is verified by a written declaration that it is made under the penalties of perjury,

17  and which he does not believe to be true and correct as to every material matter"). In fact, the

18  Department of Justice's Criminal Tax Manual discusses at length which categories of people are

19  subject to § 7206(2), and does not once suggest that the provision applies to taxpayers or cite a

20  single case holding that the provision applies to taxpayers. U.S. DEP'T OF JUSTICE, CRIM. TAX

21  MANUAL § 13.05[1] at 5–8 (updated Aug. 2022),

22  https://www.justice.gov/tax/page/file/1530196/download. Mr. Kepke cannot be said to have aided

23  and abetted Mr. Smith's violation of § 7206(2) because Mr. Smith cannot violate § 7206(2). No

24  instruction should be given on this subject.

25

26

27

28

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

1  **MR. KEPKE'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO.**

2  **21: AIDING AND ABETTING (18 U.S.C. § 2(b))**

3    Mr. Kepke objects to the government's proposal that the Court give Ninth Circuit Model

4  Instruction number 4.2: "A defendant may be found guilty of the crime(s) charged even if the

5  defendant did not personally commit the act(s) constituting the crime if the defendant willfully

6  caused an act to be done that if directly performed by him would be an offense against the United

7  States. A defendant who puts in motion or causes the commission of an indispensable element of

8  the offense may be found guilty as if he had committed this element himself."

9    This instruction is inapplicable here. Aiding and abetting liability under 18 U.S.C. § 2(b)

10  applies when a defendant causes an innocent intermediary to perform acts that are prohibited if

11  committed with intent. *United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987). Under the

12  government's theory of the case, Mr. Kepke did not "cause" Mr. Smith to undertake an illegal act,

13  and Mr. Smith was not an innocent intermediary. This instruction is also improper for the reasons

14  described above as to the 18 U.S.C § 2(a) instruction. No instruction should be given on this

15  subject.

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE No. 3:21-CR-00155-JD

1  **MR. KEPKE'S PROPOSED INSTRUCTION NO. 22: CONSPIRACY TO DEFRAUD THE**
2  **UNITED STATES**

3   The defendant is charged in Count One of the Indictment with conspiring to defraud the

4  United States by impeding, impairing, obstructing, and defeating the lawful functions of the

5  United States Department of Treasury, Internal Revenue Service ("Internal Revenue Service") by

6  deceitful or dishonest means in violation of Section 371 of Title 18 of the United States Code. For

7  the defendant to be found guilty of that charge, the government must prove each of the following

8  elements beyond a reasonable doubt:

9   First, beginning on or about December 1, 1999, and ending on or about October 20, 2015,

10  there was an agreement between two or more persons to defraud the United States by obstructing

11  the lawful functions of the Internal Revenue Service means as charged in the Indictment;

12   Second, the defendant became a member of the conspiracy knowing of at least one of its

13  objects and intending to help accomplish it;

14   Third, one of the members of the conspiracy performed at least one overt act for the

15  purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you

16  find was committed;

17   Fourth, the means employed to accomplish the purpose of the agreement were either

18  dishonest or deceitful; and

19   Fifth, the defendant entered into the conspiratorial agreement willfully and without a good

20  faith belief that he was acting unlawfully. An act is done willfully if done voluntarily and

21  intentionally with the purpose of violating a known legal duty.

22   An agreement to defraud is an agreement to deceive or cheat. The failure or refusal to

23  disclose information that one has no independent duty to disclose does not constitute defrauding

24  the government even if it impedes the government.

25   A conspiracy is a kind of criminal partnership—an agreement of two or more persons to

26  commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful;

27  it does not matter whether the crime agreed upon was committed.

28   For a conspiracy to have existed, it is not necessary that the conspirators made a formal

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

**Authority:** Adapted from 9th Cir. Crim. Jury Instr. No. 11.2 (2022) [Conspiracy to Defraud the United States (18 U.S.C. § 371 "Defraud Clause")]; adapted from instructions given in *United States v. Lewis*, Case No. 05-cr-638-SI (N.D. Cal.); *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993) ("Not disclosing something that one has no independent duty to disclose isn't conspiracy to defraud, even if it impedes the IRS." (citation omitted)); *United States v. Murphy*, 809 F.2d 1427, 1431–32 (9th Cir. 1987) ("[Defendants] had no duty to disclose the source of the deposited funds. Where the regulations implementing the Act do not impose a duty to disclose information, failure to disclose is not conspiracy to defraud the government.").

