1  GRANT P. FONDO (SBN 181530)
   GFondo@goodwinlaw.com
2  DAVID R. CALLAWAY (SBN 121782)
   *DCallaway@goodwinlaw.com*
3  **GOODWIN PROCTER LLP**
   601 Marshall Street
4  Redwood City, CA 94063
   Tel: +1 650 752 3100
5  Fax: +1 650 853 1038

6  RICHARD M. STRASSBERG (*pro hac vice*)
   *RStrassberg@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   620 Eighth Avenue
8  New York, NY 10018
   Tel: +1 212 813 8800
9  Fax: +1 212 355 3333

10 SYLVIA R. EWALD (SBN 300267)
   *SEwald@goodwinlaw.com*
11 **GOODWIN PROCTER LLP**
   520 Broadway, Suite 500
12 Santa Monica, CA  90401
   Tel: +1 424 436 3051
13 Fax: +1 213 947 1746

14 Attorneys for Defendant:
   CARLOS E. KEPKE
15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19

20 UNITED STATES OF AMERICA,          Case No. 3:21-CR-00155-JD

           Plaintiff,                 **CARLOS KEPKE'S MOTION *IN***
21                                     ***LIMINE* TO EXCLUDE EVATT**
     v.                                **TAMINE TESTIMONY, STATEMENTS,**
22                                     **AND EVIDENCE, OR IN THE**
                                       **ALTERNATIVE, TO CONTINUE**
   CARLOS E. KEPKE,                    **TRIAL**
23
           Defendant.                  Date:      November 28, 2022
24                                     Time:      9:00 a.m.
                                       Courtroom: 11, 19th Floor
25                                     Judge:     Hon. James Donato
26

27

28

---

1

2

**NOTICE OF MOTION**

      Please take notice that on November 28, 2022, at 9:00 a.m., or as soon thereafter as the

3
matter may be heard, Defendant Carlos E. Kepke ("Mr. Kepke") will and does hereby move to

4
exclude the testimony of, statements of, and/or documents related to Evatt Tamine, or in the

5
alternative, to continue trial to allow for the production and review of materials seized from Mr.

6
Tamine's home and extensive number of electronic devices.

7
      This motion is supported by the Memorandum of Points and Authorities included herein,

8
all pleadings and papers which are of record and on file in this case, and such other oral and

9
documentary evidence as may be presented at the hearing of this motion.

10
**MEMORANDUM OF POINTS AND AUTHORITIES**

11
      Despite months of defense requests, the government has not yet produced important and

12
voluminous discovery it obtained from Evatt Tamine's home and electronic devices. Though the

13
government previously indicated that Mr. Tamine would not play a role in its case, the

14
government recently suggested that it intends to offer alleged co-conspirator statements from Mr.

15
Tamine and has not ruled out calling Mr. Tamine as a witness in its case. Mr. Kepke accordingly

16
moves to preclude the government from offering Mr. Tamine's testimony, statements, and

17
documents at trial. In the alternative, Mr. Kepke requests a continuance of the trial to allow the

18
government time to produce and Mr. Kepke time to review the evidence.

19
      The government sent the defense a letter on March 10, 2022, explaining that the

20
government had obtained a large amount of materials about Evatt Tamine, which it was working

21
to review. (Decl. of Grant P. Fondo at ¶ 2, Ex. A.) The government said it had produced the first

22
tranche of materials seized from Mr. Tamine's home in Bermuda, but that it continued to review

23
additional materials from Mr. Tamine's home for relevance and privilege. (*Id.*) The government

24
added that a box of paper documents and *1.4 Terabytes of data* from Mr. Tamine's electronic

25
devices were undergoing an offshore review in the United Kingdom. (*Id.*)

26
      Since March, the parties have met and conferred and exchanged correspondence a number

27
of times about the status of this discovery, and the government responded that the offshore review

28
of the documents was ongoing. (Fondo Decl. at ¶ 5.) The discovery deadline of April 25, 2022

came and went. (ECF No. 34 at 1.) During a meeting on June 1, 2022, the defense emphasized to the government that the longer the production was delayed, the more unworkable it would be to review such a voluminous amount of materials before trial. (Fondo Decl. at ¶ 6.) When the defense again inquired about these materials on November 3, 2022, the government said that the offshore review of Mr. Tamine's approximately eight to 15 devices had just recently concluded and the government had not yet gained access to the documents. (*Id.* at ¶ 7.) The government added that it is not sure it will have the documents before trial begins. (*Id.*) The government does not know exactly how voluminous the documents are. (*Id.*)

