GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
DAVID R. CALLAWAY (SBN 121782)
DCallaway@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

RICHARD M. STRASSBERG (*pro hac vice*)
RStrassberg@goodwinlaw.com
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333

SYLVIA R. EWALD (SBN 300267)
SEwald@goodwinlaw.com
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Tel: +1 424 436 3051
Fax: +1 213 947 1746

Attorneys for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS E. KEPKE,<br><br>　　　　Defendant. | Case No. 3:21-CR-00155-JD<br><br>**DECLARATION OF GRANT P. FONDO IN SUPPORT OF CARLOS KEPKE'S MOTION *IN LIMINE* TO EXCLUDE EVATT TAMINE TESTIMONY, STATEMENTS, AND EVIDENCE, OR IN THE ALTERNATIVE, TO CONTINUE TRIAL**<br><br>Date:　　　November 28, 2022<br>Time:　　　9:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:　　　Hon. James Donato |

**DECLARATION OF GRANT P. FONDO**

I, Grant P. Fondo, declare as follows:

1. I am a partner with the law firm Goodwin Procter LLP and a member of good standing of the bar of this Court. I represent Defendant Carlos E. Kepke ("Mr. Kepke") in the above-captioned matter. I submit this Declaration in support of Mr. Kepke's Motion *In Limine* to Exclude Evatt Tamine Testimony, Statements, and Evidence, or in the Alternative, to Continue Trial to Allow for Production of Evatt Tamine Materials. Unless stated otherwise, this declaration is based on my personal knowledge, and if called as a witness I could and would testify as follows:

2. Attached hereto as **Exhibit A** is a true and correct copy of a letter from Michael G. Pitman to Grant P. Fondo dated March 10, 2022.

3. Attached hereto as **Exhibit B** is a true and correct copy of a letter from Michael G. Pitman to Grant P. Fondo dated August 15, 2022.

4. Attached hereto as **Exhibit C** is a true and correct copy of the government's notice regarding co-conspirator statements dated November 5, 2022.

5. Since March 2022, the parties have met and conferred and exchanged correspondence a number of times about the status of the Evatt Tamine discovery, and the government responded that the offshore review of the documents was ongoing.

6. The parties met and conferred on June 1, 2022. During that meeting, the defense emphasized to the government that the longer the production of materials from Evatt Tamine's home and electronic devices was delayed, the more unworkable it would be to review such a voluminous amount of materials before trial.

7. The parties met and conferred on November 3, 2022. During that meeting, the government said that the offshore review of Mr. Tamine's materials had recently concluded and the government did not yet have access to the documents from Mr. Tamine's home and approximately eight to 15 devices, that the government does not know if it will have the documents before the trial date, and the government does not know how voluminous the materials are. The government also said that Mr. Tamine had been on its witness list but that the government now does not "think" it will call him, if the government does call him it will consider him a co-

1  conspirator, and that it would not use the emails of Mr. Tamine that are on the exhibit list if Mr.
2  Tamine does not testify.
3      I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct. Executed on November 10, 2022 in Los Altos, California.

Dated: November 10, 2022                GOODWIN PROCTER LLP


                                        By: */s/ Grant P. Fondo*
                                            GRANT P. FONDO (SBN 181530)
                                            *GFondo@goodwinlaw.com*
                                            **GOODWIN PROCTER LLP**

                                        Attorneys for Defendant:
                                        CARLOS E. KEPKE

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **November 10, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **November 10, 2022** in Los Altos, California.

                                                */s/ Grant P. Fondo*
                                                GRANT P. FONDO

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Boulevard, Suite 900*　*(408) 535-5061*
*San Jose, California 95113*　*FAX:(408) 535-5066*

March 10, 2022

**VIA EMAIL**
Grant P. Fondo
Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
gfondo@goodwinlaw.com

      Re:    *United States v. Carlos E. Kepke*, 3:21-cr-00155-JD (N.D. Cal.)

Dear Counsel:

    As you requested, below is a description of several categories of material associated with Evatt Tamine.

