1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
2
    THOMAS A. COLTHURST (CABN 99493)
3   Chief, Criminal Division

4   MICHAEL G. PITMAN (DCBN 484164)
    Assistant United States Attorney
5   150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
6   Telephone:   (408) 535-5040
    Facsimile:   (408) 535-5081
7   Email: michael.pitman@usdoj.gov

8   COREY J. SMITH (MABN 553615)
    Senior Litigation Counsel
9   United States Department of Justice
    Telephone:   (202)514-5230
10  Email: corey.smith@usdoj.gov

11  Attorneys for United States of America

12                   UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15  UNITED STATES OF AMERICA,            Criminal No. 3:21-CR-00155-JD

16          Plaintiff,                   UNITED STATES' MEMORANDUM
                                         REGARDING DISPUTED JURY
17          v.                           INSTRUCTIONS

18  CARLOS E. KEPKE,

19          Defendant.

20

21          The United States of America, by and through undersigned counsel, hereby respectfully submits

22  the following memorandum addressing the final jury instructions with respect to which the parties were

23  unable to reach an agreement in the Joint Proposed Final Jury Instructions filed on November 7, 2022

24  (Doc. 127).

25  \\

26  \\

27  \\

28  \\

1    The United States respectfully reserves the right to supplement and or modify these Proposed

2    Jury Instructions.

3

4    Dated: November 10, 2022                    STEPHANIE M. HINDS
                                                  United States Attorney
5
                                                  s/ Michael G. Pitman
6                                                 MICHAEL G. PITMAN
                                                  Assistant United States Attorney
7                                                 COREY J. SMITH
                                                  Senior Litigation Counsel
8
                                                  Attorneys for United States of America
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | TABLE OF DISPUTED FINAL INSTRUCTIONS | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| 2 | Charges Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | 9th Cir. 6.2 | 4 |
| 15 | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea | 9th Cir. 3.9 | 6 |
| 20 | Aiding and Abetting (18 U.S.C. § 2(a)) | 9th Cir. 4.1 | 8 |
| 21 | Aiding and Abetting (18 U.S.C. § 2(b)) | 9th Cir. 4.2 | 10 |
| 22 | Conspiracy to Defraud the United States (18 U.S.C. § 371) | 9th Cir. 11.2 | 11 |
| 23 | Conspiracy—Knowledge of an Association With Other Conspirators | 9th Cir. 11.4 | 15 |
| 24 | Acts and Declarations of Co-Conspirators | O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:06 (6th ed.) | 16 |
| 25 | Conspiracy—Liability for Substantive Offenses Committed by Co-Conspirators (*Pinkerton* Charge) | 9th Cir. 11.6 | 18 |
| 26 | Aiding or Advising False Tax Returns | 9th Cir. 22.4 | 22 |
| 27 | Willfully—Defined | 9th Cir. 22.6 | 24 |
| 28 | Aiding and Advising—Defined | [No Model Instruction] | 26 |
| 29 | Economic Substance Doctrine—Defined | [No Model Instruction] | 27 |
| 30 | The Good Faith Defense | O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 67:25 (6th ed.) | 30 |
| 32 | Foreign Transactions | [No Model Instruction] | 32 |

DISPUTED INSTRUCTION NO. 2

**United States' Proposal**:

**Charges Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.2 – Modified

**Defendant's Proposal**:

~~Charges Against Defendant Not Evidence—~~Presumption of Innocence~~—Burden of Proof~~

I instruct you that you must presume Mr. Kepke to be innocent of the crimes charged. Thus Mr. Kepke, although accused of crimes in the Indictment, begins the trial with a "clean slate"—with no evidence against him. The Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit Mr. Kepke.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to Mr. Kepke for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Kepke is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

1   Unless the government proves, beyond a reasonable doubt, that Mr. Kepke has committed each

2   and every element of the offenses charged in the Indictment, you must find Mr. Kepke not guilty of the

3   offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—

4   one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

5   Authority

6   Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:10 (6th ed.)

7   [Presumption of innocence, burden of proof, and reasonable doubt]. The indictment is not evidence. The

8   defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and

9   until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant

10  does not have to testify or present any evidence. The defendant does not have to prove innocence; the

11  government has the burden of proving every element of the charges beyond a reasonable doubt.

