STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone:    (408) 535-5040
Facsimile:    (408) 535-5081
Email: michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
United States Department of Justice
Telephone:    (202)514-5230
Email: corey.smith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 3:21-CR-00155-JD |
| Plaintiff, | JOINT PRETRIAL CONFERENCE STATEMENT |
| v. | |
| CARLOS E. KEPKE, | |
| Defendant. | |

Pursuant to Criminal Local Rule 17.1-1(b), the United States of America ("United States") and Defendant Carlos E. Kepke, by and through undersigned counsel, hereby respectfully submit the following Joint Pretrial Conference Statement. Mr. Kepke is charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and three counts of aiding and assisting in the presentation of materially false federal income tax returns in violation of 26 U.S.C. § 7206(2). The case is currently set for trial on November 28, 2022, with a pretrial conference scheduled for November 21, 2022 at 1:30 p.m.

**(1) Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

The United States affirms it has disclosed and produced to the defense statements and reports of witnesses it intends to call at trial. The United States has complied with the Jencks Act, 18 U.S.C. § 3500, and believes it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963). In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence. The government recognizes and will comply with its ongoing obligation to provide the defense with materials subject to Fed. R. Crim. P. 26.2, *Jencks, Brady, Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The United States continues to review the materials in its possession for exculpatory or impeachment information.

**(2) Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

The United States affirms it will disclose and produce the grand jury testimony of witnesses it intends to call at trial prior to trial.

**(3) Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

The United States affirms it has complied with the Jencks Act, 18 U.S.C. § 3500, and believes it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963). In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence. The government recognizes and affirms it will comply with its ongoing obligation to provide the defense with materials subject to Fed. R. Crim. P. 26.2, *Jencks, Brady, Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The United States continues to review the materials in its possession for exculpatory or impeachment information.

The Defense disagrees that the United States has complied with the Jencks Act, 18 U.S.C. § 3500, or supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963).  For example, the defense believes that the government has not fully complied with the Court's October 20, 2022, order relating to the proffer materials.

### (4)  Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses

As the parties reach agreements, stipulations will be reduced to writing, signed by the parties, filed with the Court, and published to the jury, if appropriate, during the course of the trial.

### (5) Appointment by the Court of interpreters under Fed. R. Crim. P. 28

The parties do not anticipate the need for Court-appointed interpreters.

### (6) Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations

The United States anticipates proceeding to trial on all counts.  Other than potential evidentiary or factual stipulations, the parties are not aware of any issues that can be eliminated prior to trial.  The parties do not anticipate any issues regarding insanity, alibi, statute of limitations, or any other related issues.

### (7) Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant

It is the parties' position that this single defendant matter is properly set for a single trial.

### (8) Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.

Identification is not at issue in this trial.  The United States did not use informers during the criminal investigation of the conduct that gave rise to the Indictment.  The United States affirms that it is

not aware of any prior convictions of the defendant or of any witness it intends to call to testify at trial.

### (9) Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal

The United States filed a Witness List on November 7, 2022 (Doc. # 128), and Mr. Kepke has provided to the United States a Witness List.  These lists include those individuals the parties presently plan to call at trial, reserving the right to call additional witnesses if stipulations cannot be agreed to in order for those witnesses to be unnecessary.

### (10) Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal

The United States filed an Exhibit List on November 9, 2022 (Doc. # 138).  The defense has not disclosed any trial exhibits to the United States.  No later than November 21, 2022, the United States will make available to the Court and the defense sets of binders containing copies of the exhibits it may introduce at trial.  The United States continues to prepare summaries, diagrams, and demonstrative exhibits in anticipation of trial, and will share them with defense counsel as they are completed.  The United States will move to exclude any evidence offered by the defense that is not produced prior to trial. *See United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (affirming district court's exclusion of checks that were not produced by defendant to the government prior to trial); *United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (affirming exclusion of defense expert who was not properly disclosed pursuant to Fed. R. Crim. P. 16(b)(1)); *United States v. Aceves-Rosales*, 832 F.2d 1155, 1156-57 (9th Cir. 1987) (per curiam) (affirming district court's exclusion of medical report not produced by defendant).

The defense has disclosed its trial exhibits, excluding materials that may be used for impeachment or rebuttal, to the government and to the Court.  Mr. Kepke reserves his right to introduce any evidence, regardless of whether or not it was produced prior to trial, to impeach any witnesses or

rebut any evidence offered by the government. Mr. Kepke also reserves his right to move to exclude any evidence offered by the United States that is not produced prior to trial.

### (11) Pretrial resolution of objections to exhibits or testimony to be offered at trial

The United States anticipates working with the defense to resolve objections to exhibits and testimony.

The defense anticipates some issues as to exhibits and testimony will need to be resolved at the Pretrial Conference. For example, the government includes on its exhibit list Mr. Kepke's tax returns, numerous exhibits attached to their expert's report that constitute inadmissible hearsay, including the grand jury testimony of non-witnesses, and numerous transcripts of undercover conversations and audio recordings that the government previously asserted they were not seeking to admit. In addition, Mr. Kepke alerts the Court to Mr. Kepke's Motion in Limine to Exclude Evatt Tamine Testimony, Statements, and Evidence, or in the Alternative, to Continue Trial, ECF No. 141. The government filed its response, ECF No. 143. This motion is pending before the Court.

### (12) Preparation of trial briefs on controverted points of law likely to arise at trial

To the extent the parties are unable to resolve any controverted points of law likely to arise at trial, the parties anticipate bringing those disputes to the Court's attention via motions in limine and at the pretrial conference.

### (13) Scheduling of the trial and of witnesses

A reasonable estimate for presentation of the United States' case-in-chief is twelve complete days, not including time dedicated to jury selection and opening statements.

A reasonable estimate for presentation of the defense's case-in-chief is 1-2 complete days, not including time dedicated to jury selection and opening and closing statements. Mr. Kepke requests that the Court require the government provide notice by 2:30 p.m. each day of which witnesses will be testifying and which exhibits (including demonstratives) it intends to introduce the following day, as this

would provide the parties and the Court with a sufficient opportunity to resolve evidentiary issues in advance of each trial day.

**(14)  Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions**

The parties have filed proposed voir dire questions.

Neither of the parties requests additional peremptory challenges beyond the six provided for the government and ten for the defense under Federal Rule of Criminal Procedure 24(b)(2).  The parties respectfully request an opportunity to address prospective jurors directly regarding the voir dire questions.

The parties have filed proposed jury instructions upon which the parties agree, as well as proposed instructions and/or objections for disputed instructions.

**(15) Any other matter which may tend to promote a fair and expeditious trial**

The parties anticipate working together to resolve matters in an effort to promote a fair and expeditious trial and will timely bring to the Court's attention those matters upon which the parties disagree.

STEPHANIE M. HINDS
United States Attorney

s/ Michael G. Pitman
MICHAEL G. PITMAN
Assistant United States Attorney
COREY J. SMITH
Senior Litigation Counsel

Attorneys for United States of America


s/ Grant P. Fondo
GRANT P. FONDO
RICHARD M. STRASSBERG
DAVID R. CALLAWAY
SYLVIA R. EWALD

Attorneys for Defendant Carlos E. Kepke
