GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
DAVID R. CALLAWAY (SBN 121782)
*DCallaway@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

RICHARD M. STRASSBERG (*pro hac vice*)
RStrassberg@goodwinlaw.com
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333

SYLVIA R. EWALD (SBN 300267)
*SEwald@goodwinlaw.com*
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Tel: +1 424 436 3051
Fax: +1 213 947 1746

Attorneys for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS E. KEPKE,<br><br>Defendant. | Case No. 3:21-CR-00155-JD<br><br>**CARLOS KEPKE'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT CO-CONSPIRATOR STATEMENTS OF ROBERT BROCKMAN UNDER FED. R. EVID. 801(d)(2)(E)**<br><br>Date: November 21, 2022<br>Time: 1:30 p.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The government's motion (ECF No. 121 ("Mot.")) to admit the purported co-conspirator statements of Robert Brockman is an attempted end run around this Court's order that the government may not introduce evidence of the legality of Mr. Brockman's trust structure (ECF No. 104 ("Minute Order")). The government asserts that it has no intention to introduce any evidence about the legality of the Brockman trust structure. (Mot. at 3 n.1.) But by proposing to offer statements that the Brockman offshore trust is similar to Excelsior Trust, which the government clearly plans to prove is illegal, the government obviously does intend to offer evidence or at the very least improper insinuation that the Brockman trust structure was improper. The government's motion should be denied to the extent any of the proposed statements concern the character of the Brockman trust structure.

Mr. Kepke moved to exclude all evidence related to Mr. Brockman's alleged tax fraud under Federal Rules of Evidence 404(b) and 403. (ECF No. 90.) During oral argument, the Court said "I had a sense that you wanted to do a lot more about [the Brockman foreign trust structure], what is it, the AEBCT trust and how that was illegal; and we are not going to do that." (Tr. at 21:10–12.) The Court later added, "I'm not going to let you stand up and say: Oh, Mr. Brockman had a trust that shows you that Mr. Kepke knew what he was doing is illegal. Absolutely not." (Tr. at 23:15–17.) The Court ended by saying that the government could "do the table setting and the relationships" but "will not be allowed to say the Brockman trust, you should treat that, ladies and gentlemen of the jury, as evidence of willfulness because it's not; and we are not going to get to the point that it ever will be." (Tr. at 24:5–10.) In its Minute Order, the Court's ruling provides that "the government may introduce evidence related to Robert Brockman solely for context and background. The government may not use evidence of Brockman's foreign trust structure or other circumstances to establish willfulness on defendant's part." (Minute Order at 2.)

The government now moves to admit certain statements of Robert Brockman as purported co-conspirator statements under Federal Rule of Evidence 801(d)(2)(e). As relevant here, the government contends that "Smith will testify that it was his understanding that Defendant had previously created an offshore trust for Brockman, which was managed for Brockman by Tamine.

1

Then, in or about December 1999, when Smith and Brockman created Vista, Brockman instructed Smith to retain Defendant's services to create a similar offshore structure." (Mot. at 3–4.) The government later contends that "Brockman's directions to Smith, including the instruction to retain Defendant to create an offshore structure similar to the one Defendant created for Brockman, were statements in furtherance of this conspiracy and are admissible as non-hearsay[.]" (*Id.* at 4.)

By seeking to offer statements not just that Mr. Kepke had previously created an offshore trust for Mr. Brockman, but that Mr. Brockman's offshore trust structure is similar to that of Excelsior Trust, the government is attempting to insinuate that Mr. Brockman's offshore trust structure was improper. If the government were allowed to tell the jury that the two trust structures are "similar," in the midst of a trial that is all about the alleged illegality of one of those trust structures, the government effectively would be telling the jury that the Brockman trust structure was illegal, too. This plainly violates the Court's order excluding evidence of the illegality of Mr. Brockman's trust structure. (Minute Order at 2.) Nor is discussion of the similarity of the trust structures necessary to provide the jury with context about Mr. Smith's referral to Mr. Kepke.

The government's reference to Evatt Tamine is also improper. Not only is it gratuitous and unnecessary to provide context for the jury, it is also inconsistent with the government's refusal to provide discovery related to Mr. Tamine. The government sought this discovery until it realized Mr. Tamine was an unfavorable witness to it, and seeking to offer statements of Mr. Tamine as a co-conspirator contradicts its assertion that Mr. Kepke's motion to exclude all evidence related to Mr. Tamine is moot. (ECF Nos. 141 & 143.) The government cannot have it both ways.

Additionally, the government says that Mr. Smith's testimony will to an extent be based upon Mr. Smith's "understanding" rather than any specific statement by Mr. Brockman. Rule 801(d)(2) applies to a "statement," not an understanding. This is further reason to exclude this alleged co-conspirator statement.

For the reasons discussed above, the government's motion should be denied to the extent

1  it directly or indirectly concerns the legality of the Brockman trust structure and goes beyond
2  establishing that Mr. Brockman was Mr. Kepke's client, Mr. Kepke created foreign trust
3  structures for his clients, including Mr. Brockman, and that Mr. Brockman referred Mr. Smith to
4  Mr. Kepke to help set up a foreign trust structure. Any mention of similarities between the trust
5  structures or references to Mr. Tamine should be precluded.

Respectfully submitted,

Dated: November 14, 2022

By: */s/ Grant P. Fondo*
GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
DAVID R. CALLAWAY (SBN 121782)
DCallaway@goodwinlaw.com
RICHARD M. STRASSBERG (*pro hac vice*)
RStrassberg@goodwinlaw.com
SYLVIA R. EWALD (SBN 300267)
SEwald@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
CARLOS E. KEPKE

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **November 14, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **November 14, 2022**.

*/s/ Grant P. Fondo*
GRANT P. FONDO