GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
DAVID R. CALLAWAY (SBN 121782)
*DCallaway@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

RICHARD M. STRASSBERG (*pro hac vice*)
*RStrassberg@goodwinlaw.com*
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel: +1 212 813 8800
Fax: +1 212 355 3333

SYLVIA R. EWALD (SBN 300267)
*SEwald@goodwinlaw.com*
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Tel: +1 424 436 3051
Fax: +1 213 947 1746

Attorneys for Defendant:
CARLOS E. KEPKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS E. KEPKE,<br><br>　　　　Defendant. | Case No. 3:21-CR-00155-JD<br><br>**CARLOS KEPKE'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* REGARDING MR. KEPKE'S STATEMENTS**<br><br>Date:　　　November 21, 2022<br>Time:　　　1:30 p.m.<br>Courtroom: 11, 19th Floor<br>Judge:　　Hon. James Donato |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government's motion (ECF No. 123 ("Mot.")) seeks to admit all of Mr. Kepke's statements that it offers, and exclude all of Mr. Kepke's statements that Mr. Kepke offers. The statements the government offers should be addressed on a case-by-case basis. And the government's motion should be denied to the extent it is asking for a blanket determination that Mr. Kepke may not offer any of his out-of-court statements at trial because they are hearsay. It is well-established that Mr. Kepke may offer his out-of-court statements on many bases, including for non-hearsay purposes and under any applicable hearsay exception or exclusion. Here, many of Mr. Kepke's out-of-court statements may be offered to establish verbal acts, their effect on the listener, or to prove Mr. Kepke's then-existing state of mind. Documents posted on Mr. Kepke's former website are a prime example: they would be offered not to show that Mr. Kepke's advice was true or correct, but as evidence of his state of mind. Mr. Kepke may also offer his out-of-court statements for the truth of the matter asserted to the extent they are included in emails that otherwise qualify as business records.[1] Furthermore, Mr. Kepke's statements, including exculpatory statements, may be admitted under the Rule of Completeness to ensure that the government does not present misleading excerpts or redacted evidence to the jury.

**A.    The Admissibility of Statements of Mr. Kepke and Others Offered by the Government Should be Evaluated on a Case-By-Case Basis.**

The government seeks to admit statements of Mr. Kepke that would otherwise be hearsay under Federal Rule of Evidence 801(d)(2)(A). (Mot. at 2.) These statements cross many categories, including oral statements to five different witnesses and written statements in emails, letters, faxes, legal documents, tax returns, and "other writings." (*Id.*) While Mr. Kepke does not disagree with the general proposition that a party-opponent's out-of-court statements may be offered against that party, Mr. Kepke believes it appropriate to address this issue by the document rather than on the basis of broad categories of evidence, and reserves his right to object to specific exhibits.

---

[1] Mr. Kepke notes that the government includes many emails on its exhibit list (ECF No. 138), and understands that the government believes that they are admissible under Fed. R. Evid. 803(6).

1

The government also seeks to admit out-of-court statements made to Mr. Kepke as part of the conversations in which Mr. Kepke made statements the government seeks to admit. The government tacitly acknowledges that these statements may be inadmissible hearsay, but argues they will not be offered for the truth of the matter asserted because they will establish the "effect on the listener" and "Defendant's state of mind." (Mot. at 2.) The government does not specifically identify the statements of other individuals it believes are admissible for non-hearsay purposes. Accordingly, because these statements are hearsay unless they specifically meet the criteria for a non-hearsay statement, these statements should also be addressed on a case-by-case basis.

Additionally, Mr. Kepke reserves his right to object to these statements on the basis of other Federal Rules of Evidence, including but not limited to Rules 403 and 404(b).

### B.   Mr. Kepke's Statements Offered by the Defense May Be Admitted Under Various Hearsay Exclusions, Exceptions, and the Rule of Completeness.

The government next argues that Mr. Kepke should be precluded from offering any of his own written or oral statements unless he testifies, broadly contending that a defendant's out-of-court statements are inadmissible hearsay if offered by the defense. (Mot. at 3–4.) The government's blanket statement is clearly wrong. Mr. Kepke's statements may be admissible under various Rules of Evidence.

First, Mr. Kepke's statements are admissible if they are offered for a non-hearsay purpose. The rule against hearsay prohibits admission of out-of-court statements only when they are offered for the truth of the matter asserted. Fed. R. Evid. 801(c). So while a non-testifying defendant's out-of-court statements may not be offered for the truth of the matter asserted, they may be offered for non-hearsay purposes. *See United States v. Yang*, No. 16-CR-00334-LHK, 2019 WL 5536213, at *4 (N.D. Cal. Oct. 25, 2019) ("The admissibility of a particular [out-of-court statement by the defendant] depends on the content of the statement and the purpose for which the party seeks to introduce that statement into evidence."); *United States v. Yagi*, No. CR–12–0483 EMC, 2013 WL 10570994, at *3 (N.D. Cal. Oct. 17, 2013) ("[T]raditionally, the rule against hearsay prohibits defendants from introducing into evidence their prior out-of-court

2

statements. However, the hearsay rule is only applicable to the extent the statement in question is offered for the truth of the matter asserted." (citation omitted)).

