1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney

2  THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  MICHAEL G. PITMAN (DCBN 484164)
   Assistant United States Attorney
5  150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
6  Telephone:      (408) 535-5040
   Facsimile:      (408) 535-5081
7  Email: michael.pitman@usdoj.gov

8  COREY J. SMITH (MABN 553615)
   Senior Litigation Counsel
9  United States Department of Justice
   Telephone:      (202)514-5230
10 Email: corey.smith@usdoj.gov

11 Attorneys for United States of America

12                     UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15 | UNITED STATES OF AMERICA,            | Criminal No. 3:21-CR-00155-JD
16 | Plaintiff,                           | **UNITED STATES' SECOND MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT WITNESS RODNEY READ**
17 | v.                                   |
18 |                                      | Hearing.:  November 28, 2022
   | CARLOS E. KEPKE,                     | Time:      9:00 a.m.
19 |                                      | Place:     Courtroom 11, 19th Floor
   | Defendant.                           |
20

21

22                              **MOTION**

23     The government hereby respectfully moves the Court for an order excluding the testimony of

24 Defendant's expert witness, Rodney Read, due to the failure to provide a factual basis for his proposed

25 testimony in accordance with Fed. R. Evid. 702 and Fed. R. Crim. P. 16(b)(1)(C).

26

27

28

**PROCEDURAL HISTORY**

On August 5, 2022, the United States filed its first Motion to exclude the testimony of Defendant's expert witness Rodney Read on the basis that Defendant's disclosure of Mr. Read's proposed testimony, and the basis of this testimony, did not satisfy Fed. R. Evid. 702 and Fed. R. Crim. P. 16(b)(1)(C). ECF 61. On August 19, 2022, Defendant filed his response to the United States' Motion, ECF 71, and on August 23, the United States filed its Reply. ECF 73. On October 20, 2022, the Court held a hearing, *inter alia*, on the United States' Motion. At the October 20, 2022 hearing, the Court found Defendant's disclosures regarding its expert witness Mr. Read were inadequate, and with the United States' concession, permitted Defendant to file a supplemental basis for Mr. Read's testimony by the end of the week. October 20, 2022 Tr. 13:9-14. On October 26, 2022, Defendant sent the United States a supplemental disclosure for the basis of Mr. Read's proposed testimony. *See* Exhibit 1. On November 1, 2022, the United States responded that Defendant's supplemental disclosure remains wholly inadequate inasmuch as it fails to provide any factual basis for Mr. Read's proposed testimony, and constitutes nothing more than Mr. Read's opinions on federal tax and trust law. *See* Exhibit 2. Since November 1, 2022, Defendant has not provided any further disclosures regarding Mr. Read's proposed testimony.

**ARGUMENT**

Federal Rules of Evidence 702 is succinct and quite clear:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine ***a fact in issue;***
> (b) the testimony is based on sufficient facts or data; . . . . (***emphasis added***)

Expert testimony is intended to aid the jury "to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702. Here, Defendant's initial and supplemental disclosures contain *no factual basis* for any of Mr. Read's expected testimony. Defendant's October 26, 2022 supplemental disclosure is nothing more than a list of statutes and Treasury Regulations. It does not contain cites to any of the

facts or evidence in this case, or explain how Mr. Read's proposed testimony will assist the jury "determine a fact in issue." It appears that Defendant proposes to have Mr. Read lecture the jury on his legal opinions regarding Title 26 of the United States Code, and the regulations promulgated thereunder. *See* Exhibit 1, pp3-4. Such testimony is inconsistent with Rule 702. This kind of "legal opinion" testimony – not rooted in the facts of the case, is not helpful to the jury and is more likely to be confusing.

