UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CARLOS E. KEPKE,<br><br>        Defendant. | Case No. 3:21-cr-00155-JD-1<br><br>**PRETRIAL ORDER** |

As discussed at the pretrial conference on November 21, 2022, a jury trial is set for November 28, 2022, at 9:00 a.m., and will be conducted under these procedures and rulings. This order supplements the pretrial rulings stated in Dkt. No. 104.

## I. TRIAL SCHEDULE

1. Trial will be held from 9:00 a.m. to 2:00 p.m. each trial day, with two 15-minute breaks. Trial may continue after 2:00 p.m. to finish a witness's testimony.
2. Trial days are Monday through Thursday. Fridays are reserved for the Court's other matters, but will be used as a trial day if the case is ready for closings or the jury is deliberating.

## II. VOIR DIRE & JURY SELECTION

1. As discussed with the parties, the Court will seat sixteen jurors using the "strike and replace" method. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged. The Court will conduct the voir dire based on its own questions and the questions proposed by the parties. The parties will be permitted to conduct some follow-up voir dire. The Court will post the proposed voir dire questions by November 23,

2022. The parties may raise any objections or concerns on November 28, 2022, at the start of jury selection.

2. The parties should be prepared to give their opening statements and begin presenting witnesses on November 28, 2022.

## III. OTHER TRIAL PROCEDURES

1. **Sidebars**. There will be no sidebars during trial. The parties should not ask for one. Any issues that need to be discussed outside the presence of the jury may be raised before the start of the trial day or when the jury is on a break.

2. **Objections**. Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection. No arguments or elaborations should be made unless called for by the Court.

3. **Having witnesses ready**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

4. **Disclosure of witnesses**. A party must disclose the identity of the witnesses it plans to call by 5 p.m. two calendar days before calling the witness to the stand (*e.g.*, by Monday at 5 p.m. for testimony on Wednesday). Any party that has an objection must alert the Court no later than 6 a.m. on the court day the witness is to be called, and the Court will take up the objection outside the presence of the jury.

5. **Jury questions**. The parties did not jointly agree to jury questions, and so jurors will not be permitted to ask questions of witnesses during this trial.

6. **Motions during trial**. No motions may be filed during trial without the Court's prior approval. Unauthorized motions will be summarily stricken. Evidentiary proffers may be filed as discussed with the Court.

7. **Sealing and court closure**. A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021). In limited circumstances, there

may be grounds for curtailing public access. A party asking that a document or evidence be sealed from the public needs to present a good reason why. All requests must be narrowly tailored, and raised as early as possible before the document or evidence will be presented to the jury. Sealing requests made on the fly during an examination will likely be summarily denied to avoid needless disruption of the trial. A request to close the courtroom must identify an overriding interest that is likely to be prejudiced absent closure, and propose a closure that is no broader than necessary to protect that interest. *See United States v. Yazzie*, 743 F.3d 1278, 1287 (9th Cir. 2014).

8. **COVID-19 protocols**. Mr. Smith (for the government) and Mr. Fondo (for the defendant) will be responsible for ensuring that their witnesses and every person on their respective trial teams are fully vaccinated for COVID-19 and asymptomatic, and if not, fully masked at all times for the duration of trial. Witnesses will not wear masks while testifying to aid the jury's comprehension and observation. If an anticipated witness is not fully vaccinated, the party calling the witness must promptly notify the Court so that courtroom adjustments can be made.

9. **Jury seating arrangement**. The jury will be seated in a staggered manner to promote social distancing, with some jurors seated in the first rows of the gallery. All parties and counsel, especially on the government side, must ensure that no screens, documents or other case materials are visible to any jurors who are seated nearby.

10. **Jury notebooks**. The parties agreed that they will prepare jury notebooks and bring 18 copies on the first day of trial. The notebooks should be in the form of 1.5" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:
    i. 50 pages of blank lined paper.
    ii. A tab for witness photos. The jury will be provided with a color photo (a headshot) of each witness just before that witness takes the stand. The party

3

calling the witness is responsible for providing the Courtroom Deputy with 18 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos to the jury. The witness must appear exactly the same in the photo as he or she will appear on the witness stand (e.g., same clothing, hairstyle, eyewear). The photo should include the witness's name.

    iii. Blank tabs for jury instructions, which the Court will distribute.

IV. **MOTIONS IN LIMINE**

1. **Government's MIL to admit co-conspirator statements of Robert Brockman, Dkt. No. 121**: **GRANTED IN PART**. Provided that the government lays a proper foundation for the admission of Brockman's statements as those of a co-conspirator (or otherwise as statements that are not offered for the truth of the matter asserted), the statements identified in the government's motion may be introduced, except to the extent that they suggest that Brockman's trust structure was similar to Smith's.

2. **Government's MIL to exclude evidence of prior compromise negotiations between the United States and Robert Smith, Dkt. No. 122**: **DENIED**. Fed. R. Evid. 410. For evidence derived from the negotiations that Kepke seeks to introduce through Smith's testimony, Kepke will be required to lay a foundation for admission. The government will provide Kepke with copies of the documents in Exhibit D, Dkt. No. 150-5, without the listed redactions.

3. **Government's MIL to admit Kepke's statements under Fed. R. Evid. 801(d)(2)(A), Dkt. No. 123**: **GRANTED**. As a general rule, Kepke's statements are admissible when offered by the government. Fed. R. Evid. 801(d)(2)(A). Kepke may not use Rule 801(d)(2)(A) to seek admission of his own out-of-court statements, but may ask to admit them under a hearsay exception or other grounds. Kepke must file a written proffer identifying the statements and stating the claimed basis of admission well in advance of their anticipated introduction at trial.

4. **Government's supplemental MIL to admit evidence of undercover contacts, Dkt. No. 125**: **GRANTED IN PART**. As indicated in the Court's prior order, Dkt.

No. 104 at 2, admission of the undercover evidence will be limited to statements and communications by Kepke that are relevant to his knowledge or intent that offshore structures and trusts were designed to evade federal income taxes. Fed. R. Evid. 403, 404(b); *United States v. Iverson*, 162 F.3d 1015 (9th Cir. 1998). Consequently, designations 2, 3, 10, 11, and 12 are admitted. Designations 1, 7, 8, and 9 are denied. Designations 4, 5, and 6 are provisionally denied, but may be revisited during trial as circumstances warrant.

5. **Defendant's MIL to exclude Evatt Tamine testimony, statements, and evidence, Dkt. No. 141**: **GRANTED BY AGREEMENT**. The government agrees that it will not offer the testimony or co-conspirator statements of Evatt Tamine.

## V. JURY INSTRUCTIONS AND VERDICT FORM

1. **Preliminary jury instructions**. The Court will post the preliminary jury instructions by November 23, 2022.

2. **Final jury instructions and verdict form**. As discussed with the parties, disputed instructions 20, 21, and 25 on aiding-and-abetting liability and *Pinkerton* liability will be provisionally excluded. Other final jury instructions and the verdict form will be taken up at a charge conference during trial.

**IT IS SO ORDERED.**

Dated: November 22, 2022

JAMES DONATO
United States District Judge

5