UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>CARLOS E. KEPKE,<br>    Defendant. | Case No. 3:21-cr-00155-JD-1<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

The Court will give these preliminary instructions to the jury. These instructions are taken from the parties' joint proposed preliminary jury instructions at Dkt. No. 126, with changes to align with the Court's practices. Any objections or concerns may be raised in court on November 28, 2022, at the start of jury selection.

**IT IS SO ORDERED.**

Dated: November 22, 2022

JAMES DONATO
United States District Judge

<u>INSTRUCTION NO. 1</u>

**Duty of Jury**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community. Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.1 – Modified

INSTRUCTION NO. 2

**The Charge -- Presumption of Innocence**

This is a criminal case brought by the United States government. The government charges the defendant with one count of conspiracy to defraud the United States government, in violation of 18 U.S.C. § 371, and three counts of aiding, assisting and counseling the preparation and presentation of materially false income tax returns, in violation of 26 U.S.C. § 7206(2). The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence. The government always has the burden to prove all elements of the charges beyond a reasonable doubt.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No 1.2 – Modified

INSTRUCTION NO. 3

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.3 – Modified

INSTRUCTION NO. 4

**What is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.4

INSTRUCTION NO. 5

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.5

INSTRUCTION NO. 6

**Ruling on Objections**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.6

# INSTRUCTION NO. 7

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.7

INSTRUCTION NO. 8

**Conduct of the Jury**

Let's discuss your conduct as jurors.

Keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, on a laptop or computer of any kind, in an email, a text message, or any online websites or applications, such as Facebook, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial. You may tell your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last, but nothing else about the case. If you are asked or approached in any way about your jury service or anything about this case, you must say that the Court has directed you not to discuss the matter. In addition, you must report the contact to the Court by letting Ms. Clark know right away.

You will receive all the evidence and legal instruction you properly may consider to return a verdict right here in the courtroom. You may not consider anything outside of the courtroom and the trial. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. Do not do any research, such as Internet searches or consulting dictionaries or other reference materials. Do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.

1   Also, do not do any research about this case, the law, or the people involved -- including the

2   parties, the witnesses or the lawyers -- until you have been excused as jurors.  If you happen to

3   read or hear anything touching on this case in the media, turn away and report it to me as soon as

4   possible by letting Ms. Clark know.

5   It is vitally important that you follow these rules.  The rules protect each party's right to

6   have this case decided only on evidence that has been presented here in court.  Witnesses here in

7   court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial

8   process.  If you do any research or investigation outside the courtroom, or gain any information

9   through improper communications, then your verdict may be influenced by inaccurate,

10  incomplete, or misleading information that has not been tested by the trial process.  Each of the

11  parties is entitled to a fair trial by an impartial jury, and if you decide the case based on

12  information not presented in court, you will have denied the parties a fair trial.  Remember, you

13  have taken an oath to follow the rules, and it is very important that you follow these rules.

14  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

15  mistrial could result that would require the entire trial process to start over.  If any juror is exposed

16  to any outside information, please notify Ms. Clark or me immediately.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.8 – Modified

INSTRUCTION NO. 9

**No Transcript Available to Jury**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.9

INSTRUCTION NO. 10

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.10 – Modified

INSTRUCTION NO. 11

**Outline of Trial**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2022 ed.) No. 1.11 – Modified

INSTRUCTION NO. 12

**Cautionary Instruction -- Recesses**

When we take a break during trial or end for the day, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. As I advised you earlier, this includes discussing the case in person, in writing, by phone, on a laptop or computer of any kind, in an email, a text message, or any online websites or applications, such as Facebook, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as Internet searches or consulting dictionaries or other reference materials, and do not make any investigation about the case on your own. Remember to keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, give a signed note to Ms. Clark.

**Authority**

Ninth Circuit Model Criminal Jury Instruction (2010 ed.) No. 2.1 (rev. 9/2017); *United States v. Valdez*, No. 4:18-cr-00608-JD, Dkt. No. 74 at 14.