1    **Comment:** Both parties' proposed instructions regarding the conspiracy charge are based upon

2    Ninth Circuit Model Instruction number 11.2, but Mr. Kepke proposes three modifications to that

3    instruction to tailor the instruction to more accurately reflect the law and make the instruction

4    easier to understand.

5            First, Mr. Kepke proposes that element one be split, such that "by deceitful or dishonest

6    means" is deleted from element one and made a freestanding element four. This is consistent with

7    the conspiracy instructions given in *United States v. Lewis*, Case No. 05-cr-638-SI (N.D. Cal.)

8    and *United States v. Moran*, Case No. 02-cr-423-CJC (W.D. Wash.), both of which are tax fraud

9    cases. Mr. Kepke believes this change will make the instruction more comprehensible to the jury

10   by splitting element one, which is compound, into its constituent parts.

11           Second, Mr. Kepke proposes the addition of element five regarding willfulness. Element

12   five tracks the conspiracy instruction given in *United States v. Lewis*, Case No. 05-cr-638-SI

13   (N.D. Cal.). Willfulness is an element of criminal tax conspiracy cases. *E.g., United States v.*

14   *Bishop*, 291 F.3d 1100, 1106 (9th Cir. 2002) ("Willfulness is [] an element of conspiracy to

15   defraud the United States . . . . More generally, willfulness is an element in all criminal tax

16   cases."). Indeed, the government has repeatedly recognized in its filings that the government must

17   prove that Mr. Kepke acted willfully in criminal tax cases. (*See, e.g.,* ECF No. 66 at 12–13.)

18   Including the willfulness requirement as an enumerated element will appropriately tailor the

19   standard conspiracy charge to the tax context, more accurately reflect the law, and allow the jury

20   to more easily understand what the government is required to prove, rather than forcing the jury

21   to pick out the requirements from lengthy instructions.

22           And third, Mr. Kepke proposes the addition of the following sentence at page 4, lines 22–

23   24: "The failure or refusal to disclose information that one has no independent duty to disclose

24   does not constitute defrauding the government even if it impedes the government." This sentence

25   will help the jury better understand the meaning of "defraud" and is taken from Ninth Circuit

26   decisions. *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993) ("Not disclosing

27   something that one has no independent duty to disclose isn't conspiracy to defraud, even if it

28   impedes the IRS." (citation omitted)); *United States v. Murphy*, 809 F.2d 1427, 1431–32 (9th Cir.

1    1987) ("[Defendants] had no duty to disclose the source of the deposited funds. Where the

2    regulations implementing the Act do not impose a duty to disclose information, failure to disclose

3    is not conspiracy to defraud the government.").

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

1    **MR. KEPKE'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO.**

2    **23: CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER**

3    **CONSPIRATORS**

4        Mr. Kepke objects to the government's proposal that the Court give Ninth Circuit Model

5    Instruction number 11.4:

6        A conspiracy may continue for a long period of time and may include the

7    performance of many transactions.  It is not necessary that all members of the

8    conspiracy join it at the same time, and one may become a member of a conspiracy

9    without full knowledge of all the details of the unlawful scheme or the names,

10   identities, or locations of all of the other members.

11       Even though a defendant did not directly conspire with other conspirators

12   in the overall scheme, the defendant has, in effect, agreed to participate in the

13   conspiracy if the government proves each of the following beyond a reasonable

14   doubt:

15       First, the defendant directly conspired with one or more conspirators to

16   carry out at least one of the objects of the conspiracy;

17       Second, the defendant knew or had reason to know that other conspirators

18   were involved with those with whom the defendant directly conspired; and

19       Third, the defendant had reason to believe that whatever benefits the

20   defendant might get from the conspiracy were probably dependent upon the

21   success of the entire venture.

22       It is not a defense that a person's participation in a conspiracy was minor or

23   for a short period of time.

24   This instruction should not be given because it does not fit the facts of this case. This is not a case

25   in which the government contends that there were co-conspirators of which Mr. Kepke was

26   unaware or that such members joined and dropped out over time. This instruction would thus only

27   serve to confuse the jury.