At the same time the discovery related to Evatt Tamine has been delayed, the government has engaged in a bait and switch about its intentions as to Mr. Tamine. The government provided a notice to the defense in August 2022 that Evatt Tamine was one of eight people it considered a co-conspirator. (Fondo Decl. at ¶ 3, Ex. B.) The notice included no excerpts or summaries of the testimony it intended to offer relating to these co-conspirators. (*Id.*) The defense raised the issue of the co-conspirator statements during the status conference on October 20, 2022, noting that it had received notice only of the purported co-conspirators and not the co-conspirator statements the government intended to offer. (Tr. at 66:1–66:9, 67:24–68:1.) The Court asked if the government was going to make that disclosure soon. (Tr. at 68:2–3.) The government responded that it usually makes a more robust disclosure of the specific co-conspirator statements, but that in this case the government *did not expect it to be a big issue* and that the government would provide more clarity for the defense. (Tr. at 68:4–10.)

During a meet and confer on November 3, 2022, the subject of the co-conspirator statements again came up. The government said that Evatt Tamine had been on its witness list but now the government does not "think" it will call him. (Fondo Decl. at ¶ 7.) The government added that if it did call Mr. Tamine, it would consider him to be a co-conspirator. (*Id.*) The government further explained that Mr. Tamine's emails are included on its exhibit list, but that it would not use these exhibits if Mr. Tamine did not testify. (*Id.*) On November 5, 2022, the government provided a letter to the defense giving notice that the government *does* consider Evatt Tamine to be a co-conspirator of Mr. Kepke, and suggested it would offer statements from Mr.

1    Tamine. (Fondo Decl. at ¶ 4, Ex. C.) In the witness list the government filed on November 7,

2    2022, Mr. Tamine is not listed, but the government reserves its right to expand or modify its list.

3    (ECF No. 128.)

4         If Mr. Tamine is going to testify at trial, his statements are going to be offered as

5    evidence, or the government is going to offer exhibits related to him, Mr. Kepke must have an

6    opportunity to review the outstanding discovery related to Mr. Tamine. This discovery includes

7    significant materials from Mr. Tamine's home and several electronic devices. Indeed, given that

8    Mr. Tamine testified in the competency hearing of Mr. Brockman that he does not believe he

9    participated in any criminal conduct, it is likely that these materials contain substantial

10   exculpatory information. *United States v. Brockman*, No. 21-cr-9, ECF No. 252 at 24–25 (S.D.

11   Tx. Mar. 16, 2022). The government's failure to even review these documents to determine

12   whether any *Brady* material exists is further cause for concern.

13        Because of the government's discovery delay and shifting positions as to Mr. Tamine, we

14   are now in a position where we are less than three weeks out from trial, and the defense has not

15   seen and does not know when or even if it will be able to see potentially exculpatory information

16   related to an alleged co-conspirator. In fact, even the government has not reviewed this discovery

17   for exculpatory information. Even if the government were to produce the discovery today, Mr.

18   Kepke would not be able to review 1.4 Terabytes of documents between now and the trial date.

19   This creates a substantial risk that Mr. Kepke will not have access to relevant exculpatory

20   information in time for trial.

21        The government should accordingly be precluded from offering Mr. Tamine as a witness,

22   presenting Mr. Tamine's statements, and admitting any evidence relating to Mr. Tamine. Fed. R.

23   Crim. P. 16(d)(2) (authorizing exclusion for failure to produce discovery in accordance with

24   scheduling orders); *United States v. W.R. Grace*, 526 F.3d 499, 516 (9th Cir. 2008) (upholding

25   district court's exclusion of evidence related to discovery that was not provided by the deadline

26   specified in the court's pretrial orders); *United States v. Talbot*, 51 F.3d 183, 187–188 (9th Cir.

27   1995) (similar).

28        In the alternative, if the Court is not inclined to exclude the relevant evidence, Mr. Kepke

3

1    requests a continuance of the trial date to allow Mr. Kepke a reasonable amount of time to review

2    the Tamine materials. Fed. R. Crim. P. 16(d)(2) (authorizing a continuance for failure to produce

3    discovery in accordance with scheduling orders).

4                                Respectfully submitted,

5

6  Dated: November 10, 2022         By: */s/ Grant P. Fondo*
                                   GRANT P. FONDO (SBN 181530)

7                                  *GFondo@goodwinlaw.com*
                                   DAVID R. CALLAWAY (SBN 121782)

8                                  *DCallaway@goodwinlaw.com*
                                   RICHARD M. STRASSBERG (*pro hac vice*)

9                                  *RStrassberg@goodwinlaw.com*
                                   SYLVIA R. EWALD (SBN 300267)

10                                 *SEwald@goodwinlaw.com*
                                   **GOODWIN PROCTER** LLP

11                                  Attorneys for Defendant:

12                                  CARLOS E. KEPKE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **November 10, 2022**. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **November 10, 2022**.

*/s/ Grant P. Fondo*
GRANT P. FONDO

5