    Through counsel, Tamine provided documents to the government in 2018. These documents were reviewed for privilege by Tamine's attorneys who then made copies available to the government. The non-privileged documents were produced to you on February 7, 2022 bearing "ET" bates numbers. The approximately 19,000 documents tagged as privileged by Tamine's attorneys have not been produced to you. The government subsequently arranged to have copies of a number of the ET documents originally provided by Tamine pulled directly from devices seized by Bermudian authorities.

    Authorities in Bermuda executed several search warrants at Tamine's residence. Materials seized are being reviewed for privilege and relevance by an attorney in the United Kingdom pursuant to an order from a Bermudian court. The first tranche of the non-privileged documents was produced to you on February 4, 2022 bearing "DOC" and "MLATSW" bates numbers. The government does not have access to documents tagged as privileged or personal/non-relevant by the reviewer in the United Kingdom. Additional documents seized by authorities in Bermuda are still being evaluated by the reviewer in the United Kingdom.

    Tamine also provided electronic devices (mobile devices, laptops, external SSDs, and a memory card) to the government, for which forensic images and mobile device extractions collectively produced 1.4 TeraBytes of data. The data extracted from these devices has not been reviewed by the government and has not been reviewed for privilege.

    Tamine also provided one box of paper documents to the government. These documents are currently being reviewed for privilege by Tamine's attorneys, and have not been reviewed by the government.

2

Please contact me if you have any questions concerning the foregoing.

Very truly yours,

STEPHANIE M. HINDS
United States Attorney

s/ Michael G. Pitman
MICHAEL G. PITMAN
Assistant United States Attorney

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Boulevard, Suite 900*   *(408) 535-5061*
*San Jose, California 95113*   *FAX:(408) 535-5066*

August 15, 2022

**Via Email**
Grant P. Fondo
Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
gfondo@goodwinlaw.com

          Re:    *United States v. Carlos E. Kepke*, 3:21-cr-00155-JD (N.D. Cal.)

Dear Counsel:

      The government hereby gives notice that it intends to introduce evidence of statements made by the following individuals pursuant to Federal Rule of Evidence 801(d)(2)(E) at trial: Robert Smith; John Warnken-Brill; Glenn Godfrey; Joy Godfrey; Emil Arguelles; Evatt Tamine; Robyn Neal; and Michele Frutiger.

      A coconspirator's statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000). Generally, statements are in furtherance if they are intended to promote the conspiratorial objectives, induce enlistment or further participation in the group's activities, prompt further action on the part of conspirators, explain events important to the conspiracy in order to facilitate its operation, provide reassurance and maintain trust and cohesiveness, inform participants of the current status of the conspiracy, identify a coconspirator, or are otherwise part of the information intended to help each conspirator perform his or her role. *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006); *United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988); *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007); and *United States v. Doerr*, 886 F.2d 944, 951 (7th Cir. 1989). Statements made by a coconspirator need not be made to a member of the conspiracy to be admissible under Rule 801(d)(2)(E). *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988). And the coconspirator's statement need only be intended to further the conspiracy, it need not actually do so. *Id*.

      Coconspirator statements typically do not implicate *Crawford* because they are non-testimonial. *Crawford v. Washington*, 541 U.S. 36, 55 (2004) (stating that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial – for example, business records or statements in furtherance of a conspiracy."); *see also Giles v. California*, 554 U.S. 353, 375 n.6 (2008); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005).

The government reserves the right to provide timely notice of its intention to introduce additional Rule 801(d)(2)(E) material in the future.

Please contact me if you have any questions concerning the foregoing.

Very truly yours,

STEPHANIE M. HINDS
United States Attorney

s/ Michael G. Pitman
MICHAEL G. PITMAN
Assistant United States Attorney

# EXHIBIT C

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:     (408) 535-5040
Facsimile:      (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:     (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Criminal No. 3:21-CR-00155-JD<br><br>UNITED STATES' NOTICE OF INTENT TO OFFER OUT-OF-COURT STATEMENT OF ROBERT BROCKMAN UNDER FED. R. EVID. 801(d)(2)(E)<br><br>Hearing.:    October 21, 2022<br>Time:         1:30 a.m.<br>Place:         Courtroom 11, 19th Floor |

The United States of America ("United States") provides notice to Defendant that for purposes of Count One of the Indictment ROBERT SMITH, ROBERT BROCKMAN and EVATT TAMINE are considered by the government to be co-conspirators of Defendant.