12  Authority

13  Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 6.2—Modified

14

15  **United States' Argument**:

16  The United States' proposal tracks the Ninth Circuit Model Instruction.

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

DISPUTED INSTRUCTION NO. 15

**Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits,**

**Accomplice, Plea**

4 **United States' Proposal**:

5       You have heard testimony from Robert Smith, a witness who was party to a Non-Prosecution

6 Agreement with the United States government.

7       That testimony was given in exchange for a promise by the government that the witness will not

8 be prosecuted after admitting to being an accomplice to the crime charged.  An accomplice is one who

9 voluntarily and intentionally joins with another person in committing a crime.

10       For this reason, in evaluating the testimony of Robert Smith, you should consider the extent to

11 which or whether his testimony may have been influenced by this factor.  In addition, you should

12 examine the testimony of Robert Smith with greater caution than that of other witnesses.

13                                         Authority

14 Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 3.9 – Modified

15

16  **Defendant's Proposal**:

17       You have heard testimony from Robert Smith, a witness who received immunitywas party to a

18 Non-Prosecution Agreement with the United States government.

19       That testimony was given in exchange for a promise by the government that the witness will not

20 be prosecuted after admitting to being an accomplice to the crime charged.  An accomplice is one who

21 voluntarily and intentionally joins with another person in committing a crime.

22       For this reason, in evaluating the testimony of Robert Smith, you should consider the extent to

23 which or whether his testimony may have been influenced by this factor.  In addition, you should

24 examine the testimony of Robert Smith with greater caution than that of other witnesses.

25                                         Authority

26 Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 3.9 – Modified

27

28

1     **<u>United States' Argument</u>**:

2         The United States' proposal tracks the Ninth Circuit Model Instruction.  Additionally,

3 Defendant's proposal misstates the facts: Mr. Smith did not receive immunity, he entered into a non-

4 prosecution agreement with the United States.

DISPUTED INSTRUCTION NO. 20

**Aiding and Abetting (18 U.S.C. § 2(a))**

**<u>United States' Proposal</u>**:

A defendant may be found guilty of [specify crime charged], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of [specify crime charged] by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed [specify crime charged];

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of [specify crime charged];

Third, the defendant acted with the intent to facilitate [specify crime charged]; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [specify crime charged].

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 4.1


**<u>Defendant's Proposal</u>**:

Defendant does not believe this instruction should be given.

**<u>United States' Argument</u>**:

The United States' proposal tracks the Ninth Circuit Model Instruction.  Defendant could properly be found to have aided and abetted Robert Smith's violation of 26 U.S.C. § 7206(2) with respect to Mr. Smith's own tax returns.  *See, e.g., United States v. Greger*, 716 F.2d 1275, 1277-78 (9th Cir. 1983) (affirming taxpayer's conviction under Section 7206(2), finding that the statute "was clearly intended to encompass" a defendant who presents false information to an accountant who prepares and signs the taxpayers tax return with no knowledge of the information's inaccuracy); *see also United States v. Boulas*, 17-cr-10351-ADB, 2018 WL 6681790, at * 5 (D. Mass. Dec. 19, 2019) ("[T]he Government points to several decisions by the Fourth and Ninth Circuits affirming Section 7206(2) convictions against the underlying taxpayer.") (citing cases).

1

2

DISPUTED INSTRUCTION NO. 21

**Aiding and Abetting (18 U.S.C. § 2(b))**

3    **United States' Proposal**:

4         A defendant may be found guilty of the crime(s) charged even if the defendant did not personally

5    commit the act(s) constituting the crime if the defendant willfully caused an act to be done that if

6    directly performed by him would be an offense against the United States.  A defendant who puts in

7    motion or causes the commission of an indispensable element of the offense may be found guilty as if he

8    had committed this element himself.

9                                                  Authority

10   Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 4.2

11

12   **Defendant's Proposal**:

13        Defendant does not believe this instruction should be given.

14

15   **United States' Argument**:

16        The United States' proposal tracks the Ninth Circuit Model Instruction.  Under the plain

17   language of the statute, Defendant could properly be found to have violated 26 U.S.C. § 7206(2) with

18   respect to Robert Smith's tax returns, even if the jury concluded that Mr. Smith did not act with the

19   requisite intent (willfulness).  *See* 26 U.S.C. § 7206(2) (the crime is committed "whether or not such

20   falsity or fraud is with the knowledge or consent of the person authorized or required to present such

21   return, affidavit, claim, or document"); *see also United States v. Jennings*, 51 Fed. App'x 98, 100 (4th

22   Cir. 2002) (unpublished) ("'[T]he innocence or guilty knowledge of a taxpayer is irrelevant to [a section

23   7206 prosecution].'" (quoting *United States v. Jackson*, 452 F.2d 144, 147 (7th Cir. 1971) (emphasis

24   added by *Jennings*)).  Here, Defendant improperly seeks to excise this well-established principle from

25   the instructions entirely by objecting to this instruction, and by also requesting that the Court strike the

26   corresponding language from Disputed Instruction No. 26, below.