Out-of-court statements may accordingly be admitted for a multitude of non-hearsay purposes. They may be admitted to provide clarification or context, *United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014) (admitting explanatory comments to provide context for a recorded phone call), and to show the effect of the out-of-court statement on the listener, *United States v. Lopez*, 185 F.3d 870, *1–3 (9th Cir. 1999) (admitting statement on which listener relied and took action).

Out-of-court statements also may be admitted to show legally operative verbal conduct. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) (admitting a check as a verbal act). One sort of statement that is considered a verbal act is one that shows a conspiratorial agreement did or did not exist. *See United States v. Lim*, 984 F.2d 331, 336 (9th Cir. 1993). The Ninth Circuit explains that "when a witness is present at a meeting between a group of conspirators, and they orally, in his presence, agree upon the conspiracy, its objectives, and its modus operandi, the witness' testimony about what each of them said is not hearsay" because "[i]t is not offered to prove that what the conspirators said is true, but to prove their verbal acts in saying it." *United States v. Wolfson*, 634 F.2d 1217, 1219 (9th Cir. 1980).

And out-of-court statements may be admitted to demonstrate a person's state of mind because the statement is not being offered for the truth of the matter asserted.[2] *See United States v. Lischewski*, 860 F. App'x 512, 516 (9th Cir. 2021) (admitting email to show states of mind of persons on the email); *United States v. Wilson*, 843 F. App'x 889, 892 (9th Cir.), *cert. denied*, 211 L. Ed. 2d 221, 142 S. Ct. 411 (2021) (admitting press release, email, and testimony about customer complaints to show defendant's state of mind). In *United States v. Garcia-Villanueva*, 855 F.2d 863, at *2 (9th Cir. 1988), for example, the Ninth Circuit reversed the defendant's conviction and held that the defendant's out-of-court statements should not have been excluded because they were relevant "to show circumstantially Mrs. Garcia's state of mind, namely, her

---

[2] The hearsay exception for a declarant's then-existing state of mind may also apply. Fed. R. Evid. 803(3).

intent not to be involved in the alleged smuggling activities of her sons." And in *United States v. Harris*, 733 F.2d 994, 1004 (2d Cir. 1984), the Second Circuit reversed where the district court had improperly excluded the defendant's out-of-court statements that were circumstantial evidence of the defendant's knowledge that an associate was a cooperator, and were not offered to prove that the associate was in fact a cooperator. *See also, e.g., United States v. Leake*, 642 F.2d 715, 720 (4th Cir. 1981) (holding it was error to exclude out-of-court statement that was circumstantial evidence of defendant's state of find that would have negated his intent); *United States v. Parry*, 649 F.2d 292, 294–95 (5th Cir. 1981) (reversing where district court excluded defendant's out-of-court statements as hearsay when they were admissible to prove defendant's knowledge).

Two of Mr. Kepke's intended exhibits provide a helpful illustration. While he was practicing law, Mr. Kepke maintained a website. He posted on that website educational resources, including documents about offshore trust planning and the use of offshore structures for U.S. income tax planning. (Decl. of Grant P. Fondo ("Fondo Decl.") ¶¶ 2–3, Exs. A & B.) By way of example, one sentence in these materials provides: "The fact that the foreign trust is irrevocable should not give concern, as in all foreign trusts one will have the power to replace the trustee if its decisions are not within one's desires or if its activities with the funds and assets of the foreign trust are not in accordance with one's wishes." (Ex. B at 1.) This is admissible because it would not be offered for the truth of the matter asserted, but instead to show Mr. Kepke's then-existing state of mind. Moreover, this statement would be admissible simply to prove that Mr. Kepke was willing to publicly state his position on this matter; it does not matter (and the statement would not be offered to prove) that it was right or wrong as a matter of federal tax law. This, and many similar out-of-court statements of Mr. Kepke, are not excludible as hearsay if offered for a non-hearsay purpose.[3]

Third, Mr. Kepke's statements may be admissible under the rule of completeness. Under Rule 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded

---

[3] Mr. Kepke would not object to a limiting instruction in this regard.

statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. While Rule 106 applies to writings and recorded statements, the same is true for oral statements under the common law rule of completeness. *United States v. Collicott*, 92 F.3d 973, 983 n.12 (9th Cir. 1996), *as amended* (Oct. 21, 1996); *see* Fed. R. Evid. 611(a)(1) (the court should exercise reasonable control over presentation of evidence in order to "make those procedures effective for determining the truth").