As the United States stated in its first Motion to exclude the proposed testimony of Mr. Read, expert witnesses are not permitted to offer opinions consisting solely of their interpretation of, or disagreement with, the law. *See Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004) ("'[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'") (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002), *overruled on other grounds by Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014)); *see also Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996). And it is well-settled that "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transp. Fin. V. Cass Info. Sys., Inc.*, 523, F.3d 1051, 1058-59 (9th Cir. 2008); *see also United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) ("The only legal expert in a federal courtroom is the judge."); *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) ("The court's admission of expert testimony on contested issues of law in lieu of instructing the jury was manifestly erroneous."). *See, e.g., United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991) (in tax cases where willfulness is at issue, "[l]egal materials upon which the defendant does not claim to have relied . . . can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue[.]"); *see also United States v. Curtis*, 782 F.2d 593, 598-600 (6th Cir. 1996) (legal expert testimony only relevant to the issue of willfulness "where the theory of the defense is that there is a good faith dispute as to the interpretation of the tax laws is only arguably relevant in criminal tax trials when it sheds some light on the Defendant's subjective state of mind"). Thus, Courts regularly exclude legal experts in criminal tax cases. *See, e.g., United States v. Boulware*, 558 F.3d 971, 974-75 (affirming exclusion of expert testimony that "corporate distributions were legally non-taxable" as an impermissible legal opinion); *see also United States v. Harris,* 942 F.2d 1125, 1132 n.6 (7th Cir. 1991)

(evidence "may include expert testimony about case law, to the extent that the defendant claims actual reliance on that case law. Case law on which the defendant did not in fact rely is irrelevant because only the defendant's subjective belief is at issue."); *United States v. Ingredient Tech. Corp.*, 698 F.2d 88, 96-97 (2d Cir. 1983) (excluding expert testimony on applicability of Department of Treasury regulations); *United States v. Alessa*, 3:19-cr-00010, 2021 WL 4498638, at *4 (D. Nev. Sept. 30, 2021) (evidence of a conflict in the law is irrelevant if Defendant was not aware of the conflict).

Defendant's October 26, 2022 supplemental disclosure, *Exhibit 1*, does not cure the inadequacies of the Defendant's prior disclosures regarding Mr. Read's proposed testimony. Apparently, Defendant seeks to have Mr. Read lecture the jury on federal tax law, the taxability of foreign trusts, and provide his opinion on these laws. This is not appropriate expert testimony. It does not appear that Mr. Read is prepared to provide any expert opinion on the facts of this case, or to assist the jury in understanding the evidence. It also appears that Defendant does not intend to introduce any evidence that he relied on any of Mr. Read's legal opinions during the time period here at issue – 2000 to 2015. Mr. Read's proposed testimony appears to be nothing more than a legal treatise on federal tax and trust law. The Court can exclude legal opinions of which Defendant was unaware or did not rely on. *United States v. Harris,* 942 F.2d at 1132 n.6

In contrast, the United States' expert witness, Mr. Dubinsky, as evidenced by the United States' Rule 16(a)(1)(G) disclosure and his 170 page report, is prepared to provide his expert analysis of the transactions which will be in evidence in this case. Unlike Mr. Read, Mr. Dubinsky will analyze and review the evidence in this case, apply the applicable law to these facts, and opine thereupon. This testimony will assist the jury in evaluating the facts of this case. The two sets of proposed expert testimony could not be more different. *See ECF 14 (Rule 16 Disclosure for Mr. Dubinsky) and ECF 63-2 (Mr. Dubinsky Report)*.

## CONCLUSION

Accordingly, due to Defendant's failure to comply with Rule 702 and Rule 16(a)(1)(C), the apparent intent to have Mr. Read testify on his opinion on the law, and not the facts of this case, the United States respectfully request the Court exclude Mr. Read's testimony during trial.

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

s/ Corey J. Smith
COREY J. SMITH
Senior Litigation Counsel
MICHAEL G. PITMAN
Assistant United States Attorney

Attorneys for United States of America

# CERTIFICATE OF SERVICE

I the undersigned do hereby certify that on the 21st of November 2022, I electronically filed the foregoing Government's Second Motion to Exclude Testimony of Defendant's Expert Witness with the ECF electronic filing system, which will send notice of electronic filing to counsel of record.

*/s/Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230