28

**MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD**

1  **MR. KEPKE'S PROPOSED INSTRUCTION NO. 24: ACTS AND DECLARATIONS OF**
2  **CO-CONSPIRATORS**

3      Evidence has been received in this case that Mr. Smith, who is alleged in Count One of
4  the Indictment to be a co-conspirator of Mr. Kepke, has done or said things during the existence
5  or life of the alleged conspiracy in order to further or advance its goals.

6      Such acts and statements of Mr. Smith may be considered by you in determining whether
7  or not the government has proven the charges in Count One of the indictment against Mr. Kepke.

8      Since these acts may have been performed and these statements may have been made
9  outside the presence of Mr. Kepke and even done or said without Mr. Kepke's knowledge, these
10  acts or statements should be examined with particular care by you before considering them
11  against Mr. Kepke, who did not do the particular act or make the particular statement.

12

13  **Authority:** O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:06 (6th ed.)
14  [Acts and Declarations of Co-Conspirators].

15

16  **Comment:** This proposed instruction will provide helpful guidance to the jury in its evaluation of
17  any purported co-conspirator statements of Mr. Smith.

18

19

20

21

22

23

24

25

26

27

28

1   **MR. KEPKE'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO.**

2   **25: CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSES COMMITTED BY**

3   **CO-CONSPIRATORS (*PINKERTON* CHARGE)**

4   Mr. Kepke objects to the government's proposal that the Court give a modified version of

5   Ninth Circuit Model Instruction number 11.6:

6   Each member of the conspiracy is responsible for the actions of the other

7   conspirators performed during the course and in furtherance of the conspiracy.  If

8   one member of a conspiracy commits a crime in furtherance of a conspiracy, the

9   other members have also, under the law, committed that crime.

10   Therefore, you may find the defendant guilty of aiding, assisting

11   and counseling the presentation of a materially false income tax return to the

12   Internal Revenue Service, as charged in Counts Two, Three or Four of the

13   indictment, if the government has proved each of the following elements beyond a

14   reasonable doubt:

15   First, a person committed the crime of preparing and presenting a

16   materially false income tax return to the Internal Revenue Service[1];

17   Second, the person was a member of the conspiracy charged in

18   Count One of the indictment;

19   Third, the person committed the crime of preparing and presenting

20   a materially false income tax return to the Internal Revenue Service in furtherance

21   of the conspiracy;

22   Fourth, the defendant was a member of the same conspiracy at the

23   time the offense charged in Counts Two, Three, or Four was committed ; and

24   Fifth, the offense fell within the scope of the unlawful agreement

25   and could reasonably have been foreseen to be a necessary or natural consequence

26   of the unlawful agreement.

27

28   ─────────────────
[1]  The model instruction provides, "First, a person named in [Count _____] of the indictment committed the crime of [specify crime] as alleged in that count."

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

13

1     The *Pinkerton* instruction should be given with caution. O'Malley, Grenig, and Lee,

2  Federal Jury Practice and Instructions, § 31:06 (6th ed.) [Responsibility for Substantive Offense]

3  ("This instruction should, of course, only be given to the jury when the evidence or issues

4  warrant."); *United States v. Sperling*, 506 F.2d 1323, 1341 (2d Cir. 1974) ("[T]he charge based on

5  *Pinkerton v. United States*, 328 U.S. 640, 645 (1946) . . . should not be given as a matter of

6  course.").

7     The model instruction provides for the specification of the underlying charge and the

8  person named in that charge, but the government identifies neither the relevant charge(s) nor the

9  named person. The government's failure to include this information makes the instruction broad

10  and vague.

11     The *Pinkerton* instruction is inappropriate in its entirety in any event. *Pinkerton* provides

12  for vicarious liability for crimes committed by co-conspirators in certain limited circumstances.

13  328 U.S. 640. Here, the vicarious liability would concern the 26 U.S.C. § 7206(2) charges. But

14  there can be no vicarious liability here for Mr. Smith's violation of 26 U.S.C. § 7206(2), because

15  Mr. Smith cannot violate 26 U.S.C. § 7206(2). Section 7206(2) applies to those who assist in the

16  preparation or presentation of tax returns, it does not apply to taxpayers. *Supra* at 19. No

17  instruction should be given on this subject.