Further, consistent with the Court's October 20, 2022, Minute Order, *ECF 104*, the government provides notice to Defendant that it intends to offer through the testimony of Robert Smith, a statement made by Robert Brockman in or about December 1999.  Namely, in or about December 1999 Brockman

GOVERNMENT'S NOTICE OF INTENT
TO OFFER STATEMENT OF
ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

1

instructed Smith to retain Defendant to create an offshore trust ("Excelsior") and wholly owned Limited Liability Corporation ("Flash Holdings, LLC) for the purpose of holding and receiving offshore carried interest and capital gain income from the private equity company, Vista Equity Partners, for the purpose of avoiding income taxes in the United States.  And, that the funds deposited into bank accounts held in the name of Flash Holdings, LLC were intended to satisfy any future obligations Vista Equity Partners, and/or Smith, may have to Brockman, or entities associated with him.

The statement(s) made by Brockman to Smith mentioned herein are not hearsay and admissible as statements of a co-conspirator under Fed. R. Evid 801(d)(2)(E).  A coconspirator's statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000).  Generally, statements are in furtherance if they are intended to promote the conspiratorial objectives, induce enlistment or further participation in the group's activities, prompt further action on the part of conspirators, explain events important to the conspiracy in order to facilitate its operation, provide reassurance and maintain trust and cohesiveness, inform participants of the current status of the conspiracy, identify a coconspirator, or are otherwise part of the information intended to help each conspirator perform his or her role.  *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006); *United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988); *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007); *United States v. Doerr*, 886 F.2d 944, 951 (7th Cir. 1989).  Mere conversations between coconspirators, or merely narrative declarations among them, are not made in furtherance of a conspiracy.  *Yarbrough*, 852 F.2d at 1535.  A statement can be in furtherance even though there may be different interpretations, so long as some reasonable basis exists for concluding that the statement furthered the conspiracy.  *Doerr*, 866 F.2d at 952.  Statements made by a coconspirator need not be made to a member of the conspiracy to be admissible under Rule 801(d)(2)(E).  *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988).  And the coconspirator's statement need only be intended to further the conspiracy, it need not actually do so.  *Id.*

GOVERNMENT'S NOTICE OF INTENT
TO OFFER STATEMENT OF
ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

2

1   The coconspirator statements do not implicate *Crawford* because they are non-testimonial. *Crawford v. Washington*, 541 U.S. 36, 55 (2004) (stating that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial – for example, business records or statements in furtherance of a conspiracy."). *See also Giles v. California*, 554 U.S. 353, 375 n.6 (2008) (coconspirator hearsay does not violation the Confrontation Clause because "it [is] not (as an incriminating statement in furtherance of the conspiracy would probably never be) testimonial"); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005).

Here, Smith will testify that it was his understanding that Defendant had previously created an offshore trust for Brockman, which was managed for Brockman by Tamine. Then, in or about December 1999, when Smith and Brockman created Vista Equity Partners, Brockman instructed Smith to retain Defendant's services to create a similar offshore structure, and that Smith followed Brockman's instructions. The government maintains that based on Smith's testimony, corroborated by email and correspondence between Smith and Defendant, that the relationship between Defendant, Smith, Brockman, and Tamine constituted a criminal conspiracy, and consistent with Count One of the Indictment, the object of this conspiracy was to defraud the United States government, to wit: the Department of the Treasury, Internal Revenue Service in the assessment and collection of federal income taxes. Further, Brockman's statements to Smith to use Defendant to create an offshore structure similar to the one Defendant created for Brockman was a statement in furtherance of this conspiracy and is admissible as non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(E).

STEPHANIE M. HINDS
United States Attorney

Date: November 5, 2022

*s/ Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
Tax Division
MICHAEL G. PITMAN
Assistant United States Attorney
BORIS BOURGET
Trial Attorney
Tax Division
Attorneys for United States of America

GOVERNMENT'S NOTICE OF INTENT
TO OFFER STATEMENT OF
ROBERT BROCKMAN
UNDER FED. R. EVID. 801(D)(2)(E)
Case No.: 3:21-CR-00155-JD

3