27

28

1

DISPUTED INSTRUCTION NO. 22

2

**Conspiracy to Defraud the United States (18 U.S.C. § 371)**

3

**United States' Proposal**:

4        I will now instruct you on the elements of the crimes charged, beginning with Count One.

5   The defendant is charged in Count One of the indictment with conspiring to defraud the United States by

6   obstructing the lawful functions of the Department of the Treasury, Internal Revenue Service by

7   deceitful or dishonest means in violation of Section 371 of Title 18 of the United States Code.  For the

8   defendant to be found guilty of that charge, the government must prove each of the following elements

9   beyond a reasonable doubt:

10        First, beginning on or about December 1, 1999, and ending on or about October 20, 2015, there

11   was an agreement between two or more persons to defraud the United States by obstructing the lawful

12   functions of the Internal Revenue Service by deceitful or dishonest means as charged in the Indictment;

13        Second, the defendant became a member of the conspiracy knowing of at least one of its objects

14   and intending to help accomplish it; and

15        Third, one of the members of the conspiracy performed at least one overt act on or after October

16   15, 2011, for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt

17   act that you find was committed.

18        An agreement to defraud is an agreement to deceive or cheat.

19        A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit

20   one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not

21   matter whether the crime agreed upon was committed.

22        For a conspiracy to have existed, it is not necessary that the conspirators made a formal

23   agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they

24   simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

25   You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an

26   object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed

27   to commit.

28        One becomes a member of a conspiracy by willfully participating in the unlawful plan with the

1  intent to advance or further some object or purpose of the conspiracy, even though the person does not

2  have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an

3  existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no

4  knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

5  conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator

6  merely by associating with one or more persons who are conspirators, nor merely by knowing that a

7  conspiracy exists.

8       An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy

9  if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove

10  that the defendant personally did one of the overt acts.

11                                        Authority

12  Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 11.2 – Modified

13

14  **Defendant's Proposal**:

15       I will now instruct you on the elements of the crimes charged, beginning with Count One.

16  ~~The defendant~~Mr. Kepke is charged in Count One of the indictment with conspiring to defraud the

17  United States by obstructing the lawful functions of the Department of the Treasury, Internal Revenue

18  Service by deceitful or dishonest means in violation of Section 371 of Title 18 of the United States

19  Code.  For ~~the defendant~~Mr. Kepke to be found guilty of that charge, the government must prove each

20  of the following elements beyond a reasonable doubt:

21       First, beginning on or about December 1, 1999, and ending on or about October 20, 2015, there

22  was an agreement between two or more persons to defraud the United States by obstructing the lawful

23  functions of the Internal Revenue Service ~~by deceitful or dishonest means~~ as charged in the Indictment;

24       Second, ~~the defendant~~Mr. Kepke became a member of the conspiracy knowing of at least one of

25  its objects and intending to help accomplish it; ~~and~~

26       Third, one of the members of the conspiracy performed at least one overt act on or after October

27  15, 2011, for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt

28  act that you find was committed~~.~~;

Fourth, the means employed to accomplish the purpose of the agreement were either dishonest or deceitful; and

Fifth, Mr. Kepke entered into the conspiratorial agreement willfully and without a good faith belief that he was acting lawfully. An act is done willfully if done voluntarily and intentionally with the purpose of violating a known legal duty.

An agreement to defraud is an agreement to deceive or cheat. The failure or refusal to disclose information that one has no independent duty to disclose does not constitute defrauding the government even if it impedes the government.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant Mr. Kepke personally did one of the overt acts.

1

Authority

2    Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 11.2 – Modified; adapted from

3    instructions given in *United States v. Lewis*, Case No. 05-cr-638 (N.D. Cal.); *United States v. Caldwell*,

4    989 F.2d 1056, 1059 (9th Cir. 1993); *United States v. Murphy*, 809 F.2d 1427, 1431–32 (9th Cir. 1987).

5

6    **United States' Argument**:

7            The United States' proposal tracks the Ninth Circuit Model Instruction and the applicable case

8    law.  The Defendant's proposed instructions is confusing, repetitive, and adds elements without support.