The purpose of the rule of completeness is to prevent the government from offering a "misleadingly-tailored snippet" of evidence. *Collicott*, 92 F.3d at 983. Accordingly, "[p]ortions of a document or recording are admissible under Rule 106 *notwithstanding the bar on hearsay evidence* when offered to correct a misleading impression in the edited statement introduced by an opposing party." *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021) (emphasis added) (internal quotations and citation omitted). The Ninth Circuit specifically notes that this requires admission of additional portions of a defendant's statement in three different circumstances: (1) "when the prosecution offers a redacted version that distorts the meaning of the statement"; (2) excludes information substantially exculpatory of the defendant;" or (3) "excludes portions of a statement that are explanatory of or relevant to the admitted passages." *Id.* (internal quotations and citation omitted). In some circumstances, the rule of completeness warrants admission of statements in their entirety. *United States v. Castro-Cabrera*, 534 F.Supp.2d 1156, 1160–61 (C.D. Cal. 2008) (admitting defendant's entire statement in order to prevent misleading the jury).

The rule of completeness takes on a constitutional dimension in criminal cases. If the government is allowed to present misleadingly tailored evidence, then a defendant may feel he has no choice but to testify to present an accurate picture of the evidence, in violation of the Fifth Amendment. *United States v. Sutton*, 801 F.2d 1346, 1370 (D.C. Cir. 1986) ("Since this was a criminal case Sucher had a constitutional right not to testify, and it was thus necessary for Sucher to rebut the government's inference with the excluded portions of these recordings."); *United States v. Walker*, 652 F.2d 708, 713 (7th Cir. 1981) (explaining that forcing a defendant to take the stand in order to correct a misleading picture is a denial of the right against self-incrimination and reversing where "the Government's incomplete presentation may have painted a distorted

picture of [defendant's] prior testimony which he was powerless to remedy without taking the stand"); *cf. Simmons v. United States*, 390 U.S. 377, 394 (1968) ("[W]e find it intolerable that one constitutional right should have to be surrendered in order to assert another.").

Accordingly, Mr. Kepke's out-of-court statements must be admitted even if they are considered hearsay if necessary to provide the jury with an accurate picture of the evidence. This applies to Mr. Kepke's exculpatory statements as well as any other statements that provide necessary clarification or context and statements that correct any misleading impressions from the government's excerpts or redactions.

And fourth, for Mr. Kepke's statements that are reflected in emails, they may be admissible under the business record hearsay exception. The Ninth Circuit recognizes that emails are admissible under Federal Rule of Evidence 803(6) if the emails were written contemporaneously with the relevant events, kept in the ordinary course of business, and prepared as part of the business's regular practice. *Lischewski*, 860 F. App'x at 516. Consistent with the Ninth Circuit's holding, courts routinely admit emails as business records. *E.g., Knighten v. Omni Hotel*, No. C 12-2296 CW, 2013 WL 4608192, at *9 (N.D. Cal. Aug. 28, 2013); *Volterra Semiconductor Corp. v. Primarion, Inc.*, No. C-08-05129 JCS, 2011 WL 4079223, at *7 (N.D. Cal. Sept. 12, 2011). Mr. Kepke's statements may accordingly be admissible to the extent they are part of records that constitute business records—although, as he has argued in response to the government's efforts to introduce such statements wholesale by means of a motion *in limine*, Mr. Kepke believes such statements would need to be addressed case-by-case.

For the reasons above, the government's motion *in limine* should be addressed on an individual basis as to the statements of Mr. Kepke and others it seeks to admit, and the government's motion should be denied as to its blanket argument that Mr. Kepke cannot offer any of his out-of-court statements for any purpose.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 |  |  |
| 3 | Dated: November 14, 2022 | By: */s/ Grant P. Fondo* |
|   |  | GRANT P. FONDO (SBN 181530) |
| 4 |  | *GFondo@goodwinlaw.com* |
|   |  | DAVID R. CALLAWAY (SBN 121782) |
| 5 |  | *DCallaway@goodwinlaw.com* |
|   |  | RICHARD M. STRASSBERG (*pro hac vice*) |
| 6 |  | *RStrassberg@goodwinlaw.com* |
|   |  | SYLVIA R. EWALD (SBN 300267) |
| 7 |  | *SEwald@goodwinlaw.com* |
|   |  | **GOODWIN PROCTER LLP** |
| 8 |  |  |
|   |  | Attorneys for Defendant: |
| 9 |  | CARLOS E. KEPKE |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **November 14, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **November 14, 2022**.

*/s/ Grant P. Fondo*
GRANT P. FONDO