18

19

20

21

22

23

24

25

26

27

28

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

1  **MR. KEPKE'S PROPOSED INSTRUCTION NO. 26: AIDING OR ADVISING FALSE**
2  **INCOME TAX RETURN (26 U.S.C. § 7206(2))**

3  The defendant is charged in Counts Two, Three, and Four of the Indictment with aiding
4  and assisting in, and procuring, counseling, and advising the preparation of a false income tax
5  return in violation of Section 7206(2) of Title 26 of the United States Code. For the defendant to
6  be found guilty of that charge, the government must prove each of the following elements beyond
7  a reasonable doubt:

8  First, the defendant aided and assisted in, and procured, counseled, and advised Robert F.
9  Smith in the preparation and presentation of an income tax return that was false and fraudulent;

10  Second, the income tax return was false and fraudulent as to any material matter necessary
11  to a determination of whether income tax was owed; and

12  Third, the defendant acted willfully.

13  A matter is material if it had a natural tendency to influence, or was capable of
14  influencing, the decisions or activities of the Internal Revenue Service.

15

16  **Authority:** Adapted from 9th Cir. Crim. Jury Instr. No. 22.4 (2022) [Aiding or Advising False
17  Income Tax Return (26 U.S.C. § 7206(2))].

18

19  **Comment:** Both parties' proposed instructions regarding the 26 U.S.C. § 7206(2) charge are
20  based upon Ninth Circuit Model Instruction number 22.4, but Mr. Kepke proposes the deletion of
21  one sentence. In the model instruction, in a paragraph following the third element, a sentence
22  reads: "The government is not required to prove that the taxpayer knew that the return was false."
23  This sentence should be deleted because it is not consistent with the government's theory of the
24  case, because the government is not alleging that Mr. Smith did not know his tax returns were
25  false and, in fact, is asserting the opposite, and would only serve to confuse the jury.

26

27

28

1     **MR. KEPKE'S PROPOSED INSTRUCTION NO. 27: WILLFULLY—DEFINED**

2          To prove that the defendant acted "willfully," the government must prove beyond a

3     reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the

4     defendant intentionally and voluntarily violated that duty. If the defendant acted on a good faith

5     misunderstanding as to the requirements of the law, he did not act willfully even if his

6     understanding of the law was wrong or unreasonable. [If applicable: Nevertheless, merely

7     disagreeing with the law does not constitute a good faith misunderstanding of the law because all

8     persons have a duty to obey the law whether or not they agree with it.] Thus, to prove that the

9     defendant acted willfully, the government must prove beyond a reasonable doubt that the

10    defendant did not have a good faith belief that he was complying with the law.

11

12    **Authority:** Adapted from 9th Cir. Crim. Jury Instr. No. 22.6 (2022) [Willfully—Defined]; *see*

13    *also Cheek v. United States*, 498 U.S. 192, 202 (1991) ("Willfulness, as construed by our prior

14    decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on

15    the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally

16    violated that duty."); *United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir. 1992) ("[T]he

17    government may prove willful conduct by establishing . . . that the defendant voluntarily,

18    intentionally violated a known legal duty.").

19

20    **Comment**: Both parties' proposed instructions regarding the meaning of "willfully" are based

21    upon Ninth Circuit Model Instruction number 22.6, but Mr. Kepke proposes that one sentence be

22    included only if it is consistent with the facts that come out at trial. The model instruction

23    includes a sentence that provides, "Nevertheless, merely disagreeing with the law does not

24    constitute a good faith misunderstanding of the law because all persons have a duty to obey the

25    law whether or not they agree with it." If the evidence at trial is inconsistent with this sentence,

26    including it would only serve to confuse the jury.

27

28

**MR. KEPKE'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO.**
**28: AIDING AND ADVISING—DEFINED**

Mr. Kepke objects to the government's proposal that the Court give the following instruction:

> To be found guilty of aiding, assisting and advising the preparation and presentation of a materially false income tax return, the government need not prove that a defendant actually prepared or signed the return. Even though a defendant did not sign a tax return in question, you can still find them guilty of aiding, assisting and advising the preparation of an income tax return if they consciously were parties to the concealment of a taxable interest.