9    *See United States v.Conti*, 804 F.3d 977, 979-80 (9th Cir. 2015) ("To convict on a charge under the

10   'defraud' clause, the government must show that the defendant (1) entered into an agreement (2) to

11   obstruct a lawful government function (3) by deceitful or dishonest means and (4) committed at least

12   one overt act in furtherance of the conspiracy.") (citing *United States v. Caldwell*, 989 F.2d 1056 (9th

13   Cir. 1993)); *see also Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924); *United States v.*

14   *Rodman*, 776 F.3d 638, 642 (9th Cir. 2015).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 23

**Conspiracy—Knowledge of and Association With Other Conspirators**

**United States' Proposal**:

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 11.4 – Modified

**Defendant's Proposal**:

Defendant does not believe this instruction should be given.

**United States' Argument**:

The United States' proposal tracks the Ninth Circuit Model Instruction

1

DISPUTED INSTRUCTION NO. 24

2

**Acts and Declarations of Co-Conspirators**

3

**United States' Proposal**:

4

The United States does not believe this instruction should be given.

5

6

**Defendant's Proposal**:

7       Evidence has been received in this case that Robert F. Smith, who is alleged in Count One of the

8   Indictment to be a co-conspirator of Mr. Kepke, has done or said things during the existence or life of

9   the alleged conspiracy in order to further or advance its goals.

10      Such acts and statements of Mr. Smith may be considered by you in determining whether or not

11  the government has proven the charges in Count One of the indictment against Mr. Kepke.

12      Since these acts may have been performed and these statements may have been made outside the

13  presence of Mr. Kepke and even done or said without Mr. Kepke's knowledge, these acts or statements

14  should be examined with particular care by you before considering them against Mr. Kepke, who did not

15  do the particular act or make the particular statement.

16

Authority

17  O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 31:06 (6th ed.) [Acts and

18  Declarations of Co-Conspirators]

19

20

**United States' Argument**:

21      Defendant's proposed language is a misstatement of the law.  In federal criminal cases, the

22  proper instruction with respect to co-conspirator liability is the "*Pinkerton* charge," derived from

23  *Pinkerton v. United States*, 328 U.S. 640 (1946), which held that a defendant could be held liable for a

24  substantive offense committed by a co-conspirator as long as the offense occurred within the course of

25  the conspiracy, was within the scope of the agreement, and could reasonably have been foreseen as a

26  necessary or natural consequence of the unlawful agreement.  *See* comment to Ninth Circuit Model

27  Criminal Jury Instruction (2022 ed.) No. 11.6; *see also United States v. Moran*, 493 F.3d 1002, 1009

28  (9th Cir. 2007) ("Under *Pinkerton*, a defendant may be found guilty of a substantive crime committed by

a coconspirator in furtherance of their conspiracy."); *United States v. Williams,* 73 Fed. Appx. 227, 228-29 (9th Cir. 2003) (unpublished) ("[T]he same principles of vicarious liability for the acts of co-conspirators apply to schemes to defraud when such schemes involve more than one person.").  Here, Defendant improperly objects to the Ninth Circuit's Ninth Circuit's Model instruction on this topic (Disputed Instruction No. 25, below) based largely on a fundamental misunderstanding of the law, and seeks to substitute a less precise, general instruction without Ninth Circuit support.

1

DISPUTED INSTRUCTION NO. 25

2

**Conspiracy—Liability for Substantive Offenses Committed by Co-Conspirators**

3

**United States' Proposal**:

4

Each member of the conspiracy is responsible for the actions of the other conspirators performed

5

during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime

6

in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

7

Therefore, you may find the defendant guilty of aiding, assisting and counseling the presentation

8

of a materially false income tax return to the Internal Revenue Service, as charged in Counts Two, Three

9

or Four of the indictment, if the government has proved each of the following elements beyond a

10

reasonable doubt:

11

First, a person committed the crime of preparing and presenting a materially false income tax

12

return to the Internal Revenue Service;

13

Second, the person was a member of the conspiracy charged in Count One of the indictment;

14

Third, the person committed the crime of preparing and presenting a materially false income tax

15

return to the Internal Revenue Service in furtherance of the conspiracy;

16

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in

17

Counts Two, Three or Four was committed; and

18

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have

19

been foreseen to be a necessary or natural consequence of the unlawful agreement.

20

Authority

21

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 11.6 – Modified

22

23

**Defendant's Proposal**:

24

Defendant does not believe this instruction should be given.

25

26

**United States' Argument**:

27

The United States' proposal tracks the Ninth Circuit Model Instruction, with modifications noted in

28

redline below:

1    *Model Instruction*:

2         Each member of the conspiracy is responsible for the actions of the other

3    conspirators performed during the course and in furtherance of the conspiracy.  If one

4    member of a conspiracy commits a crime in furtherance of a conspiracy, the other

5    members have also, under the law, committed that crime.