The instruction is not based upon a model instruction or an instruction given in a case. It is unnecessary and confusing. The jury can read and understand the model instruction on 26 U.S.C. § 7206(2) without additional explication. No instruction should be given on this subject.

1
2

## MR. KEPKE'S PROPOSED INSTRUCTION NO. 29: ECONOMIC SUBSTANCE
## DOCTRINE—DEFINED

3    Mr. Kepke proposes that the Court give the following instruction regarding the "Economic

4  Substance Doctrine":

5    A transaction without economic substance, which is entered into solely for

6    the purpose of tax avoidance, cannot properly be used to compute taxes. That is to

7    say, the tax law does not recognize a transaction which has no purpose, substance,

8    or utility apart from anticipated tax consequences. On the other hand, the tax law

9    does recognize a transaction if there is some economic substance beyond the

10    taxpayer's desire to avoid taxes.

11    A taxpayer may of course try to pay as little tax as possible so long as they

12    use legal means. Transactions may be arranged in an attempt to minimize taxes if

13    the transactions have economic substance.

14    In this case, the government contends that Mr. Kepke created offshore

15    entities Excelsior Trust and Flash Holdings for Robert F. Smith, that lacked

16    economic substance, and were solely designed to conceal from the IRS taxable

17    income properly taxable to Robert F. Smith. Mr. Kepke contends that these

18    transactions did have economic substance.

19    In determining whether a particular transaction had economic substance or

20    not you are instructed to consider the overall circumstances surrounding the

21    asserted transaction. Furthermore, when presented with a series of related

22    transactions, the income tax effect of these transactions can only be evaluated by

23    viewing the series of related transactions in their totality.

24    If after reviewing the evidence regarding a transaction you find that a

25    reduction of taxes was the sole purpose for that transaction, then you may find that

26    the transaction lacked economic substance.

27    If, on the other hand, you find that a desire to reduce taxes was not the only

28    motive for a transaction, that the transaction had an economic purpose, then you

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

1    may not find that such transaction lacked economic substance.

2    Mr. Kepke's proposed instruction is based upon the instruction given in *United States v. Moran*,

3    Case No. 02-cr-423-CJC (W.D. Wash.), and approved of by the Ninth Circuit,  *United States v.*

4    *Moran*, 482 F.3d 1101, 1105–06 (9th Cir. 2007) (rev'd on other grounds).

5    The government also represents that its "specific instruction [was] used" in *Moran*, but in

6    fact the government has significantly modified the language of the instruction upheld in *Moran*.

7    This redline shows the significant revisions the government made to the instruction given in

8    *Moran*:

9    A transaction without economic substance, ~~which is entered into solely for~~

10    ~~the purpose of tax avoidance,~~ cannot properly be used to compute taxes.  That is to

11    say, the tax law does not recognize a transaction which ~~has no purpose, substance,~~

12    ~~or utility apart from anticipated tax consequences~~ does not have a substantial non-

13    tax avoidance purpose, and does not change the taxpayer's economic position in a

14    meaningful way. On the other hand, the tax law does recognize a transaction if

15    there is some economic substance beyond the taxpayer's desire to avoid taxes.

16    A taxpayer may of course try to pay as little tax as possible so long as they

17    use legal means. Transactions may be arranged in an attempt to minimize taxes if

18    the transactions have economic substance.

19    In this case, the government contends that the defendant~~s aided and~~

20    ~~assisted certain taxpayers to enter into a series of consulting, management or~~

21    ~~partnership arrangements that lacked economic substance, and were solely~~

22    ~~designed to generate income tax deductions to which these taxpayers were not~~

23    ~~entitled~~ created offshore entities Excelsior Trust and Flash Holdings for Robert F.

24    Smith, that lacked economic substance, and were primarily designed to conceal

25    from the IRS taxable income properly taxable to Robert F. Smith.  The defendant~~s~~

26    contends that these transactions did have economic substance.

27    In determining whether a particular transaction had economic substance ~~or~~

28    ~~not~~ you are instructed to consider the overall circumstances surrounding the

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

1   asserted transaction.  Furthermore, when presented with a series of related

2   transactions, the income tax effect of these transactions can only be evaluated by

3   viewing the series of related transactions in their totality.