6         Therefore, you may find the defendant guilty of [specify crime] as charged in

7    Count ___ of the indictment if the government has proved each of the following elements

8    beyond a reasonable doubt:

9         First, a person named in Count _____ of the indictment committed the crime of

10   [specify crime] as alleged in that count;

11        Second, the person was a member of the conspiracy charged in Count _____ of

12   the indictment;

13        Third, the person committed the crime of [specify crime] in furtherance of the

14   conspiracy;

15        Fourth, the defendant was a member of the same conspiracy at the time the

16   offense charged in Count _____ was committed; and

17        Fifth, the offense fell within the scope of the unlawful agreement and could

18   reasonably have been foreseen to be a necessary or natural consequence of the unlawful

19   agreement.

20   *United States' Proposal*:

21        Each member of the conspiracy is responsible for the actions of the other

22   conspirators performed during the course and in furtherance of the conspiracy.  If one

23   member of a conspiracy commits a crime in furtherance of a conspiracy, the other

24   members have also, under the law, committed that crime.

25        Therefore, you may find the defendant guilty of [*specify crime*]aiding, assisting

26   and counseling the presentation of a materially false income tax return to the Internal

27   Revenue Service, as charged in Count  Counts Two, Three or Four of the indictment,

28   if the government has proved each of the following elements beyond a reasonable doubt:

1    First, a person ~~named in Count _____ of the indictment~~ committed the crime of

2    ~~[*specify crime*] as alleged in that count~~preparing and presenting a materially false income

3    tax return to the Internal Revenue Service;

4    Second, the person was a member of the conspiracy charged in Count

5    ~~_____~~One of the indictment;

6    Third, the person committed the crime of ~~[*specify crime*]~~preparing and presenting

7    a materially false income tax return to the Internal Revenue Service in furtherance of the

8    conspiracy;

9    Fourth, the defendant was a member of the same conspiracy at the time the

10   offense charged in ~~Count _____~~Counts Two, Three or Four was committed; and

11   Fifth, the offense fell within the scope of the unlawful agreement and could

12   reasonably have been foreseen to be a necessary or natural consequence of the unlawful

13   agreement.

14

15   This instruction should be given. Robert Smith could properly be found to have violated 26

16   U.S.C. § 7206(2) with respect to his own tax returns. *See, e.g., United States v. Greger*, 716 F.2d 1275,

17   1277-78 (9th Cir. 1983) (affirming taxpayer's conviction under Section 7206(2), finding that the statute

18   "was clearly intended to encompass" a defendant who presents false information to an accountant who

19   prepares and signs the taxpayers tax return with no knowledge of the information's inaccuracy); *see also*

20   *United States v. Boulas*, 17-cr-10351-ADB, 2018 WL 6681790, at * 5 (D. Mass. Dec. 19, 2019) ("[T]he

21   Government points to several decisions by the Fourth and Ninth Circuits affirming Section 7206(2)

22   convictions against the underlying taxpayer.") (citing cases). Pursuant to *Pinkerton v. United States*,

23   328 U.S. 640 (1946) – which held that a defendant could be held liable for a substantive offense

24   committed by a co-conspirator as long as the offense occurred within the course of the conspiracy, was

25   within the scope of the agreement, and could reasonably have been foreseen as a necessary or natural

26   consequence of the unlawful agreement – Defendant could properly be held liable for Mr. Smith's

27   violation of Section 7206(2), so long as the other prerequisites of *Pinkerton* liability are satisfied. *See*

28   comment to Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 11.6; *see also United States v.*

1    *Moran*, 493 F.3d 1002, 1009 (9th Cir. 2007) ("Under *Pinkerton*, a defendant may be found guilty of a

2    substantive crime committed by a coconspirator in furtherance of their conspiracy."); *United States v.*

3    *Williams,* 73 Fed. Appx. 227, 228-29 (9th Cir. 2003) (unpublished) ("[T]he same principles of vicarious

4    liability for the acts of co-conspirators apply to schemes to defraud when such schemes involve more

5    than one person.").