4   If after reviewing the evidence regarding a transaction you find that ~~a~~

5   ~~reduction of taxes was the sole purpose for that transaction,~~ the transactions was

6   not entered into for a substantially non-tax avoidance purpose, and did not change

7   the defendant's economic position in a meaningful way, then you may find that the

8   transaction lacked economic substance.

9   If, on the other hand, you find that ~~a desire to reduce taxes was not the only~~

10   ~~motive for a transaction,~~ the transactions was entered into for a substantial non-tax

11   avoidance purpose, that the transaction had an economic purpose, then you may

12   not find that such transaction lacked economic substance.

13   The economic substance instruction should be given in the form upheld by the Ninth

14   Circuit.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

**MR. KEPKE'S PROPOSED INSTRUCTION NO. 30: THE GOOD FAITH DEFENSE**

The good faith of Mr. Kepke is a complete defense to the crime of Conspiracy as charged in Count One of the Indictment and the crime of Aiding and Assisting in the Preparation of Materially False Tax Returns as charged in Counts Two, Three, and Four of the Indictment, because good faith is simply inconsistent with willfully conspiring or aiding and assisting in the filing of a false tax return.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under this statute merely because that honest belief turns out to be incorrect or wrong. The tax laws subject to criminal punishment only those people who willfully conspire or aid and assist in the filing of a false tax return.

If a person acts without reasonable grounds for belief that his conduct is lawful, it is for the jury to decide whether that person has acted in good faith in order to comply with the law or whether that person has willfully conspired or aided and assisted in the filing of a false tax return.

In determining whether or not the government has proven that the defendant willfully conspired or aided and assisted in the filing of a false tax return or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant has no obligation to prove anything to you. The government has the burden of proving to you beyond a reasonable doubt that the defendant acted willfully.

If the evidence in the case leaves the jury with a reasonable doubt as to whether Mr. Kepke acted in good faith or acted willfully in conspiring or aiding and assisting in the filing of a false tax return, the jury must acquit Mr. Kepke.

**Authority:** Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 67:25 (6th ed.) [The Good Faith Defense]; *see also* instructions given in *United States v. Lewis*, Case No. 05-cr-638 (N.D. Cal.); *Cheek v. United States*, 498 U.S. 192, 202 (1991) ("[T]he issue is

MR. KEPKE'S PROPOSED JURY
INSTRUCTIONS AND OBJECTIONS
CASE NO. 3:21-CR-00155-JD

whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable."); *United States v. Powell*, 955 F.2d 1206, 1211 (9th Cir. 1992) ("[A] person cannot be convicted of willful failure to file a tax return if he subjectively believes in good faith that the tax laws do not apply to him. The test does not focus on the knowledge of the reasonable person, but rather on the knowledge of the defendant.").

**Comment:** Though the Ninth Circuit Model Instruction on the meaning of "willfully" briefly touches upon good faith, O'Malley's more thorough explanation of the meaning of good faith in the context of alleged tax crimes is appropriate given the potential centrality of the issue in this case. The court gave the O'Malley good faith instruction in *United States v. Lewis*, Case No. 05-cr-638-SI, another tax fraud case. The Ninth Circuit affirmed the judgment, specifically approving the good faith instruction given. *United States v. Lewis*, 282 F. App'x 520, 521 (9th Cir. 2008). Additionally, Ninth Circuit precedent provides that an inadequate instruction regarding good faith is a basis for reversal. *United States v. Gianandrea*, 38 Fed. App'x 434, 436 (9th Cir. 2002) (concluding that the district court appropriately gave an O'Malley instruction regarding good faith, but improperly excluded a portion of the instruction providing that the government has the burden of disproving good faith).

1    **MR. KEPKE'S PROPOSED INSTRUCTION NO. 32: FOREIGN TRANSACTIONS**

2           Transactions taking place in foreign countries and involving entities or corporations

3    created in foreign countries are not illegal. You are to draw no negative inference from the simple

4    fact that a foreign corporation, which sometimes is referred to as an off-shore corporation or

5    entity, was involved in the transactions you hear about.

6

7    **Comment:** This instruction will help address common misconceptions and unfair prejudices

8    about foreign transactions and entities.