6            The modifications to the Model Instruction's language proposed by the United States are

7    appropriate.  The only substantive modification proposed by the United States is to alter the first element

8    to account for the fact that Defendant and not Mr. Smith has been charged in Counts Two, Three and

9    Four, as is contemplated by the Model Instruction.  This modification is immaterial because *Pinkerton*

10   liability does not require that the co-conspirator be charged. Thus, the language proposed by the United

11   States is accurate and necessary to properly instruct the jury given the structure of the Indictment in this

12   case.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DISPUTED INSTRUCTION NO. 26

2    **Aiding or Advising False Tax Returns (26 U.S.C. § 7206(2))**

3    **United States' Proposal**:

4    I will now instruct you the elements of Counts Two, Three, and Four. Defendant is charged in

5    Counts Two, Three and Four of the Indictment with aiding, assisting and counseling the preparation of a

6    false income tax return in violation of Section 7206(2) of Title 26 of the United States Code.  For the

7    defendant to be found guilty of that charge, the government must prove each of the following elements

8    beyond a reasonable doubt:

9    First, the defendant aided, assisted and counseled Robert F. Smith in the preparation and

10   presentation of an income tax return that was false;

11   Second, the income tax return was false as to any material matter necessary to a determination of

12   whether income tax was owed; and

13   Third, the defendant acted willfully.

14   The government is not required to prove that Robert F. Smith knew that the return was false.

15   A matter is material if it had a natural tendency to influence, or was capable of influencing, the

16   decisions or activities of the Internal Revenue Service.

17   Authority

18   Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 22.4 – Modified

19   **Defendant's Proposal**:

20   I will now instruct you the elements of Counts Two, Three, and Four. ~~Defendant~~Mr.

21   Kepke is charged in Counts Two, Three~~,~~ and Four of the Indictment with aiding, assisting and

22   counseling the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the

23   United States Code.  For ~~the defendant~~Mr. Kepke to be found guilty of that charge, the government must

24   prove each of the following elements beyond a reasonable doubt:

25   First, ~~the defendant~~Mr. Kepke aided, assisted and counseled Robert F. Smith in the preparation

26   and presentation of an income tax return that was false;

27   Second, the income tax return was false as to any material matter necessary to a determination of

28   whether income tax was owed; and

1    Third, ~~the defendant~~Mr. Kepke acted willfully.

2    ~~The government is not required to prove that Robert F. Smith knew that the return was false.~~

3    A matter is material if it had a natural tendency to influence, or was capable of influencing, the

4    decisions or activities of the Internal Revenue Service.

5                                                    Authority

6    Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 22.4 – Modified

7

8    **<u>United States' Argument</u>**:

9          The United States' proposal tracks the Ninth Circuit Model Instruction.  Under the plain

10   language of the statute, Defendant could properly be found to have violated 26 U.S.C. § 7206(2) with

11   respect to Robert Smith's tax returns, even if the jury concluded that Mr. Smith did not act with the

12   requisite intent (willfulness).  *See* 26 U.S.C. § 7206(2) (the crime is committed "whether or not such

13   falsity or fraud is with the knowledge or consent of the person authorized or required to present such

14   return, affidavit, claim, or document"); *see also United States v. Jennings*, 51 Fed. App'x 98, 100 (4th

15   Cir. 2002) (unpublished) ("'[T]he innocence or guilty knowledge of a taxpayer is irrelevant to [a section

16   7206 prosecution].'" (quoting *United States v. Jackson*, 452 F.2d 144, 147 (7th Cir. 1971) (emphasis

17   added by *Jennings*)).  Here, Defendant improperly seeks to excise this well-established principle from

18   the instructions entirely by objecting to this instruction, and by also requesting that the Court strike the

19   corresponding language from Disputed Instruction No. 21, above.

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 27

**Willfully—Defined**

**<u>United States' Proposal</u>**:

To prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

If the defendant acted on a good faith misunderstanding as to the requirements of the law, he did not act willfully even if his understanding of the law was wrong or unreasonable.  Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.  Thus, to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 22.6 – Modified

**<u>Defendant's Proposal</u>**:

To prove that ~~the defendant~~Mr. Kepke acted "willfully," the government must prove beyond a reasonable doubt that ~~the defendant~~Mr. Kepke knew federal tax law imposed a duty on him, and ~~the defendant~~Mr. Kepke intentionally and voluntarily violated that duty.

If ~~the defendant~~Mr. Kepke acted on a good faith misunderstanding as to the requirements of the law, he did not act willfully even if his understanding of the law was wrong or unreasonable.  [If applicable: Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it~~.~~]  Thus, to prove that ~~the defendant~~Mr. Kepke acted willfully, the government must prove beyond a reasonable doubt that ~~the defendant~~Mr. Kepke did not have a good faith belief that he was complying with the law.

Authority

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 22.6 – Modified

1  **<u>United States' Argument</u>**:

2      The United States' proposal tracks the Ninth Circuit Model Instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DISPUTED INSTRUCTION NO. 28

2

**Aiding and Advising—Defined**

3

**United States' Proposal**:

4      To be found guilty of aiding, assisting and advising the preparation and presentation of a

5   materially false income tax return, the government need not prove that a defendant actually prepared or

6   signed the return.  Even though a defendant did not sign a tax return in question, you can still find them

7   guilty of aiding, assisting and advising the preparation of an income tax return if they consciously were

8   parties to the concealment of a taxable interest.

9                                                                Authority

10   *United States v. Crum*, 529 F.2d 1380, 1382 (9th Cir. 1976).

11

12   **Defendant's Proposal**:

13      Defendant does not believe this instruction should be given.

14

15   **United States' Argument**:

16      The United States' proposal reflects the applicable case law, and the charges contained in the

17   Indictment.  Defendant could properly be found to have violated 26 U.S.C. § 7206(2) with respect to

18   Robert Smith's tax returns, even if Defendant had no role in preparing those returns.  *See United States

19   v. Smith*, 424, F.3d 992 (9th Cir. 2005) ("Unsurprisingly, we do not require defendants engaged in tax

20   schemes to physically "prepare" the tax returns to be found guilty of § 7206(2).") (citing *United States v.

21   Crum*, 529 F.2d 1380, 1382 (9th Cir. 1976)).  The United States expects that the evidence at trial will

22   show that Defendant had no role in preparing Mr. Smith's tax returns.  Accordingly, it is important that

23   the jury be instructed, consistent with the law, that that fact alone does not preclude conviction.

24

25

26

27

28

1

DISPUTED INSTRUCTION NO. 29

2

**Economic Substance Doctrine—Defined**

3

**United States' Proposal**:

4        A transaction without economic substance cannot properly be used to compute taxes.  That is to

5  say, the tax law does not recognize a transaction which does not have a substantial non-tax avoidance

6  purpose, and does not change the taxpayer's economic position in a meaningful way. On the other hand,

7  the tax law does recognize a transaction if there is some economic substance beyond the taxpayer's

8  desire to avoid taxes.

9        A taxpayer may of course try to pay as little tax as possible so long as they use legal means.

10  Transactions may be arranged in an attempt to minimize taxes if the transactions have economic

11  substance.

12        In this case, the government contends that the defendant created offshore entities Excelsior Trust

13  and Flash Holdings for Robert F. Smith, that lacked economic substance, and were primarily designed to

14  conceal from the IRS taxable income properly taxable to Robert F. Smith.  The defendant contends that

15  these transactions did have economic substance.

16        In determining whether a particular transaction had economic substance you are instructed to

17  consider the overall circumstances surrounding the asserted transaction.  Furthermore, when presented

18  with a series of related transactions, the income tax effect of these transactions can only be evaluated by

19  viewing the series of related transactions in their totality.

20        If after reviewing the evidence regarding a transaction you find that the transactions was not

21  entered into for a substantially non-tax avoidance purpose, and did not change the defendant's economic

22  position in a meaningful way, then you may find that the transaction lacked economic substance.

23        If, on the other hand, you find that the transactions was entered into for a substantial non-tax

24  avoidance purpose, that the transaction had an economic purpose, then you may not find that such

25  transaction lacked economic substance.

26                            Authority

27  Title 26, United States Code, Section 7701(o); *United States v. Moran*, 482 F.3d 1101, 1105-06 (9th Cir.

28  2007) (rev'd on other grounds) (this specific instruction used).

**Defendant's Proposal**:

A transaction without economic substance, which is entered into solely for the purpose of tax avoidance, cannot properly be used to compute taxes.  That is to say, the tax law does not recognize a transaction which ~~does not have a substantial non-tax avoidance purpose, and does not change the taxpayer's economic position in a meaningful way~~ has no purpose, substance, or utility apart from anticipated tax consequences. On the other hand, the tax law does recognize a transaction if there is some economic substance beyond the ~~taxpayer's~~ taxpayer's desire to avoid taxes.

A taxpayer may of course try to pay as little tax as possible so long as they use legal means.  Transactions may be arranged in an attempt to minimize taxes if the transactions have economic substance.

In this case, the government contends that ~~the defendant~~ Mr. Kepke created offshore entities Excelsior Trust and Flash Holdings for Robert F. Smith, that lacked economic substance, and were ~~primarily~~ solely designed to conceal from the IRS taxable income properly taxable to Robert F. Smith. ~~The defendant~~ Mr. Kepke contends that these transactions did have economic substance.

In determining whether a particular transaction had economic substance or not you are instructed to consider the overall circumstances surrounding the asserted transaction.  Furthermore, when presented with a series of related transactions, the income tax effect of these transactions can only be evaluated by viewing the series of related transactions in their totality.

If after reviewing the evidence regarding a transaction you find that ~~the transactions was not entered into for a substantially non-tax avoidance purpose, and did not change the defendant's economic position in a meaningful way~~ a reduction of taxes was the sole purpose for that transaction, then you may find that the transaction lacked economic substance.

If, on the other hand, you find that ~~the transactions~~ a desire to reduce taxes was ~~entered into~~ not the only motive for a ~~substantial non-tax avoidance purpose~~ transaction, that the transaction had an economic purpose, then you may not find that such transaction lacked economic substance.

Authority

Title 26, United States Code, Section 7701(o); *United States v. Moran*, 482 F.3d 1101, 1105-06 (9th Cir. 2007) (rev'd on other grounds) (this specific instruction used).

1   **United States' Argument**:

2        The United States' proposal is modeled on the instruction given in *Moran*, modified by the

3   subsequently enacted Code Section 26 U.S.C. § 7701(o) which codified the economic substance

4   doctrine, and modified the description thereof.  Section 7701(o)(a) states as follows:

5                Clarification of economic substance doctrine.

6                        (1) Application of doctrine.  In the case of any transaction to which the economic

7                substance doctrine is relevant, such transaction shall be treated as having

8                economic substance only if

9                        (A) the transaction changes in a meaningful way (apart from Federal

10                income tax effects) the taxpayer's economic position, and

11                        (B) the taxpayer has a substantial purpose (apart from Federal income tax

12                effects) for entering into such transaction.

13   Section 7701(o) makes clear that tax evasion need not be "sole" purpose of a series of transactions in

14   order for those transactions to be found to lack economic substance.  Instead, under the statute, if a

15   taxpayer does not have a "substantial" non-tax purpose for entering into the transactions under scrutiny,

16   and if the transactions do not change the taxpayer's economic position in a "meaningful" way, then the

17   transactions lack economic substance and can be disregarded for income tax purposes.

18

19

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 30

**The Good Faith Defense**

**<u>United States' Proposal</u>**:

The United States does not believe this instruction should be given.

**<u>Defendant's Proposal</u>**:

The good faith of Mr. Kepke is a complete defense to the crime of Conspiracy as charged in Count One of the Indictment and the crime of Aiding and Assisting in the Preparation of Materially False Tax Returns as charged in Counts Two, Three, and Four of the Indictment, because good faith is simply inconsistent with willfully conspiring or aiding and assisting in the filing of a false tax return. While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under this statute merely because that honest belief turns out to be incorrect or wrong. The tax laws subject to criminal punishment only those people who willfully conspire or aid and assist in the filing of a false tax return.

If a person acts without reasonable grounds for belief that his conduct is lawful, it is for the jury to decide whether that person has acted in good faith in order to comply with the law or whether that person has willfully conspired or aided and assisted in the filing of a false tax return.

In determining whether or not the government has proven that the defendant willfully conspired or aided and assisted in the filing of a false tax return or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant has no obligation to prove anything to you. The government has the burden of proving to you beyond a reasonable doubt that the defendant acted willfully.

If the evidence in the case leaves the jury with a reasonable doubt as to whether Mr. Kepke acted in good faith or acted willfully in conspiring or aiding and assisting in the filing of a false tax return, the jury must acquit Mr. Kepke.

Authority

1    Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 67:25 (6th ed.) [The

2    Good Faith Defense].

3

4    **United States' Argument**:

5           The concept of good faith is properly covered by Ninth Circuit Model Instruction 22.6.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DISPUTED INSTRUCTION NO. 32

2    **Foreign Transactions**

3    <u>**United States' Proposal**</u>:

4        The United States does not believe this instruction should be given.

5

6    <u>**Defendant's Proposal**</u>:

7        Transactions taking place in foreign countries and involving entities or corporations created in

8    foreign countries are not illegal. You are to draw no negative inference from the simple fact that a

9    foreign corporation, which sometimes is referred to as an off-shore corporation or entity, was involved

10   in the transactions you hear about.

11

12   <u>**United States' Argument**</u>:

13       The Defendant's proposed instruction is unnecessary, confusing, and arguably misstates the law.

14   Foreign transactions are not inherently "legal" or "illegal."  Even foreign transactions which are "legal"

15   in and of themselves may be used to facilitate illegal activity, and it can be illegal to fail to report

16   otherwise "legal" foreign transactions.  *See, e.g.*, 31 U.S.C. §§ 5315, 5322, and 5324.  The proposed

17   instruction will only serve to confuse the jury.